# No. 22-2891

IN THE

𝕌𝕟𝕚𝕥𝕖𝕕 𝕊𝕥𝕒𝕥𝕖𝕤 ℭ𝔬𝔲𝔯𝔱 𝔬𝔣 𝔄𝔭𝔭𝔢𝔞𝔩𝔰
𝔣𝔬𝔯 𝔱𝔥𝔢 𝔖𝔢𝔠𝔬𝔫𝔡 ℭ𝔦𝔯𝔠𝔲𝔦𝔱

IN RE: WINDSTREAM HOLDINGS, INC., *Debtor*,

*(For Continuation of Caption See Inside Cover)*

On Appeal From the United States District Court for the
Southern District of New York, Hon. Cathy Seibel, District Judge

## REDACTED JOINT APPENDIX
### Volume 1 of 14 (JA1-JA296)

Terence Patrick Ross
Robert T. Smith
KATTEN MUCHIN ROSENMAN LLP
2900 K Street, NW
Washington, DC  20007-5118
(202) 625-3500

    -and-

Shaya Rochester
KATTEN MUCHIN ROSENMAN LLP
50 Rockefeller Plaza
New York, NY 10020-1605
(212) 940-8529

*Counsel for Debtor-Plaintiff-Appellant*

David M. Cooper
Susheel Kirpalani
Benjamin Finestone
QUINN EMANUEL URQUHART &
SULLIVAN LLP
51 Madison Ave., 22nd Floor
New York, NY 10010
(212) 849-7000

*Counsel for Defendants-Appellees*

IN RE: WINDSTREAM HOLDINGS, INC., *Debtor*,

\* \* \* \* \*

WINDSTREAM HOLDINGS, INC.,

*Debtor-Plaintiff-Appellant*,

OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF WINDSTREAM HOLDINGS, INC.

*Plaintiff*,

v.

CHARTER COMMUNICATIONS OPERATING, LLC, CHARTER COMMUNICATIONS INC.,

*Defendants-Appellees.*

# Table of Contents

## Joint Appendix Volume I

1. Bankruptcy Court Case Docket, Case No. 19-22312 (RDD), Adv. Pro. No. 19-08246.............................................................. JA1-JA46

2. District Court Case Docket, Case No. 21-CV-4552 (CS) ................................... JA47-JA52

3. Windstream's Voluntary Petition for Chapter 11 Bankruptcy, filed February 25, 2019 (Case No. 19-BK-22312, Docket No. 1)....................... JA53-JA80

4. Debtors' Motion for an Entry of an Order Approving the Form and Manner of Notifying Creditors of Commencement of these Chapter 11 Cases, filed February 25, 2019. (Case No. 19-BK-22312, Docket No. 15) ............................................................ JA81-JA115

5. Declaration of Tony Thomas, CEO of Windstream, in Support of Ch. 11 Petitions, filed February 25, 2019 (Case No. 19-BK-22312, Docket No. 27)..................................................... JA116-JA190

6. Order Granting Motion for an Entry of an Order Approving the Form and Manner of Notifying Creditors of Commencement of Ch. 11 Cases (Case No. 19-BK-22312, Docket No. 90) ................................................................................... JA191-JA217

7. Complaint against Charter Communications, filed April 5, 2019 (Bankruptcy Court Docket No. 1, filed under seal) ............................ JA218-JA248

8. Debtors' Motion for a Restraining Order Against Charter, filed April 5, 2019 (Bankruptcy Court Docket No. 2, filed under seal)......................................................................................... JA249-JA296

## Joint Appendix Volume II

9. Affidavit of Lewis Langston in Support of Debtors' Motion for a Temporary Restraining Order, filed April 5, 2019 (Bankruptcy Court Docket No. 3, filed under seal) ..................................... JA297-JA307

10. March, 20, 26, 2019 Letters from Windstream to Charter and March 26, 2019 Letter from Charter to Windstream (Bankruptcy Court Docket Nos. 3-23, 3-24) ................................................... JA308-JA313

11. Charter's Opposition to Debtors' Motion for Temporary Restraining Order, filed April 11, 2019 (Bankruptcy Court Docket No. 12) .................................................................................... JA314-JA334

12. Charter's April 22, 2019 Windstream-related Direct Mail Campaign Envelopes and Mailers (Bankruptcy Court Docket No. 12, Ex. C) ................................................................ JA335-JA341

13. Transcript of the Bankruptcy Court's April 15, 2019 hearing on Windstream's Motion for a Temporary Restraining Order (Bankruptcy Court Docket No. 84) .................................. JA342-JA458

14. Temporary Restraining Order against Charter Communications, Inc. and Charter Communications Operating, LLC, entered April 16, 2019 (Bankruptcy Court Docket No. 25) ...................................................... JA459-JA465

15. Exhibit 10 to the May 1, 2019 deposition of Kelly Atkinson (Bankruptcy Court Docket No. 37-1, filed under seal) ............................................ JA466

16. Charter's Answer to Windstream's Complaint, filed May 8, 2019 (Bankruptcy Court Docket No. 41) ........................................ JA467-JA481

17. Declaration of Latisha Truong, filed May 13, 2019 (Bankruptcy Court Docket No. 57) ................................................ JA482-JA494

18. Preliminary Injunction against Charter Communications, Inc. and Charter Communications Operating, LLC (Bankruptcy Court Docket No. 61) ................................................ JA495-JA505

19. Transcript excerpts from the Bankruptcy Court's May 14, 2019 hearing on Windstream's Motion for a Preliminary Injunction. (Bankruptcy Court Docket No. 83) ............................................ JA506-JA515

20. Notice of Defendants' Motion to Withdraw the Reference on Counts I through V of Windstream's Complaint (Bankruptcy Court Docket No. 104) ...................................................... JA516-JA517

21. Charter's Motion for Judgment on the Pleadings on Count VI and Motion to Dismiss on Count VII (Bankruptcy Court Docket No. 109) ...................................................... JA518-JA524

22. Windstream's October 22, 2019 Letter to Judge Drain (Bankruptcy Docket No. 112) .......................................... JA525-JA528

23. Charter's October 23, 2019 Letter to Judge Drain (Bankruptcy Docket No. 113) ...................................................... JA529-JA532

24. Notice of Debtors' Motion for Summary Judgment, filed November 15, 2019 (Bankruptcy Court Docket No. 122) ............................ JA533-JA544

25. Debtors' Memorandum of Law in Support of Their Motion for Summary Judgment of Liability on All Counts (Bankruptcy Court Docket No. 123, filed under seal) ................................. JA545-JA586

26. Declaration of Jeffrey H. Auman in Support of Debtors' Motion for Summary Judgment (Bankruptcy Court Docket No. 125, filed under seal) ................................................................. JA587-JA593

27. Charter's Motion for Summary Judgment, filed November 15, 2019 (Bankruptcy Court Docket No. 129) ................................. JA594-JA597

**Joint Appendix Volume III**

28. Charter's Statement of Uncontroverted Material Facts in Support of Motion for Summary Judgment, filed November 15, 2019 (Bankruptcy Docket No. 131, filed under seal) ............................... JA598-JA697

29. Press Release Titled "Windstream Holdings, Inc. Files for Voluntary Reorganization Under Chapter 11 of U.S. Bankruptcy Code Following Judge Furman's Decision" (Bankruptcy Court Docket No. 132, Ex. 3) ...................................... JA698-JA700

30. Windstream's 2018 10-K (Bankruptcy Court Docket No. 132, Ex. 5) ................................................................................................... JA700-JA718

31. Charter/Spectrum Rebuttal Report: To Windstream Expert Report, October 25, 2019 (Bankruptcy Court Docket No. 132, Ex. 20) ................................................................................................. JA719-JA811

32. Robert Borders Expert Witness Report, October 18, 2019 (Bankruptcy Court Docket No. 132, Ex. 48) ..................................... JA812-JA845

33. Defendants' Response to Debtors' Statement of Facts, filed December 6, 2019 (Bankruptcy Court Docket No. 140, filed under seal) .............................................................................................. JA846-JA881

34. Declaration of Brian Hockett in Support of Defendants' Opposition to Plaintiffs' Motion for Partial Summary Judgment (Bankruptcy Court Docket No. 153) ............................................ JA882-JA891

**Joint Appendix Volume IV**

35. Kinetic Consumer Sales and Care Call Powerpoint, dated April 1, 2019 (Bankruptcy Court Docket 153, Exhibit 15, filed under seal) ............................................................................................... JA892-JA913

36. Expert Report of John C. Jarosz, dated October 11, 2019 (Bankruptcy Court Docket 153, Exhibit 16, filed under seal) ................... JA914-JA1018

37. Email from Erin Mullane to Jennifer Smith, dated March 4, 2019 (Bankruptcy Court Docket No. 153, Ex. 51, filed under seal) ............................................................................ JA1019-JA1024

38. Chart of Charter Contract Buyouts (Bankruptcy Court Docket No. 153, Ex. 54) ............................................................................ JA1025

39. Defendants' Statement of Additional Facts, filed December 6, 2019 (Bankruptcy Court Docket No. 158, filed under seal) .................... JA1026-JA1047

**Joint Appendix Volume V**

40. Transcript of the December 18, 2019 hearing on the parties' Motions for Summary Judgment (Bankruptcy Court Docket No. 237) ............................................................................ JA1048-JA1247

41. Debtors' Post-Trial Memorandum (Bankruptcy Docket No. 317) ............................................................................ JA1248-JA1308

**Joint Appendix Volume VI**

42. Transcript of the first day of trial in the Bankruptcy Court, dated April 28, 2020 (Bankruptcy Court Docket No. 331) ..................... JA1309-JA1506

**Joint Appendix Volume VII**

43. Transcript of the last day of trial in the Bankruptcy Court, dated May 6, 2020 (Bankruptcy Court Docket No. 328) ......................... JA1507-JA1690

44. Notice of Appeal filed by Charter, filed April 29, 2021 (Bankruptcy Docket No. 337) ........................................................ JA1691-JA1719

45. Joint Exhibit 10, Charter Direct Mail Marketing Mailers (Bankruptcy Court Docket 341-6) ............................................... JA1720-JA1740

46. Joint Exhibit 12, Charter Direct Mailer Sample Envelope (Bankruptcy Court Docket 341-7) ............................................... JA1741-JA1743

47. Plaintiffs' Exhibit 3, *Charter Communications Holding Co., et. al. v. DirecTV, Inc.*, No. 4:09-cv-00730, Dkt. No. 1 (E.D. Mo. May 11, 2009) ............................................................................ JA1744-JA1781

## Joint Appendix Volume VIII

48. *Charter Communications Holding Co., et. al. v. DirecTV, Inc.,*
    No. 4:09-cv-00730, Dkt. No. 9-2 (E.D. Mo. May 11, 2009)......................JA1782-JA1817

49. *Charter Communications Holding Co., et. al. v. DirecTV, Inc.,*
    No. 4:09-cv-00730, Dkt. No. 16 (E.D. Mo. May 11, 2009) .........................JA1818-JA1820

50. Plaintiffs' Exhibit 8, Charter Internal Emails,
    Charter_000652-000654 (Bankruptcy Docket 341-18) .............................JA1821-JA1823

51. Plaintiffs' Exhibit 17, Chart of Windstream Contracts Bought
    out by Charter, WIN002058- WIN002063 (Bankruptcy Court
    Docket 341-25) ..............................................................................JA1824-JA1829

52. Plaintiffs' Exhibit 18, Transcript of Windstream Customer
    Calls, WIN000381-WIN000467; WIN000675–WIN000819
    (filed under seal) ...........................................................................JA1830-JA2061

## Joint Appendix Volume IX

53. Plaintiffs' Exhibit 18, Transcript of Windstream Customer
    Calls continued, WIN000820-WIN001114 (filed under seal)..................JA2062-JA2356

## Joint Appendix Volume X

54. Plaintiffs' Exhibit 18, Transcript of Windstream Customer
    Calls continued, WIN001115-WIN001398 (filed under seal)..................JA2357-JA2640

## Joint Appendix Volume XI

55. Plaintiffs' Exhibit 18, Transcript of Windstream Customer
    Calls continued, WIN001399–WIN001697 (filed under seal) .................JA2641-JA2939

## Joint Appendix Volume XII

56. Plaintiffs' Exhibit 18, Transcript of Windstream Customer
    Calls continued, WIN001698–WIN0001770; WIN001780-
    WIN002001 (filed under seal).......................................................JA2940-JA3234

## Joint Appendix Volume XIII

57. Plaintiffs' Exhibit 18, Transcript of Windstream Customer
    Calls continued, WIN002002-WIN002057 (filed under seal)..................JA3235-JA3290

58. Plaintiffs' Exhibit 19, Transcript of Windstream Customer
    Calls WIN002772–WIN002814 (Bankruptcy Docket 341-26) ..................JA3291-JA3333

59. Plaintiffs' Exhibit 20, *Charter Communications Holding Co., et. al. v. DirecTV, Inc.*, No. 4:09-cv-00730, Dkt. No. 9-2 (E.D. Mo. May 11, 2009) ............................................................... JA3334-JA3369

60. Plaintiffs' Exhibit 29, Charter Internal Email, Charter_006088 (Bankruptcy Court Docket 341-32) ............................................................... JA3370

61. Plaintiffs' Exhibit 40, Charter Internal Email, Charter_000936–000941(Bankruptcy Court Docket 341-38) ................... JA3371-JA3376

62. Plaintiffs' Exhibit 44, (Ex. 9 from September 12, 2019 deposition of Charter's outside advertising agency, RAPP) (filed under seal) ............................................................... JA3377-JA3396

63. Plaintiffs' Exhibit 62, Email – "Charter Corrective Mailings," July 31, 2019 (Bankruptcy Court Docket 342-13) ...................................... JA3397-JA3400

64. Plaintiffs' Exhibit 64, Spectrum Response Marketing Chart, WIN002771 (Bankruptcy Court Docket 342-14) ..................................................... JA3401

65. Plaintiffs' Exhibit 65, Voicemail from Windstream Subscriber, WIN000070 (Bankruptcy Court Docket 342-15)................... JA3402-JA3403

66. Plaintiffs' Exhibit 313, Windstream Promotion Analysis, WIN003249 (Bankruptcy Court Docket 342-53) ..................................................... JA3404

67. Plaintiffs' Exhibit 316, Customer Credits (Bankruptcy Court Docket 342-55) ............................................................... JA3405

68. Defendants' Exhibit 26, One Touch Intelligence LLC Report (Bankruptcy Court Docket 343-4) ............................................................... JA3406-JA3417

69. Defendants' Exhibit 110, Charter_020219–Charter_020227 (filed under seal) ............................................................... JA3418-JA3487

70. Declaration of Jeffrey H. Auman in Lieu of Direct Testimony at Trial (Bankruptcy Court Docket No. 343-27)........................................ JA3488-JA3500

**Joint Appendix Volume XIV**

71. Declaration of John C. Jarosz in Lieu of Direct Testimony at Trial (Bankruptcy Docket 343-28) ............................................................... JA3501-JA3564

72. Excerpts of the May 1, 2019 deposition of Windstream's Rule 30(b)(6) designee, Lewis Langston. (Bankruptcy Court Docket 343-29) ............................................................... JA3565-JA3581

73. Excerpts of the May 1, 2019 deposition of Charter's Rule 30(b)(6) designee, Kelly Atkinson. (Bankruptcy Court Docket No. 343-30.) ...................................................................... JA3582-JA3587

74. Excerpts from the September 12, 2019 deposition of RAPP's (Charter's outside advertising agency) Rule 30(b)(6) designee, Peter Maguire. (Bankruptcy Court Docket No. 343-34) ................................................................................ JA3588-JA3598

75. Excerpts of the September 19, 2019 deposition of Charter's Rule 30(b)(6) designee, Kelly Atkinson. (Bankruptcy Court Docket No. 343-35) ................................................................. JA3599-JA3612

76. Excerpts of the September 19, 2019 deposition of Charter's Rule 30(b)(6) designee, Matthew Kardos. (Bankruptcy Court Docket 343-39). .................................................................. JA3613-JA3618

77. Transcript of District Court's April 21, 2020 hearing on Charter's Motion to Withdraw Bankruptcy Reference (Case No. 7:19-CV-09354, Docket No. 39) ............................................. JA3619-JA3657

78. Designation of Record on Appeal by Appellants, filed June 7, 2021 (District Court Docket No. 12) .......................................... JA3658-JA3679

79. Notice of Appeal filed by Windstream Holdings, Inc., filed November 3, 2022 (District Court Docket No. 29)................................... JA3680-JA3682

80. Order Granting Appellants' Motion to Accept Documents Sealed by the Bankruptcy Court (District Court Docket No. 7) ...................................................................................................... JA3683

81. Order Granting Appellees Motion to Accept Documents Sealed by the Bankruptcy Court (District Court Docket No. 11) .................................................................................................... JA3684

# U.S. Bankruptcy Court
## Southern District of New York (White Plains)
### Adversary Proceeding #: 19-08246-lgb

*Assigned to:* Judge Lisa G Beckerman         *Date Filed:* 04/05/19
*Lead BK Case:* 19-22312
*Lead BK Title:* Windstream Holdings, Inc.
*Lead BK Chapter:* 11
*Demand:*

*Nature[s] of Suit:* 72 Injunctive relief - other
                 81 Subordination of claim or interest
                 02 Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy)
                 14 Recovery of money/property - other

## *Plaintiff*
------------------------
**Windstream Holdings, Inc., et al.**        represented by **Steven J. Reisman**
                                                         Katten Muchin Rosenman LLP
                                                         50 Rockefeller Plaza
                                                         New York, NY 10020
                                                         212-940-8700
                                                         Email: sreisman@katten.com

                                                         **Shaya Rochester**
                                                         Katten Muchin Rosenman LLP
                                                         50 Rockefeller Plaza
                                                         New York, NY 10020
                                                         212-940-8529
                                                         Email: shaya.rochester@katten.com

                                                         **Terence P. Ross**
                                                         *LEAD ATTORNEY*

V.

## *Defendant*
------------------------
**Charter Communications, Inc.**        represented by **Brian W. Hockett**
                                                         Thompson Coburn LLP
                                                         One US Bank Plaza
                                                         St. Louis, MO 63101
                                                         314-552-6461
                                                         Fax : 314-552-7461
                                                         Email: bhockett@thompsoncoburn.com

                                                         **John Scott Kingston**

Thompson Coburn LLP
One US Bank Plaza
Suite 2700
St. Louis, MO 63101
314-552-6464
Email: jkingston@thompsoncoburn.com

**Susheel Kirpalani**
Quinn Emanuel Urquhart
& Sullivan LLP
51 Madison Avenue
22nd Floor
New York, NY 10010
(212) 849-7000
Fax : 212 849-7100
Email: susheelkirpalani@quinnemanuel.com

**Nino Przulj**
Thompson Coburn LLP
One US Bank Plaza
Saint Louis, MO 63101
314-552-6559
Fax : 314-552-7000
Email: nino.przulj@usdoj.gov
*LEAD ATTORNEY*

*Defendant*
-----------------------
**Charter Communications Operating, LLC**      represented by **Brian W. Hockett**
c/o Brian W. Hockett, Esq.                      (See above for address)
Thompson Coburn LLP
One US Bank Plaza                               **John Scott Kingston**
St. Louis, MO 63101                             (See above for address)

                                                **Susheel Kirpalani**
                                                (See above for address)

                                                **Nino Przulj**
                                                (See above for address)
                                                *LEAD ATTORNEY*


*Claims and Noticing Agent*
-----------------------
**Kurtzman Carson Consultants LLC**
222 N. Pacific Coast Highway
Suite 300
El Segundo, CA 90245
310-823-9000

| Filing Date | # | Docket Text |
|---|---|---|

| 04/05/2019 | <u>1</u><br>(80 pgs; 6 docs) | **[Unredacted Document Filed Under Seal Pursuant to Order signed on 4/16/2019 (Related Doc. <u>24</u>)]** Adversary case 19-08246. Complaint against Charter Communications, Inc., Charter Communications Operating, LLC (Fee Amount $ 350.). Nature(s) of Suit: (72 (Injunctive relief - other)), (81 (Subordination of claim or interest)), (02 (Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy))), (14 (Recovery of money/property - other)) Filed by Steven J. Reisman on behalf of Windstream Holdings, Inc., et al.. (Attachments: # <u>1</u> Exhibit A # <u>2</u> Exhibit B # <u>3</u> Exhibit C # <u>4</u> Exhibit D # <u>5</u> Exhibit E) (Reisman, Steven) Additional attachment(s) added on 4/10/2019 (Correa, Mimi). (Entered: 04/05/2019) |
|---|---|---|
| 04/05/2019 | <u>2</u><br>(48 pgs; 2 docs) | **[Unredacted Document Filed Under Seal Pursuant to Order signed on 5/22/2019 (Related Doc. <u>24</u>) ]** Motion for Temporary Restraining Order *DEBTORS MOTION FOR A TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION AND OTHER EQUITABLE RELIEF AGAINST CHARTER COMMUNICATIONS, INC. AND CHARTER COMMUNICATIONS OPERATING, LLC* filed by Steven J. Reisman on behalf of Windstream Holdings, Inc., et al.. (Attachments: # <u>1</u> Exhibit A) (Reisman, Steven) Additional attachment(s) added on 4/10/2019 (Correa, Mimi). (Entered: 04/05/2019) |
| 04/05/2019 | <u>3</u><br>(74 pgs; 12 docs) | Affidavit *AFFIDAVIT OF LEWIS LANGSTON IN SUPPORT OF DEBTORS MOTION FOR A TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION AND OTHER EQUITABLE RELIEF AGAINST CHARTER COMMUNICATIONS, INC. AND CHARTER COMMUNICATIONS OPERATING, LLC* (related document(s)<u>2</u>) Filed by Steven J. Reisman on behalf of Windstream Holdings, Inc., et al.. (Attachments: # <u>1</u> Exhibit 1 # <u>2</u> Exhibit 2 # <u>3</u> Exhibit 3 # <u>4</u> Exhibit 4 # <u>5</u> Exhibit 5 # <u>6</u> Exhibit 6 # <u>7</u> Exhibit 7 # <u>8</u> Exhibit 8 # <u>9</u> Exhibit 9 # <u>10</u> Exhibit 10 # <u>11</u> Exhibit 11)(Reisman, Steven) Additional attachment(s) added on 4/10/2019 (Correa, Mimi). (Entered: 04/05/2019) |
| 04/05/2019 | <u>4</u><br>(244 pgs; 7 docs) | Motion to Seal *DEBTORS MOTION SEEKING ENTRY OF ORDER AUTHORIZING DEBTORS TO FILE UNDER SEAL CERTAIN PORTIONS OF (I) MOTION FOR A TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION, AND OTHER EQUITABLE RELIEF AGAINST CHARTER COMMUNICATIONS, INC. AND CHARTER COMMUNICATIONS OPERATING, LLC, (II) AFFIDAVIT OF LEWIS LANGSTON IN SUPPORT THEREOF AND (III) ACCOMPANYING ADVERSARY COMPLAINT* (related document(s)<u>2</u>, <u>1</u>, <u>3</u>) filed by Steven J. Reisman on behalf of Windstream Holdings, Inc., et al.. (Attachments: # <u>1</u> Exhibit A # <u>2</u> Exhibit B-1 # <u>3</u> Exhibit B-2 # <u>4</u> Exhibit B-3 # <u>5</u> Exhibit B-4 # <u>6</u> Exhibit B-5) (Reisman, Steven) Additional attachment(s) added on 4/10/2019 (Correa, Mimi). (Entered: 04/05/2019) |
| 04/05/2019 | | Receipt of Complaint( <u>19-08246-rdd</u>) [cmp,cmp] ( 350.00) Filing Fee. Receipt number A13131067. Fee amount 350.00. (Re: Doc # <u>1</u>) (U.S. Treasury) (Entered: 04/05/2019) |
| 04/08/2019 | <u>5</u><br>(1 pg) | Summons with Notice of Pre-Trial Conference issued by Clerk's Office with Pre-Trial Conference set for 6/17/2019 at 10:00 AM at Courtroom 118, White Plains Courthouse. Answer due by 5/8/2019. (Vargas, Ana) (Entered: 04/08/2019) |
| 04/08/2019 | <u>6</u><br>(4 pgs) | Notice of Hearing *ON DEBTORS MOTION FOR A TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION, AND OTHER* |

JA3

| | | |
|---|---|---|
| | | *EQUITABLE RELIEF AGAINST CHARTER COMMUNICATIONS, INC. AND CHARTER COMMUNICATIONS OPERATING, LLC* (related document(s)2) filed by Steven J. Reisman on behalf of Windstream Holdings, Inc., et al.. (Reisman, Steven) (Entered: 04/08/2019) |
| 04/10/2019 | 7<br>(3 pgs) | Notice of Hearing *NOTICE OF HEARING ON DEBTORS MOTION SEEKING ENTRY OF ORDER AUTHORIZING DEBTORS TO FILE UNDER SEAL CERTAIN PORTIONS OF THE (I) MOTION FOR A TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION, AND OTHER EQUITABLE RELIEF AGAINST CHARTER COMMUNICATIONS, INC. AND CHARTER COMMUNICATIONS OPERATING, LLC, (II) AFFIDAVIT OF LEWIS LANGSTON IN SUPPORT THEREOF AND (III) THE ACCOMPANYING ADVERSARY COMPLAINT* with hearing to be held on 4/15/2019 (check with court for location) Objections due by 4/12/2019, (Reisman, Steven) (Entered: 04/10/2019) |
| 04/11/2019 | 8<br>(11 pgs; 3 docs) | Declaration *SUPPLEMENTAL DECLARATION OF LEWIS LANGSTON IN SUPPORT OF DEBTORS MOTION FOR A TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION AND OTHER EQUITABLE RELIEF AGAINST CHARTER COMMUNICATIONS, INC. AND CHARTER COMMUNICATIONS OPERATING, LLC* (related document(s)2) filed by Steven J. Reisman on behalf of Windstream Holdings, Inc., et al.. (Attachments: # 1 Exhibit 1 # 2 Exhibit 2) (Reisman, Steven) (Entered: 04/11/2019) |
| 04/11/2019 | 9<br>(17 pgs) | Affidavit of Service *re: Documents Served on April 5, 2019* (related document(s)2, 1, 3, 4) filed by Kurtzman Carson Consultants LLC. (Kass, Albert) (Entered: 04/11/2019) |
| 04/11/2019 | 10<br>(16 pgs) | Affidavit of Service *re: Notice of Hearing ON DEBTORS MOTION FOR A TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION, AND OTHER EQUITABLE RELIEF AGAINST CHARTER COMMUNICATIONS, INC. AND CHARTER COMMUNICATIONS OPERATING, LLC* (related document(s)6) filed by Kurtzman Carson Consultants LLC.(Kass, Albert) (Entered: 04/11/2019) |
| 04/11/2019 | 11<br>(18 pgs) | Affidavit of Service *re: NOTICE OF HEARING ON DEBTORS MOTION SEEKING ENTRY OF ORDER AUTHORIZING DEBTORS TO FILE UNDER SEAL CERTAIN PORTIONS OF THE (I) MOTION FOR A TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION, AND OTHER EQUITABLE RELIEF AGAINST CHARTER COMMUNICATIONS, INC. AND CHARTER COMMUNICATIONS OPERATING, LLC, (II) AFFIDAVIT OF LEWIS LANGSTON IN SUPPORT THEREOF AND (III) THE ACCOMPANYING ADVERSARY COMPLAINT* (related document(s)7) filed by Kurtzman Carson Consultants LLC.(Kass, Albert) (Entered: 04/11/2019) |
| 04/11/2019 | 12<br>(261 pgs; 5 docs) | Opposition *to Debtor's Motion for Temporary Restraining Order* (related document(s)2) filed by Brian W. Hockett on behalf of Charter Communications Operating, LLC, Charter Communications, Inc.. (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D) (Hockett, Brian) (Entered: 04/11/2019) |

| Date | Doc | Description |
|---|---|---|
| 04/11/2019 | 13 <br> (2 pgs) | Certificate of Service (related document(s)12) Filed by Brian W. Hockett on behalf of Charter Communications Operating, LLC, Charter Communications, Inc.. (Hockett, Brian) (Entered: 04/11/2019) |
| 04/11/2019 | 14 <br> (23 pgs; 3 docs) | Motion to Seal *DEBTORS MOTION SEEKING ENTRY OF AN ORDER AUTHORIZING DEBTORS TO FILE UNDER SEAL CERTAIN PORTIONS OF THE SUPPLEMENTAL DECLARATION OF LEWIS LANGSTON IN SUPPORT OF DEBTORS MOTION FOR A TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION AND OTHER EQUITABLE RELIEF AGAINST CHARTER COMMUNICATIONS, INC. AND CHARTER COMMUNICATIONS OPERATING, LLC* (related document(s)8) filed by Steven J. Reisman on behalf of Windstream Holdings, Inc., et al.. (Attachments: # 1 Exhibit A # 2 Exhibit B) (Reisman, Steven) (Entered: 04/11/2019) |
| 04/11/2019 | 15 <br> (3 pgs) | Notice of Hearing *NOTICE OF HEARING ON DEBTORS MOTION SEEKING ENTRY OF AN ORDER AUTHORIZING DEBTORS TO FILE UNDER SEAL CERTAIN PORTIONS OF THE SUPPLEMENTAL DECLARATION OF LEWIS LANGSTON IN SUPPORT OF DEBTORS MOTION FOR A TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION AND OTHER EQUITABLE RELIEF AGAINST CHARTER COMMUNICATIONS, INC. AND CHARTER COMMUNICATIONS OPERATING, LLC* (related document(s)14) filed by Steven J. Reisman on behalf of Windstream Holdings, Inc., et al.. (Reisman, Steven) (Entered: 04/11/2019) |
| 04/11/2019 | 16 <br> (4 pgs) | Affidavit of Service *re Documents filed on April 11, 2019* (related document(s)2, 1, 3, 6, 7, 4) filed by Kurtzman Carson Consultants LLC. (Kass, Albert) (Entered: 04/11/2019) |
| 04/12/2019 | 17 <br> (124 pgs; 2 docs) | Reply to Motion *DEBTORS' REPLY IN SUPPORT OF THEIR MOTION FOR TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION AND OTHER EQUITABLE RELIEF* (related document(s)2) filed by Steven J. Reisman on behalf of Windstream Holdings, Inc., et al.. (Attachments: # 1 Exhibit A) (Reisman, Steven) (Entered: 04/12/2019) |
| 04/12/2019 | 18 <br> (8 pgs) | Motion to Join */ Joinder of the Official Committee of Unsecured Creditors to Debtors Motion for a Temporary Restraining Order, Preliminary Injunction, and Other Equitable Relief Against Charter Communications, Inc. and Charter Communications Operating, LLC* (related document(s)2) filed by Lorenzo Marinuzzi on behalf of Official Committee of Unsecured Creditors. with hearing to be held on 4/15/2019 at 10:00 AM at Courtroom TBA, White Plains Courthouse (RDD) (Marinuzzi, Lorenzo) (Entered: 04/12/2019) |
| 04/12/2019 | 19 <br> (4 pgs) | Notice of Agenda *AGENDA FOR HEARING* filed by Steven J. Reisman on behalf of Windstream Holdings, Inc., et al.. with hearing to be held on 4/15/2019 (check with court for location) (Reisman, Steven) (Entered: 04/12/2019) |
| 04/14/2019 | 20 <br> (35 pgs) | Notice of Proposed Order*NOTICE OF FILING OF REVISED PROPOSED TEMPORARY RESTRAINING ORDER AGAINST CHARTER COMMUNICATIONS, INC. AND CHARTER COMMUNICATIONS OPERATING, LLC AND REVISED PROPOSED SHOW CAUSE ORDER SETTING A HEARING WITH RESPECT TO DEBTORS MOTION FOR PRELIMINARY INJUNCTION AND OTHER* |

| | | |
|---|---|---|
| | | *EQUITABLE RELIEF AGAINST CHARTER COMMUNICATIONS, INC. AND CHARTER COMMUNICATIONS OPERATING, LLC* (Reisman, Steven) (Entered: 04/14/2019) |
| 04/14/2019 | 21 (4 pgs) | Notice of Agenda *REVISED AGENDA FOR APRIL 15, 2019 HEARING* filed by Steven J. Reisman on behalf of Windstream Holdings, Inc., et al.. with hearing to be held on 4/15/2019 (check with court for location) (Reisman, Steven) (Entered: 04/14/2019) |
| 04/15/2019 | 22 (19 pgs) | Affidavit of Service *re: 1) Debtors Motion Seeking Entry of an Order Authorizing Debtors to File Under Seal Certain Portions of the Supplemental Declaration of Lewis Langston in Support of Debtors Motion for a Temporary Restraining Order, Preliminary Injunction and Other Equitable Relief Against Charter Communications, Inc. and Charter Communications Operating, LLC; and 2) Notice of Hearing on Debtors Motion Seeking Entry of an Order Authorizing Debtors to File Under Seal Certain Portions of the Supplemental Declaration of Lewis Langston in Support of Debtors Motion for a Temporary Restraining Order, Preliminary Injunction and Other Equitable Relief Against Charter Communications, Inc. and Charter Communications Operating, LLC* (related document(s)15, 14) filed by Kurtzman Carson Consultants LLC.(Kass, Albert) (Entered: 04/15/2019) |
| 04/15/2019 | 23 (22 pgs) | Affidavit of Service *re: 1) Debtors' Reply in Support of Their Motion for Temporary Restraining Order, Preliminary Injunction and Other Equitable Relief; and 2) Agenda for Hearing* (related document(s)17, 19) filed by Kurtzman Carson Consultants LLC.(Kass, Albert) (Entered: 04/15/2019) |
| 04/16/2019 | 24 (4 pgs) | Order signed on 4/16/2019 Authorizing Debtors to File Under Seal Certain Portions of (I) Debtors' Motion for Temporary Restraining Order, Preliminary Injunction, and Other Equitable Relief, (II) Affidavit of Lewis Langston, (III) Supplemental Declaration of Lewis Langston and (IV) Adversary Complaint (Related Doc # 4). (Correa, Mimi) (Entered: 04/16/2019) |
| 04/16/2019 | 25 (7 pgs) | Temporary Restraining Order (TRO) signed on 4/16/2019 Against Charter Communications, Inc. and Charter Communications Operating, LLC (related document(s)2). (Correa, Mimi) (Entered: 04/16/2019) |
| 04/16/2019 | 26 (18 pgs) | Affidavit of Service *(Amended) re: NOTICE OF HEARING ON DEBTORS MOTION SEEKING ENTRY OF ORDER AUTHORIZING DEBTORS TO FILE UNDER SEAL CERTAIN PORTIONS OF THE (I) MOTION FOR A TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION, AND OTHER EQUITABLE RELIEF AGAINST CHARTER COMMUNICATIONS, INC. AND CHARTER COMMUNICATIONS OPERATING, LLC, (II) AFFIDAVIT OF LEWIS LANGSTON IN SUPPORT THEREOF AND (III) THE ACCOMPANYING ADVERSARY COMPLAINT* (related document(s)7) filed by Kurtzman Carson Consultants LLC.(Kass, Albert) (Entered: 04/16/2019) |
| 04/17/2019 | 27 (22 pgs) | Affidavit of Service *re 1) Notice of Filing Revised Proposed Temporary Restraining Order Against Charter Communications, Inc. and Charter Communications Operating, LLC and Revised Proposed Show Cause Order Setting a Hearing with Respect to Debtors' Motion for Preliminary Injunction and Other Equitable Relief Against Charter Communications, Inc. and Charter Communications Operating, LLC;* |

| | | |
|---|---|---|
| | | *2) Revised Agenda for April 15, 2019 Hearing* (related document(s)21, 20) filed by Kurtzman Carson Consultants LLC.(Kass, Albert) (Entered: 04/17/2019) |
| 04/17/2019 | 28 (19 pgs) | Affidavit of Service *re Documents Served on April 16, 2019* (related document(s)2, 8, 3, 25) filed by Kurtzman Carson Consultants LLC. (Kass, Albert) (Entered: 04/17/2019) |
| 04/17/2019 | 29 (4 pgs) | Affidavit of Service *(Supplemental) re: 1) Complaint; and 2) Summons with Notice of Pre-Trial Conference* (related document(s)1, 5) filed by Kurtzman Carson Consultants LLC.(Kass, Albert) (Entered: 04/17/2019) |
| 04/19/2019 | 30 (4 pgs) | Affidavit of Service *(Supplemental) re: 1) Complaint; and 2) Summons and Notice of Pretrial Conference* (related document(s)1, 5) filed by Kurtzman Carson Consultants LLC.(Kass, Albert) (Entered: 04/19/2019) |
| 04/24/2019 | 31 (4 pgs) | Show Cause Order signed on 4/24/2019 Setting a Hearing with Respect to Debtors' Motion for Preliminary Injunction and Other Equitable Relief Against Charter Communications, Inc. and Charter Communications Operating, LLC. Hearing to be held on 5/14/2019 at 10:00 AM at Courtroom 118, White Plains Courthouse (related document(s)25). (Vargas, Ana) (Entered: 04/24/2019) |
| 05/01/2019 | 32 (1 pg) | Notice of Withdrawal *NOTICE OF LIMITED WITHDRAWAL OF COUNSEL* filed by Steven J. Reisman on behalf of Windstream Holdings, Inc., et al.. (Reisman, Steven) (Entered: 05/01/2019) |
| 05/01/2019 | 33 (16 pgs) | Affidavit of Service *re: Show Cause Order Setting a Hearing with Respect to Debtors' Motion for Preliminary Injunction and Other Equitable Relief Against Charter Communications, Inc. and Charter Communications Operating, LLC* (related document(s)31) filed by Kurtzman Carson Consultants LLC.(Kass, Albert) (Entered: 05/01/2019) |
| 05/03/2019 | 34 (6 pgs) | Affidavit of Service *re: Notice of Limited Withdrawal of Counsel* (related document(s)32) filed by Kurtzman Carson Consultants LLC. (Kass, Albert) (Entered: 05/03/2019) |
| 05/06/2019 | 35 (47 pgs) | **[Unredacted Document Filed Under Seal Pursuant to Order signed on 5/16/2019 (Related Doc. 63) ]** Memorandum of Law (related document(s)2) filed by Shaya Rochester on behalf of Windstream Holdings, Inc., et al.. (Rochester, Shaya) (Entered: 05/06/2019) |
| 05/06/2019 | 36 (684 pgs; 28 docs) | **[Unredacted Document Filed Under Seal Pursuant to Order signed on 5/16/2019 (Related Doc. 63) ]** Declaration *DECLARATION OF TAMI SIMS IN SUPPORT OF THE DEBTORS' MOTION FOR PRELIMINARY INJUNCTION* (related document(s)35, 2, 25) filed by Shaya Rochester on behalf of Windstream Holdings, Inc., et al.. (Attachments: # 1 Exhibit A # 2 Exhibit 2 # 3 Exhibit 13 # 4 Exhibit 15 # 5 Exhibit 16 # 6 Exhibit 17 # 7 Exhibit 18 # 8 Exhibit 19 # 9 Exhibit 20 # 10 Exhibit 21 # 11 Exhibit 22 # 12 Exhibit 23 # 13 Exhibit 26-1 # 14 Exhibit 26-2 # 15 Exhibit 27 # 16 Exhibit 28 # 17 Exhibit 30 # 18 Exhibit 31 # 19 Exhibit 32 # 20 Exhibit 36 # 21 Exhibit 37 # 22 Exhibit 38 # 23 Exhibit 39 # 24 Exhibit 40 # 25 Exhibit 41 # 26 Exhibit 42 # 27 Exhibit 43) (Rochester, Shaya) (Entered: 05/06/2019) |

| | | | |
|---|---|---|---|
| 05/06/2019 | 37<br>(6 pgs; 2 docs) | **[Unredacted Document Filed Under Seal Pursuant to Order signed on 5/16/2019 (Reated Doc. 63)]** Declaration *DECLARATION OF SHAYA ROCHESTER IN SUPPORT OF THE DEBTORS' MOTION FOR PRELIMINARY INJUNCTION* (related document(s)2, 25, 35) filed by Shaya Rochester on behalf of Windstream Holdings, Inc., et al.. (Attachments: # 1 Exhibits A-B, 2-38) (Rochester, Shaya) (Entered: 05/06/2019) | |
| 05/06/2019 | 38<br>(12 pgs; 2 docs) | Motion to Seal *DEBTORS MOTION FOR LEAVE TO (I) FILE UNDER SEAL PORTIONS OF (A) DEBTORS MEMORANDUM OF LAW IN SUPPORT OF PRELIMINARY INJUNCTION AGAINST CHARTER COMMUNICATIONS, INC. AND CHARTER COMMUNICATIONS OPERATING, LLC AND (B) DECLARATION OF TAMI SIMS IN SUPPORT AND (II) FILE CONDITIONALLY UNDER SEAL DOCUMENTS DESIGNATED BY CHARTER* (related document(s)36, 37, 35) filed by Shaya Rochester on behalf of Windstream Holdings, Inc., et al.. (Attachments: # 1 Exhibit A) (Rochester, Shaya) (Entered: 05/06/2019) | |
| 05/06/2019 | 39<br>(3 pgs) | Notice of Hearing *NOTICE OF HEARING ON DEBTORS MOTION FOR LEAVE TO (I) FILE UNDER SEAL PORTIONS OF (A) DEBTORS MEMORANDUM OF LAW IN SUPPORT OF PRELIMINARY INJUNCTION AGAINST CHARTER COMMUNICATIONS, INC. AND CHARTER COMMUNICATIONS OPERATING, LLC AND (B) DECLARATION OF TAMI SIMS IN SUPPORT AND (II) FILE CONDITIONALLY UNDER SEAL DOCUMENTS DESIGNATED BY CHARTER* (related document(s)38) filed by Shaya Rochester on behalf of Windstream Holdings, Inc., et al.. with hearing to be held on 5/14/2019 (check with court for location) (Rochester, Shaya) (Entered: 05/06/2019) | |
| 05/08/2019 | 40<br>(24 pgs) | Response to Motion *Response to Order to Show Cause* filed by John Scott Kingston on behalf of Charter Communications Operating, LLC, Charter Communications, Inc.. (Kingston, John) (Entered: 05/08/2019) | |
| 05/08/2019 | 41<br>(15 pgs) | Answer to Complaint (Related Doc # 1) (related document(s)1) filed by Brian W. Hockett on behalf of Charter Communications Operating, LLC, Charter Communications, Inc.. (Hockett, Brian) (Entered: 05/08/2019) | |
| 05/08/2019 | 42<br>(2 pgs) | Corporate Ownership Statement . Filed by Brian W. Hockett on behalf of Charter Communications Operating, LLC, Charter Communications, Inc.. (Hockett, Brian) (Entered: 05/08/2019) | |
| 05/08/2019 | 43<br>(16 pgs) | Affidavit of Service *re: Documents Served on May 6, 2019* (related document(s)39, 36, 37, 38, 35) filed by Kurtzman Carson Consultants LLC.(Kass, Albert) (Entered: 05/08/2019) | |
| 05/08/2019 | 44<br>(542 pgs; 10 docs) | **[Unredacted Document Filed Under Seal Pursuant to Order signed on 5/16/2019 (Related Doc. 62) ]** Declaration *of Brian Hockett* filed by Brian W. Hockett on behalf of Charter Communications Operating, LLC, Charter Communications, Inc.. (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D # 5 Exhibit E # 6 Exhibit 25 # 7 Exhibit 26 A # 8 Exhibit 26 B # 9 Exhibit 28) (Hockett, Brian) (Entered: 05/08/2019) | |

| Date | Doc | Description |
|---|---|---|
| 05/08/2019 | **45**<br>(138 pgs; 6 docs) | Motion to Seal *Exhibits attached to Declaration of Brian Hockett* (related document(s)44) filed by Brian W. Hockett on behalf of Charter Communications Operating, LLC, Charter Communications, Inc.. (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Exhibit E # 5 Proposed Order) (Hockett, Brian) (Entered: 05/08/2019) |
| 05/08/2019 | **46**<br>(3 pgs) | Notice of Hearing (related document(s)45) filed by Brian W. Hockett on behalf of Charter Communications Operating, LLC, Charter Communications, Inc.. (Hockett, Brian) (Entered: 05/08/2019) |
| 05/10/2019 | **47**<br>(22 pgs) | **[Unredacted Document Filed Under Seal Pursuant to Order signed on 5/16/2019 (Related Doc. 62)]** Memorandum of Law *DEBTORS REPLY MEMORANDUM OF LAW IN SUPPORT OF A PRELIMINARY INJUNCTION AGAINST CHARTER COMMUNICATIONS, INC. AND CHARTER COMMUNICATIONS OPERATING, LLC* (related document(s)2, 31, 6, 40, 35) filed by Shaya Rochester on behalf of Windstream Holdings, Inc., et al.. (Rochester, Shaya) (Entered: 05/10/2019) |
| 05/10/2019 | **48**<br>(10 pgs) | Motion to Join */ Joinder of Proposed Intervenor the Official Committee of Unsecured Creditors to Debtors Motion for a Preliminary Injunction Against Charter Communications, Inc. and Charter Communications Operating, LLC* (related document(s)35) filed by Lorenzo Marinuzzi on behalf of Official Committee of Unsecured Creditors. with hearing to be held on 5/14/2019 at 10:00 AM at Courtroom TBA, White Plains Courthouse (RDD) (Marinuzzi, Lorenzo) (Entered: 05/10/2019) |
| 05/10/2019 | **49**<br>(4 pgs; 2 docs) | Declaration *SUPPLEMENTAL DECLARATION OF TAMI SIMS IN SUPPORT OF THE DEBTORS MOTION FOR PRELIMINARY INJUNCTION* (related document(s)2, 36, 35) filed by Shaya Rochester on behalf of Windstream Holdings, Inc., et al.. (Attachments: # 1 Exhibit 14) (Rochester, Shaya) (Entered: 05/10/2019) |
| 05/10/2019 | **50**<br>(12 pgs; 3 docs) | **[Unredacted Document Filed Under Seal Pursuant to Order signed on 5/16/2019 (Related Doc. 62)]** Declaration *DECLARATION OF TIMOTHY WYATT IN SUPPORT OF DEBTORS REPLY IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION AND OTHER EQUITABLE RELIEF AGAINST CHARTER COMMUNICATIONS, INC. AND CHARTER COMMUNICATIONS OPERATING, LLC* (related document(s)2, 25, 35) filed by Shaya Rochester on behalf of Windstream Holdings, Inc., et al.. (Attachments: # 1 Exhibit A # 2 Exhibit B) (Rochester, Shaya) (Entered: 05/10/2019) |
| 05/10/2019 | **51**<br>(20 pgs; 3 docs) | **[Unredacted Document Filed Under Seal Pursuant to Order signed on 5/16/2019 (Related Doc. 62)]** Declaration *DECLARATION OF SHONNE BANDY IN SUPPORT OF DEBTORS REPLY IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION AND OTHER EQUITABLE RELIEF AGAINST CHARTER COMMUNICATIONS, INC. AND CHARTER COMMUNICATIONS OPERATING, LLC* (related document(s)2, 25, 35) filed by Shaya Rochester on behalf of Windstream Holdings, Inc., et al.. (Attachments: # 1 Exhibit A # 2 Exhibit B) (Rochester, Shaya) (Entered: 05/10/2019) |
| 05/10/2019 | **52**<br>(27 pgs; 3 docs) | Notice of Proposed Order *NOTICE OF FILING OF REVISED PROPOSED PRELIMINARY INJUNCTION ORDER AGAINST CHARTER COMMUNICATIONS, INC. AND CHARTER COMMUNICATIONS OPERATING, LLC* (related document(s)2, 31, |

| | | | |
|---|---|---|---|
| | | | 25) filed by Shaya Rochester on behalf of Windstream Holdings, Inc., et al.. (Attachments: # 1 Exhibit A # 2 Exhibit B)(Rochester, Shaya) (Entered: 05/10/2019) |
| 05/10/2019 | 53 (11 pgs; 2 docs) | | Motion to File Under Seal *DEBTORS MOTION FOR LEAVE TO FILE UNDER SEAL PORTIONS OF (A) EXHIBITS ATTACHED TO DECLARATION OF BRIAN HOCKETT IN SUPPORT OF CHARTERS RESPONSE TO ORDER TO SHOW CAUSE, (B) DEBTORS REPLY IN SUPPORT OF PRELIMINARY INJUNCTION AGAINST CHARTER AND (C) DECLARATIONS OF TIMOTHY WYATT AND AND SHONNE BANDY IN SUPPORT OF DEBTORS REPLY* (related document(s)47, 50, 51, 44) filed by Shaya Rochester on behalf of Windstream Holdings, Inc., et al.. (Attachments: # 1 Exhibit A) (Rochester, Shaya) (Entered: 05/10/2019) |
| 05/10/2019 | 54 (3 pgs) | | Notice of Hearing *NOTICE OF HEARING ON DEBTORS MOTION FOR LEAVE TO FILE UNDER SEAL PORTIONS OF (A) EXHIBITS ATTACHED TO DECLARATION OF BRIAN HOCKETT IN SUPPORT OF CHARTERS RESPONSE TO ORDER TO SHOW CAUSE, (B) DEBTORS REPLY IN SUPPORT OF PRELIMINARY INJUNCTION AGAINST CHARTER AND (C) DECLARATIONS OF TIMOTHY WYATT AND SHONNE BANDY IN SUPPORT OF DEBTORS REPLY* (related document(s)47, 53, 50, 51) filed by Shaya Rochester on behalf of Windstream Holdings, Inc., et al.. (Rochester, Shaya) (Entered: 05/10/2019) |
| 05/11/2019 | 55 (3 pgs) | | Certificate of Service (related document(s)46, 45, 40, 42, 41, 44) filed by Brian W. Hockett on behalf of Charter Communications Operating, LLC, Charter Communications, Inc.. (Hockett, Brian) (Entered: 05/11/2019) |
| 05/13/2019 | 56 (6 pgs) | | So Ordered Stipulation Signed on 5/10/2019 Authorizing Intervention by the Official Committee of Unsecured Creditors in Adversary Proceeding No. 19-8246. (Li, Dorothy) (Entered: 05/13/2019) |
| 05/13/2019 | 57 (13 pgs) | | Declaration *of Latisha Truong* filed by Brian W. Hockett on behalf of Charter Communications Operating, LLC, Charter Communications, Inc.. (Hockett, Brian) (Entered: 05/13/2019) |
| 05/13/2019 | 58 (7 pgs; 2 docs) | | Motion to Seal *Declaration of Latisha Truong* filed by Brian W. Hockett on behalf of Charter Communications Operating, LLC, Charter Communications, Inc.. (Attachments: # 1 Proposed Order) (Hockett, Brian) (Entered: 05/13/2019) |
| 05/13/2019 | 59 (19 pgs) | | Affidavit of Service *re Documents Served on May 10, 2019* (related document(s)47, 49, 53, 50, 52, 51, 48, 54) filed by Kurtzman Carson Consultants LLC.(Kass, Albert) (Entered: 05/13/2019) |
| 05/14/2019 | 60 (2 pgs) | | Certificate of Service *for Interrogatory directed to Plaintiff Windstream Holdings, Inc.* filed by Brian W. Hockett on behalf of Charter Communications Operating, LLC, Charter Communications, Inc.. (Hockett, Brian) (Entered: 05/14/2019) |
| 05/16/2019 | 61 (11 pgs) | | Preliminary Injunction signed on 5/16/2019 Against Charter Communications, Inc. and Charter Communications Operating, LLC (Related Doc # 2) . (Vargas, Ana) (Entered: 05/16/2019) |

| Date | Doc | Description |
|---|---|---|
| 05/16/2019 | [62](#)<br>(3 pgs) | Order On Debtors' Motion signed on 5/16/2019 for Leave to File Under Seal Portions of (A) Exhibit Attached to Declaration of Brian Hockett in Support of Charter's Response to Order to Show Cause, (B) Debtors' Reply in Support of Preliminary Injunction Against Charter and (C) Declarations of Timothy Wyatt and Shonne Bandy in Support of Debtors' Reply (Related Doc # 53) . (Vargas, Ana) (Entered: 05/16/2019) |
| 05/16/2019 | [63](#)<br>(3 pgs) | Order on Debtors' Motion signed on 5/16/2019 for Leave To (I) File Under Seal Portions of (A) Debtors' Memorandum of Law in Support of Preliminary Injunction Against Charter Communications, Inc. and Charter Communications Operating, LLC and (B) Declaration of Tami sims in Support and (II) File Conditionally Under Seal Documents Designated by Charter (Related Doc # 38) . (Vargas, Ana) (Entered: 05/16/2019) |
| 05/16/2019 | [64](#)<br>(18 pgs) | Affidavit of Service *re Stipulation and Agreed Order Authorizing Intervention by the Official Committee of Unsecured Creditors in Adversary Proceeding No. 19-08246* (related document(s)56) filed by Kurtzman Carson Consultants LLC.(Kass, Albert) (Entered: 05/16/2019) |
| 05/17/2019 | [65](#)<br>(16 pgs) | Affidavit of Service *re 1) Preliminary Injunction Against Charter Communications, Inc. and Charter Communications Operating, LLC; 2) Order on Debtors' Motion for Leave to File Under Seal Portions of (A) Exhibit Attached to Declaration of Brian Hockett in Support of Charter's Response to Order to Show Cause, (B) Debtors' Reply in Support of Preliminary Injunction Against Charter and (C) Declarations of Timothy Wyatt and Shonne Bandy in Support of Debtors' Reply; and 3) Order on Debtors' Motion for Leave To (I) File Under Seal Portions of (A) Debtors' Memorandum of Law in Support of Preliminary Injunction Against Charter Communications, Inc. and Charter Communications Operating, LLC and (B) Declaration of Tami Sims in Support and (II) File Conditionally Under Seal Documents Designated by Charter* (related document(s)63, 62, 61) filed by Kurtzman Carson Consultants LLC.(Kass, Albert) (Entered: 05/17/2019) |
| 05/17/2019 | 66 | **( This document was amended by document No. 83)** Transcript regarding Hearing Held on 05/14/19 At 10:21 AM RE: Debtors Motion For Leave To File Under Seal (A) Debtors' Memorandum And (B) Declaration Of Tami Sims (Document #38).; Motion To File Under Seal (Charter's Response) (Document #45).; Motion To File Under Seal (Debtors' Reply)(Document #53).; Etc. Remote electronic access to the transcript is restricted until 8/15/2019. The transcript may be viewed at the Bankruptcy Court Clerks Office. [Transcription Service Agency: Veritext Legal Solutions.]. (See the Courts Website for contact information for the Transcription Service Agency.) (RE: related document(s) 45, 53, 38, 25). Notice of Intent to Request Redaction Deadline Due By 5/24/2019. Statement of Redaction Request Due By 6/7/2019. Redacted Transcript Submission Due By 6/17/2019. Transcript access will be restricted through 8/15/2019. (Ramos, Jonathan) Modified on 7/2/2019 (Ortiz, Carmen). (Entered: 05/21/2019) |
| 05/22/2019 | [67](#)<br>(3 pgs) | Order signed on 5/22/2019 Granting Charter Communications, Inc. and Charter Communications Operating, LLC's Motion to Seal Documents Filed with the Response to Order to Show Cause (Related Doc # 45) . (Vargas, Ana) (Entered: 05/22/2019) |

| | | |
|---|---|---|
| 05/22/2019 | [68](#)<br>(3 pgs) | Order signed on 5/22/2019 Granting Charter Communications, Inc. and Charter Communications Operating, LLC's Motion to Seal Declaration of Latisha Truong (Related Doc # [58](#)) . (Vargas, Ana) (Entered: 05/22/2019) |
| 05/24/2019 | [69](#)<br>(4 pgs) | Order to Show Cause Signed on 5/24/2019. Setting A Hearing With Respect to Holding Charter In Contempt for Violating the Court's Temporary Restraining Order and Sanctioning Charter For Violating Automatic Stay (related document(s)[2](#), [1](#)) with hearing to be held on 8/7/2019 at 10:00 AM at Courtroom 118, White Plains Courthouse (Li, Dorothy) (Entered: 05/24/2019) |
| 05/24/2019 | [70](#)<br>(2 pgs) | Certificate of Service (related document(s)[67](#), [68](#)) Filed by Brian W. Hockett on behalf of Charter Communications Operating, LLC, Charter Communications, Inc.. (Hockett, Brian) (Entered: 05/24/2019) |
| 05/29/2019 | [71](#)<br>(16 pgs) | Affidavit of Service *re Show Cause Order Setting a Hearing with Respect to Holding Charter in Contempt for Violating the Court's Temporary Restraining Order and Sanctioning Charter for Violating the Automatic Stay* (related document(s)[69](#)) filed by Kurtzman Carson Consultants LLC.(Kass, Albert) (Entered: 05/29/2019) |
| 06/06/2019 | [72](#)<br>(2 pgs) | Certificate of Service *re Charter Communications, Inc.'s Second Set of Requests for Production to Windstream Holdings, Inc.* Filed by Brian W. Hockett on behalf of Charter Communications Operating, LLC, Charter Communications, Inc.. (Hockett, Brian) (Entered: 06/06/2019) |
| 06/06/2019 | [73](#)<br>(2 pgs) | Certificate of Service *re Charter Communications, Inc.'s Second Set of Interrogatories to Windstream Holdings, Inc.* Filed by Brian W. Hockett on behalf of Charter Communications Operating, LLC, Charter Communications, Inc.. (Hockett, Brian) (Entered: 06/06/2019) |
| 06/07/2019 | [74](#)<br>(22 pgs) | Confidentiality Agreement and Stipulated Protective Order Signed on 6/7/2019. (Li, Dorothy) (Entered: 06/07/2019) |
| 06/10/2019 | [75](#)<br>(17 pgs) | Affidavit of Service *re: Confidentiality Agreement and Stipulated Protective Order* (related document(s)[74](#)) filed by Kurtzman Carson Consultants LLC.(Kass, Albert) (Entered: 06/10/2019) |
| 06/11/2019 | [76](#)<br>(11 pgs) | Status Report *JOINT RULE 26(F) REPORT* Filed by Shaya Rochester on behalf of Windstream Holdings, Inc., et al.. (Rochester, Shaya) (Entered: 06/11/2019) |
| 06/13/2019 | [77](#)<br>(2 pgs) | Scheduling and Pre-Trial Order signed on 6/13/2019. The Court will hold a final pretrial conference on December 12, 2019 at 10:00 AM at Courtroom 118, White Plains Courthouse. (Vargas, Ana) (Entered: 06/13/2019) |
| 06/14/2019 | [78](#)<br>(17 pgs) | Affidavit of Service *re: 1) Joint Rule 26(f) Report; and 2) Scheduling and Pre-Trial Order* (related document(s)[76](#), [77](#)) filed by Kurtzman Carson Consultants LLC.(Kass, Albert) (Entered: 06/14/2019) |
| 06/18/2019 | [79](#)<br>(2 pgs) | Certificate of Service *(Third Set of Interrogatories to Windstream Holdings, Inc.)* Filed by John Scott Kingston on behalf of Charter |

| | | | |
|---|---|---|---|
| | | | Communications Operating, LLC, Charter Communications, Inc.. (Kingston, John) (Entered: 06/18/2019) |
| 06/18/2019 | | [83](#) (111 pgs) | Transcript regarding Hearing Held on 05/14/19 At 10:21 AM RE: ( **Amends Doc # 66)** Debtors Motion For Leave To File Under Seal (A) Debtors' Memorandum And (B) Declaration Of Tami Sims (Document #38).; Motion To File Under Seal (Charter's Response) (Document #45).; Motion To File Under Seal (Debtors' Reply)(Document #53).; Etc.. Remote electronic access to the transcript is restricted until 9/16/2019. The transcript may be viewed at the Bankruptcy Court Clerks Office. [Transcription Service Agency: Veritext Legal Solutions.]. (See the Courts Website for contact information for the Transcription Service Agency.) (RE: related document(s) [45](#), [53](#), [38](#)). Notice of Intent to Request Redaction Deadline Due By 6/25/2019. Statement of Redaction Request Due By 7/9/2019. Redacted Transcript Submission Due By 7/19/2019. Transcript access will be restricted through 9/16/2019. (Ramos, Jonathan) (Entered: 07/01/2019) |
| 06/19/2019 | | [80](#) (2 pgs) | Certificate of Service *of Rule 26 Initial Disclosures* Filed by John Scott Kingston on behalf of Charter Communications Operating, LLC, Charter Communications, Inc.. (Kingston, John) (Entered: 06/19/2019) |
| 06/25/2019 | | [81](#) (2 pgs) | Certificate of Service *re Notice of Deposition of Shonne Bandy* Filed by Brian W. Hockett on behalf of Charter Communications Operating, LLC, Charter Communications, Inc.. (Hockett, Brian) (Entered: 06/25/2019) |
| 06/27/2019 | | [82](#) (2 pgs) | Certificate of Service *(Charter Communications, Inc.'s First Requests for Admission to Windstream Holdings, Inc.)* Filed by John Scott Kingston on behalf of Charter Communications Operating, LLC, Charter Communications, Inc.. (Kingston, John) (Entered: 06/27/2019) |
| 07/24/2019 | | [84](#) (117 pgs) | Transcript regarding Hearing Held on 04/15/19 At 11:23 AM RE: Notice Of Agenda Revised Agenda For April 15, 2019 Hearing.; Debtors Motion For A Temporary Restraining Order, Preliminary Injunction, And Other Equitable Relief Against Charter Communications, Inc. And Charter Communications.; Supplemental Declaration Of Lewis Langston In Support Of Debtors Motion For A Temporary Restraining Order, Preliminary Injunction And Other Equitable Relief Against Charter Communications, Inc. And Charter Communications Operating, Llc (Related Document(s)2).; Etc. Remote electronic access to the transcript is restricted until 10/22/2019. The transcript may be viewed at the Bankruptcy Court Clerks Office. [Transcription Service Agency: Veritext Legal Solutions.]. (See the Courts Website for contact information for the Transcription Service Agency.) (RE: related document(s) [2](#)). Notice of Intent to Request Redaction Deadline Due By 7/31/2019. Statement of Redaction Request Due By 8/14/2019. Redacted Transcript Submission Due By 8/26/2019. Transcript access will be restricted through 10/22/2019. (Ramos, Jonathan) (Entered: 08/05/2019) |
| 08/15/2019 | | [85](#) (2 pgs) | Certificate of Service *(Charter Communication, Inc.'s Fourth Set of Interrogatories to Windstream Holdings, Inc.)* filed by John Scott Kingston on behalf of Charter Communications Operating, LLC, Charter Communications, Inc.. (Kingston, John) (Entered: 08/15/2019) |
| 08/15/2019 | | [86](#) (2 pgs) | Certificate of Service *(Charter Communications, Inc.'s Third Set of Requests for Production to Windstream Holdings, Inc.)* filed by John |

| | | | |
|---|---|---|---|
| | | | Scott Kingston on behalf of Charter Communications Operating, LLC, Charter Communications, Inc.. (Kingston, John) (Entered: 08/15/2019) |
| 08/15/2019 | 87 (2 pgs) | | Certificate of Service *(Charter Communications, Inc.'s Second Set of Requests for Admissions to Windstream Holdings, Inc.)* filed by John Scott Kingston on behalf of Charter Communications Operating, LLC, Charter Communications, Inc.. (Kingston, John) (Entered: 08/15/2019) |
| 08/15/2019 | 88 (2 pgs) | | Certificate of Service *(Charter Communications, Inc.'s Notice of Video Deposition Pursuant to FRCP 30(b)(6))* filed by John Scott Kingston on behalf of Charter Communications Operating, LLC, Charter Communications, Inc.. (Kingston, John) (Entered: 08/15/2019) |
| 08/15/2019 | 89 (2 pgs) | | Certificate of Service *(Notice of Deposition of Lewis Langston)* filed by John Scott Kingston on behalf of Charter Communications Operating, LLC, Charter Communications, Inc.. (Kingston, John) (Entered: 08/15/2019) |
| 08/20/2019 | 90 (2 pgs) | | Certificate of Service *(Notice of Deposition of Jerry Wayne Parrish)* filed by John Scott Kingston on behalf of Charter Communications Operating, LLC, Charter Communications, Inc.. (Kingston, John) (Entered: 08/20/2019) |
| 08/20/2019 | 91 (2 pgs) | | Certificate of Service *(Amended Notice of Deposition of Shonne Bandy)* filed by John Scott Kingston on behalf of Charter Communications Operating, LLC, Charter Communications, Inc.. (Kingston, John) (Entered: 08/20/2019) |
| 08/27/2019 | 92 (2 pgs) | | Certificate of Service *(Charter Communications, Inc.'s Third Set of Requests for Admissions to Windstream Holdings, Inc.)* filed by John Scott Kingston on behalf of Charter Communications Operating, LLC, Charter Communications, Inc.. (Kingston, John) (Entered: 08/27/2019) |
| 08/27/2019 | 93 (2 pgs) | | Certificate of Service *(Charter Communications, Inc.'s Fifth Set of Interrogatories to Windstream Holdings, Inc.)* filed by John Scott Kingston on behalf of Charter Communications Operating, LLC, Charter Communications, Inc.. (Kingston, John) (Entered: 08/27/2019) |
| 08/28/2019 | 94 (34 pgs; 5 docs) | | Letter *(Request for Telephonic Discovery Dispute Conference)* Filed by John Scott Kingston on behalf of Charter Communications Operating, LLC, Charter Communications, Inc.. (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D)(Kingston, John) (Entered: 08/28/2019) |
| 08/29/2019 | 95 (26 pgs) | | Letter *Debtors' Response to Charters Request for Telephonic Discovery Dispute Conference* (related document(s)94) Filed by Shaya Rochester on behalf of Windstream Holdings, Inc., et al.. (Rochester, Shaya) (Entered: 08/29/2019) |
| 09/09/2019 | 96 (21 pgs) | | Letter *Request for Telephonic Discovery Dispute Conference* Filed by Shaya Rochester on behalf of Windstream Holdings, Inc., et al.. (Rochester, Shaya) (Entered: 09/09/2019) |
| 09/10/2019 | 97 (8 pgs; 4 docs) | | Ex Parte Motion to Seal *Certain Documents in Support of Charter's Response to Windstream Holding, Inc.'s Request for Telephonic Conference* filed by John Scott Kingston on behalf of Charter Communications Operating, LLC, Charter Communications, Inc.. |

| | | | |
|---|---|---|---|
| | | | (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C) (Kingston, John) (Entered: 09/10/2019) |
| 09/10/2019 | 98 (47 pgs; 6 docs) | | Letter *Charter's Response to Windstream's Request for Telephonic Discovery Dispute Conference to Quash Subpoenas directed to KCC* (related document(s)95) Filed by John Scott Kingston on behalf of Charter Communications Operating, LLC, Charter Communications, Inc.. (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D # 5 Exhibit E)(Kingston, John) (Entered: 09/10/2019) |
| 09/10/2019 | 99 (6 pgs) | | Affidavit of Service *re: Letter to the Court by Terence P. Ross re: Request for Telephonic Discovery Conference* (related document(s)96) filed by Kurtzman Carson Consultants LLC.(Kass, Albert) (Entered: 09/10/2019) |
| 09/13/2019 | 100 (10 pgs; 6 docs) | | Ex Parte Motion to Seal *Certain Documents in Support of Charter's Request for Telephonic Discovery Dispute Conference* filed by John Scott Kingston on behalf of Charter Communications Operating, LLC, Charter Communications, Inc.. (Attachments: # 1 Exhibit B # 2 Exhibit C # 3 Exhibit D # 4 Exhibit E # 5 Exhibit F) (Kingston, John) (Entered: 09/13/2019) |
| 09/13/2019 | 101 (75 pgs; 9 docs) | | Letter *Charter's Request for Telephonic Discovery Dispute Conference* Filed by John Scott Kingston on behalf of Charter Communications Operating, LLC, Charter Communications, Inc.. (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D # 5 Exhibit E # 6 Exhibit F # 7 Exhibit G # 8 Exhibit H)(Kingston, John) (Entered: 09/13/2019) |
| 09/16/2019 | 102 (4 pgs) | | Letter *Debtors' Response to Charters Request for Telephonic Discovery Dispute Conference* (related document(s)101) Filed by Shaya Rochester on behalf of Windstream Holdings, Inc., et al.. (Rochester, Shaya) (Entered: 09/16/2019) |
| 09/18/2019 | 103 (6 pgs) | | Affidavit of Service *re: Letter to the Court by Terence P. Ross re: Charter's Request for Telephonic Discovery Dispute Conference* (related document(s)102) filed by Kurtzman Carson Consultants LLC.(Kass, Albert) (Entered: 09/18/2019) |
| 10/09/2019 | 104 (2 pgs) | | Motion to Withdraw the Reference *of Counts I through V of Windstream's Complaint* filed by John Scott Kingston on behalf of Charter Communications Operating, LLC, Charter Communications, Inc.. (Kingston, John) (Entered: 10/09/2019) |
| 10/09/2019 | | | Receipt of Motion to Withdraw the Reference (fee)( 19-08246-rdd) [motion,205] ( 181.00) Filing Fee. Receipt number B13464004. Fee amount 181.00. (Re: Doc # 104) (U.S. Treasury) (Entered: 10/09/2019) |
| 10/09/2019 | 105 (114 pgs; 8 docs) | | Memorandum of Law *in Support of Motion to Withdraw the Automatic Reference of Counts I through V of Windstream's Complaint* (related document(s)104) filed by John Scott Kingston on behalf of Charter Communications Operating, LLC, Charter Communications, Inc.. (Attachments: # 1 Exhibit 1 # 2 Exhibit 2 # 3 Exhibit 3 # 4 Exhibit 4 # 5 Exhibit 5 # 6 Exhibit 6 # 7 Exhibit 7) (Kingston, John) (Entered: 10/09/2019) |

| 10/10/2019 | 106 (2 pgs) | Civil Cover Sheet from U.S. District Court, Case Number: 1909354 Judge Kenneth M. Karas (related document(s)104) (Rouzeau, Anatin). (Entered: 10/10/2019) |
|---|---|---|
| 10/10/2019 | 107 (3 pgs) | Letter *Re: Request for Pre-Motion Conference Regarding Summary Judgment* (related document(s)1, 76, 77) Filed by Shaya Rochester on behalf of Windstream Holdings, Inc., et al.. (Rochester, Shaya) (Entered: 10/10/2019) |
| 10/14/2019 | 108 (17 pgs) | Affidavit of Service *re: Letter to the Court re: Request for Pre-Motion Conference Regarding Summary Judgment* (related document(s)107) filed by Kurtzman Carson Consultants LLC.(Kass, Albert) (Entered: 10/14/2019) |
| 10/14/2019 | 109 (7 pgs) | Motion to Dismiss Adversary Proceeding *(Motion for Judgment on the Pleadings on Count VI and Motion to Dismiss Count VII for Lack of Subject Matter Jurisdiction)* filed by John Scott Kingston on behalf of Charter Communications Operating, LLC, Charter Communications, Inc.. with hearing to be held on 12/18/2019 at 10:00 AM at Courtroom TBA, White Plains Courthouse (RDD) Responses due by 12/11/2019, (Kingston, John) (Entered: 10/14/2019) |
| 10/14/2019 | 110 (3 pgs) | Notice of Hearing (related document(s)109) filed by John Scott Kingston on behalf of Charter Communications Operating, LLC, Charter Communications, Inc.. with hearing to be held on 12/18/2019 at 10:00 AM at Courtroom TBA, White Plains Courthouse (RDD) (Kingston, John) (Entered: 10/14/2019) |
| 10/14/2019 | 111 (2 pgs) | Letter *re Windstream's Request for Pre-Motion Conference re Summary Judgment* Filed by John Scott Kingston on behalf of Charter Communications Operating, LLC, Charter Communications, Inc.. (Kingston, John) (Entered: 10/14/2019) |
| 10/22/2019 | 112 (4 pgs) | Letter *REQUEST FOR TELEPHONIC DISCOVERY DISPUTE CONFERENCE* (related document(s)76) Filed by Shaya Rochester on behalf of Windstream Holdings, Inc., et al.. (Rochester, Shaya) (Entered: 10/22/2019) |
| 10/23/2019 | 113 (122 pgs; 4 docs) | Letter *Charter's Response to Windstream's October 22, 2019 Request for Teleconference* (related document(s)112) Filed by John Scott Kingston on behalf of Charter Communications Operating, LLC, Charter Communications, Inc.. (Attachments: # 1 Exhibit 1 # 2 Exhibit 2 # 3 Exhibit 3)(Kingston, John) (Entered: 10/23/2019) |
| 10/30/2019 | 114 (5 pgs) | Notice of Withdrawal *of Affirmative Defense* filed by John Scott Kingston on behalf of Charter Communications Operating, LLC, Charter Communications, Inc.. (Kingston, John) (Entered: 10/30/2019) |
| 11/15/2019 | 115 (5 pgs) | Motion to Approve *Defendants Charter Communications, Inc. and Charter Communications Operating, LLC's Motion to Exclude the Testimony of John C. Jarosz* filed by John Scott Kingston on behalf of Charter Communications Operating, LLC, Charter Communications, Inc. with hearing to be held on 12/18/2019 at 10:00 AM at Courtroom TBA, White Plains Courthouse (RDD) Responses due by 12/11/2019,. (Kingston, John) (Entered: 11/15/2019) |

| | | |
|---|---|---|
| 11/15/2019 | [116](#)<br>(35 pgs) | Memorandum of Law *Defendants Charter Communications, Inc. and Charter Communications Operating, LLC's Memorandum in Support of Motion to Exclude the Testimony of John C. Jarosz* (related document(s)[115](#)) filed by John Scott Kingston on behalf of Charter Communications Operating, LLC, Charter Communications, Inc.. Objections due by 12/11/2019, (Kingston, John) (Entered: 11/15/2019) |
| 11/15/2019 | [117](#)<br>(270 pgs; 17 docs) | Declaration *of Brian Hockett in Support of Defendants Charter Communications, Inc. and Charter Communications Operating, LLC's Motion to Exclude the Testimony of John C. Jarosz* (related document(s)[115](#)) filed by John Scott Kingston on behalf of Charter Communications Operating, LLC, Charter Communications, Inc.. (Attachments: # [1](#) Exhibit 1 # [2](#) Exhibit 2 # [3](#) Exhibit 3 # [4](#) Exhibit 4 # [5](#) Exhibit 5 # [6](#) Exhibit 6 # [7](#) Exhibit 7 # [8](#) Exhibit 8 # [9](#) Exhibit 9 # [10](#) Exhibit 10 # [11](#) Exhibit 11 # [12](#) Exhibit 12 # [13](#) Exhibit 13 # [14](#) Exhibit 14 # [15](#) Exhibit 15 # [16](#) Exhibit 16) (Kingston, John) (Entered: 11/15/2019) |
| 11/15/2019 | [118](#)<br>(68 pgs; 10 docs) | Motion to Seal *Defendants Charter Communications, Inc. and Charter Communications Operating, LLC's Ex-Parte Motion to Seal Documents Filed in Connection with their Motion to Exclude the Testimony of John C. Jarosz* (related document(s)[115](#)) filed by John Scott Kingston on behalf of Charter Communications Operating, LLC, Charter Communications, Inc.. with hearing to be held on 12/18/2019 at 10:00 AM at Courtroom TBA, White Plains Courthouse (RDD) Objections due by 12/11/2019, (Attachments: # [1](#) Proposed Order # [2](#) Redacted Memorandum in Support of Motion to Exclude Testimony of J. Jarosz # [3](#) Exhibit 1 # [4](#) Exhibit 4 # [5](#) Exhibit 5 # [6](#) Exhibit 11 # [7](#) Exhibit 12 # [8](#) Exhibit 13 # [9](#) Exhibit 15) (Kingston, John) (Entered: 11/15/2019) |
| 11/15/2019 | [119](#)<br>(4 pgs) | Notice of Hearing *on Defendants Charter Communications, Inc. and Charter Communications Operating, LLC's Motion to Exclude the Testimony of John C. Jarosz* filed by John Scott Kingston on behalf of Charter Communications Operating, LLC, Charter Communications, Inc.. with hearing to be held on 12/18/2019 at 10:00 AM at Courtroom TBA, White Plains Courthouse (RDD) (Kingston, John) (Entered: 11/15/2019) |
| 11/15/2019 | [120](#)<br>(4 pgs) | Notice of Hearing *on Defendants Charter Communications, Inc. and Charter Communications Operating, LLC's Ex-Parte Motion to Seal Documents filed in Connection with their Motion to Exclude the Testimony of John C. Jarosz* filed by John Scott Kingston on behalf of Charter Communications Operating, LLC, Charter Communications, Inc.. with hearing to be held on 12/18/2019 at 10:00 AM at Courtroom TBA, White Plains Courthouse (RDD) (Kingston, John) (Entered: 11/15/2019) |
| 11/15/2019 | [121](#)<br>(266 pgs; 11 docs) | Response to Motion *Defendant Charter Communications, Inc. and Charter Communications Operating, LLC's Memorandum in Opposition to Motion to Strike the Rebuttal Expert Reports of Robert Borders and Dr. Henry Osterberg* filed by John Scott Kingston on behalf of Charter Communications Operating, LLC, Charter Communications, Inc.. (Attachments: # [1](#) Exhibit 1 # [2](#) Exhibit 2 # [3](#) Exhibit 3 # [4](#) Exhibit 4 # [5](#) Exhibit 5 # [6](#) Exhibit 6 # [7](#) Exhibit 7 # [8](#) Exhibit 8 # [9](#) Exhibit 9 # [10](#) Exhibit 10) (Kingston, John) (Entered: 11/15/2019) |

| | | |
|---|---|---|
| 11/15/2019 | [122](#)<br>(12 pgs) | Motion for Summary Judgment *DEBTORS MOTION FOR SUMMARY JUDGMENT OF LIABILITY ON ALL COUNTS* (related document(s)[1](#)) filed by Shaya Rochester on behalf of Windstream Holdings, Inc., et al.. (Rochester, Shaya) (Entered: 11/15/2019) |
| 11/15/2019 | [123](#)<br>(42 pgs) | Memorandum of Law *DEBTORS MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT OF LIABILITY ON ALL COUNTS* (related document(s)[122](#)) filed by Shaya Rochester on behalf of Windstream Holdings, Inc., et al.. (Rochester, Shaya) (Entered: 11/15/2019) |
| 11/15/2019 | [124](#)<br>(15 pgs) | Statement of Undisputed Facts *DEBTORS STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT OF LIABILITY ON ALL COUNTS* Filed by Shaya Rochester on behalf of Windstream Holdings, Inc.., et al.. (Rochester, Shaya) (Entered: 11/15/2019) |
| 11/15/2019 | [125](#)<br>(137 pgs; 2 docs) | **[Unredacted Document Filed Under Seal Pursuant to Order signed on 12/23/2019 (Related Doc. [183](#)) ]** Declaration *DECLARATION OF JEFFREY H. AUMAN IN SUPPORT OF THE DEBTORS MOTION FOR SUMMARY JUDGMENT OF LIABILITY ON ALL COUNTS* (related document(s)[122](#)) filed by Shaya Rochester on behalf of Windstream Holdings, Inc., et al.. (Attachments: # [1](#) Exhibit 1) (Rochester, Shaya) (Entered: 11/15/2019) |
| 11/15/2019 | [126](#)<br>(9 pgs; 2 docs) | **[Unredacted Document Filed Under Seal Pursuant to Order signed on 12/23/2019 (Related Doc. [183](#)) ]** Declaration *DECLARATION OF PAUL STRICKLAND, JR. IN SUPPORT OF THE DEBTORS MOTION FOR SUMMARY JUDGMENT OF LIABILITY ON ALL COUNTS* (related document(s)[122](#)) filed by Shaya Rochester on behalf of Windstream Holdings, Inc., et al.. (Attachments: # [1](#) Exhibits 1 - 37) (Rochester, Shaya) (Entered: 11/15/2019) |
| 11/15/2019 | [127](#)<br>(349 pgs; 15 docs) | **[Unredacted Document Filed Under Seal Pursuant to Order signed on 12/23/2019 (Related Doc. [183](#)) ]** Declaration *DECLARATION OF GRACE A. THOMPSON IN SUPPORT OF THE DEBTORS MOTION FOR SUMMARY JUDGMENT OF LIABILITY ON ALL COUNTS* (related document(s)[122](#)) filed by Shaya Rochester on behalf of Windstream Holdings, Inc., et al.. (Attachments: # [1](#) Exhibit 1 # [2](#) Exhibit 2 - Part 1 of 6 # [3](#) Exhibit 2 Part 2 of 6 # [4](#) Exhibit 2 Part 3 of 6 # [5](#) Exhibit 2 Part 4 of 6 # [6](#) Exhibit 2 Part 5 of 6 # [7](#) Exhibit 2 Part 6 of 6 # [8](#) Exhibit 3 # [9](#) Exhibit 4 # [10](#) Exhibit 5 # [11](#) Exhibit 6 # [12](#) Exhibit 7 # [13](#) Exhibit 8 # [14](#) Exhibit 9) (Rochester, Shaya) (Entered: 11/15/2019) |
| 11/15/2019 | [128](#)<br>(16 pgs) | Motion to Seal *DEBTORS MOTION FOR LEAVE TO FILE UNDER SEAL CERTAIN PORTIONS OF (A) DEBTORS MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT OF LIABILITY ON ALL COUNTS; (B) DEBTORS STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT THEREOF; AND (C) CERTAIN EXHIBITS TO THE DECLARATIONS OF JEFFREY H. AUMAN, PAUL STRICKLAND, JR., AND GRACE A. THOMPSON* (related document(s)[126](#), [125](#), [127](#), [124](#), [123](#)) filed by Shaya Rochester on behalf of Windstream Holdings, Inc., et al.. (Rochester, Shaya) (Entered: 11/15/2019) |

| Date | Doc | Description |
|---|---|---|
| 11/15/2019 | [129](#)<br>(4 pgs) | Motion for Summary Judgment *Defendant Charter Communications, Inc. and Charter Communications Operating, LLC Motion for Summary Judgment* filed by John Scott Kingston on behalf of Charter Communications Operating, LLC, Charter Communications, Inc.. with hearing to be held on 12/18/2019 at 10:00 AM at Courtroom TBA, White Plains Courthouse (RDD) Responses due by 12/6/2019, (Kingston, John) (Entered: 11/15/2019) |
| 11/15/2019 | [130](#)<br>(45 pgs) | Memorandum of Law *Defendants Charter Communications, Inc. and Charter Communications Operating, LLC Memorandum in Support of Summary Judgment* (related document(s)[129](#)) filed by John Scott Kingston on behalf of Charter Communications Operating, LLC, Charter Communications, Inc.. Objections due by 12/6/2019, Reply due by 12/13/2019, (Kingston, John) (Entered: 11/15/2019) |
| 11/15/2019 | [131](#)<br>(100 pgs) | Statement of Undisputed Facts *in Support of Defendants' Motion for Summary Judgment* Filed by John Scott Kingston on behalf of Charter Communications Operating, LLC, Charter Communications, Inc.. with hearing to be held on 12/18/2019 at 10:00 AM at Courtroom TBA, White Plains Courthouse (RDD) Objections due by 12/6/2019, (Kingston, John) (Entered: 11/15/2019) |
| 11/15/2019 | [132](#)<br>(920 pgs; 63 docs) | Declaration *of Brian Hockett in Support of Defendants Charter Communications, Inc. and Charter Communications Operating, LLC's Motion for Summary Judgment* (related document(s)[129](#)) filed by John Scott Kingston on behalf of Charter Communications Operating, LLC, Charter Communications, Inc.. with hearing to be held on 12/18/2019 at 10:00 AM at Courtroom TBA, White Plains Courthouse (RDD) Objections due by 12/6/2019, Reply due by 12/13/2019, (Attachments: # [1](#) Exhibit 1 # [2](#) Exhibit 2 # [3](#) Exhibit 3 # [4](#) Exhibit 4 # [5](#) Exhibit 5 # [6](#) Exhibit 6 # [7](#) Exhibit 7 # [8](#) Exhibit 8 # [9](#) Exhibit 9 # [10](#) Exhibit 10 # [11](#) Exhibit 11 # [12](#) Exhibit 12 # [13](#) Exhibit 13 # [14](#) Exhibit 14 # [15](#) Exhibit 15 # [16](#) Exhibit 16 # [17](#) Exhibit 17 # [18](#) Exhibit 18 # [19](#) Exhibit 19 # [20](#) Exhibit 20 # [21](#) Exhibit 21 # [22](#) Exhibit 22 # [23](#) Exhibit 23 # [24](#) Exhibit 24 # [25](#) Exhibit 25 # [26](#) Exhibit 26 # [27](#) Exhibit 27 # [28](#) Exhibit 28 # [29](#) Exhibit 29 # [30](#) Exhibit 30 # [31](#) Exhibit 31 # [32](#) Exhibit 32 # [33](#) Exhibit 33 # [34](#) Exhibit 34 # [35](#) Exhibit 35 # [36](#) Exhibit 36 # [37](#) Exhibit 37 # [38](#) Exhibit 38 # [39](#) Exhibit 39 # [40](#) Exhibit 40 # [41](#) Exhibit 41 # [42](#) Exhibit 42 # [43](#) Exhibit 43 # [44](#) Exhibit 44 # [45](#) Exhibit 45 # [46](#) Exhibit 46 # [47](#) Exhibit 47 # [48](#) Exhibit 48 # [49](#) Exhibit 49 # [50](#) Exhibit 50 # [51](#) Exhibit 51 # [52](#) Exhibit 52 # [53](#) Exhibit 53 # [54](#) Exhibit 54 # [55](#) Exhibit 55 # [56](#) Exhibit 56 # [57](#) Exhibit 57 # [58](#) Exhibit 58 # [59](#) Exhibit 59 # [60](#) Exhibit 60 # [61](#) Exhibit 61 # [62](#) Exhibit 62) (Kingston, John) (Entered: 11/15/2019) |
| 11/15/2019 | [133](#)<br>(172 pgs; 22 docs) | Motion to Seal *Defendants Charter Communications, Inc. and Charter Communications Operating, LLC's Ex-Parte Motion to Seal Documents Filed in Connection with their Motion for Summary Judgment* (related document(s)[131](#), [129](#), [130](#), [132](#)) filed by John Scott Kingston on behalf of Charter Communications Operating, LLC, Charter Communications, Inc.. with hearing to be held on 12/18/2019 at 10:00 AM at Courtroom TBA, White Plains Courthouse (RDD) (Attachments: # [1](#) Proposed Order # [2](#) Redacted Memorandum in Support of Motion for Summary Judgment # [3](#) Redacted Statement of Facts # [4](#) Exhibit 1 # [5](#) Exhibit 2 # [6](#) Exhibit 4 # [7](#) Exhibit 8 # [8](#) Exhibit 11 # [9](#) Exhibit 13 # [10](#) Exhibit 15 # [11](#) Exhibit 16 # [12](#) Exhibit 17 # [13](#) Exhibit 19 # [14](#) Exhibit 21 # [15](#) Exhibit 23 # [16](#) Exhibit 31 # [17](#) Exhibit 51 # [18](#) Exhibit 55 # [19](#) Exhibit |

| | | |
|---|---|---|
| | | 57 # 20 Exhibit 59 # 21 Exhibit 62) (Kingston, John) (Entered: 11/15/2019) |
| 11/15/2019 | 134 (4 pgs) | Notice of Hearing *on Defendants Charter Communications, Inc. and Charter Communications Operating, LLC's Motion for Summary Judgment* (related document(s)129) filed by John Scott Kingston on behalf of Charter Communications Operating, LLC, Charter Communications, Inc.. with hearing to be held on 12/18/2019 at 10:00 AM at Courtroom TBA, White Plains Courthouse (RDD) (Kingston, John) (Entered: 11/15/2019) |
| 11/15/2019 | 135 (4 pgs) | Notice of Hearing *on Defendants Charter Communications, Inc. and Charter Communications Operating, LLC's Ex-Parte Motion to Seal Documents Filed in Connection with their Motion for Summary Judgment* (related document(s)133) filed by John Scott Kingston on behalf of Charter Communications Operating, LLC, Charter Communications, Inc.. with hearing to be held on 12/18/2019 at 10:00 AM at Courtroom TBA, White Plains Courthouse (RDD) (Kingston, John) (Entered: 11/15/2019) |
| 11/18/2019 | 136 (2 pgs) | Letter *Request for Telephonic Conference* (related document(s)131) Filed by Shaya Rochester on behalf of Windstream Holdings, Inc., et al.. (Rochester, Shaya) (Entered: 11/18/2019) |
| 11/19/2019 | 137 (17 pgs) | Affidavit of Service *re: Documents Served on November 15, 2019* (related document(s)122, 124, 123, 128, 127, 126, 125) filed by Kurtzman Carson Consultants LLC.(Kass, Albert) (Entered: 11/19/2019) |
| 11/19/2019 | 138 (3 pgs) | Letter *Charter's Response to Windstream's Request for Telephonic Conference Regarding Charter's Undisputed Facts* Filed by Brian W. Hockett on behalf of Charter Communications Operating, LLC, Charter Communications, Inc.. (Hockett, Brian) (Entered: 11/19/2019) |
| 11/21/2019 | 139 (17 pgs) | Affidavit of Service *re: Letter to the Court by Terence P. Ross re: Request for Telephonic Conference* (related document(s)136) filed by Kurtzman Carson Consultants LLC.(Kass, Albert) (Entered: 11/21/2019) |
| 12/06/2019 | 140 (36 pgs) | Response to Motion *(Defendants' Response to Debtors' Statement of Facts)* filed by John Scott Kingston on behalf of Charter Communications Operating, LLC, Charter Communications, Inc.. (Kingston, John) (Entered: 12/06/2019) |
| 12/06/2019 | 141 (67 pgs; 10 docs) | Declaration *of Brian Hockett in Support of Defendants Charter Communications, Inc. and Charter Communications Operating, LLC's Response to Debtors' Statement of Facts* filed by John Scott Kingston on behalf of Charter Communications Operating, LLC, Charter Communications, Inc.. (Attachments: # 1 Exhibit 1 # 2 Exhibit 2 # 3 Exhibit 3 # 4 Exhibit 4 # 5 Exhibit 5 # 6 Exhibit 6 # 7 Exhibit 7 # 8 Exhibit 8 # 9 Exhibit 9) (Kingston, John) (Entered: 12/06/2019) |
| 12/06/2019 | 142 (27 pgs; 21 docs) | Motion to Seal *(Defendants' Ex-Parte Motion to Seal Documents Filed in Connection with their Memorandum in Opposition to Debtors' Motion for Partial Summary Judgment)* filed by John Scott Kingston on behalf of Charter Communications Operating, LLC, Charter Communications, Inc.. with hearing to be held on 12/18/2019 at 10:00 |

| | | | |
|---|---|---|---|
| | | | AM at Courtroom TBA, White Plains Courthouse (RDD) (Attachments: # 1 Proposed Order # 2 Exhibit 1 # 3 Exhibit 2 # 4 Exhibit 3 # 5 Exhibit 4 # 6 Exhibit 8 # 7 Exhibit 11 # 8 Exhibit 13 # 9 Exhibit 15 # 10 Exhibit 16 # 11 Exhibit 17 # 12 Exhibit 19 # 13 Exhibit 21 # 14 Exhibit 23 # 15 Exhibit 31 # 16 Exhibit 51 # 17 Exhibit 55 # 18 Exhibit 57 # 19 Exhibit 59 # 20 Exhibit 62) (Kingston, John) (Entered: 12/06/2019) |
| 12/06/2019 | 143 (3 pgs) | | Notice of Hearing *on Defendants' Motion to Seal Documents filed in Connection with their Memorandum in Opposition to Debtors' Motion for Partial Summary Judgment* (related document(s)142) filed by John Scott Kingston on behalf of Charter Communications Operating, LLC, Charter Communications, Inc.. with hearing to be held on 12/18/2019 at 10:00 AM at Courtroom TBA, White Plains Courthouse (RDD) (Kingston, John) (Entered: 12/06/2019) |
| 12/06/2019 | 144 (47 pgs) | | **[Unredacted Document Filed Under Seal Pursuant to Order signed on 12/23/2019 (Related Doc. 182) ]** Memorandum of Law *DEBTORS MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS MOTION FOR SUMMARY JUDGMENT* (related document(s)129) filed by Shaya Rochester on behalf of Windstream Holdings, Inc., et al.. (Rochester, Shaya) (Entered: 12/06/2019) |
| 12/06/2019 | 145 (30 pgs) | | **[Unredacted Document Filed Under Seal Pursuant to Order signed on 12/23/2019 (Related Doc. 182) ]** Response to Motion *DEBTORS RESPONSE TO DEFENDANTS STATEMENT OF UNCONTROVERTED MATERIAL FACTS* filed by Shaya Rochester on behalf of Windstream Holdings, Inc., et al.. (Rochester, Shaya) (Entered: 12/06/2019) |
| 12/06/2019 | 146 (20 pgs; 10 docs) | | **[Unredacted Document Filed Under Seal Pursuant to Order signed on 12/23/2019 (Related Doc. 182) ]** Declaration *DECLARATION OF GRACE A. THOMPSON* filed by Shaya Rochester on behalf of Windstream Holdings, Inc., et al.. (Attachments: # 1 Exhibit 1 # 2 Exhibit 2 # 3 Exhibit 3 # 4 Exhibit 4 # 5 Exhibit 5 # 6 Exhibit 6 # 7 Exhibit 7 # 8 Exhibit 8 # 9 Exhibit 9) (Rochester, Shaya) (Entered: 12/06/2019) |
| 12/06/2019 | 147 (7 pgs; 2 docs) | | **[Unredacted Document Filed Under Seal Pursuant to Order signed on 12/23/2019 (Related Doc. 182) ]** Declaration *DECLARATION OF JEFFREY H. AUMAN IN SUPPORT OF THE DEBTORS OPPOSITION TO DEFENDANTS MOTION FOR SUMMARY JUDGMENT* filed by Shaya Rochester on behalf of Windstream Holdings, Inc., et al.. (Attachments: # 1 Exhibit 1) (Rochester, Shaya) (Entered: 12/06/2019) |
| 12/06/2019 | 148 (6 pgs) | | **[Unredacted Document Filed Under Seal Pursuant to Order signed on 12/23/2019 (Related Doc. 182) ]** Declaration *DECLARATION OF JOHN C. JAROSZ IN SUPPORT OF DEBTORS OPPOSITION TO DEFENDANTS MOTION FOR SUMMARY JUDGMENT* filed by Shaya Rochester on behalf of Windstream Holdings, Inc., et al.. (Rochester, Shaya) (Entered: 12/06/2019) |
| 12/06/2019 | 149 (6 pgs) | | Motion to Join */ Joinder of the Official Committee of Unsecured Creditors to the Debtors' Opposition to Charter's Motion for Summary Judgment* (related document(s)130, 144) filed by Lorenzo Marinuzzi on behalf of Official Committee of Unsecured Creditors. (Marinuzzi, Lorenzo) (Entered: 12/06/2019) |

| | | |
|---|---|---|
| 12/06/2019 | [150](#)<br>(12 pgs) | Statement *DEBTORS MOTION FOR LEAVE TO FILE REBUTTAL EXPERT REPORT* filed by Shaya Rochester on behalf of Windstream Holdings, Inc., et al.. (Rochester, Shaya) (Entered: 12/06/2019) |
| 12/06/2019 | [151](#)<br>(16 pgs; 3 docs) | Motion to File Under Seal */ The Committee's Motion for Leave to File Under Seal Certain Portions of the Committee's Joinder to the Debtors' Opposition to Charter's Motion for Summary Judgment* (related document(s)[149](#)) filed by Lorenzo Marinuzzi on behalf of Official Committee of Unsecured Creditors with hearing to be held on 12/18/2019 at 10:00 AM at Courtroom TBA, White Plains Courthouse (RDD) Responses due by 12/11/2019,. (Attachments: # [1](#) Notice of Motion # [2](#) Exhibit A - Proposed Order) (Marinuzzi, Lorenzo) (Entered: 12/06/2019) |
| 12/06/2019 | [152](#)<br>(7 pgs) | Memorandum of Law *DEBTORS MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR LEAVE TO FILE A REBUTTAL EXPERT REPORT* filed by Shaya Rochester on behalf of Windstream Holdings, Inc., et al.. (Rochester, Shaya) (Entered: 12/06/2019) |
| 12/06/2019 | [153](#)<br>(826 pgs; 58 docs) | Declaration *of Brian Hockett in Support of Defendants Charter Communications, Inc. and Charter Communications Operating, LLC's Memorandum in Opposition to Debtors' Motion for Partial Summary Judgment* filed by John Scott Kingston on behalf of Charter Communications Operating, LLC, Charter Communications, Inc.. (Attachments: # [1](#) Exhibit 1 # [2](#) Exhibit 2 # [3](#) Exhibit 3 # [4](#) Exhibit 4 # [5](#) Exhibit 5 # [6](#) Exhibit 6 # [7](#) Exhibit 7 # [8](#) Exhibit 8 # [9](#) Exhibit 9 # [10](#) Exhibit 10 # [11](#) Exhibit 11 # [12](#) Exhibit 12 # [13](#) Exhibit 13 # [14](#) Exhibit 14 # [15](#) Exhibit 15 # [16](#) Exhibit 16 # [17](#) Exhibit 17 # [18](#) Exhibit 18 # [19](#) Exhibit 19 # [20](#) Exhibit 20 # [21](#) Exhibit 21 # [22](#) Exhibit 22 # [23](#) Exhibit 23 # [24](#) Exhibit 24 # [25](#) Exhibit 25 # [26](#) Exhibit 26 # [27](#) Exhibit 27 # [28](#) Exhibit 28 # [29](#) Exhibit 29 # [30](#) Exhibit 30 # [31](#) Exhibit 31 # [32](#) Exhibit 32 # [33](#) Exhibit 33 # [34](#) Exhibit 34 # [35](#) Exhibit 35 # [36](#) Exhibit 36 # [37](#) Exhibit 39 # [38](#) Exhibit 41 # [39](#) Exhibit 42 # [40](#) Exhibit 43 # [41](#) Exhibit 44 # [42](#) Exhibit 44 # [43](#) Exhibit 46 # [44](#) Exhibit 47 # [45](#) Exhibit 48 # [46](#) Exhibit 49 # [47](#) Exhibit 50 # [48](#) Exhibit 51 # [49](#) Exhibit 52 # [50](#) Exhibit 53 # [51](#) Exhibit 54 # [52](#) Exhibit 55 # [53](#) Exhibit 56 # [54](#) Exhibit 57 # [55](#) Exhibit 58 # [56](#) Exhibit 59 # [57](#) Exhibit 62) (Kingston, John) (Entered: 12/06/2019) |
| 12/06/2019 | [154](#)<br>(212 pgs) | **[Unredacted Document Filed Under Seal Pursuant to Order signed on 12/23/2019 (Related Doc. [182](#)) ]** Declaration *EXPERT DECLARATION OF SARAH BUTLER* filed by Shaya Rochester on behalf of Windstream Holdings, Inc., et al.. (Rochester, Shaya) (Entered: 12/06/2019) |
| 12/06/2019 | [155](#)<br>(10 pgs) | Statement *DEBTORS MOTION TO EXCLUDE THE REBUTTAL EXPERT REPORT OF HENRY D. OSTBERG* filed by Shaya Rochester on behalf of Windstream Holdings, Inc., et al.. (Rochester, Shaya) (Entered: 12/06/2019) |
| 12/06/2019 | [156](#)<br>(25 pgs) | Memorandum of Law *DEBTORS MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO EXCLUDE THE REBUTTAL EXPERT REPORT OF HENRY D. OSTBERG* filed by Shaya Rochester on behalf of Windstream Holdings, Inc., et al.. (Rochester, Shaya) (Entered: 12/06/2019) |

| | | |
|---|---|---|
| 12/06/2019 | [157](#)<br>(50 pgs) | Memorandum of Law *in Opposition to Debtors' Motion for Partial Summary Judgment* (related document(s)[122](#)) filed by John Scott Kingston on behalf of Charter Communications Operating, LLC, Charter Communications, Inc.. (Kingston, John) (Entered: 12/06/2019) |
| 12/06/2019 | [158](#)<br>(22 pgs) | Statement of Undisputed Fact *(Defendants' Statement of Additional Facts)* filed by John Scott Kingston on behalf of Charter Communications Operating, LLC, Charter Communications, Inc.. with hearing to be held on 12/18/2019 at 10:00 AM at Courtroom TBA, White Plains Courthouse (RDD) (Kingston, John) (Entered: 12/06/2019) |
| 12/06/2019 | [159](#)<br>(16 pgs) | Motion to Seal *DEBTORS MOTION FOR LEAVE TO FILE UNDER SEAL CERTAIN PORTIONS OF (A) DEBTORS MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS MOTION FOR SUMMARY JUDGMENT, (B) DEBTORS RESPONSE TO DEFENDANTS STATEMENT OF UNCONTROVERTED MATERIAL FACTS (C) CERTAIN EXHIBITS TO THE DECLARATION OF GRACE A. THOMPSON, (D) DECLARATION OF JEFFREY H. AUMAN IN SUPPORT OF THE DEBTORS OPPOSITION TO DEFENDANTS MOTION FOR SUMMARY JUDGMENT, AND (E) EXPERT DECLARATION OF SARAH BUTLER* filed by Shaya Rochester on behalf of Windstream Holdings, Inc., et al.. (Rochester, Shaya) (Entered: 12/06/2019) |
| 12/06/2019 | [160](#)<br>(16 pgs) | Motion to Seal *DEBTORS MOTION FOR LEAVE TO FILE UNDER SEAL DEBTORS MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO EXCLUDE THE REBUTTAL EXPERT REPORT OF HENRY D. OSTBERG* filed by Shaya Rochester on behalf of Windstream Holdings, Inc., et al.. (Rochester, Shaya) (Entered: 12/06/2019) |
| 12/11/2019 | [161](#)<br>(15 pgs) | Opposition *DEBTORS OPPOSITION TO DEFENDANTS MOTION FOR JUDGMENT ON THE PLEADINGS ON COUNT VI AND MOTION TO DISMISS COUNT VII FOR LACK OF SUBJECT MATTER JURISDICTION* (related document(s)[109](#)) filed by Shaya Rochester on behalf of Windstream Holdings, Inc., et al.. (Rochester, Shaya) (Entered: 12/11/2019) |
| 12/11/2019 | [162](#)<br>(10 pgs) | Declaration *DECLARATION OF GRACE A. THOMPSON IN SUPPORT OF DEBTORS OPPOSITION TO DEFENDANTS MOTION FOR JUDGMENT ON THE PLEADINGS ON COUNT VI AND MOTION TO DISMISS COUNT VII FOR LACK OF SUBJECT MATTER JURISDICTION* (related document(s)[161](#)) filed by Shaya Rochester on behalf of Windstream Holdings, Inc., et al.. (Rochester, Shaya) (Entered: 12/11/2019) |
| 12/11/2019 | [163](#)<br>(5 pgs) | Statement / *Joinder of the Official Committee of Unsecured Creditors to the Debtors' Opposition to Defendants' Motion for Summary Judgment on the Pleadings on Count VI and Motion to Dismiss Count VII for Lack of Subject Matter Jurisdiction* (related document(s)[109](#), [161](#)) filed by Lorenzo Marinuzzi on behalf of Official Committee of Unsecured Creditors. (Marinuzzi, Lorenzo) (Entered: 12/11/2019) |
| 12/11/2019 | [164](#)<br>(30 pgs) | Opposition Brief *DEBTORS MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS MOTION TO EXCLUDE THE TESTIMONY OF JOHN C. JAROSZ* (related document(s)[115](#)) filed by |

| | | | |
|---|---|---|---|
| | | | Shaya Rochester on behalf of Windstream Holdings, Inc., et al.. (Rochester, Shaya) (Entered: 12/11/2019) |
| 12/11/2019 | [165](#) (4 pgs) | | Declaration *DECLARATION OF JOHN C. JAROSZ IN SUPPORT OF DEBTORS' OPPOSITION TO DEFENDANTS' MOTION TO EXCLUDE THE EXPERT TESTIMONY OF JOHN C. JAROSZ* (related document(s)[164](#)) filed by Shaya Rochester on behalf of Windstream Holdings, Inc., et al.. (Rochester, Shaya) (Entered: 12/11/2019) |
| 12/11/2019 | [166](#) (27 pgs) | | Declaration *DECLARATION OF GRACE A. THOMPSON IN SUPPORT OF DEBTORS MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS MOTION TO EXCLUDE THE EXPERT TESTIMONY OF JOHN C. JAROSZ* (related document(s)[164](#)) filed by Shaya Rochester on behalf of Windstream Holdings, Inc., et al.. (Rochester, Shaya) (Entered: 12/11/2019) |
| 12/11/2019 | [167](#) (18 pgs) | | Affidavit of Service *re: Documents Served on December 6, 2019 and December 9, 2019* (related document(s)[148](#), [150](#), [145](#), [156](#), [152](#), [159](#), [146](#), [155](#), [154](#), [160](#), [151](#), [144](#), [149](#), [147](#)) filed by Kurtzman Carson Consultants LLC.(Kass, Albert) (Entered: 12/11/2019) |
| 12/11/2019 | [168](#) (15 pgs) | | Motion to Seal *DEBTORS MOTION FOR LEAVE TO FILE UNDER SEAL CERTAIN PORTIONS OF (A) DEBTORS MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS MOTION TO EXCLUDE EXPERT TESTIMONY OF JOHN C. JAROSZ, AND (B) DECLARATION OF JOHN C. JAROSZ IN SUPPORT OF DEBTORS OPPOSITION TO DEFENDANTS MOTION TO EXCLUDE EXPERT TESTIMONY OF JOHN C. JAROSZ* (related document(s)[165](#), [164](#)) filed by Shaya Rochester on behalf of Windstream Holdings, Inc., et al.. (Rochester, Shaya) (Entered: 12/11/2019) |
| 12/13/2019 | [169](#) (26 pgs) | | Reply to Motion *DEBTORS REPLY MEMORANDUM IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT OF LIABILITY ON ALL COUNTS* (related document(s)[122](#)) filed by Shaya Rochester on behalf of Windstream Holdings, Inc., et al.. (Rochester, Shaya) (Entered: 12/13/2019) |
| 12/13/2019 | [170](#) (28 pgs) | | Reply Statement of Undisputed Fact *DEBTORS REPLY STATEMENT OF FACTS IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT OF LIABILITY ON ALL COUNTS* (related document(s)[122](#), [124](#), [169](#)) filed by Shaya Rochester on behalf of Windstream Holdings, Inc., et al.. (Rochester, Shaya) (Entered: 12/13/2019) |
| 12/13/2019 | [171](#) (20 pgs) | | Counterstatement of Undisputed Fact *DEBTORS RESPONSE TO DEFENDANTS STATEMENT OF ADDITIONAL FACTS* (related document(s)[129](#), [158](#)) filed by Shaya Rochester on behalf of Windstream Holdings, Inc., et al.. (Rochester, Shaya) (Entered: 12/13/2019) |
| 12/13/2019 | [172](#) (4 pgs) | | Declaration *DECLARATION OF JEFFREY H. AUMAN IN FURTHER SUPPORT OF THE DEBTORS MOTION FOR SUMMARY JUDGMENT OF LIABILITY ON ALL COUNTS* (related document(s)[122](#)) filed by Shaya Rochester on behalf of Windstream Holdings, Inc., et al.. (Rochester, Shaya) (Entered: 12/13/2019) |

| | | |
|---|---|---|
| 12/13/2019 | [173](#)<br>(15 pgs) | Motion to Seal *DEBTORS MOTION FOR LEAVE TO FILE UNDER SEAL CERTAIN PORTIONS OF (A) DEBTORS REPLY MEMORANDUM IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT OF LIABILITY ON ALL COUNTS, (B) DEBTORS REPLY STATEMENT OF FACTS IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT OF LIABILITY ON ALL COUNTS, AND (C) DEBTORS RESPONSE TO DEFENDANTS STATEMENT OF ADDITIONAL FACTS* (related document(s)[169](#), [170](#), [171](#)) filed by Shaya Rochester on behalf of Windstream Holdings, Inc., et al.. (Rochester, Shaya) (Entered: 12/13/2019) |
| 12/13/2019 | [174](#)<br>(5 pgs) | Statement / *Joinder of the Official Committee of Unsecured Creditors to the Debtors' Reply in Support of the Debtors' Motion for Summary Judgment of Liability on All Counts* (related document(s)[122](#), [169](#)) filed by Lorenzo Marinuzzi on behalf of Official Committee of Unsecured Creditors. (Marinuzzi, Lorenzo) (Entered: 12/13/2019) |
| 12/13/2019 | [175](#)<br>(8 pgs) | Counterstatement of Undisputed Fact *Defendants' Response to Debtors' Statement of Additional Material Facts* (related document(s)[145](#)) filed by John Scott Kingston on behalf of Charter Communications Operating, LLC, Charter Communications, Inc.. (Kingston, John) (Entered: 12/13/2019) |
| 12/13/2019 | [176](#)<br>(26 pgs; 2 docs) | Reply to Motion *Defendants' Reply Memorandum in Support of Motion for Partial Summary Judgment* (related document(s)[129](#)) filed by John Scott Kingston on behalf of Charter Communications Operating, LLC, Charter Communications, Inc.. (Attachments: # [1](#) Exhibit A) (Kingston, John) (Entered: 12/13/2019) |
| 12/16/2019 | [177](#)<br>(4 pgs) | Notice of Adjournment of Hearing (related document(s)[118](#), [115](#), [168](#)) filed by Brian W. Hockett on behalf of Charter Communications Operating, LLC, Charter Communications, Inc.. with hearing to be held on 1/16/2020 at 10:00 AM at Courtroom TBA, White Plains Courthouse (RDD) (Hockett, Brian) (Entered: 12/16/2019) |
| 12/16/2019 | [178](#)<br>(17 pgs) | Affidavit of Service *re: Documents Served on December 11, 2019* (related document(s)[166](#), [165](#), [162](#), [163](#), [168](#), [164](#), [161](#)) filed by Kurtzman Carson Consultants LLC.(Kass, Albert) (Entered: 12/16/2019) |
| 12/17/2019 | [179](#)<br>(10 pgs) | Reply to Motion *(Defendants' Reply In Support of Motion for Judgment on the Pleadings on Count VI and Motion to Dismiss Count VII for Lack of Subject Matter Jurisdiction)* (related document(s)[109](#)) filed by Brian W. Hockett on behalf of Charter Communications Operating, LLC, Charter Communications, Inc.. (Hockett, Brian) (Entered: 12/17/2019) |
| 12/17/2019 | [180](#)<br>(17 pgs) | Affidavit of Service *re: Documents Served on December 13, 2019* (related document(s)[169](#), [170](#), [174](#), [172](#), [173](#), [171](#)) filed by Kurtzman Carson Consultants LLC.(Kass, Albert) (Entered: 12/17/2019) |
| 12/17/2019 | [181](#)<br>(13 pgs) | Reply to Motion - *Defendants Charter Communications, Inc. and Charter Communications Operating, LLCs Reply Memorandum in Support of Motion to Exclude the Testimony of John C. Jarosz* filed by Brian W. Hockett on behalf of Charter Communications Operating, |

| | | |
|---|---|---|
| | | LLC, Charter Communications, Inc.. (Hockett, Brian) (Entered: 12/17/2019) |
| 12/23/2019 | [182](#) (4 pgs) | Order signed on 12/23/2019 on Debtors' Motion for Leave to File Under Seal Certain Portions of (A) Debtors' Memorandum of Law in Opposition to Defendants' Motion for Summary Judgment, (B) Debtors' Response to Defendants' Statement of Uncontroverted Material Facts (C) Certain Exhibits to the Declaration of Jeffrey H. Auman in Support of the Debtors' Opposition to Defendants' Motion for Summary Judgment, and (E) Expert Declaration of Sarah Butler (Related Doc # [159](#)) . (Vargas, Ana) (Entered: 12/23/2019) |
| 12/23/2019 | [183](#) (4 pgs) | Order signed on 12/23/2019 on Debtors' Motion for Leave to File Under Seal Certain Portions of (A) Debtors' Memorandum of Law in Support of Their Motion for Summary Judgment of Liability on All Accounts; (B) Debtors' Statement of Undisputed Material Facts in Support Thereof; and (C) Certain Exhibits to the Declaration of Jeffrey H. Auman, Paul Strickland, Jr. and Grace A. Thompson(Related Doc # [128](#)) . (Vargas, Ana) (Entered: 12/23/2019) |
| 12/23/2019 | [184](#) (3 pgs) | Order signed on 12/23/2019 on Debtors' Motion for Leave to File Under Seal Certain Portions of (A) Debtors' Reply Memorandum in Support of Their Motion for Summary Judgment of Liability on All Counts, (B) Debtors' Reply Statement of Facts in Support of its Motion for Summary Judgment of Liability on All Accounts, and (C) Debtors' Response to Defendants' Statement of Additional Facts (related document(s)[173](#)) . (Vargas, Ana). Modified on 5/27/2021 (Correa, Mimi). (Entered: 12/23/2019) |
| 12/23/2019 | [185](#) (10 pgs) | Motion to Approve *DEBTORS MOTION TO EXCLUDE THE EXPERT TESTIMONY OF ROBERT BORDERS* filed by Shaya Rochester on behalf of Windstream Holdings, Inc., et al.. (Rochester, Shaya) (Entered: 12/23/2019) |
| 12/23/2019 | [186](#) (15 pgs) | Memorandum of Law *DEBTORS MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO EXCLUDE THE EXPERT TESTIMONY OF ROBERT BORDERS* filed by Shaya Rochester on behalf of Windstream Holdings, Inc., et al.. (Rochester, Shaya) (Entered: 12/23/2019) |
| 12/23/2019 | [187](#) (6 pgs; 3 docs) | Declaration *DECLARATION OF GRACE A. THOMPSON IN SUPPORT OF DEBTORS MOTION TO EXCLUDE THE EXPERT TESTIMONY OF ROBERT BORDERS* filed by Shaya Rochester on behalf of Windstream Holdings, Inc., et al.. (Attachments: # [1](#) Exhibit A # [2](#) Exhibit B) (Rochester, Shaya) (Entered: 12/23/2019) |
| 12/23/2019 | [188](#) (10 pgs) | Motion to Approve *DEBTORS MOTION TO EXCLUDE THE EXPERT TESTIMONY OF MATTHEW KARDOS* filed by Shaya Rochester on behalf of Windstream Holdings, Inc., et al.. (Rochester, Shaya) (Entered: 12/23/2019) |
| 12/23/2019 | [189](#) (24 pgs) | Memorandum of Law *DEBTORS MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO EXCLUDE THE EXPERT TESTIMONY OF MATTHEW KARDOS* filed by Shaya Rochester on behalf of Windstream Holdings, Inc., et al.. (Rochester, Shaya) (Entered: 12/23/2019) |

| | | |
|---|---|---|
| 12/23/2019 | [190](#)<br>(11 pgs; 7 docs) | Declaration *DECLARATION OF GRACE A. THOMPSON IN SUPPORT OF DEBTORS MOTION TO EXCLUDE THE EXPERT TESTIMONY OF MATTHEW KARDOS* filed by Shaya Rochester on behalf of Windstream Holdings, Inc., et al.. (Attachments: # [1](#) Exhibit A # [2](#) Exhibit B # [3](#) Exhibit C # [4](#) Exhibit D # [5](#) Exhibit E # [6](#) Exhibit F) (Rochester, Shaya) (Entered: 12/23/2019) |
| 12/23/2019 | [191](#)<br>(10 pgs) | Motion to Approve *DEBTORS MOTION TO EXCLUDE THE EXPERT TESTIMONY OF JULES KAMIN* filed by Shaya Rochester on behalf of Windstream Holdings, Inc., et al.. (Rochester, Shaya) (Entered: 12/23/2019) |
| 12/23/2019 | [192](#)<br>(15 pgs) | Memorandum of Law *DEBTORS MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO EXCLUDE THE EXPERT TESTIMONY OF JULES KAMIN* filed by Shaya Rochester on behalf of Windstream Holdings, Inc., et al.. (Rochester, Shaya) (Entered: 12/23/2019) |
| 12/23/2019 | [193](#)<br>(6 pgs; 3 docs) | Declaration *DECLARATION OF GRACE A. THOMPSON IN SUPPORT OF DEBTORS MOTION TO EXCLUDE THE EXPERT TESTIMONY OF JULES KAMIN* filed by Shaya Rochester on behalf of Windstream Holdings, Inc., et al.. (Attachments: # [1](#) Exhibit A # [2](#) Exhibit B) (Rochester, Shaya) (Entered: 12/23/2019) |
| 12/23/2019 | [194](#)<br>(14 pgs) | Motion to Seal *DEBTORS MOTION FOR LEAVE TO FILE UNDER SEAL PORTIONS OF (A) DEBTORS MEMORANDUM OF LAW IN SUPPORT OF MOTION TO EXCLUDE EXPERT TESTIMONY OF ROBERT BORDERS, AND (B) DECLARATION OF GRACE A. THOMPSON IN SUPPORT OF DEBTORS MOTION TO EXCLUDE EXPERT TESTIMONY OF ROBERT BORDERS* (related document(s)[186](#), [187](#)) filed by Shaya Rochester on behalf of Windstream Holdings, Inc., et al.. (Rochester, Shaya) (Entered: 12/23/2019) |
| 12/23/2019 | [195](#)<br>(14 pgs) | Motion to Seal *DEBTORS MOTION FOR LEAVE TO FILE UNDER SEAL PORTIONS OF (A) DEBTORS MEMORANDUM OF LAW IN SUPPORT OF MOTION TO EXCLUDE EXPERT TESTIMONY OF MATTHEW KARDOS, AND (B) DECLARATION OF GRACE A. THOMPSON IN SUPPORT OF DEBTORS MOTION TO EXCLUDE EXPERT TESTIMONY OF MATTHEW KARDOS* (related document(s)[189](#), [190](#)) filed by Shaya Rochester on behalf of Windstream Holdings, Inc., et al.. (Rochester, Shaya) (Entered: 12/23/2019) |
| 12/23/2019 | [196](#)<br>(14 pgs) | Motion to Seal *DEBTORS MOTION FOR LEAVE TO FILE UNDER SEAL PORTIONS OF (A) DEBTORS MEMORANDUM OF LAW IN SUPPORT OF MOTION TO EXCLUDE EXPERT TESTIMONY OF JULES KAMIN, AND (B) DECLARATION OF GRACE A. THOMPSON IN SUPPORT OF DEBTORS MOTION TO EXCLUDE EXPERT TESTIMONY OF JULES KAMIN* (related document(s)[192](#), [193](#)) filed by Shaya Rochester on behalf of Windstream Holdings, Inc., et al.. (Rochester, Shaya) (Entered: 12/23/2019) |
| 12/24/2019 | [197](#)<br>(18 pgs) | Affidavit of Service *re: Documents Served on December 23, 2019* (related document(s)[188](#), [182](#), [186](#), [187](#), [196](#), [195](#), [192](#), [193](#), [183](#), [191](#), [185](#), [189](#), [184](#), [194](#), [190](#)) filed by Kurtzman Carson Consultants LLC. (Kass, Albert) (Entered: 12/24/2019) |

| | | |
|---|---|---|
| 12/26/2019 | [198](#)<br>(8 pgs) | Motion to Strike *John C. Jarosz's Untimely Declarations* filed by Brian W. Hockett on behalf of Charter Communications Operating, LLC, Charter Communications, Inc. with hearing to be held on 1/16/2020 at 10:00 AM at Courtroom TBA, White Plains Courthouse (RDD) Responses due by 1/9/2020,. (Hockett, Brian) (Entered: 12/26/2019) |
| 12/26/2019 | [199](#)<br>(4 pgs) | Notice of Hearing *on Defendants' Motion to Strike John C. Jarosz's Untimely Declarations* filed by Brian W. Hockett on behalf of Charter Communications Operating, LLC, Charter Communications, Inc.. with hearing to be held on 1/16/2020 at 10:00 AM at Courtroom TBA, White Plains Courthouse (RDD) (Hockett, Brian) (Entered: 12/26/2019) |
| 12/27/2019 | 200 | **(THIS TRANSCRIPT HAS BEEN REVISED, SEE DOCUMENT # 237 FOR CORRECT ENTRY)**Transcript regarding Hearing Held on 12/18/19 At 10:24 AM RE: Declaration Of Grace A. Thompson In Support Of The Debtors Motion For Summary Judgment Of Liability On All Counts (Related Document(S) 122) Filed By Shaya Rochester On Behalf Of Windstream Holdings, Inc., Et Al (Ecf 127).; Motion To Dismiss Adversary Proceeding (Motion For Judgment On The Pleadings On Count Vi And Motion To Dismiss Count Vii For Lack Of Subject Matter Jurisdiction) (Ecf 109).; Notice Of Hearing (Related Document(S) 109).; Etc. Remote electronic access to the transcript is restricted until 3/26/2020. The transcript may be viewed at the Bankruptcy Court Clerks Office. [Transcription Service Agency: Veritext Legal Solutions.]. (See the Courts Website for contact information for the Transcription Service Agency.) (RE: related document(s) 122, 109, 124, 145, 129, 123, 128, 157, 158, 153, 133, 127, 140, 146, 126, 125, 151, 130, 141, 144, 149, 142, 147, 131, 132). Notice of Intent to Request Redaction Deadline Due By 1/3/2020. Statement of Redaction Request Due By 1/17/2020. Redacted Transcript Submission Due By 1/27/2020. Transcript access will be restricted through 3/26/2020. (Ramos, Jonathan) Modified on 1/15/2020 (Ortiz, Carmen). (Entered: 01/02/2020) |
| 01/02/2020 | [201](#)<br>(63 pgs; 5 docs) | Notice of Appeal filed by John Scott Kingston on behalf of Charter Communications, Inc.. (Attachments: # 1 Civil Cover Sheet # 2 Ex. A to Civil Cover Sheet # 3 Ex. B to Civil Cover Sheet # 4 Related Case Statement)(Kingston, John) (Entered: 01/02/2020) |
| 01/02/2020 | | Receipt of Notice of Appeal( 19-08246-rdd) [appeal,97] ( 298.00) Filing Fee. Receipt number A13636495. Fee amount 298.00. (Re: Doc # 201) (U.S. Treasury) (Entered: 01/02/2020) |
| 01/02/2020 | [202](#)<br>(51 pgs; 4 docs) | Notice of Appeal filed by John Scott Kingston on behalf of Charter Communications, Inc.. (Attachments: # 1 Civil Cover Sheet # 2 Ex. A to Civil Cover Sheet # 3 Related Case Statement)(Kingston, John) (Entered: 01/02/2020) |
| 01/02/2020 | | Receipt of Notice of Appeal( 19-08246-rdd) [appeal,97] ( 298.00) Filing Fee. Receipt number A13636498. Fee amount 298.00. (Re: Doc # 202) (U.S. Treasury) (Entered: 01/02/2020) |
| 01/02/2020 | [203](#)<br>(13 pgs) | Motion for Leave to Appeal filed by John Scott Kingston on behalf of Charter Communications, Inc.. (Kingston, John) (Entered: 01/02/2020) |
| 01/02/2020 | [204](#)<br>(291 pgs; 6 docs) | Objection *to Report and Recommendation* filed by John Scott Kingston on behalf of Charter Communications, Inc.. (Attachments: # 1 |

| | | |
|---|---|---|
| | | Supporting Suggestions # [2] Exhibit A # [3] Ex. B # [4] Ex C # [5] Ex D) (Kingston, John) (Entered: 01/02/2020) |
| 01/02/2020 | [205] (26 pgs; 3 docs) | Motion to Seal *Objections to Report and Recommendation* filed by John Scott Kingston on behalf of Charter Communications, Inc.. (Attachments: # [1] Ex C # [2] Proposed Order) (Kingston, John) (Entered: 01/02/2020) |
| 01/03/2020 | [206] (3 pgs) | Order signed on 1/2/2020 Granting the Committee's Motion to File Under Seal Certain Portions of the Committee's Joinder to the Debtors' Opposition to Charter's Motion for Summary Judgment (Related Doc # [151]). (Correa, Mimi) (Entered: 01/03/2020) |
| 01/03/2020 | [207] (3 pgs) | Order signed on 1/2/2020 Granting Debtors' Motion To Seal Portions of (A) Debtors' Memorandum of Law in Support of Motion to Exclude Expert Testimony of Robert Borders, and (B) Declaration of Grace A. Thompson in Support of Debtors' Motion to Exclude Expert Testimony of Robert Borders (Related Doc # [194]). (Correa, Mimi) (Entered: 01/03/2020) |
| 01/03/2020 | [208] (3 pgs) | Order signed on 1/2/2020 Granting Debtors' Motion To Seal Portions of (A) Debtors Memorandum of Law in Support of their Motion To Exclude the Expert Testimony Of Jules Kamin, and (B) Declaration of Grace A. Thompson in Support of Debtors Motion To Exclude the Expert Testimony of Jules Kamin (Related Doc # [196]). (Correa, Mimi) (Entered: 01/03/2020) |
| 01/03/2020 | [209] (3 pgs) | Order signed on 1/2/2020 Granting Debtors' Motion To Seal Portions of (A) Debtors Memorandum of Law in Support of their Motion To Exclude the Expert Testimony Of Matthew Kardos, and (B) Declaration of Grace A. Thompson in Support of Debtors Motion To Exclude the Expert Testimony of Matthew Kardos (Related Doc # [195]). (Correa, Mimi) (Entered: 01/03/2020) |
| 01/07/2020 | [210] (6 pgs) | Civil Cover Sheet from U.S. District Court, Case Number: 2000121 (related document(s)[201]) (Rouzeau, Anatin). (Entered: 01/07/2020) |
| 01/07/2020 | [211] (6 pgs) | Civil Cover Sheet from U.S. District Court, Case Number: 2000132 (related document(s)[202]) (Rouzeau, Anatin). (Entered: 01/07/2020) |
| 01/07/2020 | [212] (17 pgs) | Affidavit of Service *re: Documents Served on January 3, 2020* (related document(s)[206], [208], [207], [209]) filed by Kurtzman Carson Consultants LLC.(Kass, Albert) (Entered: 01/07/2020) |
| 01/09/2020 | [213] (17 pgs) | Opposition *DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO EXCLUDE EXPERT TESTIMONY OF ROBERT BORDERS* (related document(s)[186], [185]) filed by John Scott Kingston on behalf of Charter Communications Operating, LLC, Charter Communications, Inc.. (Kingston, John) (Entered: 01/09/2020) |
| 01/09/2020 | [214] (41 pgs; 3 docs) | Declaration *OF JUSTIN MULLIGAN IN SUPPORT OF DEFENDANTS CHARTER COMMUNICATIONS, INC. AND CHARTER COMMUNICATIONS OPERATING, LLC'S RESPONSE IN OPPOSITION TO DEBTORS' MOTION TO EXCLUDE TESTIMONY OF ROBERT BORDERS* filed by John Scott Kingston on behalf of Charter Communications Operating, LLC, Charter Communications, |

| | | | |
|---|---|---|---|
| | | Inc.. (Attachments: # <u>1</u> Exhibit 1 # <u>2</u> Exhibit 2) (Kingston, John) (Entered: 01/09/2020) |
| 01/09/2020 | <u>215</u><br>(12 pgs) | Motion to Seal *DEFENDANTS MOTION TO SEAL PORTIONS OF DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO EXCLUDE TESTIMONY OF ROBERT BORDERS* (related document(s)<u>213</u>) filed by John Scott Kingston on behalf of Charter Communications Operating, LLC, Charter Communications, Inc.. (Kingston, John) (Entered: 01/09/2020) |
| 01/09/2020 | <u>216</u><br>(24 pgs) | Opposition *DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO EXCLUDE EXPERT TESTIMONY OF DR. JULES KAMIN* filed by John Scott Kingston on behalf of Charter Communications Operating, LLC, Charter Communications, Inc.. (Kingston, John) (Entered: 01/09/2020) |
| 01/09/2020 | <u>217</u><br>(33 pgs; 3 docs) | Declaration *OF JUSTIN MULLIGAN IN SUPPORT OF DEFENDANTS CHARTER COMMUNICATIONS, INC. AND CHARTER COMMUNICATIONS OPERATING, LLC'S RESPONSE IN OPPOSITION TO DEBTORS' MOTION TO EXCLUDE TESTMONY OF DR. JULES KAMIN* filed by John Scott Kingston on behalf of Charter Communications Operating, LLC, Charter Communications, Inc.. (Attachments: # <u>1</u> Exhibit 1 # <u>2</u> Exhibit 2) (Kingston, John) (Entered: 01/09/2020) |
| 01/09/2020 | <u>218</u><br>(15 pgs) | Opposition *DEBTORS MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS MOTION TO STRIKE JOHN C. JAROSZS DECLARATIONS* (related document(s)<u>198</u>) filed by Shaya Rochester on behalf of Windstream Holdings, Inc., et al.. (Rochester, Shaya) (Entered: 01/09/2020) |
| 01/09/2020 | <u>219</u><br>(12 pgs) | Motion to Seal *DEFENDANTS' EX-PARTE MOTION TO SEAL PORTIONS OF DEFENDANTS' RESPONSE IN OPPOOSITION TO PLAINTIFF'S MOTION TO EXCLUDE TESTMONY OF DR. JULES KAMIN* (related document(s)<u>216</u>) filed by John Scott Kingston on behalf of Charter Communications Operating, LLC, Charter Communications, Inc.. (Kingston, John) (Entered: 01/09/2020) |
| 01/09/2020 | <u>220</u><br>(27 pgs) | Opposition *DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO EXCLUDE THE EXPERT TESTIMONY OF MATTHEW KARDOS* filed by John Scott Kingston on behalf of Charter Communications Operating, LLC, Charter Communications, Inc.. (Kingston, John) (Entered: 01/09/2020) |
| 01/09/2020 | <u>221</u><br>(91 pgs; 4 docs) | Declaration *OF JUSTIN MULLIGAN IN SUPPORT OF DEFENDANTS' RESPONSE IN OPPOSITION TO DEBTORS' MOTION TO EXCLUDE TESTIMONY OF MATTHEW KARDOS* filed by John Scott Kingston on behalf of Charter Communications Operating, LLC, Charter Communications, Inc.. (Attachments: # <u>1</u> Exhibit 1 # <u>2</u> Exhibit 2 # <u>3</u> Exhibit 3) (Kingston, John) (Entered: 01/09/2020) |
| 01/09/2020 | <u>222</u><br>(12 pgs) | Motion to Seal *DEFENDANTS' EX-PARTE MOTION TO SEAL PORTIONS OF DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO EXCLUDE TESTIMONY OF MATTHEW KARDOS* (related document(s)<u>220</u>) filed by John Scott Kingston on behalf of Charter Communications Operating, LLC, Charter Communications, Inc.. (Kingston, John) (Entered: 01/09/2020) |

| | | |
|---|---|---|
| 01/09/2020 | [223](#)<br>(37 pgs) | Opposition *DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO EXCLUDE THE EXPERT REPORT OF DR. HENRY D. OSTBERG* filed by John Scott Kingston on behalf of Charter Communications Operating, LLC, Charter Communications, Inc.. (Kingston, John) (Entered: 01/09/2020) |
| 01/09/2020 | [224](#)<br>(21 pgs; 2 docs) | Declaration *OF JUSTIN MULLIGAN IN SUPPORT OF DEFENDANTS ' RESPONSE IN OPPOSITION TO DEBTORS' MOTION TO EXCLUDE TESTIMONY OF DR. HENRY OSTBERG* filed by John Scott Kingston on behalf of Charter Communications Operating, LLC, Charter Communications, Inc.. (Attachments: # [1](#) Exhibit 1) (Kingston, John) (Entered: 01/09/2020) |
| 01/09/2020 | [225](#)<br>(12 pgs) | Motion to Seal *DEFENDANTS' EX-PARTE MOTION TO SEAL PORTIONS OF DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO EXCLUDE TESTIMONY OF DR. HENRY OSTBERG* filed by John Scott Kingston on behalf of Charter Communications Operating, LLC, Charter Communications, Inc.. (Kingston, John) (Entered: 01/09/2020) |
| 01/09/2020 | [226](#)<br>(13 pgs) | Response to Motion *DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE A REBUTALL EXPERT REPORT* filed by John Scott Kingston on behalf of Charter Communications Operating, LLC, Charter Communications, Inc.. (Kingston, John) (Entered: 01/09/2020) |
| 01/13/2020 | [227](#)<br>(10 pgs) | Reply to Motion *DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF MOTION TO STRIKE JOHN C. JAROSZ'S UNTIMELY DECLARATIONS* (related document(s)[198](#)) filed by John Scott Kingston on behalf of Charter Communications Operating, LLC, Charter Communications, Inc.. (Kingston, John) (Entered: 01/13/2020) |
| 01/13/2020 | [228](#)<br>(11 pgs) | Memorandum of Law *DEBTORS REPLY MEMORANDUM IN SUPPORT OF THEIR MOTION FOR LEAVE TO FILE A REBUTTAL EXPERT REPORT* (related document(s)[150](#)) filed by Shaya Rochester on behalf of Windstream Holdings, Inc., et al.. (Rochester, Shaya) (Entered: 01/13/2020) |
| 01/13/2020 | [229](#)<br>(18 pgs) | Memorandum of Law *DEBTORS REPLY MEMORANDUM IN SUPPORT OF THEIR MOTION TO EXCLUDE THE REBUTTAL EXPERT REPORT OF HENRY D. OSTBERG* (related document(s)[155](#)) filed by Shaya Rochester on behalf of Windstream Holdings, Inc., et al.. (Rochester, Shaya) (Entered: 01/13/2020) |
| 01/13/2020 | [230](#)<br>(14 pgs) | Motion to Seal *DEBTORS MOTION FOR LEAVE TO FILE UNDER SEAL PORTIONS OF DEBTORS REPLY MEMORANDUM IN SUPPORT OF THEIR MOTION TO EXCLUDE THE REBUTTAL EXPERT REPORT OF HENRY D. OSTBERG* (related document(s)[229](#)) filed by Shaya Rochester on behalf of Windstream Holdings, Inc., et al.. (Rochester, Shaya) (Entered: 01/13/2020) |
| 01/13/2020 | [231](#)<br>(9 pgs) | Reply to Motion *DEBTORS REPLY MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO EXCLUDE THE EXPERT TESTIMONY OF ROBERT BORDERS* (related document(s)[185](#)) filed by Shaya Rochester on behalf of Windstream Holdings, Inc., et al.. (Rochester, Shaya) (Entered: 01/13/2020) |

| | | |
|---|---|---|
| 01/13/2020 | [232](#)<br>(17 pgs) | Reply to Motion *DEBTORS REPLY MEMORANDUM IN SUPPORT OF THEIR MOTION TO EXCLUDE THE EXPERT TESTIMONY OF MATTHEW KARDOS* (related document(s)[188](#)) filed by Shaya Rochester on behalf of Windstream Holdings, Inc., et al.. (Rochester, Shaya) (Entered: 01/13/2020) |
| 01/13/2020 | [233](#)<br>(11 pgs) | Reply to Motion *DEBTORS REPLY MEMORANDUM IN SUPPORT OF THEIR MOTION TO EXCLUDE THE EXPERT TESTIMONY OF JULES H. KAMIN* (related document(s)[191](#)) filed by Shaya Rochester on behalf of Windstream Holdings, Inc., et al.. (Rochester, Shaya) (Entered: 01/13/2020) |
| 01/13/2020 | [234](#)<br>(14 pgs) | Motion to Seal *DEBTORS MOTION FOR LEAVE TO FILE UNDER SEAL PORTIONS OF DEBTORS REPLY MEMORANDUM IN SUPPORT OF THEIR MOTION TO EXCLUDE EXPERT TESTIMONY OF MATTHEW KARDOS* (related document(s)[232](#)) filed by Shaya Rochester on behalf of Windstream Holdings, Inc., et al.. (Rochester, Shaya) (Entered: 01/13/2020) |
| 01/13/2020 | [235](#)<br>(14 pgs) | Motion to Seal *DEBTORS MOTION FOR LEAVE TO FILE UNDER SEAL PORTIONS OF DEBTORS REPLY IN SUPPORT OF MOTION TO EXCLUDE EXPERT TESTIMONY OF JULES KAMIN* (related document(s)[233](#)) filed by Shaya Rochester on behalf of Windstream Holdings, Inc., et al.. (Rochester, Shaya) (Entered: 01/13/2020) |
| 01/14/2020 | [236](#)<br>(17 pgs) | Affidavit of Service *re: Debtors' Memorandum of Law in Opposition to Defendants' Motion to Strike John C. Jarsoz's Declarations* (related document(s)[218](#)) filed by Kurtzman Carson Consultants LLC.(Kass, Albert) (Entered: 01/14/2020) |
| 01/15/2020 | [237](#)<br>(200 pgs) | Transcript regarding Hearing Held on 12/18/2019 at 10:24 AM RE: **(REVISED)**Motion to Dismiss adversary Proceeding (Motion for Judgment on the Pleadings on Count VI and Motion to Dismiss Count VII for Lack of Subject Matter Jurisdiction); Notice of Hearing...etc.... Remote electronic access to the transcript is restricted until 4/14/2020. The transcript may be viewed at the Bankruptcy Court Clerks Office. [Transcription Service Agency: Veritext Legal Solutions.]. (See the Courts Website for contact information for the Transcription Service Agency.) (RE: related document(s) [122](#), [109](#), [124](#), [145](#), [129](#), [123](#), [157](#), [158](#), [153](#), [133](#), [127](#), [140](#), [146](#), [126](#), [125](#), [151](#), [130](#), [141](#), [149](#), [142](#), [147](#), [131](#), [132](#)). Notice of Intent to Request Redaction Deadline Due By 1/22/2020. Statement of Redaction Request Due By 2/5/2020. Redacted Transcript Submission Due By 2/18/2020. Transcript access will be restricted through 4/14/2020. (Ortiz, Carmen) (Entered: 01/15/2020) |
| 01/15/2020 | [238](#)<br>(15 pgs) | Response *DEBTORS RESPONSE TO (I) NOTICE OF DEFENDANTS OBJECTIONS TO BANKRUPTCY COURTS REPORT AND RECOMMENDATION AND (II) SUGGESTIONS IN SUPPORT OF DEFENDANTS OBJECTIONS TO BANKRUPTCY COURTS REPORT AND RECOMMENDATION* (related document(s)[204](#)) filed by Shaya Rochester on behalf of Windstream Holdings, Inc., et al.. (Rochester, Shaya) (Entered: 01/15/2020) |
| 01/16/2020 | [239](#)<br>(506 pgs; 3 docs) | Statement of Issues *DEFENDANTS' DESIGNATION OF THE RECORD ON APPEAL AND STATEMENT OF ISSUES TO BE PRESENTED FOR INTERLOCUTORY APPEAL* filed by John Scott Kingston on behalf of Charter Communications Operating, LLC, Charter Communications, |

| | | | |
|---|---|---|---|
| | | | Inc.. (Attachments: # 1 Exhibit A # 2 Exhibit B)(Kingston, John) (Entered: 01/16/2020) |
| 01/16/2020 | 240 (503 pgs; 3 docs) | | Statement of Issues *DEFENDANTS' DESIGNATION OF THE RECORD ON APPEAL AND STATEMENT OF ISSUES TO BE PRESENTED FOR APPEAL AS OF RIGHT* filed by John Scott Kingston on behalf of Charter Communications Operating, LLC, Charter Communications, Inc.. (Attachments: # 1 Exhibit A # 2 Exhibit B)(Kingston, John) (Entered: 01/16/2020) |
| 01/16/2020 | 241 (6 pgs) | | Statement *WINDSTREAM'S STATEMENT IN SUPPORT OF THIS COURT'S JURISDICTION* filed by Shaya Rochester on behalf of Windstream Holdings, Inc., et al.. (Rochester, Shaya) (Entered: 01/16/2020) |
| 01/16/2020 | 242 (501 pgs; 3 docs) | | Objection *DEFENDANTS' DESIGNATION OF THE RECORD IN SUPPORT OF DEFENDANTS' OBJECTIONS TO BANKRUPTCY COURT'S REPORT AND RECOMMENDATION* (related document(s)204) filed by John Scott Kingston on behalf of Charter Communications Operating, LLC, Charter Communications, Inc.. (Attachments: # 1 Exhibit A # 2 Exhibit B) (Kingston, John) (Entered: 01/16/2020) |
| 01/16/2020 | 243 (17 pgs) | | Affidavit of Service *re: Documents Served on January 13, 2020* (related document(s)229, 228, 235, 230, 234, 233, 231, 232) filed by Kurtzman Carson Consultants LLC.(Kass, Albert) (Entered: 01/16/2020) |
| 01/16/2020 | 244 (17 pgs) | | Affidavit of Service *re: Debtors' Response to (I) Notice of Defendants' Objections to Bankruptcy Court's Report and Recommendation and (II) Suggestions in Support of Defendants' Objection to Bankruptcy Court's Report and Recommendation* (related document(s)238) filed by Kurtzman Carson Consultants LLC.(Kass, Albert) (Entered: 01/16/2020) |
| 01/17/2020 | 245 (10 pgs; 3 docs) | | Motion to Seal *DEFENDANTS' RULE OF BANKRUPTCY PROCEDURE 8009(F) NOTIFICATION FOR TRANSMISSION OF SEALED DOCUMENTS TO THE DISTRICT COURT* filed by John Scott Kingston on behalf of Charter Communications Operating, LLC, Charter Communications, Inc.. (Attachments: # 1 Exhibit A # 2 Exhibit B) (Kingston, John) (Entered: 01/17/2020) |
| 01/22/2020 | 246 (17 pgs) | | Affidavit of Service *re Windstream's Statement in Support of This Court's Jurisdiction* (related document(s)241) filed by Kurtzman Carson Consultants LLC.(Kass, Albert) (Entered: 01/22/2020) |
| 01/23/2020 | 247 (14 pgs; 2 docs) | | Motion to Allow*DEFENDANTS' MOTION TO CONTINUE THE MARCH 30, 2020 TRIAL SETTING FOR COUNTS VI AND VII PENDING A JURY TRIAL ON THE PREDICATE CLAIMS (COUNTS I-V)* filed by John Scott Kingston on behalf of Charter Communications Operating, LLC, Charter Communications, Inc. with hearing to be held on 2/13/2020 at 10:00 AM at Courtroom TBA, White Plains Courthouse (RDD) Objections due by 2/6/2020,. (Attachments: # 1 Exhibit A) (Kingston, John) (Entered: 01/23/2020) |
| 01/23/2020 | 248 (4 pgs) | | Notice of Hearing *ON DEFENDANTS' MOTION TO CONTINUE THE MARCH 30, 2020 TRIAL SETTING FOR COUNTS VI AND VII PENDING A JURY TRIAL ON THE PREDICATE CLAIMS (COUNTS I-V)* filed by John Scott Kingston on behalf of Charter Communications |

| | | |
|---|---|---|
| | | Operating, LLC, Charter Communications, Inc.. with hearing to be held on 2/13/2020 at 10:00 AM at Courtroom TBA, White Plains Courthouse (RDD) Objections due by 2/6/2020, (Kingston, John) (Entered: 01/23/2020) |
| 01/28/2020 | 249<br>(3 pgs) | Order signed on 1/27/2020 On Debtors' Motion for Leave to file Under Seal Portions of Debtors' Reply Memorandum in Support of Their Motion to Exclude Expert Testimony of Matthew Kardos (Related Doc # 234). (Correa, Mimi) (Entered: 01/28/2020) |
| 01/28/2020 | 250<br>(2 pgs) | Order signed on 1/28/2020 Denying In Part and Continuing In Part Debtors' Motion to Exclude the Expert Testimony of Jules Kamin (Related Doc # 191) . (Correa, Mimi) (Entered: 01/28/2020) |
| 01/28/2020 | 251<br>(2 pgs) | Order signed on 1/28/2020 Granting Debtors' Motion to Exclude the Rebuttal Expert Report and Testimony of Henry D. Ostberg (related document(s)155) (Correa, Mimi) (Entered: 01/28/2020) |
| 01/28/2020 | 252<br>(3 pgs) | Order signed on 1/28/2020 Granting in Part and Denying in Part Debtors' Motion to Exclude the Expert Testimony of Robert Borders (Related Doc # 185) . (Correa, Mimi) (Entered: 01/28/2020) |
| 01/28/2020 | 253<br>(3 pgs) | Order signed on 1/28/2020 Granting in Part and Denying in Part Debtors' Motion to Exclude the Expert Testimony of Matthew Kardos (Related Doc # 188) . (Vargas, Ana) (Entered: 01/28/2020) |
| 01/28/2020 | 254<br>(2 pgs) | Order signed on 1/28/2020 Denying Defendants' Motion to Exclude the Testimony of John C. Jarosz (Related Doc # 115) . (Vargas, Ana) (Entered: 01/28/2020) |
| 01/28/2020 | 255<br>(2 pgs) | Order signed on 1/28/2020 Denying Defendants' Motion to Strike the Declarations John C. Jarosz's (Related Doc # 198) . (Vargas, Ana) (Entered: 01/28/2020) |
| 01/29/2020 | 256<br>(3 pgs) | Order signed on 1/27/2020 On Debtors' Motion for Leave to File Under Seal Certain Portions of (a) Debtors' Memorandum of Law in Opposition to Defendants' Motion to Exclude Expert Testimony of John C. Jarosz, and (B) Declaration of John C. Jarosz in Support of Debtors' Opposition to Defendants' Motion to Exclude Expert Testimony of John C. Jarosz (Related Doc # 168). (Correa, Mimi) (Entered: 01/29/2020) |
| 01/30/2020 | 257<br>(6 pgs) | Response *DEBTORS STATEMENT IN RESPONSE TO DEFENDANTS DESIGNATIONS OF THE RECORD* (related document(s)239, 240) filed by Shaya Rochester on behalf of Windstream Holdings, Inc., et al.. (Rochester, Shaya) (Entered: 01/30/2020) |
| 01/30/2020 | 258<br>(4 pgs) | Order signed on 1/30/2020 on Defendants' Motion to Recognition that the Bankruptcy Court is Divested of jurisdiction (Oral motion). (Vargas, Ana) Modified on 1/31/2020 (Correa, Mimi). (Entered: 01/30/2020) |
| 01/30/2020 | 259<br>(3 pgs) | Order signed on 1/30/2020 on Defendants' Motion for Judgment on the Pleadings on Count VI and Motion to Dismiss Count VII for Lack of Subject Matter Jurisdiction (Related Doc # 109) . (Vargas, Ana) (Entered: 01/30/2020) |

| | | |
|---|---|---|
| 01/31/2020 | [260](#) (17 pgs) | Affidavit of Service *re: Documents Served on January 28, 2020* (related document(s)[252](#), [250](#), [249](#), [251](#), [253](#)) filed by Kurtzman Carson Consultants LLC.(Kass, Albert) (Entered: 01/31/2020) |
| 01/31/2020 | [261](#) (17 pgs) | Affidavit of Service *re: Order on Debtors' Motion for Leave to File Under Seal Certain Portions of (A) Debtors' Memorandum of Law in Opposition to Defendants' Motion to Exclude Expert Testimony of John C. Jarosz, and (B) Declaration of John C. Jarosz in Support of Debtors' Opposition to Defendants' Motion to Exclude Expert Testimony of John C. Jarosz* (related document(s)[256](#)) filed by Kurtzman Carson Consultants LLC.(Kass, Albert) (Entered: 01/31/2020) |
| 01/31/2020 | [262](#) (17 pgs) | Affidavit of Service *re: Debtors Statement in Response to Defendants Designation of the Record* (related document(s)[257](#)) filed by Kurtzman Carson Consultants LLC.(Kass, Albert) (Entered: 01/31/2020) |
| 02/06/2020 | [263](#) (20 pgs) | Opposition Brief *DEBTORS OBJECTION TO DEFENDANTS MOTION TO CONTINUE THE MARCH 30, 2020 TRIAL SETTING FOR COUNTS VI AND VII PENDING A JURY TRIAL ON THE PREDICATE CLAIMS (COUNTS I-V)* (related document(s)[247](#)) filed by Shaya Rochester on behalf of Windstream Holdings, Inc., et al.. (Rochester, Shaya) (Entered: 02/06/2020) |
| 02/10/2020 | [264](#) (20 pgs) | Reply to Motion -- *Defendants' Reply in Support of Motion to Continue the Bench Trial on Counts VI and VII Pending a Jury Trial on Plaintiffs' Predicate Claim* (related document(s)[247](#)) filed by Brian W. Hockett on behalf of Charter Communications Operating, LLC, Charter Communications, Inc.. (Hockett, Brian) (Entered: 02/10/2020) |
| 02/10/2020 | [265](#) (17 pgs) | Affidavit of Service *re: Debtors' Objection to Defendants' Motion to Continue the March 30, 2020 Trial Setting for Counts VIand VII Pending a Jury Trial on the Predicate Claims (Counts I-V)* (related document(s)[263](#)) filed by Kurtzman Carson Consultants LLC.(Kass, Albert) (Entered: 02/10/2020) |
| 02/11/2020 | [266](#) (3 pgs) | Notice of Agenda *AGENDA FOR FEBRUARY 13, 2020 HEARING* filed by Shaya Rochester on behalf of Windstream Holdings, Inc., et al.. (Rochester, Shaya) (Entered: 02/11/2020) |
| 02/11/2020 | [267](#) (510 pgs; 7 docs) | Objection *NOTICE OF DEFENDANTS' OBJECTIONS TO BANKRUPTCY COURT'S REPORT AND RECOMMENDATION* filed by John Scott Kingston on behalf of Charter Communications Operating, LLC, Charter Communications, Inc.. (Attachments: # [1](#) Exhibit A # [2](#) Exhibit B # [3](#) Exhibit C # [4](#) Exhibit D # [5](#) Exhibit E # [6](#) Exhibit F) (Kingston, John) (Entered: 02/11/2020) |
| 02/14/2020 | [268](#) (17 pgs) | Affidavit of Service *re: Agenda for February 13, 2020* (related document(s)[266](#)) filed by Kurtzman Carson Consultants LLC.(Kass, Albert) (Entered: 02/14/2020) |
| 02/18/2020 | [270](#) (109 pgs) | Transcript regarding Hearing Held on 02/13/2020 At 10:15 AM RE: Motion To Allow Defendant's Motion To Continue The March 30, 2020 Trial Setting For Counts VI And VII Pending A Jury Trial On The Predicate Claims (Counts I-V).; Final Pre-Trial Conference. Remote electronic access to the transcript is restricted until 5/18/2020. The transcript may be viewed at the Bankruptcy Court Clerks Office. [Transcription Service Agency: Veritext Legal Solutions.]. (See the |

| | | | |
|---|---|---|---|
| | | | Courts Website for contact information for the Transcription Service Agency.). Notice of Intent to Request Redaction Deadline Due By 2/25/2020. Statement of Redaction Request Due By 3/10/2020. Redacted Transcript Submission Due By 3/20/2020. Transcript access will be restricted through 5/18/2020. (Ramos, Jonathan) (Entered: 02/19/2020) |
| 02/19/2020 | 269 (9 pgs) | | Written Opinion Signed on 2/19/2020 re: Defendants' Objections To Bankruptcy Court's Report AND Recommendation (related document(s)267). (Li, Dorothy) (Entered: 02/19/2020) |
| 02/21/2020 | 271 (2 pgs) | | Order Signed on 2/20/2020 Regarding Defendants' February 11, 2020 Objections to "Bankruptcy Court's Report and Recommendations" (related document(s)269, 267). (Li, Dorothy) (Entered: 02/21/2020) |
| 03/02/2020 | 272 (18 pgs) | | Statement *Defendants Rule 26(a)(3) Pretrial Disclosure* filed by Brian W. Hockett on behalf of Charter Communications, Inc.. (Hockett, Brian) (Entered: 03/02/2020) |
| 03/02/2020 | 273 (8 pgs) | | Statement *Debtors' Deposition Designations* filed by Shaya Rochester on behalf of Windstream Holdings, Inc., et al.. (Rochester, Shaya) (Entered: 03/02/2020) |
| 03/03/2020 | 274 (5 pgs) | | Order signed on 3/3/2020 In Part and Denying In Part Debtors' Motion for Partial Summary Judgment of Liability (Related Doc # 122) . (Vargas, Ana) (Entered: 03/03/2020) |
| 03/03/2020 | 275 (2 pgs) | | Order signed on 3/3/2020 Denying Defendants' Motion for Summary Judgment (Related Doc # 129). (Vargas, Ana) (Entered: 03/03/2020) |
| 03/04/2020 | 276 (2 pgs) | | Notice of Hearing *NOTICE OF TELEPHONIC FINAL PRE-TRIAL CONFERENCE SCHEDULED FOR MARCH 9, 2020, AT 3:00 P.M. (PREVAILING EASTERN TIME)* filed by Shaya Rochester on behalf of Windstream Holdings, Inc., et al.. (Rochester, Shaya) (Entered: 03/04/2020) |
| 03/06/2020 | 277 (17 pgs) | | Affidavit of Service *re: 1) Debtors' Deposition Designations; and 2) Order Granting in Part and Denying in Part Debtors' Motion for Partial Summary Judgment of Liability* (related document(s)274, 273) filed by Kurtzman Carson Consultants LLC.(Kass, Albert) (Entered: 03/06/2020) |
| 03/06/2020 | 278 (17 pgs) | | Affidavit of Service *re: Notice of Telephonic Final Pre-Trial Conference Scheduled for March 9, 2020 at 3:00 p.m. (Prevailing Eastern Time)* (related document(s)276) filed by Kurtzman Carson Consultants LLC. (Kass, Albert) (Entered: 03/06/2020) |
| 03/16/2020 | 279 (15 pgs) | | Objection *and Counter Designations to Plaintiff's Deposition Designations* filed by John Scott Kingston on behalf of Charter Communications Operating, LLC, Charter Communications, Inc.. (Kingston, John) (Entered: 03/16/2020) |
| 03/16/2020 | 280 (14 pgs) | | Objection *DEBTORS RULE 26(a)(3)(B) OBJECTIONS AND COUNTER-DESIGNATIONS* filed by Shaya Rochester on behalf of Windstream Holdings, Inc., et al.. (Rochester, Shaya) (Entered: 03/16/2020) |

| | | |
|---|---|---|
| 03/17/2020 | 281 (18 pgs) | **WRITTEN OPINION:** Memorandum Of Decision On Defendants Motion To Continue Bench Trial In The Light Of Jury-Trial Demand Signed On 3/17/2020 (related document(s)247, 41). (Li, Dorothy) Modified on 3/23/2020 (Correa, Mimi). (Entered: 03/17/2020) |
| 03/17/2020 | 282 (8 pgs) | Statement *DEBTORS DESIGNATION OF ADDITIONAL ITEMS TO BE INCLUDED IN THE RECORD ON APPEAL* filed by Shaya Rochester on behalf of Windstream Holdings, Inc., et al.. (Rochester, Shaya) (Entered: 03/17/2020) |
| 03/19/2020 | 283 (2 pgs) | Order Adjourning Trial signed on 3/19/2020. Trial to be held on 4/27/2020 and 4/28/2020 at 10:00 AM at Courtroom 118, White Plains Courthouse. (Vargas, Ana) (Entered: 03/19/2020) |
| 03/19/2020 | 284 (17 pgs) | Affidavit of Service *re: Debtors' Rule 26(a)(3)(B) Objections and Counter-Designations* (related document(s)280) filed by Kurtzman Carson Consultants LLC.(Kass, Albert) (Entered: 03/19/2020) |
| 03/19/2020 | 285 (17 pgs) | Affidavit of Service *re: Debtors' Designation of Additional Items to be Included in the Record on Appeal* (related document(s)282) filed by Kurtzman Carson Consultants LLC.(Kass, Albert) (Entered: 03/19/2020) |
| 03/23/2020 | 286 (7 pgs) | Letter *to the Court by Plaintiff's attorney in connection with the recently issued Memorandum of Decision on Defendants Motion to Continue Trial* (related document(s)281) Filed by Terence P. Ross on behalf of Windstream Holdings, Inc., et al.. (Correa, Mimi) (Entered: 03/23/2020) |
| 03/30/2020 | 287 (2 pgs) | Order signed on 3/30/2020 Denying Defendants' Motion to Continue the March 20, 2020 Trial Setting for Counts VI & VII (Related Doc # 247) . (Vargas, Ana) (Entered: 03/30/2020) |
| 03/30/2020 | 288 (2 pgs) | [DUPLICATE OF DOC. 287] Order signed on 3/30/2020 Denying Defendants' Motion to Continue the March 30, 2020 Trial Setting for Counts VI and VII (Related Doc 247) . (McCaffrey, Dawn) Modified on 3/31/2020 (Correa, Mimi). (Entered: 03/30/2020) |
| 04/13/2020 | 289 (26 pgs; 3 docs) | Motion to Reconsider FRCP 60 or FRBP 3008 *DEFENDANTS' MOTION FOR RELIEF FROM THIS COURT'S MARCH 30, 2020 ORDER* (related document(s)287) filed by John Scott Kingston on behalf of Charter Communications Operating, LLC, Charter Communications, Inc.. (Attachments: # 1 Exhibit 1 # 2 Exhibit 2) (Kingston, John) (Entered: 04/13/2020) |
| 04/13/2020 | 290 (9 pgs; 2 docs) | Notice of Motion to Set Hearing *DEFENDANTS' MOTION FOR EXPEDITED HEARING ON THEIR MOTION FOR RELIEF FROM THIS COURT'S MARCH 30, 2020 ORDER* (related document(s)289) filed by John Scott Kingston on behalf of Charter Communications Operating, LLC, Charter Communications, Inc.. (Attachments: # 1 Exhibit 1)(Kingston, John) (Entered: 04/13/2020) |
| 04/20/2020 | 291 (5 pgs) | Order signed on 4/20/2020 Establishing Remote Trial Procedures for the Trial of Counts VI VII Beginning April 27, 2020. (Vargas, Ana) (Entered: 04/20/2020) |
| 04/20/2020 | 292 (2 pgs) | Statement *DEBTORS NOTICE OF SKYPE PARTICIPANTS AT TRIAL* (related document(s)291) filed by Shaya Rochester on behalf of |

| | | | |
|---|---|---|---|
| | | | Windstream Holdings, Inc., et al.. (Rochester, Shaya) (Entered: 04/20/2020) |
| 04/20/2020 | | 293 (2 pgs) | Statement / *The Official Committee of Unsecured Creditors' Notice of Skype Participants at Trial* filed by Lorenzo Marinuzzi on behalf of Official Committee of Unsecured Creditors. (Marinuzzi, Lorenzo) (Entered: 04/20/2020) |
| 04/21/2020 | | 294 (28 pgs) | Objection to Motion *DEBTORS OBJECTION TO DEFENDANTS MOTION FOR RELIEF FROM THIS COURTS MARCH 30, 2020 ORDER* (related document(s)289) filed by Shaya Rochester on behalf of Windstream Holdings, Inc., et al.. (Rochester, Shaya) (Entered: 04/21/2020) |
| 04/21/2020 | | 295 (77 pgs) | Declaration *DECLARATION OF GRACE A. THOMPSON IN SUPPORT OF THE DEBTORS OBJECTION TO DEFENDANTS MOTION FOR RELIEF FROM THIS COURTS MARCH 30, 2020 ORDER* (related document(s)294) filed by Shaya Rochester on behalf of Windstream Holdings, Inc., et al.. (Rochester, Shaya) (Entered: 04/21/2020) |
| 04/21/2020 | | 296 (11 pgs) | Objection *DEBTORS OBJECTIONS TO DEFENDANTS TRIAL EXHIBITS* filed by Shaya Rochester on behalf of Windstream Holdings, Inc., et al.. (Rochester, Shaya) (Entered: 04/21/2020) |
| 04/22/2020 | | 297 (352 pgs; 20 docs) | Motion to Approve *DEFENDANTS' OMNIBUS MOTION IN LIMINE* filed by John Scott Kingston on behalf of Charter Communications Operating, LLC, Charter Communications, Inc.. (Attachments: # 1 Exhibit 1 # 2 Exhibit 2 # 3 Exhibit 3 # 4 Exhibit 4 # 5 Exhibit 5 # 6 Exhibit 6 # 7 Exhibit 7 # 8 Exhibit 8 # 9 Exhibit 9 # 10 Exhibit 10 # 11 Exhibit 11 # 12 Exhibit 12 # 13 Exhibit 13 # 14 Exhibit 14 # 15 Exhibit 15 # 16 Exhibit 16 # 17 Exhibit 17 # 18 Exhibit 18 # 19 Exhibit 19) (Kingston, John) (Entered: 04/22/2020) |
| 04/22/2020 | | 298 (17 pgs) | Motion to Approve *DEFENDANTS' MOTION IN LIMINE TO EXCLUDE INADMISSIBLE AND INCOMPLETE DEPOSITION TESTIMONY* filed by John Scott Kingston on behalf of Charter Communications Operating, LLC, Charter Communications, Inc.. (Kingston, John) (Entered: 04/22/2020) |
| 04/22/2020 | | 299 (123 pgs; 7 docs) | Motion to Approve *DEFENDANTS' MOTION IN LIMINE TO PRECLUDE THE TRIAL DECLARATION OF JEFFREY AUMAN* filed by John Scott Kingston on behalf of Charter Communications Operating, LLC, Charter Communications, Inc.. (Attachments: # 1 Exhibit 1 # 2 Exhibit 2 # 3 Exhibit 3 # 4 Exhibit 4 # 5 Exhibit 5 # 6 Exhibit 6) (Kingston, John) (Entered: 04/22/2020) |
| 04/22/2020 | | 300 (12 pgs) | Motion to Approve *DEBTORS MOTION IN LIMINE TO STRIKE DEFENDANTS USE AT TRIAL OF CERTAIN DEPOSITION TESTIMONY, EXHIBITS, AND PROPOSED TRIAL TESTIMONY* filed by Shaya Rochester on behalf of Windstream Holdings, Inc., et al.. (Rochester, Shaya) (Entered: 04/22/2020) |
| 04/23/2020 | | 301 (17 pgs) | Certificate of Mailing of Claims Agent *re: 1) Debtors' Notice of Skype Participants at Trial; and 2) The Official Committee of Unsecured Creditors' Notice of Skype Participants at Trial* (related document(s)293, 292) filed by Kurtzman Carson Consultants LLC. (Kass, Albert) (Entered: 04/23/2020) |

| | | |
|---|---|---|
| 04/23/2020 | [302](#)<br>(17 pgs) | Certificate of Mailing of Claims Agent *re: 1) Debtors' Objection to Defendants' Motion for Relief from This Court's March 30, 2020 Order; 2) Declaration of Grace A. Thompson in Support of the Debtors' Objection to Defendants' Motion for Relief from This Court's March 30, 2020; and 3) Debtors' Objections to Defendants' Trial Exhibits* (related document(s)[295](#), [294](#), [296](#)) filed by Kurtzman Carson Consultants LLC.(Kass, Albert) (Entered: 04/23/2020) |
| 04/24/2020 | [303](#)<br>(15 pgs) | Objection to Motion *DEBTORS OBJECTION TO DEFENDANTS MOTION IN LIMINE TO PRECLUDE THE TRIAL DECLARATION OF JEFFREY AUMAN* (related document(s)[299](#)) filed by Shaya Rochester on behalf of Windstream Holdings, Inc., et al.. (Rochester, Shaya) (Entered: 04/24/2020) |
| 04/24/2020 | [304](#)<br>(23 pgs) | Declaration *DECLARATION OF GRACE A. THOMPSON IN SUPPORT OF THE DEBTORS OBJECTION TO DEFENDANTS MOTION IN LIMINE TO PRECLUDE THE TRIAL DECLARATION OF JEFFREY AUMAN* (related document(s)[303](#)) filed by Shaya Rochester on behalf of Windstream Holdings, Inc., et al.. (Rochester, Shaya) (Entered: 04/24/2020) |
| 04/24/2020 | [305](#)<br>(21 pgs) | Objection to Motion *DEBTORS OBJECTION TO DEFENDANTS MOTION IN LIMINE TO EXCLUDE INADMISSIBLE AND INCOMPLETE DEPOSITION TESTIMONY* (related document(s)[298](#)) filed by Shaya Rochester on behalf of Windstream Holdings, Inc., et al.. (Rochester, Shaya) (Entered: 04/24/2020) |
| 04/24/2020 | [306](#)<br>(9 pgs) | Opposition *DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE* (related document(s)[300](#)) filed by John Scott Kingston on behalf of Charter Communications Operating, LLC, Charter Communications, Inc.. (Kingston, John) (Entered: 04/24/2020) |
| 04/24/2020 | [307](#)<br>(25 pgs) | Objection to Motion *DEBTORS OBJECTION TO DEFENDANTS OMNIBUS MOTION IN LIMINE* (related document(s)[297](#)) filed by Shaya Rochester on behalf of Windstream Holdings, Inc., et al.. (Rochester, Shaya) (Entered: 04/24/2020) |
| 04/26/2020 | [308](#)<br>(415 pgs; 7 docs) | Motion to Use*DEFENDANTS' MOTION FOR JUDICIAL NOTICE OF FACTS THAT CAN BE ACCURATELY AND READILY DETERMINED FROM PUBLICLY AVAILABLE LEGAL DATABASES AND ELECTRONIC FILING SYSTEMS* filed by John Scott Kingston on behalf of Charter Communications Operating, LLC, Charter Communications, Inc.. (Attachments: # [1](#) Exhibit 1 # [2](#) Exhibit 2 # [3](#) Exhibit 3 # [4](#) Exhibit 4 # [5](#) Exhibit 5 # [6](#) Exhibit 6) (Kingston, John) (Entered: 04/26/2020) |
| 04/28/2020 | [309](#)<br>(18 pgs) | Objection to Motion *DEBTORS OBJECTION TO DEFENDANTS MOTION FOR JUDICIAL NOTICE* (related document(s)[308](#)) filed by Shaya Rochester on behalf of Windstream Holdings, Inc., et al.. (Rochester, Shaya) (Entered: 04/28/2020) |
| 04/28/2020 | [310](#)<br>(17 pgs) | Certificate of Mailing of Claims Agent *re: Debtors' Motion in Limine to Strike Defendants' Use at Trial of Certain Deposition Testimony, Exhibits, and Proposed Trial Testimony* (related document(s)[300](#)) filed by Kurtzman Carson Consultants LLC.(Kass, Albert) (Entered: 04/28/2020) |

| Date | Document | Description |
|---|---|---|
| 04/29/2020 | [311](#)<br>(17 pgs) | Certificate of Mailing of Claims Agent *re: Documents Served on April 24, 2020* (related document(s)[307](#), [304](#), [303](#), [305](#)) filed by Kurtzman Carson Consultants LLC.(Kass, Albert) (Entered: 04/29/2020) |
| 05/01/2020 | [312](#)<br>(2 pgs) | Notice of Hearing *NOTICE OF TRIAL SCHEDULED TO RESUME MAY 6, 2020, AT 9:30 A.M. (PREVAILING EASTERN TIME)* filed by Shaya Rochester on behalf of Windstream Holdings, Inc., et al.. (Rochester, Shaya) (Entered: 05/01/2020) |
| 05/01/2020 | [313](#)<br>(17 pgs) | Certificate of Mailing of Claims Agent *re: Debtors' Objection to Defendants' Motion for Judicial Notice* (related document(s)[309](#)) filed by Kurtzman Carson Consultants LLC.(Kass, Albert) (Entered: 05/01/2020) |
| 05/06/2020 | [314](#)<br>(17 pgs) | Certificate of Mailing of Claims Agent *re: Notice of Trial Scheduled to Resume May 6, 2020, at 9:30 a.m. (Prevailing Eastern Time)* (related document(s)[312](#)) filed by Kurtzman Carson Consultants LLC.(Kass, Albert) (Entered: 05/06/2020) |
| 05/11/2020 | [315](#)<br>(3 pgs) | Letter *to Judge Drain re: Defendant's Exhibit 383* Filed by Nino Przulj on behalf of Charter Communications Operating, LLC, Charter Communications, Inc.. (Vargas, Ana) (Entered: 05/11/2020) |
| 05/14/2020 | [316](#)<br>(11 pgs) | Statement *Exhibits Admitted At Trial* filed by Shaya Rochester on behalf of Windstream Holdings, Inc., et al.. (Rochester, Shaya) (Entered: 05/14/2020) |
| 06/09/2020 | [317](#)<br>(61 pgs) | Memorandum of Law *DEBTORS POST-TRIAL MEMORANDUM* filed by Shaya Rochester on behalf of Windstream Holdings, Inc., et al.. (Rochester, Shaya) (Entered: 06/09/2020) |
| 06/09/2020 | [318](#)<br>(5 pgs) | Statement */ The Committee's Post-Trial Brief* filed by Lorenzo Marinuzzi on behalf of Official Committee of Unsecured Creditors. (Marinuzzi, Lorenzo) (Entered: 06/09/2020) |
| 06/09/2020 | [319](#)<br>(57 pgs; 2 docs) | Memorandum of Law *Defendants' Post-Trial Brief on Counts VI and VII* filed by John Scott Kingston on behalf of Charter Communications Operating, LLC, Charter Communications, Inc.. (Attachments: # [1](#) Appendix A) (Kingston, John) (Entered: 06/09/2020) |
| 06/12/2020 | [320](#)<br>(17 pgs) | Certificate of Mailing of Claims Agent *re: 1) Debtors' Post-Trial Memorandum; and 2) The Committee's Post-Trial Brief* (related document(s)[317](#), [318](#)) filed by Kurtzman Carson Consultants LLC. (Kass, Albert) (Entered: 06/12/2020) |
| 08/03/2020 | [321](#)<br>(114 pgs) | Statement *PLAINTIFFS REQUEST FOR JUDICIAL NOTICE OF FEE APPLICATIONS TO SUPPLEMENT SANCTIONS REQUEST AGAINST DEFENDANTS* (related document(s)[317](#)) filed by Shaya Rochester on behalf of Windstream Holdings, Inc., et al.. (Rochester, Shaya) (Entered: 08/03/2020) |
| 08/05/2020 | [322](#)<br>(17 pgs) | Certificate of Mailing of Claims Agent *re: Plaintiffs' Request for Judicial Notice of Fee Applications to Supplement Sanctions Request Against Defendants* (related document(s)[321](#)) filed by Kurtzman Carson Consultants LLC.(Kass, Albert) (Entered: 08/05/2020) |

| | | |
|---|---|---|
| 09/09/2020 | [323](#)<br>(76 pgs) | Statement *PLAINTIFFS REQUEST FOR JUDICIAL NOTICE OF FEE APPLICATION TO SUPPLEMENT SANCTIONS REQUEST AGAINST DEFENDANTS* (related document(s)[317]) filed by Shaya Rochester on behalf of Windstream Holdings, Inc., et al.. (Rochester, Shaya) (Entered: 09/09/2020) |
| 09/10/2020 | [324](#)<br>(17 pgs) | Certificate of Mailing of Claims Agent *re: Plaintiffs' Request for Judicial Notice of Fee Applications to Supplement Sanctions Request Against Defendants* (related document(s)[323]) filed by Kurtzman Carson Consultants LLC.(Kass, Albert) (Entered: 09/10/2020) |
| 09/28/2020 | [326](#)<br>(254 pgs) | Transcript regarding Hearing Held on 1/16/2020 at 10:20 AM RE: Motion to File Under Seal..etc... Remote electronic access to the transcript is restricted until 12/28/2020. The transcript may be viewed at the Bankruptcy Court Clerks Office. [Transcription Service Agency: Veritext Legal Solutions.]. (See the Courts Website for contact information for the Transcription Service Agency.) (RE: related document(s) [215], [117], [118], [235], [222], [180], [196], [195], [225], [191], [185], [230], [234], [160], [168], [219], [164], [194], [198]). Notice of Intent to Request Redaction Deadline Due By 10/5/2020. Statement of Redaction Request Due By 10/19/2020. Redacted Transcript Submission Due By 10/29/2020. Transcript access will be restricted through 12/28/2020. (Ortiz, Carmen) (Entered: 10/01/2020) |
| 09/30/2020 | [325](#)<br>(15 pgs) | Transcript regarding Hearing Held on 3/9/2020 at 3:01 PM RE: Final Pre-Trial Conference via Phone. Remote electronic access to the transcript is restricted until 12/29/2020. The transcript may be viewed at the Bankruptcy Court Clerks Office. [Transcription Service Agency: Veritext Legal Solutions.]. (See the Courts Website for contact information for the Transcription Service Agency.). Notice of Intent to Request Redaction Deadline Due By 10/7/2020. Statement of Redaction Request Due By 10/21/2020. Redacted Transcript Submission Due By 11/2/2020. Transcript access will be restricted through 12/29/2020. (Ortiz, Carmen) (Entered: 09/30/2020) |
| 10/01/2020 | [327](#)<br>(58 pgs) | Transcript regarding Hearing Held on 04/29/2020 At 2:09 PM RE: Trial. Remote electronic access to the transcript is restricted until 12/30/2020. The transcript may be viewed at the Bankruptcy Court Clerks Office. [Transcription Service Agency: Veritext Legal Solutions.]. (See the Courts Website for contact information for the Transcription Service Agency.). Notice of Intent to Request Redaction Deadline Due By 10/8/2020. Statement of Redaction Request Due By 10/22/2020. Redacted Transcript Submission Due By 11/2/2020. Transcript access will be restricted through 12/30/2020. (Ramos, Jonathan) (Entered: 10/01/2020) |
| 10/01/2020 | [328](#)<br>(184 pgs) | Transcript regarding Hearing Held on 05/06/2020 At 9:37 AM RE: Trial. Remote electronic access to the transcript is restricted until 12/30/2020. The transcript may be viewed at the Bankruptcy Court Clerks Office. [Transcription Service Agency: Veritext Legal Solutions.]. (See the Courts Website for contact information for the Transcription Service Agency.). Notice of Intent to Request Redaction Deadline Due By 10/8/2020. Statement of Redaction Request Due By 10/22/2020. Redacted Transcript Submission Due By 11/2/2020. Transcript access will be restricted through 12/30/2020. (Ramos, Jonathan) (Entered: 10/01/2020) |

| | | |
|---|---|---|
| 10/01/2020 | <u>329</u><br>(243 pgs) | **(THIS TRANSCRIPT HAS BEEN AMENDED, SEE DOCUMENT # 331 FOR CORRECT ENTRY)**Transcript regarding Hearing Held on 04/28/2020 At 10:05 AM RE: Trial. Remote electronic access to the transcript is restricted until 12/30/2020. The transcript may be viewed at the Bankruptcy Court Clerks Office. [Transcription Service Agency: Veritext Legal Solutions.]. (See the Courts Website for contact information for the Transcription Service Agency.). Notice of Intent to Request Redaction Deadline Due By 10/8/2020. Statement of Redaction Request Due By 10/22/2020. Redacted Transcript Submission Due By 11/2/2020. Transcript access will be restricted through 12/30/2020. (Ramos, Jonathan) Modified on 3/24/2021 (Ortiz, Carmen). (Entered: 10/01/2020) |
| 10/01/2020 | <u>330</u><br>(125 pgs) | Transcript regarding Hearing Held on 04/27/2020 At 10:02 AM RE: Trial. Remote electronic access to the transcript is restricted until 12/30/2020. The transcript may be viewed at the Bankruptcy Court Clerks Office. [Transcription Service Agency: Veritext Legal Solutions.]. (See the Courts Website for contact information for the Transcription Service Agency.). Notice of Intent to Request Redaction Deadline Due By 10/8/2020. Statement of Redaction Request Due By 10/22/2020. Redacted Transcript Submission Due By 11/2/2020. Transcript access will be restricted through 12/30/2020. (Ramos, Jonathan) (Entered: 10/01/2020) |
| 03/23/2021 | <u>331</u><br>(198 pgs) | Amended Transcript regarding Hearing Held on 4/28/2020 at 10:05 AM RE: Trial. Remote electronic access to the transcript is restricted until 6/21/2021. The transcript may be viewed at the Bankruptcy Court Clerks Office. [Transcription Service Agency: Veritext Legal Solutions.]. (See the Courts Website for contact information for the Transcription Service Agency.) (RE: related document(s) <u>329</u>). Notice of Intent to Request Redaction Deadline Due By 3/30/2021. Statement of Redaction Request Due By 4/13/2021. Redacted Transcript Submission Due By 4/23/2021. Transcript access will be restricted through 6/21/2021. (Ortiz, Carmen) (Entered: 03/24/2021) |
| 04/08/2021 | <u>332</u><br>(45 pgs) | Memorandum Of Decision On Count VI (CONTEMPT FOR VIOLATION OF THE AUTOMATIC STAY) and Count VII (EQUITABLE SUBORDINATION) Signed on 4/8/2021 (related document(s)<u>122</u>, <u>274</u>). (Li, Dorothy) (Entered: 04/08/2021) |
| 04/13/2021 | <u>333</u><br>(17 pgs) | Certificate of Mailing of Claims Agent *re: Memorandum of Decision on Count VI (Contempt for Violation of the Automatic Stay) and Count VII (Equitable Subordination)* (related document(s)<u>332</u>) filed by Kurtzman Carson Consultants LLC.(Kass, Albert) (Entered: 04/13/2021) |
| 04/15/2021 | <u>334</u><br>(2 pgs) | Judgment signed on 4/13/2021 Judgment shall be entered against Charter Communications, Inc. and Charter Communications Operating, LLc. and in favor of Windstream Holdings, Inc., et al., JUDGMENT INDEX NUMBER WPBC 21,0007(related document(s)<u>122</u>, <u>274</u>, <u>332</u>) (Tavarez, Arturo) (Entered: 04/15/2021) |
| 04/19/2021 | <u>335</u><br>(15 pgs) | Certificate of Mailing of Claims Agent *re: Judgement on Counts VI and VII in Adversary Proceeding* (related document(s)<u>334</u>) filed by Kurtzman Carson Consultants LLC.(Kass, Albert) (Entered: 04/19/2021) |

| | | |
|---|---|---|
| 04/23/2021 | [336](#)<br>(5 pgs; 2 docs) | Motion to Approve *Amount of Supersedeas Bond* filed by Brian W. Hockett on behalf of Charter Communications Operating, LLC, Charter Communications, Inc.. (Attachments: # [1](#) Proposed Order) (Hockett, Brian) (Entered: 04/23/2021) |
| 04/29/2021 | [337](#)<br>(29 pgs; 3 docs) | Notice of Appeal *and Statement of Election* (related document(s)[334](#)) filed by Brian W. Hockett on behalf of Charter Communications Operating, LLC, Charter Communications, Inc.. (Attachments: # [1](#) Civil Cover Sheet # [2](#) Related Case Statement)(Hockett, Brian) (Entered: 04/29/2021) |
| 04/29/2021 | | Receipt of Notice of Appeal( [19-08246-rdd](#)) [appeal,97] ( 298.00) Filing Fee. Receipt number A15317951. Fee amount 298.00. (Re: Doc # [337](#)) (U.S. Treasury) (Entered: 04/29/2021) |
| 05/04/2021 | [338](#)<br>(3 pgs) | Notice of Hearing (related document(s)[336](#)) filed by Brian W. Hockett on behalf of Charter Communications Operating, LLC, Charter Communications, Inc.. with hearing to be held on 5/18/2021 at 10:00 AM at Teleconference Line (CourtSolutions) (RDD) (Hockett, Brian) (Entered: 05/04/2021) |
| 05/11/2021 | [339](#)<br>(20 pgs; 3 docs) | Objection to Motion *OBJECTION TO CHARTERS MOTION TO APPROVE SUPERSEDEAS BOND* (related document(s)[336](#)) filed by Shaya Rochester on behalf of Windstream Holdings, Inc., et al.. (Attachments: # [1](#) Exhibit 1 # [2](#) Exhibit 2) (Rochester, Shaya) (Entered: 05/11/2021) |
| 05/11/2021 | [340](#)<br>(2 pgs) | Notice of Appearance in Adversary Proceeding filed by Susheel Kirpalani on behalf of Charter Communications Operating, LLC, Charter Communications, Inc.. (Kirpalani, Susheel) (Entered: 05/11/2021) |
| 05/13/2021 | [341](#)<br>(452 pgs; 42 docs) | Designation of Contents (appellant). *Defendants-Appellants Designation of the Record and Statement of Issues to be Presented on Appeal* (related document(s)[334](#)) filed by Brian W. Hockett on behalf of Charter Communications Operating, LLC, Charter Communications, Inc.. (Attachments: # [1](#) Item No. 112 # [2](#) Item No. 113 # [3](#) Item No. 116 # [4](#) Item No. 117 # [5](#) Item No. 118 # [6](#) Item No. 121 # [7](#) Item No. 123 # [8](#) Item No. 124 # [9](#) Item No. 125 # [10](#) Item No. 126 # [11](#) Item No. 127 # [12](#) Item No. 128 # [13](#) Item No. 129 # [14](#) Item No. 130 # [15](#) Item No. 131 # [16](#) Item No. 132 # [17](#) Item No.133 # [18](#) Item No. 134 # [19](#) Item No. 135 # [20](#) Item No. 136 # [21](#) Item No. 137 # [22](#) Item No. 138 # [23](#) Item No. 139 # [24](#) Item No. 140 # [25](#) Item No. 141 # [26](#) Item No. 143 # [27](#) Item No. 144 # [28](#) Item No. 145 # [29](#) Item No. 146 # [30](#) Item No. 147 # [31](#) Item No. 148 # [32](#) Item No. 149 # [33](#) Item No. 150 # [34](#) Item No. 151 # [35](#) Item No. 152 # [36](#) Item No. 153 # [37](#) Item No. 154 # [38](#) Item No. 155 # [39](#) Item No. 156 # [40](#) Item No. 157 # [41](#) Item No. 158)(Hockett, Brian) (Entered: 05/13/2021) |
| 05/13/2021 | [342](#)<br>(3167 pgs; 57 docs) | Designation of Contents (appellant). *Defendants-Appellants' Notice of Filing Attachments* (related document(s)[334](#)) filed by Brian W. Hockett on behalf of Charter Communications Operating, LLC, Charter Communications, Inc.. (Attachments: # [1](#) Item No. 161 # [2](#) Item No. 162 # [3](#) Item No. 163 # [4](#) Item No. 164 # [5](#) Item No. 165 # [6](#) Item No. 166 # [7](#) Item No. 167 # [8](#) Item No. 168 # [9](#) Item No. 169 # [10](#) Item No. 170 # [11](#) Item No. 171 # [12](#) Item No. 172 # [13](#) Item No. 173 # [14](#) Item No. 174 # [15](#) Item No. 175 # [16](#) Item No. 177 # [17](#) Item No. |

| | | |
|---|---|---|
| | | 178 # <u>18</u> Item No. 179 # <u>19</u> Item No. 180 # <u>20</u> Item No. 181 # <u>21</u> Item No. 182 # <u>22</u> Item No. 183 # <u>23</u> Item No. 184 # <u>24</u> Item No. 185 # <u>25</u> Item No. 186 # <u>26</u> Item No. 187 # <u>27</u> Item No. 188 # <u>28</u> Item No. 189 # <u>29</u> Item No. 190 # <u>30</u> Item No. 191 # <u>31</u> Item No. 192 # <u>32</u> Item No. 193 # <u>33</u> Item No. 194 # <u>34</u> Item No. 195 # <u>35</u> Item No. 196 # <u>36</u> Item No. 197 # <u>37</u> Item No. 198 # <u>38</u> Item No. 199 # <u>39</u> Item No. 200 # <u>40</u> Item No. 201 # <u>41</u> Item No. 202 # <u>42</u> Item No. 203 # <u>43</u> Item No. 204 # <u>44</u> Item No. 205 # <u>45</u> Item No. 206 # <u>46</u> Item No. 207 # <u>47</u> Item No. 208 # <u>48</u> Item No. 209 # <u>49</u> Item No. 210 # <u>50</u> Item No. 211 # <u>51</u> Item No. 212 # <u>52</u> Item No. 213 # <u>53</u> Item No. 214 # <u>54</u> Item No. 215 # <u>55</u> Item No. 216 # <u>56</u> Item No. 217)(Hockett, Brian) (Entered: 05/13/2021) |
| 05/13/2021 | <u>343</u><br>(721 pgs; 44 docs) | Designation of Contents (appellant). *Defendants-Appellants' Notice of Filing Attachments* (related document(s)<u>334</u>) filed by Brian W. Hockett on behalf of Charter Communications Operating, LLC, Charter Communications, Inc.. (Attachments: # <u>1</u> Item No. 219 # <u>2</u> Item No. 220 # <u>3</u> Item No. 221 # <u>4</u> Item No. 222 # <u>5</u> Item No. 223 # <u>6</u> Item No. 224 # <u>7</u> Item No. 225 # <u>8</u> Item No. 227 # <u>9</u> Item No. 229 # <u>10</u> Item No. 230 # <u>11</u> Item No. 231 # <u>12</u> Item No. 232 # <u>13</u> Item No. 233 # <u>14</u> Item No. 234 # <u>15</u> Item No. 235 # <u>16</u> Item No. 236 # <u>17</u> Item No. 237 # <u>18</u> Item No. 238 # <u>19</u> Item No. 239 # <u>20</u> Item No. 240 # <u>21</u> Item No. 241 # <u>22</u> Item No. 242 # <u>23</u> Item No. 243 # <u>24</u> Item No. 244 # <u>25</u> Item No. 245 # <u>26</u> Item No. 246 # <u>27</u> Item No. 247 # <u>28</u> Item No. 248 # <u>29</u> Item No. 249 # <u>30</u> Item No. 250 # <u>31</u> Item No. 251 # <u>32</u> Item No. 252 # <u>33</u> Item No. 253 # <u>34</u> Item No. 254 # <u>35</u> Item No. 255 # <u>36</u> Item No. 256 # <u>37</u> Item No. 257 # <u>38</u> Item No. 258 # <u>39</u> Item No. 259 # <u>40</u> Item No. 260 # <u>41</u> Item No. 261 # <u>42</u> Item No. 262 # <u>43</u> Item No. 263)(Hockett, Brian) (Entered: 05/13/2021) |
| 05/13/2021 | <u>344</u><br>(69 pgs; 2 docs) | Designation of Contents (appellant). *Defendants-Appellants' Notice of Filing Attachments* (related document(s)<u>334</u>) filed by Brian W. Hockett on behalf of Charter Communications Operating, LLC, Charter Communications, Inc.. (Attachments: # <u>1</u> Item No. 218 - Part 1 of 4)(Hockett, Brian) (Entered: 05/13/2021) |
| 05/13/2021 | <u>345</u><br>(66 pgs; 2 docs) | Designation of Contents (appellant). *Defendants-Appellants' Notice of Filing Attachment* (related document(s)<u>334</u>) filed by Brian W. Hockett on behalf of Charter Communications Operating, LLC, Charter Communications, Inc.. (Attachments: # <u>1</u> Item No. 218 - Part 2 of 4) (Hockett, Brian) (Entered: 05/13/2021) |
| 05/13/2021 | <u>346</u><br>(66 pgs; 2 docs) | Designation of Contents (appellant). *Defendants-Appellants' Notice of Filing Attachments* (related document(s)<u>334</u>) filed by Brian W. Hockett on behalf of Charter Communications Operating, LLC, Charter Communications, Inc.. (Attachments: # <u>1</u> Item No. 218 - Part 3 of 4)(Hockett, Brian) (Entered: 05/13/2021) |
| 05/13/2021 | <u>347</u><br>(24 pgs; 2 docs) | Designation of Contents (appellant). *Defendants-Appellants' Notice of Filing Attachments* (related document(s)<u>334</u>) filed by Brian W. Hockett on behalf of Charter Communications Operating, LLC, Charter Communications, Inc.. (Attachments: # <u>1</u> Item No. 218 - Part 4 of 4)(Hockett, Brian) (Entered: 05/13/2021) |
| 05/14/2021 | <u>348</u><br>(15 pgs; 2 docs) | Reply to Motion -- *Defendants' Reply in Support of Motion to Approve Amount of Supersedeas Bond* (related document(s)<u>336</u>) filed by Susheel Kirpalani on behalf of Charter Communications Operating, |

| | | |
|---|---|---|
| | | LLC, Charter Communications, Inc.. (Attachments: # 1 Exhibit A) (Kirpalani, Susheel) (Entered: 05/14/2021) |
| 05/14/2021 | 349 (17 pgs) | Certificate of Mailing of Claims Agent *re: Objection to Charter's Motion to Approve Supersedeas Bond* (related document(s)339) filed by Kurtzman Carson Consultants LLC.(Kass, Albert) (Entered: 05/14/2021) |
| 05/14/2021 | 350 (17 pgs; 2 docs) | Certificate of Service *for Reply In Further Support Of Motion To Approve Supersedeas Bond* filed by Susheel Kirpalani on behalf of Charter Communications Operating, LLC, Charter Communications, Inc.. (Attachments: # 1 Exhibit Exhibit 1)(Kirpalani, Susheel) (Entered: 05/14/2021) |
| 05/19/2021 | 351 (7 pgs) | Order signed on 5/19/2021 granting Supersedeas Bond (Related Doc # 336) . (Vargas, Ana) (Entered: 05/19/2021) |
| 05/20/2021 | 352 (8 pgs) | Civil Cover Sheet from U.S. District Court, Case Number: 21-cv-4552 (related document(s)337) (Rouzeau, Anatin). (Entered: 05/20/2021) |
| 05/27/2021 | 353 (1225 pgs; 13 docs) | Counter Designation (appellee) *Plaintiffs-Appellees' Designation of Additional Items to be Included on the Record on Appeal* (related document(s)341) filed by Shaya Rochester on behalf of Windstream Holdings, Inc., et al.. (Attachments: # 1 Item No. 312 # 2 Item No. 313 # 3 Item No. 314 # 4 Item No. 315 # 5 Item No. 316 # 6 Item No. 317 # 7 Item No. 318 # 8 Item No. 319 # 9 Item No. 320 # 10 Item No. 321 # 11 Item No. 322 # 12 Item No. 323)(Rochester, Shaya) (Entered: 05/27/2021) |
| 05/27/2021 | 354 (5 pgs; 2 docs) | Designation of Contents (appellant). *Notice of Order Granting Appellants' Motion to Accept Documents Sealed By the Bankruptcy Court As Part of The Record on Appeal* filed by Susheel Kirpalani on behalf of Charter Communications Operating, LLC, Charter Communications, Inc.. (Attachments: # 1 Exhibit A)(Kirpalani, Susheel) (Entered: 05/27/2021) |
| 06/01/2021 | 355 (8 pgs) | Certificate of Mailing of Claims Agent *re: Plaintiffs-Appellees' Designation of Additional Items to be Included on the Record on Appeal* (related document(s)353) filed by Kurtzman Carson Consultants LLC.(Kass, Albert) (Entered: 06/01/2021) |
| 06/04/2021 | 356 (5 pgs; 2 docs) | Statement *Notice of Entry* filed by Shaya Rochester on behalf of Windstream Holdings, Inc., et al.. (Attachments: # 1 Exhibit A) (Rochester, Shaya) (Entered: 06/04/2021) |
| 06/08/2021 | 357 (8 pgs) | Certificate of Mailing of Claims Agent *re: Notice of Entry* (related document(s)356) filed by Kurtzman Carson Consultants LLC.(Kass, Albert) (Entered: 06/08/2021) |
| 06/25/2021 | 358 (2 pgs; 2 docs) | Notice of Transmittal of Record of Appeal. All documents have been filed with the United States District Court for the Southern District of New York. Record of Appeal is Complete and Available Electronically under Civil Case Number 21-cv-4552 assigned to the Honorable Cathy Seibel. Check the District Court Docket Sheet for the Briefing Schedule. (related document(s)337) (Rouzeau, Anatin). (Entered: 06/25/2021) |

| | | |
|---|---|---|
| 07/08/2021 | [359](#)<br>(1 pg) | Order of U.S. District Court Judge Cathy Seibel signed on 4/24/2020 Dismissing Notice of Appeal (related document(s)[210](#), [201](#)). (Correa, Mimi) (Entered: 07/08/2021) |
| 07/08/2021 | [360](#)<br>(1 pg) | Order of U.S. District Court Judge Cathy Seibel signed on 4/24/2020 Denying Motion for Leave to Appeal (related document(s)[203](#), [202](#), [211](#)). (Correa, Mimi) (Entered: 07/08/2021) |
| 07/13/2021 | [361](#)<br>(6 pgs) | Certificate of Mailing of Claims Agent *re: Order* (related document(s)[359](#)) filed by Kurtzman Carson Consultants LLC.(Kass, Albert) (Entered: 07/13/2021) |
| 03/29/2022 | [362](#)<br>(2 pgs; 2 docs) | Notice of Case Reassignment From Judge Robert D. Drain to Judge Lisa G Beckerman. Judge Lisa G Beckerman added to the case. (Acosta, Annya). (Entered: 03/29/2022) |
| 03/30/2022 | [363](#)<br>(2 pgs) | Notice of Withdrawal *of Counsel* filed by Brian W. Hockett on behalf of Charter Communications Operating, LLC, Charter Communications, Inc.. (Hockett, Brian) (Entered: 03/30/2022) |
| 03/31/2022 | [364](#)<br>(3 pgs) | Certificate of Mailing Re: Notice of Case Reassignment (related document(s) (Related Doc # [362](#))) . Notice Date 03/31/2022. (Admin.) (Entered: 04/01/2022) |

# U.S. District Court
## Southern District of New York (White Plains)
## CIVIL DOCKET FOR CASE #: 7:21-cv-04552-CS

In Re: Windstream Holdings, Inc.
Assigned to: Judge Cathy Seibel
Related Case: 7:19-cv-09354-CS
Case in other court: USBC-SDNY, 19-B-22312 (RDD)
Cause: 28:0158 Notice of Appeal re Bankruptcy Matter (BA

Date Filed: 05/20/2021
Date Terminated: 10/06/2022
Jury Demand: None
Nature of Suit: 422 Bankruptcy Appeal (801)
Jurisdiction: Federal Question

**In Re**

**Windstream Holdings, Inc.**

**Debtor**

**Windstream Holdings, Inc.**

**Appellant**

**Charter Communications, Inc.**              represented by  **Brian W. Hockett**
Thompson Coburn LLP (St. Louis)
One Us Bank Plaza, Ste. 2700
St. Louis, MO 63101
(314)-552-6000
Fax: (314)-552-7000
Email: bhockett@thompsoncoburn.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Benjamin Isidore Finestone**
Quinn Emanuel Urquhart & Sullivan (NYC)
51 Madison Avenue
New York, NY 10010
(212)-849-7000
Fax: (212)-849-7100
Email:
benjaminfinestone@quinnemanuel.com
*ATTORNEY TO BE NOTICED*

**Susheel Kirpalani**
Quinn Emanuel
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7200
Fax: (212) 849-7100
Email:

JA47

susheelkirpalani@quinnemanuel.com
*ATTORNEY TO BE NOTICED*

**Appellant**

**Charter Communications Operating, LLC**    represented by    **Brian W. Hockett**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Benjamin Isidore Finestone**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Susheel Kirpalani**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Appellee**

**Windstream Holdings, Inc.**    represented by    **Steven J. Reisman**
Katten Muchin Rosenman LLP
50 Rockefeller Plaza
New York, NY 10020
212-940-8700
Email: sreisman@katten.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Terence Ross**
Katten Muchin Rosenman LLP
2900 K Street N.W.
North Tower Suite 200
Washington, DC 20007
(202) 628-3676
Fax: (202) 628-5116
Email: terence.ross@katten.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Terrence P. Ross**
Gibson, Dunn & Crutcher, L.L.P.
1050 Connecticut Avenue, N.W.
Washington, DC 20036
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Eric Thomas Werlinger**
Katten Muchin Rosenman LLP
2900 K Street N.W.
North Tower Suite 200
Washington, DC 20007

202-625-3553
Email: eric.werlinger@kattenlaw.com
*ATTORNEY TO BE NOTICED*

**Robert Thomas Smith**
Katten Muchin Rosenman
2900 K Street, NW, Suite 200
Washington, DC 20007
(202)-625-3616
Fax: (202)-298-7570
Email: robert.smith1@kattenlaw.com
*ATTORNEY TO BE NOTICED*

**Stephen Jeffrey Rochester**
Katten Muchin Rosenman LLP
50 Rockefeller Plaza
New York, NY 10020
212-940-8529
Email: shaya.rochester@katten.com
*ATTORNEY TO BE NOTICED*

**Timothy H. Gray**
Katten Muchin Rosenman LLP
2900 K Street NW
North Tower
Suite 200
Washington, DC 20007
202-625-3608
Email: timothy.gray@katten.com
*ATTORNEY TO BE NOTICED*

<u>**Appellee**</u>

**Official Committee of Unsecured Creditors of Windstream Holdings, Inc.**

represented by

**Lorenzo Marinuzzi**
Morrison & Foerster LLP
1290 Avenue of The Americas.
NY, NY 10169
(212)-336-8000
Fax: (212)-336-7900
Email: lmarinuzzi@mofo.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Steven Thomas Rappoport**
Morrison & Foerster LLP (NYC)
250 West 55th Street
New York, NY 10019
(212)-468-8000
Fax: (212)-468-7900
Email: srappoport@mofo.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

JA49

| Date Filed | # | Docket Text |
|---|---|---|
| 05/20/2021 | 1 | NOTICE OF APPEAL FROM THE BANKRUPTCY COURT TO THE S.D.N.Y. from the Judgment of Judge Robert D. Drain dated April 15, 2021. Bankruptcy Court Case Numbers: 19-8246A, 19-B-22312 (RDD). Certified copies of file received.Document filed by Charter Communications, Inc., Charter Communications Operating, LLC..(bkar) (Entered: 05/20/2021) |
| 05/20/2021 | 2 | CIVIL COVER SHEET filed..(bkar) (Entered: 05/20/2021) |
| 05/20/2021 | | BANKRUPTCY APPEAL CASE REFERRED BY ATTORNEY TO Judge Cathy Seibel as possibly related to 19-9354. (bkar) (Entered: 05/20/2021) |
| 05/20/2021 | | Case Designated ECF. (bkar) (Entered: 05/20/2021) |
| 05/20/2021 | 3 | STATEMENT OF RELATEDNESS re: that this action be filed as related to 19-cv-9354. Document filed by Charter Communications Operating, LLC, Charter Communications, Inc...(bkar) (Entered: 05/20/2021) |
| 05/21/2021 | | CASE ACCEPTED AS RELATED. Create association to 7:19-cv-09354-CS. Notice of Assignment to follow. (wb) (Entered: 05/21/2021) |
| 05/21/2021 | | NOTICE OF CASE REASSIGNMENT to Judge Cathy Seibel. Judge Unassigned is no longer assigned to the case..(wb) (Entered: 05/21/2021) |
| 05/21/2021 | | Magistrate Judge Judith C. McCarthy is so designated. Pursuant to 28 U.S.C. Section 636(c) and Fed. R. Civ. P. 73(b)(1) parties are notified that they may consent to proceed before a United States Magistrate Judge. Parties who wish to consent may access the necessary form at the following link: https://nysd.uscourts.gov/sites/default/files/2018-06/AO-3.pdf. (wb) (Entered: 05/21/2021) |
| 05/25/2021 | 4 | NOTICE OF APPEARANCE by Benjamin Isidore Finestone on behalf of Charter Communications Operating, LLC, Charter Communications, Inc...(Finestone, Benjamin) (Entered: 05/25/2021) |
| 05/25/2021 | 5 | NOTICE OF APPEARANCE by Susheel Kirpalani on behalf of Charter Communications Operating, LLC, Charter Communications, Inc...(Kirpalani, Susheel) (Entered: 05/25/2021) |
| 05/26/2021 | 6 | MOTION / APPELLANTS MOTION TO ACCEPT DOCUMENTS SEALED BY THE BANKRUPTCY COURT AS PART OF THE RECORD ON APPEAL . Document filed by Charter Communications Operating, LLC, Charter Communications, Inc...(Kirpalani, Susheel) (Entered: 05/26/2021) |
| 05/27/2021 | 7 | ORDER granting 6 APPELLANTS MOTION TO ACCEPT DOCUMENTS SEALED BY THE BANKRUPTCY COURT AS PART OF THE RECORD ON APPEAL (HEREBY ORDERED by Judge Cathy Seibel)(Text Only Order) (Seibel, Cathy) (Entered: 05/27/2021) |
| 06/01/2021 | 8 | NOTICE OF APPEARANCE by Terence Ross on behalf of Windstream Holdings, Inc...(Ross, Terence) (Entered: 06/01/2021) |
| 06/01/2021 | 9 | NOTICE OF APPEARANCE by Stephen Jeffrey Rochester on behalf of Windstream Holdings, Inc...(Rochester, Stephen) (Entered: 06/01/2021) |
| 06/03/2021 | 10 | MOTION To Accept Documents Sealed By The Bankruptcy Court As Part Of The Record On Appeal . Document filed by Windstream Holdings, Inc...(Ross, Terence) (Entered: 06/03/2021) |

| 06/03/2021 | 11 | ORDER granting 10 Motion for To Accept Documents Sealed By The Bankruptcy Court As Part Of The Record On Appeal. (HEREBY ORDERED by Judge Cathy Seibel)(Text Only Order) (Seibel, Cathy) (Entered: 06/03/2021) |
|---|---|---|
| 06/07/2021 | 12 | DESIGNATION OF BANKRUPTCY RECORD ON APPEAL re: 1 Bankruptcy Appeal,. Document filed by Appellants Charter Communications Operating, LLC, Charter Communications, Inc...(bkar) (Entered: 06/07/2021) |
| 06/07/2021 | 13 | COUNTER DESIGNATION OF BANKRUPTCY RECORD ON APPEAL Document filed by Appellee Windstream Holdings, Inc..(bkar) (Entered: 06/07/2021) |
| 06/25/2021 | 14 | NOTICE OF RECORD OF APPEAL AVAILABILITY (COMPLETION). Re: 1 Bankruptcy Appeal,. All Documents from the United States Bankruptcy Court - Southern District of New York have been filed with the U.S.D.C. S.D.N.Y. Record of Appeal is Complete and Available Electronically. Appellant Brief due by 7/26/2021..(bkar) (Entered: 06/25/2021) |
| 07/26/2021 | 15 | Appellant's BRIEF. Document filed by Charter Communications Operating, LLC, Charter Communications, Inc.. Appellee Brief due by 8/25/2021..(Kirpalani, Susheel) (Entered: 07/26/2021) |
| 07/30/2021 | 16 | FIRST LETTER MOTION for Extension of Time *of the Remaining Bankruptcy Appeal Briefing Deadlines*, addressed to Judge Cathy Seibel from Terence P. Ross dated 7/30/21. Document filed by Windstream Holdings, Inc...(Ross, Terence) (Entered: 07/30/2021) |
| 07/30/2021 | 17 | ORDER granting 16 Letter Motion for Extension of Time. The joint request to extend the briefing schedule is granted. Plaintiffs-Appellees response shall be filed on or before September 24, 2021, and Defendants-Appellants reply shall be filed on or before October 22, 2021. SO ORDERED. Appellant Reply due by 10/22/2021. Appellee Response due by 9/24/2021. (Signed by Judge Cathy Seibel on 7/30/2021) (mml) (Entered: 08/02/2021) |
| 09/16/2021 | 18 | MOTION for Eric T. Werlinger to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number ANYSDC-25070834. **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by Windstream Holdings, Inc.. (Attachments: # 1 Affidavit Of Eric T. Werlinger In Support, # 2 Exhibit 1 - Certificates Of Good Standing, # 3 Proposed Order).(Werlinger, Eric) (Entered: 09/16/2021) |
| 09/16/2021 | | **>>>NOTICE REGARDING PRO HAC VICE MOTION. Regarding Document No. 18 MOTION for Eric T. Werlinger to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number ANYSDC-25070834. Motion and supporting papers to be reviewed by Clerk's Office staff.. The document has been reviewed and there are no deficiencies. (wb)** (Entered: 09/16/2021) |
| 09/16/2021 | 19 | ORDER granting 18 Motion for Eric T. Werlinger to Appear Pro Hac Vice (HEREBY ORDERED by Judge Cathy Seibel)(Text Only Order) (Seibel, Cathy) (Entered: 09/16/2021) |
| 09/22/2021 | 20 | LETTER addressed to Judge Cathy Seibel from Terence P. Ross dated 9/22/21 re: Plaintiffs'-Appellees' Rule 8012 Statement. Document filed by Windstream Holdings, Inc... (Ross, Terence) (Entered: 09/22/2021) |
| 09/22/2021 | 21 | MEMO ENDORSEMENT on re: 20 Letter filed by Windstream Holdings, Inc. ENDORSEMENT: Plaintiffs-Appellees' proposal is fine with the Court. SO ORDERED. (Signed by Judge Cathy Seibel on 9/22/2021) (mml) (Entered: 09/22/2021) |
| 09/24/2021 | 22 | NOTICE OF APPEARANCE by Timothy H. Gray on behalf of Windstream Holdings, Inc...(Gray, Timothy) (Entered: 09/24/2021) |

| | | |
|---|---|---|
| 09/24/2021 | 23 | NOTICE OF APPEARANCE by Robert Thomas Smith on behalf of Windstream Holdings, Inc...(Smith, Robert) (Entered: 09/24/2021) |
| 09/24/2021 | 24 | Appellee's BRIEF. Document filed by Windstream Holdings, Inc.. Appellant Reply Brief due by 10/8/2021. (Attachments: # 1 Exhibit A).(Ross, Terence) (Entered: 09/24/2021) |
| 10/22/2021 | 25 | Appellant's REPLY BRIEF. Document filed by Charter Communications Operating, LLC, Charter Communications, Inc...(Kirpalani, Susheel) (Entered: 10/22/2021) |
| 12/30/2021 | 26 | LETTER addressed to Judge Cathy Seibel from Susheel Kirpalani dated December 30, 2021 re: Notice of Supplemental Authority. Document filed by Charter Communications Operating, LLC, Charter Communications, Inc...(Kirpalani, Susheel) (Entered: 12/30/2021) |
| 01/06/2022 | 27 | LETTER addressed to Judge Cathy Seibel from Terence P. Ross dated 1/6/22 re: Response to Notice of Supplemental Authority. Document filed by Windstream Holdings, Inc... (Ross, Terence) (Entered: 01/06/2022) |
| 10/06/2022 | 28 | OPINION AND ORDER: For the foregoing reasons, the portion of the Bankruptcy Court's Judgment holding Charter in contempt for violation of the automatic stay based on Charter's advertisements and sanctioning it in the amount of $19,179,329.45 for that violation is VACATED. The Clerk of Court is respectfully directed to close the case. SO ORDERED. (Signed by Judge Cathy Seibel on 10/6/2022) (mml) Transmission to Orders and Judgments Clerk for processing. (Entered: 10/06/2022) |
| 11/03/2022 | 29 | NOTICE OF APPEAL from 28 Memorandum & Opinion,. Document filed by Windstream Holdings, Inc.. Filing fee $ 505.00, receipt number ANYSDC-26913534. Form C and Form D are due within 14 days to the Court of Appeals, Second Circuit..(Ross, Terence) (Entered: 11/03/2022) |
| 11/03/2022 | | Transmission of Notice of Appeal and Certified Copy of Docket Sheet to US Court of Appeals re: 29 Notice of Appeal. (tp) (Entered: 11/03/2022) |
| 11/03/2022 | | Appeal Record Sent to USCA (Electronic File). Certified Indexed record on Appeal — |

| Fill in this information to identify the case: |
| --- |
| United States Bankruptcy Court for the: |
| Southern District of New York |
| (State) |
| Case number *(if known)*: _____    Chapter ___11___ |

☐ Check if this is an
amended filing

<u>Official Form 201</u>

# Voluntary Petition for Non-Individuals Filing for Bankruptcy

**04/16**

If more space is needed, attach a separate sheet to this form.  On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

**1.   Debtor's Name**

**Windstream Holdings, Inc.**

**2.   All other names debtor used in the last 8 years**

Include any assumed names, trade names, and *doing business as* names

**N/A**

**None.**

**3.   Debtor's federal Employer Identification Number (EIN)**

**46-2847717**

**4.   Debtor's address**

**Principal place of business**

**4001 North Rodney Parham Road**
Number          Street

**Little Rock, Arkansas 72212**
City                         State          Zip Code

**Pulaski County**
County

**Mailing address, if different from principal place of business**

Number          Street

P.O. Box

City                         State     Zip Code

**Location of principal assets, if different from principal place of business**

Number          Street

City                         State     Zip Code

**5.   Debtor's website (URL)**

**https://www.windstream.com/**

**6.   Type of debtor**

☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding LLP)

☐ Other. Specify: _____

JA53

Debtor    **Windstream Holdings, Inc.**                                    Case number *(if known)* _____

     Name

---

**7.  Describe debtor's business**    A.  *Check One:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above

---

B.  *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

---

C.  NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See
   http://www.uscourts.gov/four-digit-national-association-naics-codes .
   **5172 - Wireless Telecommunications Carriers (except Satellite)**

---

**8.  Under which chapter of the Bankruptcy Code is the debtor filing?**    *Check One:*

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11.  *Check all that apply:*

☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,566,050 (amount subject to adjustment on 4/01/19 and every 3 years after that).

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).  If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☒ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934.  File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

---

**9.  Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

☒ No

☐ Yes.    District _____  When _____  Case number _____
                                MM/DD/YYYY

If more than 2 cases, attach a separate list.

            District _____  When _____  Case number _____
                                MM/DD/YYYY

---

**10.  Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

☐ No

☒ Yes.    Debtor    **See attached Schedule 1**              Relationship    **Affiliate**

List all cases.  If more than 1, attach a separate list.

            District    **Southern District of New York**

                                             When    **02/25/2019**
                                                     MM / DD / YYYY

            Case number, if known _____

---

JA54

Debtor    **Windstream Holdings, Inc.**_____    Case number *(if known)*_____
      Name

---

**11. Why is the case filed in *this* district?**

*Check all that apply:*

☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

---

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No

☐ Yes. Answer below for each property that needs immediate attention.  Attach additional sheets if needed.

    **Why does the property need immediate attention?** (*Check all that apply.*)

    ☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

       What is the hazard?_____

    ☐ It needs to be physically secured or protected from the weather.

    ☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

    ☐ Other_____

    **Where is the property?**

       _____
       Number     Street

       _____
       City         State   Zip Code

    **Is the property insured?**

    ☐ No

    ☐ Yes.  Insurance agency_____

            Contact name_____

            Phone_____

---

### Statistical and administrative information

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

---

**14. Estimated number of creditors (on a consolidated basis)**

☐ 1-49
☐ 50-99
☐ 100-199
☐ 200-999

☐ 1,000-5,000
☐ 5,001-10,000
☐ 10,001-25,000

☐ 25,001-50,000
☐ 50,001-100,000
☒ More than 100,000

---

**15. Estimated assets (on a consolidated basis)**

☐ $0-$50,000
☐ $50,001-$100,000
☐ $100,001-$500,000
☐ $500,001-$1 million

☐ $1,000,001-$10 million
☐ $10,000,001-$50 million
☐ $50,000,001-$100 million
☐ $100,000,001-$500 million

☐ $500,000,001-$1 billion
☐ $1,000,000,001-$10 billion
☒ $10,000,000,001-$50 billion
☐ More than $50 billion

---

JA55

Debtor    **Windstream Holdings, Inc.**                                    Case number *(if known)*  _____
      Name

---

**16. Estimated liabilities (on a consolidated basis)**

☐ $0–$50,000      ☐ $1,000,001–$10 million      ☐ $500,000,001–$1 billion
☐ $50,001–$100,000      ☐ $10,000,001–$50 million      ☐ $1,000,000,001–$10 billion
☐ $100,001–$500,000      ☐ $50,000,001–$100 million      ☒ $10,000,000,001–$50 billion
☐ $500,001–$1 million      ☐ $100,000,001–$500 million      ☐ More than $50 billion

---

**Request for Relief, Declaration, and Signatures**

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on     __02/25/2019__
                 MM/ DD / YYYY

✖   __/s/ Kristi M. Moody_____        **Kristi M. Moody**
      Signature of authorized representative of debtor       Printed name

Title   **Authorized Officer**

---

**18. Signature of attorney**

✖   __/s/ Stephen E. Hessler_____       Date   __02/25/2019__
      Signature of attorney for debtor               MM/ DD/YYYY

**Stephen E. Hessler**
Printed name

**Kirkland & Ellis LLP**
Firm name

**601 Lexington Avenue**
Number           Street

**New York**                       **New York**     **10022**
City                              State        ZIP Code

**(212) 446-4800**                   **stephen.hessler@kirkland.com**
Contact phone                           Email address

**4576856**                        **New York**
Bar number                       State

---

JA56

Official Form 201A (12/15)

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| WINDSTREAM HOLDINGS, INC., | ) Case No. 19-_____(____) |
| | ) |
| Debtor. | ) |
| | ) |

### Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11

1.    If any of the debtor's securities are registered under Section 12 of the Securities Exchange Act of 1934, the SEC file number is **001-32422**

2.    The following financial data is the latest available information and refers to the debtor's condition on **January 31, 2019**

(a)  Total assets                                                    $ **13,126,435,000**

(b)  Total debts (including debts listed in 2.c., below)    $ **11,199,070,000**

(c)  Debt securities held by more than 500 holders

Approximate number of holders:

| | | | | | |
|---|---|---|---|---|---|
| secured ☐ | unsecured ☐ | subordinated ☐ | $ _____ | _____ |
| secured ☐ | unsecured ☐ | subordinated ☐ | $ _____ | _____ |
| secured ☐ | unsecured ☐ | subordinated ☐ | $ _____ | _____ |
| secured ☐ | unsecured ☐ | subordinated ☐ | $ _____ | _____ |
| secured ☐ | unsecured ☐ | subordinated ☐ | $ _____ | _____ |

(d)  Number of shares of preferred stock                    **0**[1]

(e)  Number of shares of common stock                       **42,935,334**[2]

Comments, if any:    **Windstream Holdings, Inc. does not and cannot know the precise number of beneficial holders of any of the debt securities it has issued and does not believe that any such securities are held by more than 500 holders.**

3.    Brief description of debtor's business:
**The Debtors are a leading provider of advanced network communications and technology solutions for businesses across the United States.  The Debtors also offer broadband, entertainment and security solutions to consumers and small businesses primarily in rural areas in 18 states.  Additionally, the Debtors supply core transport solutions on a local and long-haul fiber network spanning approximately 150,000 miles.**

4.    List the names of any person who directly or indirectly owns, controls, or holds, with power to vote, 5% or more of the voting securities of debtor:
**BlackRock Institutional Trust Company, N.A. (8.00%); The Vanguard Group, Inc. (7.53%)**

---

[1]    6,666,667 shares authorized.

[2]    As of December 31, 2018.

JA57

**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

Southern District of New York
(State)

Case number *(if known)*: _____   Chapter   11

☐ Check if this is an amended filing

## Schedule 1
## Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

On the date hereof, each of the entities listed below (collectively, the "Debtors") filed a petition in the United States Bankruptcy Court for the Southern District of New York for relief under chapter 11 of title 11 of the United States Code. The Debtors have moved for joint administration of these cases under the case number assigned to the chapter 11 case of Windstream Holdings, Inc.

1. Windstream Holdings, Inc.
2. Windstream Business Holdings, LLC
3. Allworx Corp.
4. American Telephone Company, LLC
5. ARC Networks, Inc.
6. A.R.C. Networks, Inc.
7. ATX Communications, Inc.
8. ATX Licensing, Inc.
9. ATX Telecommunications Services of Virginia, LLC
10. Birmingham Data Link, LLC
11. BOB, LLC
12. Boston Retail Partners LLC
13. BridgeCom Holdings, Inc.
14. BridgeCom International, Inc.
15. BridgeCom Solutions Group, Inc.
16. Broadview Networks, Inc.
17. Broadview Networks of Massachusetts, Inc.
18. Broadview Networks of Virginia, Inc.
19. Broadview NP Acquisition Corp.
20. Buffalo Valley Management Services, Inc.
21. Business Telecom of Virginia, Inc.
22. Business Telecom, LLC
23. BV-BC Acquisition Corporation
24. Cavalier IP TV, LLC
25. Cavalier Services, LLC
26. Cavalier Telephone Mid-Atlantic, L.L.C.
27. Cavalier Telephone, L.L.C.
28. CCL Historical, Inc.
29. Choice One Communications of Connecticut Inc.
30. Choice One Communications of Maine Inc.
31. Choice One Communications of Massachusetts Inc.
32. Choice One Communications of New York Inc.
33. Choice One Communications of Ohio Inc.
34. Choice One Communications of Pennsylvania Inc.
35. Choice One Communications of Rhode Island Inc.
36. Choice One Communications Resale L.L.C.
37. Choice One Communications of Vermont Inc.
38. Choice One of New Hampshire, Inc.
39. Cinergy Communications Company of Virginia, LLC
40. Conestoga Enterprises, Inc.
41. Conestoga Management Services, Inc.
42. Conestoga Wireless Company
43. Connecticut Broadband, LLC
44. Connecticut Telephone & Communication Systems, Inc.
45. Conversent Communications Long Distance, LLC
46. Conversent Communications of Connecticut, LLC
47. Conversent Communications of Maine, LLC
48. Conversent Communications of Massachusetts, Inc.
49. Conversent Communications of New Hampshire, LLC
50. Conversent Communications of New Jersey, LLC
51. Conversent Communications of New York, LLC
52. Conversent Communications of Pennsylvania, LLC
53. Conversent Communications of Rhode Island, LLC
54. Conversent Communications of Vermont, LLC
55. Conversent Communications Resale L.L.C.
56. CoreComm-ATX, Inc.
57. CoreComm Communications, LLC
58. CTC Communications Corporation
59. CTC Communications of Virginia, Inc.
60. D&E Communications, LLC
61. D&E Management Services, Inc.
62. D&E Networks, Inc.
63. D&E Wireless, Inc.
64. Deltacom, LLC
65. Earthlink Business, LLC
66. Earthlink Carrier, LLC
67. Equity Leasing, Inc.
68. Eureka Broadband Corporation
69. Eureka Holdings, LLC
70. Eureka Networks, LLC
71. Eureka Telecom, Inc.
72. Eureka Telecom of VA, Inc.
73. Georgia Windstream, LLC
74. Heart of the Lakes Cable Systems, Inc.
75. Infocore, Inc.
76. Info-Highway International, Inc.
77. InfoHighway Communications Corporation
78. InfoHighway of Virginia, Inc.
79. Intellifiber Networks, LLC
80. Iowa Telecom Data Services, L.C.
81. Iowa Telecom Technologies, LLC
82. IWA Services, LLC
83. KDL Holdings, LLC
84. LDMI Telecommunications, LLC
85. Lightship Telecom, LLC
86. MassComm, LLC
87. McLeodUSA Information Services LLC
88. McLeodUSA Purchasing, LLC
89. McLeodUSA Telecommunications Services, L.L.C.
90. MPX, Inc.
91. Nashville Data Link, LLC
92. Network Telephone, LLC
93. Norlight Telecommunications of Virginia, LLC
94. Oklahoma Windstream, LLC
95. Open Support Systems, LLC
96. PaeTec Communications of Virginia, LLC
97. PaeTec Communications, LLC
98. PAETEC Holding, LLC
99. PAETEC iTEL, L.L.C.
100. PAETEC Realty LLC
101. PAETEC, LLC
102. PCS Licenses, Inc.
103. Progress Place Realty Holding Company, LLC
104. RevChain Solutions, LLC
105. SM Holdings, LLC
106. Southwest Enhanced Network Services, LLC
107. Talk America of Virginia, LLC
108. Talk America, LLC
109. Teleview, LLC
110. Texas Windstream, LLC
111. The Other Phone Company, LLC
112. TriNet, LLC
113. TruCom Corporation
114. US LEC Communications LLC
115. US LEC of Alabama LLC
116. US LEC of Florida LLC
117. US LEC of Georgia LLC
118. US LEC of Maryland LLC
119. US LEC of North Carolina LLC
120. US LEC of Pennsylvania LLC
121. US LEC of South Carolina LLC
122. US LEC of Tennessee LLC
123. US LEC of Virginia LLC
124. US Xchange Inc.
125. US Xchange of Illinois, L.L.C.
126. US Xchange of Indiana, L.L.C.

JA58

127. US Xchange of Michigan, L.L.C.
128. US Xchange of Wisconsin, L.L.C.
129. Valor Telecommunications of Texas, LLC
130. WaveTel NC License Corporation
131. WIN Sales & Leasing, Inc.
132. Windstream Accucomm Networks, LLC
133. Windstream Accucomm Telecommunications, LLC
134. Windstream Alabama, LLC
135. Windstream Arkansas, LLC
136. Windstream Buffalo Valley, Inc.
137. Windstream BV Holdings, LLC
138. Windstream Cavalier, LLC
139. Windstream Communications Kerrville, LLC
140. Windstream Communications Telecom, LLC
141. Windstream Communications, LLC
142. Windstream Concord Telephone, LLC
143. Windstream Conestoga, Inc.
144. Windstream CTC Internet Services, Inc.
145. Windstream D&E Systems, LLC
146. Windstream D&E, Inc.
147. Windstream Direct, LLC
148. Windstream Eagle Holdings LLC
149. Windstream Eagle Services, LLC
150. Windstream EN-TEL, LLC
151. Windstream Finance Corp
152. Windstream Florida, LLC

153. Windstream Georgia Communications, LLC
154. Windstream Georgia Telephone, LLC
155. Windstream Georgia, LLC
156. Windstream Holding of the Midwest, Inc.
157. Windstream Iowa Communications, LLC
158. Windstream Iowa-Comm, LLC
159. Windstream IT-Comm, LLC
160. Windstream KDL, LLC
161. Windstream KDL-VA, LLC
162. Windstream Kentucky East, LLC
163. Windstream Kentucky West, LLC
164. Windstream Kerrville Long Distance, LLC
165. Windstream Lakedale Link, Inc.
166. Windstream Lakedale, Inc.
167. Windstream Leasing, LLC
168. Windstream Lexcom Communications, LLC
169. Windstream Lexcom Entertainment, LLC
170. Windstream Lexcom Long Distance, LLC
171. Windstream Lexcom Wireless, LLC
172. Windstream Mississippi, LLC
173. Windstream Missouri, LLC
174. Windstream Montezuma, LLC
175. Windstream Nebraska, Inc.
176. Windstream Network Services of the Midwest, Inc.
177. Windstream New York, Inc.
178. Windstream Norlight, LLC

179. Windstream North Carolina, LLC
180. Windstream NorthStar, LLC
181. Windstream NTI, LLC
182. Windstream NuVox Arkansas, LLC
183. Windstream NuVox Illinois, LLC
184. Windstream NuVox Indiana, LLC
185. Windstream NuVox Kansas, LLC
186. Windstream NuVox Missouri, LLC
187. Windstream NuVox Ohio, LLC
188. Windstream NuVox Oklahoma, LLC
189. Windstream NuVox, LLC
190. Windstream of the Midwest, Inc.
191. Windstream Ohio, LLC
192. Windstream Oklahoma, LLC
193. Windstream Pennsylvania, LLC
194. Windstream Services, LLC
195. Windstream SHAL Networks, Inc.
196. Windstream SHAL, LLC
197. Windstream Shared Services, LLC
198. Windstream South Carolina, LLC
199. Windstream Southwest Long Distance, LLC
200. Windstream Standard, LLC
201. Windstream Sugar Land, LLC
202. Windstream Supply, LLC
203. Windstream Systems of the Midwest, Inc.
204. Windstream Western Reserve, LLC
205. Xeta Technologies, Inc.

JA59

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| WINDSTREAM HOLDINGS, INC., | ) | Case No. 19-_____(___) |
| | ) | |
| Debtor. | ) | |
| | ) | |

### LIST OF EQUITY SECURITY HOLDERS[3]

| Debtor | Equity Holders | Address of Equity Holder | Percentage of Equity Held |
|---|---|---|---|
| Windstream Holdings, Inc. | BlackRock Institutional Trust Company, N.A. | 400 Howard Street San Francisco, CA 94105 | 8.00% |
| | The Vanguard Group, Inc. | 100 Vanguard Boulevard V26 Malvern, PA 19355 | 7.53% |
| | CQS Cayman LP | 53 Market St Gardenia Court Camana Bay, Grand Cayman KY1-1104 | 4.63% |
| | Elliott Management Corporation | 40 West 57th Street New York, NY 10019 | 4.31% |
| | Brigade Capital Management, LP | 399 Park Avenue Suite 1600 New York, NY 10022 | 4.01% |
| | Renaissance Technologies LLC | 800 Third Avenue New York, NY 10022 | 3.78% |
| | PointState Capital LP | 40 West 57th Street 25th Floor New York, NY 10019 | 3.03% |
| | JP Morgan Asset Management | 245 Park Avenue New York, NY 10167 | 2.70% |
| | BlueMountain Capital Management, LLC | 280 Park Avenue 12th Floor New York, NY 10017 | 2.32% |
| | Citadel LLC | 131 South Dearborn Street Chicago, IL 60603 | 2.31% |
| | Charles Schwab Investment Management, Inc. | 211 Main Street San Francisco, CA 94105 | 2.20% |
| | State Street Global Advisors (US) | 1 Iron Street Boston, MA 02210-1641 | 2.20% |
| | Invesco Capital Management LLC | 3500 Lacey Road Suite 700 Downers Grove, IL 60515 | 1.37% |
| | Spark Investment Management LLC | 150 East 58th Street 26th Floor New York, NY 10155-0002 | 1.17% |
| | Northern Trust Investments, Inc. | 50 South La Salle Street Chicago, IL 60603 | 1.10% |

---

[3]    This list serves as the disclosure required to be made by the debtor pursuant to rule 1007 of the Federal Rules of Bankruptcy Procedure.  All equity positions listed are as of February 15, 2019.  By the *Debtors' Motion for Entry of an Order (I) Extending Time to File Schedules of Assets and Liabilities, Schedules of Current Income and Expenditures, Schedules of Executory Contracts and Unexpired Leases, Statements of Financial Affairs, and Rule 2015.3 Financial Reports, and (II) Waiving Requirements to File Lists of Equity Holders* filed contemporaneously herewith, the debtor is requesting a waiver of the requirement under rule 1007 to file a list of all of its equity security holders.

JA60

| Debtor | Equity Holders | Address of Equity Holder | Percentage of Equity Held |
|---|---|---|---|
| Windstream Holdings, Inc. | Bank of America Merrill Lynch (US) | 100 North Tryon Street Charlotte, NC 28255 | 0.95% |
| | Geode Capital Management, L.L.C. | One Post Office Square, 20th Floor Boston, MA 02109-2804 | 0.94% |
| | Millennium Management LLC | 666 Fifth Avenue, 8th Floor New York, NY 10103 | 0.81% |
| | Goldman Sachs & Company, Inc. | 200 West Street, 29th Floor New York, NY 10282 | 0.73% |
| | California Public Employees' Retirement System | Lincoln Plaza East 400 Q Street Room 1820 Sacramento, CA 95811 | 0.71% |
| | Parametric Portfolio Associates LLC | 1918 Eighth Avenue Suite 3100 Seattle, WA 98101 | 0.64% |
| | Barclays Capital Inc. | 745 7th Avenue New York, NY 10019 | 0.59% |
| | American Century Investment Management, Inc. | 4500 Main Street Kansas City, MO 64111-7709 | 0.40% |
| | Wells Fargo Securities, LLC | 550 South Tryon Street 6th Floor D1086-060 Charlotte, NC 28202 | 0.37% |
| | CTC myCFO, LLC | 2200 Geng Road Suite 100 Palo Alto, CA 94303 | 0.35% |
| | Alpine Global Management, LLC | 140 Broadway 38th Floor New York, NY 10005 | 0.35% |
| | BlackRock Investment Management, LLC | 1 University Square Drive Princeton, NJ 08540-6455 | 0.32% |
| | Credit Suisse Securities (USA) LLC | 11 Madison Avenue 24th Floor New York, NY 10010 | 0.31% |
| | Susquehanna International Group, LLP | 401 City Avenue Bala Cynwyd, PA 19004 | 0.29% |
| | Two Sigma Investments, LP | 100 Avenue of the Americas 16th Floor New York, NY 10013 | 0.28% |
| | BNY Mellon Asset Management | BNY Mellon Center 201 Washington Street Boston, MA 02108 | 0.28% |
| | PanAgora Asset Management Inc. | One International Place 24th Floor Boston, MA 02110 | 0.27% |
| | California State Teachers Retirement System | 100 Waterfront Place West Sacramento, CA 95605 | 0.25% |
| | KBC Group NV | Havenlaan 2 Brussels,  1080 Belgium | 0.22% |
| | BlackRock Financial Management, Inc. | 40 East 52nd Street New York, NY 10022 | 0.22% |
| | SG Americas Securities, L.L.C. | 245 Park Avenue New York, NY 10167 | 0.21% |
| | Norges Bank Investment Management (NBIM) | Bankplassen 2 P.O. Box 1179 Sentrum Oslo,  NO-0107 Norway | 0.21% |

JA61

| Debtor | Equity Holders | Address of Equity Holder | Percentage of Equity Held |
|---|---|---|---|
| | Bardin Hill Investment Partners LP | 477 Madison Avenue 8th Floor New York, NY 10022 | 0.20% |
| | PDT Partners, LLC | 1745 Broadway 25th Floor New York, NY 10019 | 0.20% |
| | UBS Securities LLC | 1285 Avenue of the Americas New York, NY 10019 | 0.20% |
| | Bridgeway Capital Management, Inc. | 20 Greenway Plaza Suite 450 Houston, TX 77046 | 0.19% |
| | Northern Trust Global Investments | 50 Bank Street Canary Wharf London,  E145NT United Kingdom | 0.18% |
| | Gabelli Funds, LLC | One Corporate Center Rye, NY 10580-1422 | 0.18% |
| | Arrowstreet Capital, Limited Partnership | 200 Clarendon Street 30th Floor Boston, MA 02116 | 0.18% |
| | Victory Capital Management Inc. | 4900 Tiedeman Road 4th Floor Brooklyn, OH 44144-1226 | 0.17% |
| | AQR Capital Management, LLC | Two Greenwich Plaza 3rd Floor Greenwich, CT 06830 | 0.17% |
| | Rhumbline Advisers Ltd. Partnership | 265 Franklin Street 21st Floor Boston, MA 02110 | 0.15% |
| | AllianceBernstein L.P. | 1345 Avenue of the Americas New York, NY 10105 | 0.15% |
| | Jefferies LLC | 520 Madison Avenue 10th Floor New York, NY 10022 | 0.14% |
| | Deutsche Asset Management Americas | 345 Park Avenue New York, NY 10154 | 0.14% |
| | Mellon Investments Corporation | One Boston Place 201 Washington Street Boston, MA 02108-4408 | 0.14% |
| | J.P. Morgan Securities LLC | 277 Park Avenue New York, NY 10172 | 0.13% |
| | JPMorgan Private Bank (United States) | 270 Park Avenue New York, NY 10017 | 0.13% |
| | Raymond James & Associates, Inc. | 880 Carillon Parkway St. Petersburg, FL 33716 | 0.11% |
| | Group One Trading, L.P. | 425 S Financial Place Suite 3232 Chicago, IL 60605 | 0.10% |
| Windstream Holdings, Inc. | NNIP Advisors B.V. | Schenkkade 65 The Hague, AS 2595 Netherlands | 0.09% |
| | Wells Fargo Bank, N.A. | 420 Montgomery Street San Francisco, CA 94104 | 0.09% |
| | T. Rowe Price Associates, Inc. | 100 East Pratt Street Baltimore, MD 21202 | 0.09% |
| | New York State Common Retirement Fund | 110 State Street Albany, NY 12236 | 0.09% |
| | Nuveen LLC | 730 Third Ave New York, NY 10017 | 0.08% |

JA62

| Debtor | Equity Holders | Address of Equity Holder | Percentage of Equity Held |
|--------|----------------|--------------------------|---------------------------|
|  | Florida State Board of Administration | 1801 Hermitage Blvd. Suite 100 Tallahassee, FL 32308 | 0.07% |
|  | PIMCO (US) | 650 Newport Center Drive Newport Beach, CA 92660 | 0.07% |
|  | Citi Investment Research (US) | 388 Greenwich Street New York, NY 10013 | 0.06% |
|  | Wells Capital Management Inc. | 525 Market Street 10th Floor San Francisco, CA 94105 | 0.06% |
|  | Acadian Asset Management LLC | 260 Franklin Street Boston, MA 02110 | 0.06% |
|  | SunAmerica Asset Management, LLC | Harborside 5 185 Hudson St Suite 3300 Jersey City, NJ 07311 | 0.06% |
|  | Morgan Stanley Wealth Management | 601 Union Street Suite 5200 Seattle, WA 98101 | 0.06% |
|  | Commonwealth Bank of Australia | Ground Floor Tower 1 201 Sussex Street Sydney, NSW 2000 Australia | 0.06% |
|  | Analytic Investors, LLC | 525 Market Street 10th Floor San Francisco, CA 94105 | 0.06% |
|  | HBK Investments, L.P. | 2300 North Field Street Suite 2200 Dallas, TX 75201 | 0.06% |
|  | Simplex Trading, LLC | 230 S. LaSalle St No 4 Chicago, IL 60604 | 0.05% |
|  | Isthmus Partners, LLC | One South Pickney St Suite 818 Madison, WI 53703 | 0.04% |
|  | Teton Advisors, Inc. | One Corporate Center 401 Theodore Fremd Avenue Rye, NY 10580 | 0.04% |
|  | Commonwealth Financial Network | 29 Sawyer Road Waltham, MA 02453-3483 | 0.04% |
|  | Public Employees' Retirement Association of CO | 1301 Pennsylvania St Denver, CO 80203 | 0.04% |
|  | Wolverine Trading, LLC | 175 W. Jackson Blvd Suite 200 Chicago, IL 60604 | 0.04% |
|  | D. E. Shaw & Co., L.P. | 1166 Avenue of the Americas 9th Floor New York, NY 10036 | 0.04% |
|  | Cavalier Investments, LLC | 2050 Marconi Drive Suite 300 Alpharetta, GA 30005 | 0.04% |
|  | Advisors Asset Management, Inc. | 18925 Base Camp Road Suite 203 Monument, CO 80132 | 0.04% |
|  | Voya Investment Management LLC | 230 Park Avenue New York, NY 10169 | 0.04% |

JA63

| Debtor | Equity Holders | Address of Equity Holder | Percentage of Equity Held |
|---|---|---|---|
| Windstream Holdings, Inc. | Friess Associates LLC | 3711 Kennett Pike<br>Suite 205<br>Greenville, DE 19807 | 0.03% |
| | Spot Trading LLC_NLE | 440 South LaSalle Street<br>Suite 2800<br>Chicago, IL 60605 | 0.03% |
| | BlackRock Advisors (UK) Limited | 12 Throgmorton Avenue<br>Draper Gardens<br>London,  EC2N 2DL<br>United Kingdom | 0.03% |
| | Zacks Investment Management, Inc. | 227 W. Monroe<br>Suite 4350<br>Chicago, IL 60606 | 0.03% |
| | JPMorgan Asset Management (Japan) Limited | Tokyo Building<br>7-3 Marunouchi 2- Chome<br>Chiyoda-Ku,  100-6432<br>Japan | 0.03% |
| | Manulife Asset Management Limited | 200 Blur Street East<br>North Tower, 6th Fl<br>Toronto, ON M4W 1E5<br>Canada | 0.03% |
| | Deutsche Asset Management (UK) Limited | One Appold Street<br>London,  EC2A 2UU<br>United Kingdom | 0.03% |
| | Stone Ridge Asset Management LLC | 510 Madison Ave<br>21st Floor<br>New York City, NY 10022 | 0.03% |
| | First Republic Investment Management, Inc. | 111 Pine Street<br>San Francisco, CA 94111 | 0.03% |
| | RBC Capital Markets Wealth Management | 60 S 6th St<br>Minneapolis, MN 55402 | 0.03% |
| | Virtu Americas LLC | 300 Vesey Street<br>New York, NY 10282 | 0.03% |
| | Raymond James Financial Services Advisors, Inc. | 880 Carillon Parkway<br>St. Petersburg, FL 33716 | 0.03% |
| | World Asset Management, Inc. | 411 W. Lafeyette Blvd<br>MC 3379<br>Detroit, MI 48226 | 0.02% |
| | Regions Investment Management, Inc. | 1901 6th Avenue North<br>4th Floor<br>Birmingham, AL 35203 | 0.02% |
| | TFS Capital LLC | 10 N High St<br>5th Floor<br>West Chester, PA 19380 | 0.02% |
| | Marshall Wace LLP | George House<br>131 Sloane St<br>London,  SW1X 9AT<br>United Kingdom | 0.02% |
| | Tower Research Capital LLC | 377 Broadway<br>11th Floor<br>New York, NY 10013 | 0.02% |
| | Quantamental Technologies LLC | 50 Main St<br>Suite 501<br>White Plains, NY 10606 | 0.01% |
| | USAA Investment Management Company | 9800 Fredericksburg Road<br>San Antonio, TX 78288-0227 | 0.01% |
| | Wells Fargo Advisors | 1021 East Cary Street<br>James Center II, 22nd Floor<br>Richmond, VA 23219 | 0.01% |

JA64

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| WINDSTREAM HOLDINGS, INC., | ) Case No. 19-_____(___) |
| | ) |
| Debtor. | ) |
| | ) |

## CORPORATE OWNERSHIP STATEMENT

Pursuant to rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following are corporations, other than a government unit, that directly or indirectly own 10% or more of any class of the debtor's equity interest:

| Shareholder | Approximate Percentage of Shares Held |
|---|---|
| N/A | N/A |

**Fill in this information to identify the case:**

Debtor name _____Windstream Holdings, Inc., *et al.*_____

United States Bankruptcy Court for the:    _____Southern District of New York_____

Case number *(If known):* _____    (State)

Check if this is an
amended filing

## Official Form 204

## Chapter 11 or Chapter 9 Cases:  List of Creditors Who Have the 50 Largest Unsecured Claims and Are Not Insiders                                                12/15

A list of creditors holding the 50 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case.  Include claims which the debtor disputes.  Do not include claims by any person or entity who is an *insider*, as defined in 11 U.S.C. § 101(31).  Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 50 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim | | |
|---|---|---|---|---|---|---|---|
| | | | | | If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff [1] | Unsecured Claim |
| 1 | U.S. BANK NATIONAL ASSOCIATION TWO MIDTOWN PLAZA 1349 WEST PEACHTREE STREET SUITE 1050 ATLANTA, GEORGIA 30309 | ATTN:  GLOBAL CORPORATE TRUST SERVICES TELEPHONE:  (404) 898-8830 FACSIMILE:  (404) 898-8844 EMAIL:  N/A | BOND DEBT | | | | $806,900,000.00 |
| 2 | U.S. BANK NATIONAL ASSOCIATION TWO MIDTOWN PLAZA 1349 WEST PEACHTREE STREET SUITE 1050 ATLANTA, GEORGIA 30309 | ATTN:  GLOBAL CORPORATE TRUST SERVICES TELEPHONE:  (404) 898-8830 FACSIMILE:  (404) 898-8844 EMAIL:  N/A | BOND DEBT | | | | $105,800,000.00 |
| 3 | U.S. BANK NATIONAL ASSOCIATION TWO MIDTOWN PLAZA 1349 WEST PEACHTREE STREET SUITE 1050 ATLANTA, GEORGIA 30309 | ATTN:  GLOBAL CORPORATE TRUST SERVICES TELEPHONE:  (404) 898-8830 FACSIMILE:  (404) 898-8844 EMAIL:  N/A | BOND DEBT | | | | $78,100,000.00 |
| 4 | U.S. BANK NATIONAL ASSOCIATION TWO MIDTOWN PLAZA 1349 WEST PEACHTREE STREET SUITE 1050 ATLANTA, GEORGIA 30309 | ATTN:  GLOBAL CORPORATE TRUST SERVICES TELEPHONE:  (404) 898-8830 FACSIMILE:  (404) 898-8844 EMAIL:  N/A | BOND DEBT | | | | $70,100,000.00 |
| 5 | AT&T 208 SOUTH AKARD STREET DALLAS, TX 75202 | ATTN: GENERAL COUNSEL TELEPHONE: 210-821-4105 FAX: 210-351-2198 EMAIL: DAVID.MCATEE@ATT.COM; WW0118@ATT.COM | TRADE | | | | $49,551,947.00 |

[1] The Debtors reserve the right to assert setoff and other rights with respect to any of the claims listed herein.

JA66

| | Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim | | |
|---|---|---|---|---|---|---|---|
| | | | | | If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff [1] | Unsecured Claim |
| 6 | U.S. BANK NATIONAL ASSOCIATION TWO MIDTOWN PLAZA 1349 WEST PEACHTREE STREET SUITE 1050 ATLANTA, GEORGIA 30309 | ATTN:  GLOBAL CORPORATE TRUST SERVICES TELEPHONE:  (404) 898-8830 FACSIMILE:  (404) 898-8844 EMAIL:  N/A | BOND DEBT | | | | $36,200,000.00 |
| 7 | U.S. BANK NATIONAL ASSOCIATION TWO MIDTOWN PLAZA 1349 WEST PEACHTREE STREET SUITE 1050 ATLANTA, GEORGIA 30309 | ATTN:  GLOBAL CORPORATE TRUST SERVICES TELEPHONE:  (404) 898-8830 FACSIMILE:  (404) 898-8844 EMAIL:  N/A | BOND DEBT | | | | $34,400,000.00 |
| 8 | VERIZON 1095 AVENUE OF THE AMERICAS NEW YORK, NY 10036 | ATTN: GENERAL COUNSEL TELEPHONE: 212-395-1000 FAX: 212-517-1897 EMAIL: CRAIG.SILLIMAN@VERIZON.COM | TRADE | | | | $34,054,820.00 |
| 9 | AT&T PRO CABS 208 SOUTH AKARD STREET DALLAS, TX 75202 | ATTN: GENERAL COUNSEL TELEPHONE: 210-821-4105 FAX: 210-351-2198 EMAIL: DAVID.MCATEE@ATT.COM; WW0118@ATT.COM | TRADE | | | | $8,802,645 .00 |
| 10 | GLOBE COMMUNICATIONS INC. 950 48TH AVE NORTH SUITE 100 MYRTLE BEACH, SC 29577 | ATTN: DIRECTOR OR OFFICER TELEPHONE: 843- 839-5544 FAX: 843-839-5545 EMAIL: RUSTYLUNDY@GLOBEINC.COM | TRADE | | | | $8,368,733.00 |
| 11 | BELLSOUTH PRO CABS 600 N POINT PKWY ALPHARETTA, GA 30005 | ATTN: ROC-CABS TELEPHONE: 555-555-5555; 404-249-2000 FAX: 404-249-2071 EMAIL: RT2547@ATT.COM | TRADE | | | | $7,467,897.00 |
| 12 | CENTURYLINK 100 CENTURYLINK DRIVE MONROE, LA 71203 | ATTN: GENERAL COUNSEL TELEPHONE: 318-388-9000 FAX: 318-388-9064 EMAIL: STACEY.GOFF@CENTURYLINK.COM | TRADE | | | | $7,028,123.00 |
| 13 | FRONTIER 401 MERRITT 7 NORWALK, CT 06851 | ATTN: GENERAL COUNSEL TELEPHONE: 203-614-5600 FAX: 203-614-4651 EMAIL: MARK.NIELSEN@FTR.COM | TRADE | | | | $6,892,743.00 |
| 14 | LEC SERVICES INC. 138 VAN CAMP BLVD LOS LUNAS, NM 87031 | ATTN: DIRECTOR OR OFFICER TELEPHONE: 505-301-3404 FAX: N/A EMAIL: DSCROSSLEY@ISP.COM | TRADE | | | | $6,582,326.00 |
| 15 | INFINERA 140 CASPIAN COURT SUNNYVALE, CA 94089 | ATTN: DIRECTOR OR OFFICER TELEPHONE: 408-572-5200 FAX: 408-572-5454 EMAIL: DHEARD@INFINERA.COM | TRADE | | | | $6,081,389.00 |
| 16 | TRIPLE D COMMUNICATIONS 3006 PARK CENTRAL AVENUE NICHOLASVILLE, KY 40356 | ATTN: DANNY WHITE TELEPHONE: 859-887-4683 FAX: 859-885-9824 EMAIL: DWHITE@TRIPLEDLLC.COM | TRADE | | | | $5,928,006.00 |

JA67

| | Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| --- | --- | --- | --- | --- | --- | --- | --- |
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff [1] | Unsecured Claim |
| 17 | VELOCLOUD NETWORKS INC. 3429 HILLVIEW AVE PALO ALTO, CA 94304 | ATTN: VMWARE HILLTOP TELEPHONE: 650-209-4180 FAX: 650-475-5001 EMAIL: AOLLI@VMWARE.COM; CONTACT@VELOCLOUD.COM | TRADE | | | | $5,598,590.00 |
| 18 | ELEMENT - FKA PHH 655 BUSINESS CENTER DRIVE SUITE 250 HORSHAM, PA 19044 | ATTN: DIRECTOR OR OFFICER TELEPHONE: 267-960-4000 FAX: 267-960-4001 EMAIL: N/A | TRADE | | | | $5,435,197.00 |
| 19 | TRAWICK CONSTRUCTION CO 1555 SOUTH BOULEVARD CHIPLEY, FL 32428-1626 | ATTN: DIRECTOR OR OFFICER TELEPHONE: 850-638-0429 FAX: 850-638-8373 EMAIL: DOUG.TRAWICK@TRAWICKCONSTRUCTION.COM | TRADE | | | | $5,418,813.00 |
| 20 | ADTRAN 901 EXPLORER BOULEVARD HUNSTVILLE, AL 35806 | ATTN: DIRECTOR OR OFFICER TELEPHONE: 256-963-8000 FAX: 256-963-6300 EMAIL: KEITH.KALMAN@ADTRAN.COM | TRADE | | | | $5,279,202.00 |
| 21 | LEVEL 3 COMMUNICATIONS, LLC GENERAL COUNSEL BROOMFIELD, CO 80021 | ATTN: C/O CENTURYLINK TELEPHONE: 720-888-2750 FAX: 720-888-5422 EMAIL: STACEY.GOFF@CENTURYLINK.COM | TRADE | | | | $5,211,613.00 |
| 22 | LIGHTOWER FIBER NETWORKS 80 CENTRAL STREET BOXBOROUGH, MA 01719 | ATTN: DIRECTOR OR OFFICER TELEPHONE: 978-264-6000 FAX: 978-264-6100 EMAIL: ESANDMAN@LIGHTOWER.COM | TRADE | | | | $4,721,163.00 |
| 23 | MICROSOFT ONE MICROSOFT WAY REDMOND, WA 98052 | ATTN: DIRECTOR OR OFFICER TELEPHONE: 425-882-8080 FAX: 425-706-7329 EMAIL: BUSCOND@MICROSOFT.COM | TRADE | | | | $4,519,318.00 |
| 24 | QWEST CORP GENERAL COUNSEL MONROE, LA 71203 | ATTN: C/O CENTURYLINK TELEPHONE: 318-388-9000 FAX: 318-388-9064 EMAIL: STACEY.GOFF@CENTURYLINK.COM | TRADE | | | | $4,484,967.00 |
| 25 | GENERAL DATATECH LP 999 METROMEDIA PLACE DALLAS, TX 75247 | ATTN: DIRECTOR OR OFFICER TELEPHONE: 214-857-6165; 214-857-6100 FAX: 214-857-6500 EMAIL: EBLATARIC@GDT.COM | TRADE | | | | $4,118,389.00 |
| 26 | FORSYTHE SOLUTIONS GROUP INC. 7770 FRONTAGE ROAD SKOKIE, IL 60077 | ATTN: DIRECTOR OR OFFICER TELEPHONE: 847-213-7000 FAX: 847-675-8017 EMAIL: THOFFMAN@FORSYTHE.COM | TRADE | | | | $3,855,195.00 |
| 27 | ACTIONTEC ELECTRONICS 3301 OLCOTT ST SANTA CLARA, CA 95054 | ATTN: TONG KHUC, VP TELEPHONE: 408-548-4762 FAX: 408-541-9003 EMAIL: TKHUC@ACTIONTEC.COM | TRADE | | | | $3,757,838.00 |

JA68

| | Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim | | |
|---|---|---|---|---|---|---|---|
| | | | | | If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff [1] | Unsecured Claim |
| 28 | TIME WARNER CABLE 400 ATLANTIC STREET, CT, ROOM 407 STAMFORD, CT 06901 | ATTN: LEGAL DEPARTMENT TELEPHONE: 203-428-0281 FAX: 212-364-8460 EMAIL: SERENA.PARKER@CHARTER.COM | TRADE | | | | $3,591,108.00 |
| 29 | EXCLUSIVE NETWORKS USA 2075 ZANKER ROAD SAN JOSE, CA 95131 | ATTN: FRED SILVERMAN TELEPHONE: 954-782-6056 FAX: 408-943-9198 EMAIL: FSILVERMAN@EXCLUSIVE-NETWORKS.COM | TRADE | | | | $3,466,808.00 |
| 30 | T3 WIRELESS INC 220 W MAIN STREET COUNCIL GROVE, KS 66846 | ATTN: CHRIS CROWE, PRESIDENT TELEPHONE: 214-228-0930; 620-767-7193 FAX: 661-458-2329 EMAIL: INFO@T3WIRELESS.NET | TRADE | | | | $3,459,329.00 |
| 31 | ZAYO 1821 30TH STREET UNIT A BOULDER, CO 80301 | ATTN: DIRECTOR OR OFFICER TELEPHONE:  303-381-4683 FAX:  N/A EMAIL: BRAD.KORCH@ZAYO.COM; SHIRA.COOKS@ZAYO.COM | TRADE | | | | $3,219,650.00 |
| 32 | EQUINIX INC. 4252 SOLUTIONS CENTER CHICAGO, IL 60677-4002 | ATTN: DIRECTOR OR OFFICER TELEPHONE: 650-598-6000 FAX: 650-598-6900 EMAIL: COLLECTIONS@EQUINIX.COM | TRADE | | | | $2,997,406.00 |
| 33 | CIENA CORP 7035 RIDGE ROAD HANOVER, MD 21076 | ATTN: DIRECTOR OR OFFICER TELEPHONE: 410-694-5700 FAX: 410-694-5750 EMAIL: N/A | TRADE | | | | $2,952,217.00 |
| 34 | CBRE INC. 400 S HOPE STREET LOS ANGELES, CA 90071 | ATTN: DIRECTOR OR OFFICER TELEPHONE: 213-613-3333 FAX: 216-613-3005 EMAIL: CORPCOMM@CBRE.COM; LEW.HORNE@CBRE.COM | TRADE | | | | $2,885,755.00 |
| 35 | BELLSOUTH 600 N POINT PKWY ALPHARETTA, GA 30005 | ATTN: ROC-CABS TELEPHONE: 404-249-2000 FAX: 404-249-2071 EMAIL: RT2547@ATT.COM | TRADE | | | | $2,596,089.00 |
| 36 | MP NEXLEVEL LLC 500 COUNTY RD 37 E MAPLE LAKE, MN 55358 | ATTN: DIRECTOR OR OFFICER TELEPHONE: 320-963-2410; 320-963-2400 FAX: 320-963-2438 EMAIL: N/A | TRADE | | | | $2,430,702.00 |
| 37 | ENSONO LP 3333 FINLEY ROAD DOWNERS GROVE, IL 60515 | ATTN: DIRECTOR OR OFFICER TELEPHONE: 630-944-9337 FAX:  630-944-1432 EMAIL: JUDY.RASMUSSEN@ENSONO.COM; RICHARD.DRESDEN@ENSONO.COM | TRADE | | | | $2,161,902.00 |
| 38 | FIBERTECH NETWORKS LLC 300 MERIDAN CENTRE ROCHESTER, NY 14618 | ATTN: ACCOUNTS RECEIVABLE TELEPHONE: 585-697-5100 FAX: 585-442-8845 EMAIL: BDANGLER@FIBERTECH.COM | TRADE | | | | $2,133,547.00 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim | | |
|---|---|---|---|---|---|---|---|
| | | | | | If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially unsecured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff [1] | Unsecured Claim |
| 39 | METASWITCH NETWORKS 12007 SUNRISE VALLEY DR. STE 250 RESTON, VA 20191 | ATTN: LEGAL DEPARTMENT TELEPHONE: 703-480-0500 FAX: 703-480-0499 EMAIL: N/A | TRADE | | | | $2,118,722.00 |
| 40 | CONDUENT COMMERCIAL SOLUTIONS LLC 100 CAMPUS DRIVE FLORHAM PARK, NJ 07932 | ATTN: DIRECTOR OR OFFICER TELEPHONE: 844-663-2638 FAX:  N/A EMAIL: N/A | TRADE | | | | $2,083,394.00 |
| 41 | PRODAPT 7565 SW MOHAWK STREET BUILDING M TUALATIN, OR 97062 | ATTN: HEADQUARTERS TELEPHONE: 503-636-3737 FAX: 503-885-0850 EMAIL: N/A | TRADE | | | | $2,016,429.00 |
| 42 | OUTPUT SERVICES GROUP BILLING SERVICES 100 CHALLENGER ROAD SUITE 303 RIDGEFIELD PARK, NJ 07660 | ATTN: DIRECTOR OR OFFICER TELEPHONE: 201-871-1100 FAX: 201-871-3350 EMAIL: INFO@OSGBILLING.COM | TRADE | | | | $1,980,488.00 |
| 43 | FAST TRACK CONSTRUCTION 1919 SW LOOP 304 CROCKETT, TX 75835 | ATTN: DIRECTOR OR OFFICER TELEPHONE: 936-545-1506 FAX: 936-545-1598 EMAIL: CAROLYN@FASTTRACKTEXAS.COM | TRADE | | | | $1,804,801.00 |
| 44 | COMCAST COMCAST CENTER PHILADELPHIA, PA 19103 | ATTN: COMCAST CORPORATION TELEPHONE: FAX: 215-981-7790 EMAIL: N/A | TRADE | | | | $1,786,797.00 |
| 45 | HOUSLEY COMMUNICATIONS INC. 3550 SOUTH BRYANT BOULEVARD SAN ANGELO, TX 76903 | ATTN: DIRECTOR OR OFFICER TELEPHONE: 325-944-9905 FAX: 325-944-1781 EMAIL: INFO@HC-INC.COM | TRADE | | | | $1,715,204.00 |
| 46 | TATA CONSULTANCY SERVICES LIMITED 379 THORNAL STREET 4TH FLOOR EDISON, NJ 08837 | ATTN: JANARTHANAN ANGIYA TELEPHONE: 469-230-8743 FAX: 212-867-8652 EMAIL: N/A | TRADE | | | | $1,562,096.00 |
| 47 | MITELTECHNOLOGIES INC. 1615 SOUTH 52ND STREET TEMPE, AZ 85281 | ATTN: DIRECTOR OR OFFICER TELEPHONE: 480-449-8900 FAX: 480-449-8901 EMAIL: N/A | TRADE | | | | $1,526,652.00 |
| 48 | USIC INC. 9045 NORTH RIVER ROAD INDIANAPOLIS, IN 46240 | ATTN: DIRECTOR OR OFFICER TELEPHONE: 317-575-7800 FAX: 317-575-7881 EMAIL: N/A | TRADE | | | | $1,477,432.00 |
| 49 | COMMSCOPE TECHNOLOGIES LLC 1100 COMMSCOPE PLACE, SE HICKORY, NC 28602-3619 | ATTN: DIRECTOR OR OFFICER TELEPHONE: 828-324-2200 FAX: 828-323-4849 EMAIL: N/A | TRADE | | | | $1,426,259.00 |
| 50 | COX COMMUNICATIONS 1400 LAKE HEARN DRIVE ATLANTA, GA 30319 | ATTN: DIRECTOR OR OFFICER TELEPHONE: 866-961-0027 FAX:  404-843-5280 EMAIL: COXCORP.CUSTOMERRELATIONS @COX.COM; VICTOR.COOPER@COX.COM | TRADE | | | | $1,396,561.00 |

Fill in this information to identify the case and this filing:

Debtor Name   Windstream Holdings, Inc.

United States Bankruptcy Court for the:          Southern District of New York

(State)

Case number (If known):

## Official Form 202
## Declaration Under Penalty of Perjury for Non-Individual Debtors          12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐  *Schedule A/B: Assets-Real and Personal Property (Official Form 206A/B)*

☐  *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*

☐  *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*

☐  *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*

☐  *Schedule H: Codebtors (Official Form 206H)*

☐  *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*

☐  Amended Schedule

☒  *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 50 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*

☒  Other document that requires a declaration  Official Form 201A, List of Equity Security Holders, Corporate Ownership Statement

I declare under penalty of perjury that the foregoing is true and correct.

Executed on

| | |
|---|---|
| 02/25/2019 | ☒  */s/ Kristi M. Moody* |
| MM/ DD/YYYY | Signature of individual signing on behalf of debtor |
| | **Kristi M. Moody** |
| | Printed name |
| | **Authorized Officer** |
| | Position or relationship to debtor |

**Official Form 202**          **Declaration Under Penalty of Perjury for Non-Individual Debtors**

JA71

**ACTION BY WRITTEN CONSENT**
**OF THE**
**BOARD OF DIRECTORS**
**OF**
**WINDSTREAM HOLDINGS, INC.**
**AND**
**WINDSTREAM SERVICES, LLC**

**Resolutions of the Board of Directors**

February 25, 2019

**RE: Restructuring Resolutions**

The undersigned, being the Board of Directors ("Board") of Windstream Holdings, Inc., a Delaware corporation (the "Corporation"), and Windstream Services, LLC ("Services"), a Delaware limited liability company (hereinafter "the Companies"), in lieu of a meeting, hereby take the following actions and adopt the following resolutions by unanimous written consent pursuant to each such Company's bylaws and the applicable laws of the state of Delaware:

**WHEREAS**, the Board considered presentations by management and the financial and legal advisors of the Companies regarding the liabilities and liquidity situation of the Companies, the strategic alternatives available, and the effect of the foregoing on such Companies' businesses and the businesses of Services' subsidiaries;

**WHEREAS**, the Board has had the opportunity to consult with management and the financial and legal advisors of such Company and to fully consider each of the strategic alternatives available to such Company; and

**WHEREAS**, the Board has determined, in the judgment of such Board, that the following resolutions are advisable and in the best interests of the Companies, their subsidiaries, their creditors, and other parties in interest.

<u>**CHAPTER 11 FILING**</u>

**NOW, THEREFORE, BE IT RESOLVED**, that in the judgment of the Board, it is desirable and in the best interests of the Companies, its creditors, and other parties in interest, that each of Holdings and Services shall be, and hereby is, authorized to file or cause to be filed a voluntary petition for relief (such voluntary petition, and the voluntary petitions to be filed by each Company, collectively, the "Chapter 11 Cases") under the provisions of chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") or other court of competent jurisdiction; and

**RESOLVED FURTHER**, that the President & Chief Executive Officer, the Chief Financial Officer & Treasurer, the EVP - General Counsel & Corporate Secretary, the Chief Human Resources Officer, the SVP – Financial Planning & Assistant Treasurer, and the Vice President – Compensation, and any such other officer of the Companies as deemed necessary and

JA72

appropriate (each, an "<u>Authorized Officer</u>" and, collectively, the "<u>Authorized Officers</u>"), acting alone or with one or more other Authorized Officers be, and each of them hereby is, authorized, empowered, and directed to execute and file on behalf of such Company all petitions, schedules, lists, and other motions, objections, replies, applications, papers, or documents, and to take any and all action that they deem necessary, appropriate, or desirable to obtain such relief, including, without limitation, any action necessary, appropriate, or desirable to maintain the ordinary course operation of such Company's businesses or to assist such Company in the Chapter 11 Cases and in carrying out its duties under the provisions of the Bankruptcy Code.

## RETENTION OF PROFESSIONALS

**RESOLVED FURTHER**, that each of the Authorized Officers be, and hereby is, authorized and directed to employ the law firm of Kirkland & Ellis LLP, as general bankruptcy counsel, to represent and assist each Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance such Company's rights and obligations, including filing any motions, objections, replies, applications, or pleadings; and in connection therewith, each of the Authorized Officers, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain Kirkland & Ellis LLP in accordance with applicable law; and

**RESOLVED FURTHER**, that each of the Authorized Officers be, and hereby is, authorized and directed to employ the firm of PJT Partners LP, as financial advisor and investment banker,  to represent and assist each Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance such Company's rights and obligations; and in connection therewith, each of the Authorized Officers is, with power of delegation, hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain PJT Partners LP in accordance with applicable law; and

**RESOLVED FURTHER**, that each of the Authorized Officers be, and hereby is, authorized and directed to employ the firm of Alvarez & Marsal North America, LLC, as restructuring advisor, to represent and assist each Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each of such Company's rights and obligations; and in connection therewith, each of the Authorized Officers is, with power of delegation, hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain Alvarez & Marsal North America, LLC in accordance with applicable law; and

**RESOLVED FURTHER**, that each of the Authorized Officers be, and hereby is, authorized and directed to employ the firm of Kurtzman Carson Consultants, as notice, claims, and balloting agent, to represent and assist each Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance such Company's rights and obligations; and in connection therewith, each of the Authorized Officers, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Kurtzman Carson Consultants LLC in accordance with applicable law; and

2

**RESOLVED FURTHER**, that each of the Authorized Officers be, and hereby is, authorized and directed to employ any other professionals to assist each Company in carrying out its duties under the Bankruptcy Code; and in connection therewith, each of the Authorized Officers, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of any other professionals as necessary; and

**RESOLVED FURTHER**, that each of the Authorized Officers be, and hereby is, with power of delegation, authorized, empowered, and directed to execute and file all petitions, schedules, motions, objections, replies, applications, pleadings, lists, and other papers and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, investment bankers, financial advisors, restructuring advisors, and other professionals and to take and perform any and all further acts and deeds that each of the Authorized Officers deem necessary, proper, or desirable in connection with each Company's Chapter 11 case, with a view to the successful prosecution of the case.

## CASH COLLATERAL

**RESOLVED FURTHER**, that to the extent applicable to each Company, in the judgment of the Board, it is desirable and in the best interest of such Company, its interest holders, its creditors, and other parties in interest, to obtain the benefits from the use of cash collateral (the "Cash Collateral," as such term is defined in section 363(a) of the Bankruptcy Code), which is security for certain of the Company's prepetition secured lenders under certain credit facilities by and among the Company, the guarantors party thereto, and the lenders party thereto (the "Prepetition Secured Lenders"); and

**RESOLVED FURTHER**, that to the extent applicable to each Company, the Authorized Officers be, and hereby are, authorized, directed and empowered in the name of, and on behalf of, such Company to seek approval of the use of cash collateral pursuant to a cash collateral order in interim and final form (a "Cash Collateral Order"), and, to the extent applicable to each Company, any Authorized Officer be, and hereby is, authorized, empowered, and directed to negotiate, execute (under the common seal of the Company, if appropriate), and deliver any and all agreements, instruments, or documents, by or on behalf of the Company, necessary or advisable to implement the Cash Collateral Order, including providing for adequate protection to the Prepetition Secured Lenders in accordance with section 363 of the Bankruptcy Code, as well as any additional or further agreements for the use of cash collateral in connection with the Company's chapter 11 cases, which agreement(s) may require each Company to grant adequate protection and security interests to the Prepetition Secured Lenders and each other agreement, instrument, or document to be executed and delivered in connection therewith, by or on behalf of each Company pursuant thereto or in connection therewith, all with such changes therein and additions thereto as any Authorized Officer in his absolute discretion approves, such approval to be conclusively evidenced by the taking of such action or by the execution and delivery thereof; and

**RESOLVED FURTHER**, that each of the Authorized Officers be, and hereby are, authorized, directed, and empowered in the name of, and on behalf of, each Company to execute and deliver any amendments, supplements, modifications, renewals, replacements, consolidations,

3

JA74

substitutions, and extensions of the Cash Collateral Order or to do such other things which shall in his/her absolute discretion be necessary, desirable, proper, or advisable to give effect to the foregoing resolutions, which determination shall be conclusively evidenced by his or their execution thereof.

## DEBTOR-IN-POSSESSION FINANCING

**WHEREAS**, reference is made to those certain debtor-in-possession financing proposals that set forth the terms and conditions of the debtor-in-possession financing to be provided to the Companies (the "Borrowers") by the lenders listed therein (the "DIP Lenders"); and

**WHEREAS**, the Borrowers have requested that the DIP Lenders provide senior secured debtor-in-possession credit facilities (together, the "DIP Facilities") to the Companies; and

**WHEREAS**, each Company will obtain benefits from the incurrence of the DIP Obligations (as defined below), and it is advisable and in the best interest of each Company to enter into the DIP Loan Documents (as defined below), and to perform its obligations thereunder, including granting security interests in all or substantially all of its assets; and

**WHEREAS**, the obligation of the DIP Lenders to make the extensions of credit to the Borrowers under the DIP Facilities is subject to, among other things, each Company entering into a binding credit agreement and/or commitment letters with the DIP Lenders and one or more agents acting on behalf of the DIP Lenders (the "DIP Agents") (collectively with any other documents and agreements related thereto or contemplated thereunder, including and any documents, instruments or certificates as may be reasonably requested by the DIP Agents (as defined below), the "DIP Loan Documents"), and otherwise satisfying certain conditions in connection therewith (the obligations thereunder, the "DIP Obligations"); and

**WHEREAS**, the Borrowers and the DIP Lenders are continuing negotiations regarding the final form of the DIP Loan Documents.

**NOW, THEREFORE, BE IT RESOLVED**, that the form, terms and provisions of the DIP Loan Documents presently before the Boards, and the transactions contemplated thereunder (including, without limitation, the borrowings and the incurrence of the DIP Obligations thereunder), and the guaranties, liabilities, obligations, security interest granted and notes issued, if any, in connection therewith, be and hereby are authorized, adopted and approved, subject to such changes, additions, and modifications thereto as an Authorized Officer executing the same shall approve, such approval to be conclusively evidenced by an Authorized Officer's execution and delivery thereof; and

**RESOLVED FURTHER**, that each Company will obtain benefits from its entry into the DIP Loan Documents and incurrence and performance of the DIP Obligations thereunder and it is advisable and in the best interest of each Company to enter into the DIP Loan Documents, and to perform its obligations thereunder, including granting security interests in all or substantially all of its assets; and

**RESOLVED FURTHER**, that each Company shall be, and hereby is, authorized to enter into the DIP Loan Documents and incur the DIP Obligations, and the Authorized Officers, acting

JA75

alone or with one or more Authorized Officers, be, and hereby are, authorized and empowered to execute and deliver the DIP Loan Documents, with such changes, additions, and modifications thereto as an Authorized Officer executing the same shall approve, such approval to be conclusively evidenced by an Authorized Officer's execution and delivery thereof; and

**RESOLVED FURTHER**, that the Authorized Officers, acting alone or with one or more Authorized Officers, be, and hereby are, authorized, in the name and on behalf of each Company, to assign, transfer, pledge and grant to the DIP Agents, for the ratable benefit of the respective or applicable DIP Lenders, a security interest in all or substantially all the assets of such Company, as collateral security for the prompt and complete payment and performance when due of the DIP Obligations under the documents to which such Company is a party and to take or cause to be taken any such actions as may be necessary, appropriate or desirable to cause each Company to create, perfect and maintain a security interest in each Company's property or assets constituting "Collateral" as described or contemplated in the DIP Loan Documents (the "Collateral"); and

**RESOLVED FURTHER**, that the Authorized Officers, acting alone or with one or more Authorized Officers, be, and hereby are, authorized, in the name and on behalf of each Company, to enter into the guarantees as described or contemplated by the DIP  Loan Documents or any other documents, certificates, instruments, agreements, intercreditor agreements, any extension amendment or any incremental agreement required to consummate the transactions contemplated by the DIP Loan Documents and perform its obligations thereunder and to guarantee the payment and performance of the DIP Obligations of the Borrowers and any other guarantor thereunder; and

**RESOLVED FURTHER**, that the DIP Agents are authorized to file or record financing statements and other filing or recording documents or instruments with respect to the Collateral without the signature of each Company in such form and in such offices as such DIP Agent determines appropriate to perfect the security interests of the DIP Lenders granted under the DIP Loan Documents.  The DIP Agents are authorized to use the collateral description "all assets" or "all or substantially all personal property assets" or any similar description in any such financing statements; and

**RESOLVED FURTHER**, that the Authorized Officers, acting alone or with one or more Authorized Officers, be, and hereby are, authorized, empowered and directed in the name of, and on behalf of, each Company to seek authorization to incur the DIP Obligations and to seek approval of the use of cash collateral pursuant to a postpetition financing order in interim and final form, and any Authorized Officer be, and hereby is, authorized, empowered, and directed to negotiate, execute, and deliver any and all agreements, instruments, or documents, by or on behalf of each Company, necessary to implement the postpetition financing, including providing for adequate protection to the Prepetition Secured Lenders in accordance with section 363 of the Bankruptcy Code, as well as any additional or further agreements for entry into the DIP Loan Documents and the use of cash collateral in connection with each Company's Chapter 11 Cases, which agreements may require each Company to grant adequate protection and liens to each Company's Prepetition Secured Lenders and each other agreement, instrument, or document to be executed and delivered in connection therewith, by or on behalf of each Company pursuant thereto or in connection therewith, all with such changes therein and additions thereto as any Authorized Officer approves, such approval to be conclusively evidenced by the taking of such action or by the execution and delivery thereof; and

JA76

**RESOLVED FURTHER**, that any Authorized Officer or other officer of each Company is hereby authorized, empowered, and directed, in the name of and on behalf of each Company, to take such actions and negotiate or cause to be prepared and negotiated and to execute, deliver, perform, and cause the performance of, each of the transactions contemplated by the DIP Loan Documents and such other agreements, certificates, instruments, receipts, petitions, motions, or other papers or documents to which each Company is or will be a party or any order entered into in connection with the Chapter 11 Cases (collectively, and together with the DIP Credit Agreement and the other DIP Loan Documents, the "Financing Documents"), incur and pay or cause to be paid all related fees and expenses, with such changes, additions, and modifications thereto as an Authorized Officer executing the same shall approve; and

**RESOLVED FURTHER**, that each Company, as debtor and debtor-in-possession under the Bankruptcy Code be, and hereby is, authorized, empowered, and directed to incur any and all obligations and to undertake any and all related transactions on substantially the same terms as contemplated under the Financing Documents (collectively, the "Financing Transactions"), including granting liens on its assets to secure such obligations; and

**RESOLVED FURTHER**, that each of the Authorized Officers be, and hereby is, authorized, empowered and directed in the name of, and on behalf of, each Company, to execute and deliver any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions, and extensions of the postpetition financing or any of the Financing Documents or to do such other things which shall in their sole judgment be necessary, desirable, proper, or advisable in order to perform each Company's DIP Obligations and to give effect to the foregoing resolutions, which determination shall be conclusively evidenced by his/her or their execution thereof.

**GENERAL**

**RESOLVED FURTHER**, that in addition to the specific authorizations heretofore conferred upon the Authorized Officers, each of the Authorized Officers (and their designees and delegates) be, and hereby is, authorized and empowered, in the name of and on behalf of each Company, to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver, and file any and all such agreements, certificates, instruments, and other documents and to pay all expenses, including but not limited to filing fees, in the case as in such officer's or officers' judgment, shall be necessary, advisable, or desirable in order to fully carry out the intent and accomplish the purposes of the resolutions adopted herein; and

**RESOLVED FURTHER**, that each Company and the respective Board of each Company has received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the organizational documents of such Company, or hereby waives any right to have received such notice; and

**RESOLVED FURTHER**, that all acts, actions, and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of each Company, which acts would have been approved by the foregoing resolutions except that such acts were taken before the adoption of these resolutions, are hereby in all respects approved and ratified as the true acts and deeds of such Company with the same force and effect as if each such act,

JA77

Approving Resolutions - Approving Resolutions

transaction, agreement, or certificate has been specifically authorized in advance by resolution of the respective Board of each Company; and

**RESOLVED FURTHER**, that each of the Authorized Officers (and their designees and delegates) be, and hereby is, authorized and empowered to take all actions or to not take any action in the name of each Company with respect to the transactions contemplated by these resolutions hereunder as the sole shareholder, partner, member, managing member, or manager of each direct subsidiary of such Company, in each case, as such Authorized Officer shall deem necessary or desirable in such Authorized Officers' reasonable business judgment as may be necessary or convenient to effectuate the purposes of the transactions contemplated herein; and

**RESOLVED FURTHER**, that Services is directly or indirectly the sole member, general partner, managing member, equivalent manager, or other governing body of any other company or subsidiary (each, a "Controlling Company"), and thus, each Authorized Officer is authorized, empowered and directed to take each of the actions described in these resolutions or any of the actions authorized by these resolutions on behalf of each such applicable Controlling Company; and

**RESOLVED FURTHER**, that this Action may be executed in any number of counterparts, each of which shall be deemed to be an original, and such counterparts shall constitute but one and the same consent; and

**RESOLVED FURTHER**, that electronic or photostatic copies of signatures to this Action shall be deemed to be originals and may be relied on to the same extent as the originals; and

**RESOLVED FURTHER**, that the actions taken by this Action shall have the same force and effect as if taken at a meeting of the Board of each of the Companies, as applicable, duly called and constituted pursuant to each such Company's bylaws, operating agreement, or limited liability company agreement, as applicable, and the applicable laws of the jurisdiction in which such Company is organized.

*       *       *       *       *

IN WITNESS WHEREOF, the undersigned has executed this Action via Written Consent as of the date above first written.

**WINDSTREAM HOLDINGS, INC.**,
a Delaware Corporation

**WINDSTREAM SERVICES, LLC,**
a Delaware Limited Liability Company

By:_____
Name:  Alan L. Wells
Title:   Chair

By:_____
Name:  Tony Thomas
Title:   Director

By:_____
Name:  Samuel E. Beall, III
Title:   Director

By:_____
Name:  Jeannie Diefenderfer
Title:   Director

By:_____
Name:  Jeffrey T. Hinson
Title:   Director

By:_____
Name:  William G. LaPerch
Title:   Director

By:_____
Name:  Julie A. Shimer
Title:   Director

By:_____
Name:  Michael G. Stoltz
Title:   Director

8

JA79

By:_____  ___

Name:  Walter L. Turek

Title:   Director

Stephen E. Hessler, P.C.
Marc Kieselstein, P.C.
Cristine Pirro Schwarzman
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:     (212) 446-4800
Facsimile:     (212) 446-4900

James H.M. Sprayregen, P.C.
Ross M. Kwasteniet, P.C. (*pro hac vice* pending)
Brad Weiland (*pro hac vice* pending)
John R. Luze (*pro hac vice* pending)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:     (312) 862-2000
Facsimile:     (312) 862-2200

*Proposed Counsel to the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| WINDSTREAM HOLDINGS, INC., *et al.,*[1] | ) | Case No. 19-22312 (RDD) |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |
| | ) | |

**DEBTORS' MOTION OF FOR
ENTRY OF AN ORDER (I) AUTHORIZING
DEBTORS TO (A) PREPARE A LIST OF CREDITORS
IN LIEU OF SUBMITTING A FORMATTED MAILING
MATRIX AND (B) FILE A CONSOLIDATED LIST OF THE
50 LARGEST UNSECURED CREDITORS, (II) AUTHORIZING DEBTORS
TO REDACT CERTAIN PERSONAL IDENTIFICATION INFORMATION FOR
INDIVIDUAL CREDITORS, AND (III) APPROVING THE FORM AND MANNER OF
NOTIFYING CREDITORS OF COMMENCEMENT OF THESE CHAPTER 11 CASES**

Windstream Holdings, Inc. and its debtor affiliates as debtors and debtors in possession in

the above-captioned chapter 11 cases (collectively, the "Debtors") respectfully state the following

in support of this motion (this "Motion"):

---

[1] The last four digits of Debtor Windstream Holdings, Inc.'s tax identification number are 7717. Due to the large number of debtor entities in these chapter 11 cases, for which the Debtors have requested joint administration, a complete list of the debtor entities and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' proposed claims and noticing agent at http://www.kccllc.net/windstream. The location of the Debtors' service address for purposes of these chapter 11 cases is: 4001 North Rodney Parham Road, Little Rock, Arkansas 72212.

JA81

### Relief Requested

1.      The Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"):  (a) authorizing them to:  (i) prepare a consolidated list of creditors in lieu of submitting separate mailing matrices for each debtor (the "Creditor Matrix"), (ii) file a consolidated list of the Debtors' 50 largest unsecured creditors, and (iii) mail initial notices through their Proposed Claims and Noticing Agent (as defined herein); (b) authorizing them to redact certain personal identification information for individual creditors; and (c) approving the form and manner of notifying creditors of commencement of these chapter 11 cases.

### Jurisdiction and Venue

2.      The United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, dated February 1, 2012.  The Debtors confirm their consent, pursuant to rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to the entry of a final order by the Bankruptcy Court in connection with this Motion to the extent that it is later determined that the Bankruptcy Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      The bases for the relief requested herein are sections 105(a), 342(a), and 521 of title 11 of the United States Code (the "Bankruptcy Code"), Bankruptcy Rules 1007(a)(1) and (d) and 2002(a) and (f), and Rules 1007-1 and 5075-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules").

2

JA82

## Background

5.      The Debtors are a leading provider of advanced network communications and technology solutions for businesses across the United States.  The Debtors also offer broadband, entertainment and security solutions to consumers and small businesses primarily in rural areas in 18 states.  Additionally, the Debtors supply core transport solutions on a local and long-haul fiber network spanning approximately 150,000 miles.  As of the date hereof, the Debtors had approximately 11,600 employees.

6.      As set forth in greater detail in the *Declaration of Tony Thomas, Chief Executive Officer and President of Windstream Holdings, Inc., (I) in Support of Debtors' Chapter 11 Petitions and First Day Motions and (II) Pursuant to Local Bankruptcy Rule 1007-2* (the "First Day Declaration"), on February 15, 2019, the United States District Court for the Southern District of New York entered a *Memorandum Decision and Order* against Debtor Windstream Services, LLC after trial in the matter styled *U.S. Bank National Association v. Windstream Services, Inc. v. Aurelius Capital Master, Ltd.*, Case No. 17-cv-7857 (JMF), that recognized an event of default under the Debtors' prepetition unsecured bond indentures, which in turn resulted in a cross-default under the Debtors' secured credit facilities and certain other material agreements.  As of the date hereof, the Debtors are obligated for approximately $5.6 billion in funded debt obligations.  To avoid any precipitous action against the Debtors' assets that would have harmed the Debtors' businesses, the Debtors commenced these chapter 11 cases to obtain the protection of the automatic stay and preserve value for stakeholders enterprise wide.

7.      On February 25, 2019 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtors continue to operate their business and manage their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  As of the date hereof, the Office of the United States Trustee for the

JA83

Southern District of New York (the "U.S. Trustee") has not appointed an official committee of
unsecured creditors in these chapter 11 cases.  Additional information regarding the Debtors'
business, their capital structure, and the circumstances leading to these chapter 11 filings is
contained in the First Day Declaration.

### Basis for Relief

8.      Section 521(a) of the Bankruptcy Code, Bankruptcy Rule 1007(a)(1), and Local
Rule 1007-1(a) require a debtor in a voluntary chapter 11 case to file a list containing the name
and complete address of each creditor.  In addition, Bankruptcy Rule 1007(d) requires a debtor to
file a list containing the name, address, and claim of the creditors holding the 20 largest unsecured
claims against the debtor.  Bankruptcy Rule 2002(a)(1) also provides that the clerk (or other person
directed by the court) must give the debtor, the U.S. Trustee, all creditors, and any indenture trustee
at least 21-days' notice by mail of the meeting of creditors under Section 341 of the Bankruptcy
Code.  Bankruptcy Rule 2002(f)(1) also provides that notice of "the order for relief" shall be sent
by mail to all creditors.

9.      The Debtors submit that permitting them to maintain a single consolidated list of
creditors in lieu of filing a separate creditor matrix for each debtor entity is warranted under the
circumstances of these chapter 11 cases.  Specifically, maintaining a single consolidated list of
creditors will benefit the Debtors and their estates by allowing the Debtors to more efficiently
provide required notices to parties-in-interest and reduce the potential for duplicate mailings.
Indeed, many of the Debtors' creditors overlap and thus, to the extent that the Debtors are required
to maintain separate mailing matrices, a substantial number of parties likely would receive multiple
copies of the same notice.

10.     More specifically, there are 205 entities that are debtors in these chapter 11 cases.
The Debtors estimate that there are hundreds of thousands of potential creditors and parties-in-

JA84

interest (on a consolidated basis) in these chapter 11 cases.  As such, requiring the Debtors to comply with the matrix requirements would be an exceptionally burdensome task and would greatly increase the risk of error of information already on computer systems maintained by the Debtors or their agents.

11.     Accordingly, the Debtors, working with the Proposed Claims and Noticing Agent (as defined below), have prepared a single, consolidated list of the Debtors' creditors in electronic format.  To ensure that no parties-in-interest are prejudiced, the Debtors will make their consolidated list of creditors available in readable electronic format to any party in interest who so requests (or in non-electronic format at such requesting party's sole cost and expense).  The Debtors therefore submit that the preparation and maintenance of a single consolidated creditor list is warranted under the facts and circumstances present in these chapter 11 cases.

12.     Concurrently with the filing of this Motion, and in accordance with Local Rule 5075-1, the Debtors are seeking to retain Kurtzman Carson Consultants LLC as their notice and claims agent in these chapter 11 cases (the "Proposed Claims and Noticing Agent").[2]  If this application is granted, the Proposed Claims and Noticing Agent will, among other things, assist with the consolidation of the Debtors' computer records into a creditor database and complete the mailing of notices to the parties in such database.

13.     Specifically, the Debtors propose that the Proposed Claims and Noticing Agent undertake all mailings directed by the Bankruptcy Court or the U.S. Trustee, or that are required by section 342(a) of the Bankruptcy Code and Bankruptcy Rules 2002(a) and (f), including the

---

[2]   The request to retain the Proposed Claims and Noticing Agent is made pursuant to Section 156(c) of title 28 of the United States Code, which empowers the Bankruptcy Court to use outside facilities or services pertaining to the provisions of notice of the administrative information to parties-in-interest so long as the costs of the services are paid for out of assets of the estate.  *See* 28 U.S.C. § 156(c); *see also Debtors' Application for Entry of an Order Appointing Kurtzman Carson Consultants LLC as the Claims and Noticing Agent*, filed contemporaneously herewith.

JA85

notice of commencement of these chapter 11 cases, substantially in the form annexed as **Exhibit 1**

to **Exhibit A** attached hereto (the "Notice of Commencement").  The Debtors believe that using

the Proposed Claims and Noticing Agent to promptly provide notices to all applicable parties will

maximize efficiency in administering these chapter 11 cases and will ease administrative burdens

that would otherwise fall upon the Bankruptcy Court and the U.S. Trustee.  Additionally, the

Proposed Claims and Noticing Agent will assist the Debtors in preparing creditor lists and mailing

initial notices.  Accordingly, the Debtors believe maintaining electronic-format lists of creditors

rather than preparing and filing separate creditor matrices for each debtor will not only maximize

efficiency and accuracy, but also reduce costs.

**I.**     **Cause Exists To Authorize the Debtors To Prepare a List of Creditors in Lieu of Submitting a Formatted Mailing Matrix**.

14.     As stated above, unless a debtor's schedules of assets and liabilities are filed

simultaneously with a chapter 11 petition, the Notice Rules require a debtor to file a list containing

the name and address of each creditor.  In addition, and as discussed below, Bankruptcy Rule

1007(d) requires a debtor to file a list containing the name, address, and claim of the creditors

holding the 20 largest unsecured claims against the debtor.  Further, Bankruptcy Rule 2002(a)(1)

provides, in relevant part, that "the clerk, or some other person as the court may direct, shall give

the debtor, the trustee, all creditors and indenture trustees at least 21-days' notice by mail of . . .

the meeting of creditors under § 341 or § 1104(b) of the [Bankruptcy] Code. . . ."  *See* Fed. R.

Bankr. P. 2002(a)(1).  Bankruptcy Rule 2002(f)(1) also provides that notice of "the order for relief"

shall be sent by mail to all creditors.  Local Rule 1007-1 directs a debtor to comply with any

standing orders issued by the Bankruptcy Court regarding the filing of creditor lists.  Pursuant to

Local Rule 5075-1, a debtor filing a petition with more than 250 creditors, as is the case here, is

JA86

required to retain an approved claims and noticing agent pursuant to an order of the Bankruptcy Court.

15.    Permitting the Debtors to maintain a consolidated list of their creditors in electronic format only, in lieu of filing a creditor matrix, is warranted under the circumstances of these cases. Indeed, because the Debtors have hundreds of thousands of potential creditors and other parties-in-interest, converting the Debtors' computerized information to a format compatible with the matrix requirements would be a burdensome task and would greatly increase the risk of error with respect to information on computer systems maintained by the Debtors or their agents. As such, the Debtors submit that the proposed maintenance of an electronic list of creditors under the auspices of the Proposed Claims and Noticing Agent is consistent with applicable Local Rules.

16.    The Debtors, working together with the Proposed Claims and Noticing Agent, already have prepared a single, consolidated list of the Debtors' creditors in electronic format. The Debtors are prepared to make that list available in electronic form to any party in interest who so requests (or in non-electronic form at such requesting party's sole cost and expense) in lieu of submitting a mailing matrix to the Bankruptcy Court's clerk's office (the "Clerk of the Bankruptcy Court").

17.    Courts in this jurisdiction have approved relief similar to the relief requested in this Motion with respect to preparation of a consolidated, electronic list of a debtor's creditors. *See, e.g.*, *In re Aegean Marine Petrol. Network Inc.*, Case No. 18-13374 (MEW) (Bankr. S.D.N.Y. Dec. 8, 2018) (authorizing the debtors to prepare a list of creditors in lieu of submitting a formatted mailing matrix); *In re Nine West Holdings, Inc.*, Case No. 18-10947 (SCC) (Bankr. S.D.N.Y. Apr. 9, 2018) (same); *In re Cenveo Inc.*, Case No. 18-22178 (RDD) (Bankr. S.D.N.Y. Feb. 6, 2018) (same); *In re BCBG Max Azria Glob. Holdings, LLC*, Case No. 17-10466 (SCC) (Bankr.

JA87

S.D.N.Y. Mar. 3, 2017) (same); *In re Avaya Inc.*, Case No. 17-10089 (SMB) (Bankr. S.D.N.Y.

Feb. 10, 2017) (same).[3]

## II.    Cause Exists To Authorize the Debtors to File a Single Consolidated List of the Debtors' 50 Largest Unsecured Creditors.

18.    Bankruptcy Rule 1007(d) provides that a debtor shall file "a list containing the

name, address, and claim of the creditors that hold the 20 largest unsecured claims, excluding

insiders. . . ." *See* Fed. R. Bankr. P. 1007(d).  Because certain of Debtors share many creditors

and the Debtors operate as a single business enterprise, the Debtors request authority to file a

single, consolidated list of their 50 largest general unsecured creditors.

19.    Compiling separate top 20 creditor lists for each individual debtor would consume

a substantial amount of the Debtors' time and resources.  Further, the Debtors believe a single,

consolidated list of their 50 largest unsecured, non-insider creditors will aid the U.S. Trustee in its

efforts to communicate with these creditors.  As such, the Debtors believe that filing a single

consolidated list of the 50 largest unsecured creditors in these chapter 11 cases is appropriate.

20.    Courts in this jurisdiction have approved relief similar to the relief requested in this

motion with respect to filing a single consolidated list of the largest unsecured creditors of a debtor

and its debtor affiliates.  *See, e.g.*, *In re Aegean Marine Petrol. Network Inc.*, Case No. 18-13374

(MEW) (Bankr. S.D.N.Y. Dec. 8, 2018) (authorizing the debtors to file a single consolidated list

of the 50 largest unsecured creditors of the debtors); *In re Nine West Holdings, Inc.*, Case No. 18-

10947 (SCC) (Bankr. S.D.N.Y. Apr. 9, 2018) (same);  *In re Cenveo Inc.*, Case No. 18-22178

(RDD) (Bankr. S.D.N.Y. Feb. 6, 2018) (same); *In re BCBG Max Azria Glob. Holdings, LLC*, Case

---

[3]    Because of the voluminous nature of the orders cited herein, such orders have not been attached to this Motion. Copies of these orders are available upon request of the Debtors' proposed counsel.

JA88

No. 17-10466 (SCC) (Bankr. S.D.N.Y. Mar. 3, 2017) (same); *In re Avaya Inc.*, Case No. 17-10089 (SMB) (Bankr. S.D.N.Y. Feb. 10, 2017) (same).

### III.    Redaction of Certain Confidential Information.

21.    Section 107(c)(1)(A) of the Bankruptcy Code provides that the court "for cause, may protect an individual, with respect to the following types of information to the extent the court finds that disclosure of such information would create undue risk of identity theft . . . [a]ny means of identification . . . contained in a paper filed, or to be filed in a case under" the Bankruptcy Code. *See* 11 U.S.C. § 107(c)(1)(A).  The Debtors respectfully submit that cause exists to authorize the Debtors to redact address information of individual creditors—many of whom are the Debtors' employees—and interest holders from the Creditor Matrix because such information could be used to perpetrate identity theft.  The Debtors propose to provide, under seal, an un-redacted version of the Creditor Matrix to the Bankruptcy Court, the U.S. Trustee, and any official committee of unsecured creditors appointed in these chapter 11 cases.

22.    Courts in this jurisdiction and others have granted the relief requested herein in comparable chapter 11 cases.  *See, e.g.*, *In re Aegean Marine Petrol. Network Inc.*, Case No. 18-13374 (MEW) (Bankr. S.D.N.Y. Dec. 8, 2018) (allowing the debtors to redact from the Creditor Matrix address information of individual creditors);  *In re Nine West Holdings, Inc*., Case No. 18-10947 (SCC) (Bankr. S.D.N.Y. Apr. 9, 2018) (same); *In re Cenveo Inc.*, Case No. 18-22178 (RDD) (Bankr. S.D.N.Y. Feb. 6, 2018) (same).

### IV.    Authority to Mail Initial Notices to Creditors.

23.    As stated above, the Debtors request that the Proposed Claims and Noticing Agent undertake all mailings directed by the Bankruptcy Court, the U.S. Trustee, or as required by the Bankruptcy Code, including the Notice of Commencement of these chapter 11 cases.  The Proposed Claims and Noticing Agent's assistance with the mailing and preparation of creditor lists

JA89

and notices will ease administrative burdens that would otherwise fall upon the Bankruptcy Court and the U.S. Trustee. With such assistance, the Debtors can file a computer-readable consolidated list of creditors and also undertake all necessary mailings.

### Motion Practice

24.    This Motion includes citations to the applicable rules and statutory authorities upon which the relief requested herein is predicated and a discussion of its application to this Motion. Accordingly, the Debtors submit that this Motion satisfies Local Rule 9013-1(a).

### Notice

25.    The Debtors will provide notice of this Motion to the following parties and/or their respective counsel, as applicable: (a) the Office of the U.S. Trustee; (b) the holders of the 50 largest unsecured claims against the Debtors (on a consolidated basis); (c) the agent under the proposed postpetition debtor in possession financing facility; (d) the administrative agents and indenture trustees under the Debtors' prepetition credit agreement and note indentures; (e) Milbank LLP, counsel to an *ad hoc* group of second lien noteholders; (f) Paul, Weiss, Rifkind, Wharton & Garrison LLP, counsel to an *ad hoc* group of first lien term lenders; (g) Shearman & Sterling LLP, counsel to the Midwest noteholders; (h) the Pension Benefit Guaranty Corporation; (i) the United States Attorney's Office for the Southern District of New York; (j) the Internal Revenue Service; (k) the United States Securities and Exchange Commission; (l) the attorneys general in the states where the Debtors conduct their business operations; (m) the Federal Communications Commission; and (n) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

JA90

## **No Prior Request**

26.     No prior request for the relief sought in this Motion has been made to this or any other court.

[*Remainder of page intentionally left blank.*]

JA91

WHEREFORE, the Debtors respectfully request that the Bankruptcy Court enter the Order granting the relief requested herein and such other relief as the Bankruptcy Court deems appropriate under the circumstances.

Dated: February 25, 2019
New York, New York

/s/ Stephen E. Hessler
Stephen E. Hessler, P.C.
Marc Kieselstein, P.C.
Cristine Pirro Schwarzman
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:   (212) 446-4800
Facsimile:    (212) 446-4900

- and -

James H.M. Sprayregen, P.C.
Ross M. Kwasteniet, P.C. (*pro hac vice* pending)
Brad Weiland (*pro hac vice* pending)
John R. Luze (*pro hac vice* pending)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:   (312) 862-2000
Facsimile:    (312) 862-2200

*Proposed Counsel to the Debtors and Debtors in Possession*

**<u>Exhibit A</u>**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| WINDSTREAM HOLDINGS, INC., *et al.*,[1] | ) | Case No. 19-22312 (RDD) |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |
| | ) | |

### ORDER (I) AUTHORIZING THE DEBTORS TO (A) PREPARE A LIST OF CREDITORS IN LIEU OF SUBMITTING A FORMATTED MAILING MATRIX AND (B) FILE A CONSOLIDATED LIST OF THE 50 LARGEST UNSECURED CREDITORS, (II) AUTHORIZING DEBTORS TO REDACT CERTAIN PERSONAL IDENTIFICATION INFORMATION FOR INDIVIDUAL CREDITORS, AND (III) APPROVING THE FORM AND MANNER OF NOTIFYING CREDITORS OF COMMENCEMENT OF THESE CHAPTER 11 CASES

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for the entry of an order (this "Order"):  (a) authorizing the Debtors to:  (i) prepare a consolidated list of creditors in lieu of submitting any required mailing matrix, (ii) file a consolidated list of the Debtors' 50 largest unsecured creditors, and (iii) mail initial notices through their Proposed Claims and Noticing Agent; (b) authorizing the Debtors to redact certain personal identification information for individual creditors; and (c) approving the form and manner of notifying creditors of commencement of the Debtors' chapter 11 cases; all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference*

---

[1]    The last four digits of Debtor Windstream Holdings, Inc.'s tax identification number are 7717.  Due to the large number of debtor entities in these chapter 11 cases, for which the Debtors have requested joint administration, a complete list of the debtor entities and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' proposed claims and noticing agent at http://www.kccllc.net/windstream.  The location of the Debtors' service address for purposes of these chapter 11 cases is:  4001 North Rodney Parham Road, Little Rock, Arkansas 72212.

[2]    Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

*from the United States District Court for the Southern District of New York*, dated February 1, 2012; and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing, if any, before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Motion is granted as set forth herein.

2.      The Debtors are authorized to file a consolidated list of the 50 largest unsecured creditors in these chapter 11 cases in lieu of each Debtor filing a list of its 20 largest unsecured creditors.

3.      In lieu of submitting a formatted mailing matrix, the Debtors shall make available a single, consolidated list of all of the Debtors' creditors in electronic form to any entity who so requests and in non-electronic form at such requesting entity's sole cost and expense.

4.      The Debtors are authorized to redact address information of individual creditors listed on the Creditor Matrix; *provided* that the Debtors shall provide an unredacted version of the Creditor Matrix to the Bankruptcy Court, the U.S. Trustee, and any official committee of unsecured creditors appointed in these chapter 11 cases.

2

JA95

5.      The Notice of Commencement of these chapter 11 cases, substantially in the form attached to this Order as **Exhibit 1**, is hereby approved.

6.      The Debtors, with the assistance of the Proposed Claims and Noticing Agent (upon the Bankruptcy Court's approval of the Debtors' retention of the Proposed Claims and Noticing Agent), is authorized, but not directed, to undertake all mailings directed by the Bankruptcy Court, the U.S. Trustee, or as required by the Bankruptcy Code, including the Notice of Commencement of these chapter 11 cases, and any other correspondence that the Debtors may wish to send to creditors.

7.      All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

8.      The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

9.      This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Order.

White Plains, New York
Dated: _____, 2019

_____
THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE

3

JA96

## **Exhibit 1**

**Notice of Commencement**

| Information to identify the case: | | |
|---|---|---|

| Debtor: | Windstream Holdings, Inc. | EIN: | 46-2847717 |
|---|---|---|---|
| | Name | | |

United States Bankruptcy Court for the Southern District of New York

| Case Number: | 19-22312 (RDD) | Date case filed for Chapter 11: | 02/25/2019 |
|---|---|---|---|

## Official Form 309F (For Corporations or Partnerships)

## Notice of Chapter 11 Bankruptcy Case                    12/17

**For the debtor listed above, a case has been filed under chapter 11 of the Bankruptcy Code. An order for relief has been entered.**

**This notice has important information about the case for creditors, debtors, and trustees, including information about the meeting of creditors and deadlines. Read both pages carefully.**

The filing of the case imposed an automatic stay against most collection activities. This means that creditors generally may not take action to collect debts from the debtor or the debtor's property. For example, while the stay is in effect, creditors cannot sue, assert a deficiency, repossess property, or otherwise try to collect from the debtor. Creditors cannot demand repayment from the debtor by mail, phone, or otherwise. Creditors who violate the stay can be required to pay actual and punitive damages and attorney's fees.

Confirmation of a chapter 11 plan may result in a discharge of debt. A creditor who wants to have a particular debt excepted from discharge may be required to file a complaint in the bankruptcy clerk's office within the deadline specified in this notice. (See line 11 below for more information.)

To protect your rights, consult an attorney. All documents filed in the case may be inspected at the bankruptcy clerk's office at the address listed below or through PACER (Public Access to Court Electronic Records at www.pacer.gov).

___

**The staff of the bankruptcy clerk's office cannot give legal advice.**

**Do not file this notice with any proof of claim or other filing in the case.**

1. **Debtors' full name:** **See chart below.**

   **List of Jointly Administered Cases**

| NO. | DEBTOR | ADDRESS | CASE NO. | EIN # |
|---|---|---|---|---|
| 1. | Windstream Holdings, Inc. | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22312 | 46-2847717 |
| 2. | Windstream Business Holdings, LLC | 6 International Drive Rye Brook, NY 10573 | 19-22310 | 46-4238089 |
| 3. | Allworx Corp. | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22345 | 26-0259247 |
| 4. | American Telephone Company, LLC | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22349 | 20-5108783 |

Official Form 309F (For Corporations or Partnerships)                    **Notice of Chapter 11 Bankruptcy Case**

JA98

| NO. | DEBTOR | ADDRESS | CASE NO. | EIN # |
|---|---|---|---|---|
| 5. | ARC Networks, Inc. | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22362 | 11-3464934 |
| 6. | A.R.C. Networks, Inc. | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22338 | 11-3240814 |
| 7. | ATX Communications, Inc. | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22368 | 13-4078506 |
| 8. | ATX Licensing, Inc. | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22371 | 23-3039838 |
| 9. | ATX Telecommunications Services of Virginia, LLC | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22377 | 31-1773888 |
| 10. | Birmingham Data Link, LLC | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22382 | 26-3497422 |
| 11. | BOB, LLC | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22387 | 02-0754753 |
| 12. | Boston Retail Partners LLC | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22392 | 27-0447904 |
| 13. | BridgeCom Holdings, Inc. | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22403 | 13-4162965 |
| 14. | BridgeCom International, Inc. | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22408 | 13-4123985 |
| 15. | BridgeCom Solutions Group, Inc. | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22428 | 13-4123989 |
| 16. | Broadview Networks, Inc. | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22456 | 16-1401082 |
| 17. | Broadview Networks of Massachusetts, Inc. | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22440 | 11-3448054 |
| 18. | Broadview Networks of Virginia, Inc. | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22454 | 06-1596404 |
| 19. | Broadview NP Acquisition Corp. | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22461 | 51-0402734 |
| 20. | Buffalo Valley Management Services, Inc. | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22463 | 84-1619403 |
| 21. | Business Telecom of Virginia, Inc. | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22466 | 56-2131188 |
| 22. | Business Telecom, LLC | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22469 | 56-1426866 |
| 23. | BV-BC Acquisition Corporation | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22471 | 20-5377846 |
| 24. | Cavalier IP TV, LLC | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22474 | 20-2386185 |

| NO. | DEBTOR | ADDRESS | CASE NO. | EIN # |
|---|---|---|---|---|
| 25. | Cavalier Services, LLC | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22313 | 20-2047841 |
| 26. | Cavalier Telephone Mid-Atlantic, L.L.C. | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22315 | 54-2028580 |
| 27. | Cavalier Telephone, L.L.C. | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22317 | 54-1914822 |
| 28. | CCL Historical, Inc. | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22319 | 23-3032245 |
| 29. | Choice One Communications of Connecticut Inc. | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22322 | 15-1564111 |
| 30. | Choice One Communications of Maine Inc. | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22324 | 16-1564112 |
| 31. | Choice One Communications of Massachusetts Inc. | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22326 | 16-1554916 |
| 32. | Choice One Communications of New York Inc. | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22329 | 15-1564111 |
| 33. | Choice One Communications of Ohio Inc. | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22331 | 16-1564113 |
| 34. | Choice One Communications of Pennsylvania Inc. | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22332 | 16-1554919 |
| 35. | Choice One Communications of Rhode Island Inc. | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22335 | 16-1563050 |
| 36. | Choice One Communications Resale L.L.C. | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22341 | 80-0364519 |
| 37. | Choice One Communications of Vermont Inc. | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22339 | 16-1564114 |
| 38. | Choice One of New Hampshire, Inc. | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22344 | 16-1564110 |
| 39. | Cinergy Communications Company of Virginia, LLC | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22353 | 20-8076097 |
| 40. | Conestoga Enterprises, Inc. | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22356 | 23-2565087 |
| 41. | Conestoga Management Services, Inc. | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22358 | 84-1619408 |
| 42. | Conestoga Wireless Company | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22360 | 23-2926187 |
| 43. | Connecticut Broadband, LLC | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22363 | 06-1459693 |
| 44. | Connecticut Telephone & Communication Systems, Inc. | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22365 | 06-1122868 |

| NO. | DEBTOR | ADDRESS | CASE NO. | EIN # |
|---|---|---|---|---|
| 45. | Conversent Communications Long Distance, LLC | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22366 | 84-1530125 |
| 46. | Conversent Communications of Connecticut, LLC | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22369 | 84-1473088 |
| 47. | Conversent Communications of Maine, LLC | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22372 | 84-1473089 |
| 48. | Conversent Communications of Massachusetts, Inc. | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22375 | 20-2643836 |
| 49. | Conversent Communications of New Hampshire, LLC | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22378 | 84-1485259 |
| 50. | Conversent Communications of New Jersey, LLC | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22380 | 84-1522507 |
| 51. | Conversent Communications of New York, LLC | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22384 | 84-1473087 |
| 52. | Conversent Communications of Pennsylvania, LLC | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22386 | 84-1473090 |
| 53. | Conversent Communications of Rhode Island, LLC | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22388 | 84-1485260 |
| 54. | Conversent Communications of Vermont, LLC | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22391 | 84-1473085 |
| 55. | Conversent Communications Resale L.L.C. | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22394 | 80-0364505 |
| 56. | CoreComm-ATX, Inc. | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22401 | 23-3060529 |
| 57. | CoreComm Communications, LLC | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22399 | 13-4072077 |
| 58. | CTC Communications Corporation | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22405 | 04-2731202 |
| 59. | CTC Communications of Virginia, Inc. | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22407 | 54-1905656 |
| 60. | D&E Communications, LLC | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22411 | 27-0147149 |
| 61. | D&E Management Services, Inc. | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22414 | 88-0509645 |
| 62. | D&E Networks, Inc. | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22417 | 25-1780894 |
| 63. | D&E Wireless, Inc. | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22419 | 23-2896654 |
| 64. | Deltacom, LLC | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22423 | 63-0832070 |

| NO. | DEBTOR | ADDRESS | CASE NO. | EIN # |
|---|---|---|---|---|
| 65. | Earthlink Business, LLC | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22427 | 94-3331274 |
| 66. | Earthlink Carrier, LLC | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22430 | 58-1970339 |
| 67. | Equity Leasing, Inc. | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22432 | 20-0810636 |
| 68. | Eureka Broadband Corporation | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22435 | 06-1506004 |
| 69. | Eureka Holdings, LLC | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22437 | 20-3341318 |
| 70. | Eureka Networks, LLC | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22438 | 20-3341244 |
| 71. | Eureka Telecom, Inc. | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22445 | 13-3793720 |
| 72. | Eureka Telecom of VA, Inc. | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22442 | 52-2325508 |
| 73. | Georgia Windstream, LLC | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22447 | 38-2027315 |
| 74. | Heart of the Lakes Cable Systems, Inc. | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22451 | 41-1577709 |
| 75. | Infocore, Inc. | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22314 | 23-2894188 |
| 76. | Info-Highway International, Inc. | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22321 | 76-0438543 |
| 77. | InfoHighway Communications Corporation | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22318 | 76-0530551 |
| 78. | InfoHighway of Virginia, Inc. | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22325 | 26-0291600 |
| 79. | Intellifiber Networks, LLC | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22328 | 54-1861675 |
| 80. | Iowa Telecom Data Services, L.C. | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22330 | 74-3083835 |
| 81. | Iowa Telecom Technologies, LLC | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22333 | 47-0937013 |
| 82. | IWA Services, LLC | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22336 | 20-8346096 |
| 83. | KDL Holdings, LLC | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22337 | 48-1251032 |
| 84. | LDMI Telecommunications, LLC | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22342 | 38-2940840 |

Official Form 309F (For Corporations or Partnerships)          **Notice of Chapter 11 Bankruptcy Case**

JA102

| NO. | DEBTOR | ADDRESS | CASE NO. | EIN # |
|---|---|---|---|---|
| 85. | Lightship Telecom, LLC | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22346 | 06-1519100 |
| 86. | MASSCOMM, LLC | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22347 | 83-2381119 |
| 87. | McLeodUSA Information Services LLC | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22350 | 76-0529757 |
| 88. | McLeodUSA Purchasing, LLC | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22352 | 42-1501014 |
| 89. | McLeodUSA Telecommunications Services, L.L.C. | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22355 | 42-1407242 |
| 90. | MPX, Inc. | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22357 | 16-1468411 |
| 91. | Nashville Data Link, LLC | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22361 | 04-3639722 |
| 92. | Network Telephone, LLC | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22364 | 59-3477521 |
| 93. | Norlight Telecommunications of Virginia, LLC | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22367 | 26-3497118 |
| 94. | Oklahoma Windstream, LLC | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22370 | 73-0630965 |
| 95. | Open Support Systems, LLC | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22373 | 11-3409972 |
| 96. | PaeTec Communications of Virginia, LLC | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22376 | 16-6486048 |
| 97. | PaeTec Communications, LLC | 2700 Westchester Avenue, Suite 421, Purchase, New York 10577 | 19-22311 | 16-1551095 |
| 98. | PAETEC Holding, LLC | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22381 | 20-5339741 |
| 99. | PAETEC iTEL, L.L.C. | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22385 | 47-0903254 |
| 100. | PAETEC Realty LLC | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22389 | 27-1866972 |
| 101. | PAETEC, LLC | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22393 | 16-1551094 |
| 102. | PCS Licenses, Inc. | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22396 | 88-0397829 |
| 103. | Progress Place Realty Holding Company, LLC | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22398 | 27-1255466 |
| 104. | RevChain Solutions, LLC | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22402 | 46-3139610 |

| NO. | DEBTOR | ADDRESS | CASE NO. | EIN # |
|---|---|---|---|---|
| 105. | SM Holdings, LLC | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22406 | 26-0970378 |
| 106. | Southwest Enhanced Network Services, LLC | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22409 | 75-2885419 |
| 107. | Talk America of Virginia, LLC | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22412 | 54-1871946 |
| 108. | Talk America, LLC | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22416 | 23-2582790 |
| 109. | Teleview, LLC | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22420 | 58-2033040 |
| 110. | Texas Windstream, LLC | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22316 | 75-0984391 |
| 111. | The Other Phone Company, LLC | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22323 | 65-0705374 |
| 112. | TriNet, LLC | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22327 | 58-2183044 |
| 113. | TruCom Corporation | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22334 | 13-3940714 |
| 114. | US LEC Communications LLC | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22340 | 56-2162051 |
| 115. | US LEC of Alabama LLC | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22343 | 56-2104211 |
| 116. | US LEC of Florida LLC | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22348 | 56-2046424 |
| 117. | US LEC of Georgia LLC | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22351 | 56-2065537 |
| 118. | US LEC of Maryland LLC | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22379 | 56-2117626 |
| 119. | US LEC of North Carolina LLC | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22383 | 56-2091767 |
| 120. | US LEC of Pennsylvania LLC | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22395 | 56-2117625 |
| 121. | US LEC of South Carolina LLC | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22404 | 56-2056428 |
| 122. | US LEC of Tennessee LLC | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22410 | 56-2065536 |
| 123. | US LEC of Virginia LLC | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22415 | 56-2012173 |
| 124. | US Xchange Inc. | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22455 | 16-1590395 |

| NO. | DEBTOR | ADDRESS | CASE NO. | EIN # |
|---|---|---|---|---|
| 125. | US Xchange of Illinois, L.L.C. | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22425 | 38-3388717 |
| 126. | US Xchange of Indiana, L.L.C. | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22436 | 38-3377167 |
| 127. | US Xchange of Michigan, L.L.C. | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22443 | 38-3442002 |
| 128. | US Xchange of Wisconsin, L.L.C. | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22450 | 38-3342305 |
| 129. | Valor Telecommunications of Texas, LLC | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22460 | 52-2194219 |
| 130. | WaveTel NC License Corporation | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22465 | 30-0020203 |
| 131. | WIN Sales & Leasing, Inc. | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22470 | 41-1340032 |
| 132. | Windstream Accucomm Networks, LLC | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22472 | 58-1579785 |
| 133. | Windstream Accucomm Telecommunications, LLC | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22475 | 58-0641816 |
| 134. | Windstream Alabama, LLC | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22478 | 63-0364952 |
| 135. | Windstream Arkansas, LLC | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22483 | 71-0400407 |
| 136. | Windstream Buffalo Valley, Inc. | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22487 | 23-2825123 |
| 137. | Windstream BV Holdings, LLC | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22494 | 11-3310798 |
| 138. | Windstream Cavalier, LLC | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22500 | 54-1946546 |
| 139. | Windstream Communications Kerrville, LLC | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22424 | 74-0724580 |
| 140. | Windstream Communications Telecom, LLC | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22429 | 74-2955898 |
| 141. | Windstream Communications, LLC | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22433 | 74-2955898 |
| 142. | Windstream Concord Telephone, LLC | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22439 | 56-0186420 |
| 143. | Windstream Conestoga, Inc. | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22446 | 23-0488700 |
| 144. | Windstream CTC Internet Services, Inc. | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22448 | 52-2101328 |

| NO. | DEBTOR | ADDRESS | CASE NO. | EIN # |
|---|---|---|---|---|
| 145. | Windstream D&E Systems, LLC | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22452 | 23-2971125 |
| 146. | Windstream D&E, Inc. | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22457 | 23-0520190 |
| 147. | Windstream Direct, LLC | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22459 | 41-1903994 |
| 148. | Windstream Eagle Holdings LLC | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22464 | N/A |
| 149. | Windstream Eagle Services, LLC | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22467 | 82-3462246 |
| 150. | Windstream EN-TEL, LLC | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22390 | 41-1928105 |
| 151. | Windstream Finance Corp. | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22397 | 47-3595713 |
| 152. | Windstream Florida, LLC | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22413 | 59-0717786 |
| 153. | Windstream Georgia Communications, LLC | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22418 | 58-2046299 |
| 154. | Windstream Georgia Telephone, LLC | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22422 | 58-0802675 |
| 155. | Windstream Georgia, LLC | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22426 | 58-0202560 |
| 156. | Windstream Holding of the Midwest, Inc. | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22431 | 47-0632436 |
| 157. | Windstream Iowa Communications, LLC | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22434 | 27-1635465 |
| 158. | Windstream Iowa-Comm, LLC | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22441 | 42-1525756 |
| 159. | Windstream IT-Comm, LLC | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22444 | 35-2256532 |
| 160. | Windstream KDL, LLC | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22449 | 61-1196739 |
| 161. | Windstream KDL-VA, LLC | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22453 | 20-0817269 |
| 162. | Windstream Kentucky East, LLC | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22458 | 73-1621772 |
| 163. | Windstream Kentucky West, LLC | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22462 | 61-0487133 |
| 164. | Windstream Kerrville Long Distance, LLC | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22468 | 74-2228603 |

| NO. | DEBTOR | ADDRESS | CASE NO. | EIN # |
|---|---|---|---|---|
| 165. | Windstream Lakedale Link, Inc. | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22473 | 41-1815232 |
| 166. | Windstream Lakedale, Inc. | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22477 | 41-0643917 |
| 167. | Windstream Leasing, LLC | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22482 | 27-2348873 |
| 168. | Windstream Lexcom Communications, LLC | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22486 | 56-0298450 |
| 169. | Windstream Lexcom Entertainment, LLC | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22491 | 56-2261861 |
| 170. | Windstream Lexcom Long Distance, LLC | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22498 | 56-2261863 |
| 171. | Windstream Lexcom Wireless, LLC | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22502 | 56-2261865 |
| 172. | Windstream Mississippi, LLC | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22504 | 64-0323983 |
| 173. | Windstream Missouri, LLC | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22506 | 43-0690837 |
| 174. | Windstream Montezuma, LLC | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22508 | 42-0422100 |
| 175. | Windstream Nebraska, Inc. | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22510 | 47-0223220 |
| 176. | Windstream Network Services of the Midwest, Inc. | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22511 | 91-1772936 |
| 177. | Windstream New York, Inc. | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22512 | 15-0306510 |
| 178. | Windstream Norlight, LLC | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22513 | 61-0927928 |
| 179. | Windstream North Carolina, LLC | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22514 | 56-0509132 |
| 180. | Windstream NorthStar, LLC | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22515 | 27-0297987 |
| 181. | Windstream NTI, LLC | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22516 | 39-1712867 |
| 182. | Windstream NuVox Arkansas, LLC | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22517 | 43-1830185 |
| 183. | Windstream NuVox Illinois, LLC | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22518 | 43-1861148 |
| 184. | Windstream NuVox Indiana, LLC | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22519 | 43-1861150 |

| NO. | DEBTOR | ADDRESS | CASE NO. | EIN # |
|---|---|---|---|---|
| 185. | Windstream NuVox Kansas, LLC | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22476 | 43-1830186 |
| 186. | Windstream NuVox Missouri, LLC | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22480 | 43-1830184 |
| 187. | Windstream NuVox Ohio, LLC | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22484 | 43-1861151 |
| 188. | Windstream NuVox Oklahoma, LLC | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22489 | 43-1850572 |
| 189. | Windstream NuVox, LLC | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22492 | 57-1072836 |
| 190. | Windstream of the Midwest, Inc. | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22496 | 47-0803453 |
| 191. | Windstream Ohio, LLC | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22501 | 31-4265290 |
| 192. | Windstream Oklahoma, LLC | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22503 | 71-0406211 |
| 193. | Windstream Pennsylvania, LLC | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22505 | 25-1145739 |
| 194. | Windstream Services, LLC | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22400 | 20-0792300 |
| 195. | Windstream SHAL Networks, Inc. | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22507 | 41-1701143 |
| 196. | Windstream SHAL, LLC | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22509 | 41-1858078 |
| 197. | Windstream Shared Services, LLC | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22479 | 51-0553722 |
| 198. | Windstream South Carolina, LLC | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22481 | 57-0140680 |
| 199. | Windstream Southwest Long Distance, LLC | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22485 | 75-2884847 |
| 200. | Windstream Standard, LLC | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22488 | 58-0445370 |
| 201. | Windstream Sugar Land, LLC | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22490 | 74-0672235 |
| 202. | Windstream Supply, LLC | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22493 | 31-4359937 |
| 203. | Windstream Systems of the Midwest, Inc. | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22495 | 47-0650357 |
| 204. | Windstream Western Reserve, LLC | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22497 | 34-0614000 |

| NO. | DEBTOR | ADDRESS | CASE NO. | EIN # |
|---|---|---|---|---|
| 205. | Xeta Technologies, Inc. | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22499 | 73-1130045 |

| | | |
|---|---|---|
| **2.** | **All other names used in the last 8 years:** | <u>See Rider 1.</u> |

| | | |
|---|---|---|
| **3.** | **Address:** | See chart above. |

**4.   Debtors' attorneys:**

<div align="center">

**Stephen E. Hessler, P.C.**
**Marc Kieselstein, P.C.**
**Cristine Pirro Schwarzman**
**Kirkland & Ellis LLP**
**Kirkland & Ellis International LLP**
**601 Lexington Avenue**
**New York, New York  10022**
**Telephone number:  (212) 446-4800**

**- and -**

**James H.M. Sprayregen, P.C.**
**Ross M. Kwasteniet, P.C.**
**Brad Weiland**
**John R. Luze**
**Kirkland & Ellis LLP**
**Kirkland & Ellis International LLP**
**300 North LaSalle Street**
**Chicago, Illinois 60654**
**Telephone number:  (312) 862-2000**

</div>

| | | |
|---|---|---|
| **5.   Bankruptcy Clerk's Office**<br><br>Documents in this case may be filed at this address.<br>You may inspect all records filed in this case at this office or online at <u>www.pacer.gov</u> | **US Bankruptcy Court**<br>**Southern District of New York**<br>**300 Quarropas Street**<br>**Room 248**<br>**White Plains, NY 10601**<br>All documents in this case are available free of charge on the website of the Debtors' notice and claims agent at <u>http://www.kccllc.net/windstream</u> | **Hours Open:  Monday - Friday**<br>**8:30 AM - 5:00 PM**<br>**Contact phone:  (914) 467-7088** |

| | | |
|---|---|---|
| **6.   Meeting of Creditors**<br><br>The debtor's representative must attend the meeting to be questioned under oath.  Creditors may attend, but are not required to do so. | **Time and Date to be Determined**<br>The meeting may be continued or adjourned to a later date.  If so, the date will be on the court docket. | **Location:**<br>[                    ]<br>[                    ] |

| | | |
|---|---|---|
| **7.   Proof of claim deadline:** | **Deadline for filing proof of claim:**<br><br>A proof of claim is a signed statement describing a creditor's claim. A proof of claim form may be obtained at <u>www.uscourts.gov</u> | Not yet set. If a deadline is set, notice will be sent at a later time. |

|  | or any bankruptcy clerk's office. |
|---|---|
|  | Your claim will be allowed in the amount scheduled unless:<br>• Your claim is designated as disputed, contingent or unliquidated;<br>• You file a proof of claim in a different amount; or<br>• You receive another notice<br><br>If your claim is not scheduled or if your claim is designated as disputed, contingent, or unliquidated, you must file a proof of claim or you might not be paid on your claim and you might be unable to vote on a plan. You may file a proof of claim even if your claim is scheduled.<br><br>You may review the schedules at the bankruptcy clerk's office or online at www.pacer.gov<br><br>Secured creditors retain rights in their collateral regardless of whether they file a proof of claim. Filing a proof of claim submits a creditor to the jurisdiction of the bankruptcy court, with consequences a lawyer can explain. For example, a secured creditor who files a proof of claim may surrender important nonmonetary rights, including the right to a jury trial. |
| **8.   Exception to discharge deadline**<br><br>The bankruptcy clerk's office must receive a complaint and any required filing fee by the following deadline. | You must start a judicial proceeding by filing a complaint if you want to have a debt excepted from discharge under 11 U.S.C. § 1141(d)(6)(A).<br><br><br>**Deadline for filing the complaint: To be Determined** |
| **9.   Creditors with a foreign address** | If you are a creditor receiving notice mailed to a foreign address, you may file a motion asking the court to extend the deadlines in this notice. Consult an attorney familiar with United States bankruptcy law if you have any questions about your rights in this case. |
| **10.  Filing a Chapter 11 bankruptcy case** | Chapter 11 allows debtors to reorganize or liquidate according to a plan. A plan is not effective unless the court confirms it. You may receive a copy of the plan and a disclosure statement telling you about the plan, and you may have the opportunity to vote on the plan. You will receive notice of the date of the confirmation hearing, and you may object to confirmation of the plan and attend the confirmation hearing. Unless a trustee is serving, the debtor will remain in possession of the property and may continue to operate its business. |
| **11.  Discharge of debts** | Confirmation of a chapter 11 plan may result in a discharge of debts, which may include all or part of your debt. *See* 11 U.S.C. § 1141(d). A discharge means that creditors may never try to collect the debt from the debtor except as provided in the plan. If you want to have a particular debt owed to you excepted from the discharge under 11 U.S.C. § 1141(d)(6)(A), you must start a judicial proceeding by filing a complaint and paying the filing fee in the bankruptcy clerk's office by the deadline. |

Official Form 309F (For Corporations or Partnerships)        **Notice of Chapter 11 Bankruptcy Case**

**Rider 1**

**Other Names Used in the Last 8 Years**

| Current Entity Name | Former Names |
|---|---|
| Windstream Business Holdings, LLC | Earthlink, LLC |
| Windstream Holdings, Inc. | N/A |
| A.R.C. Networks, Inc. | N/A |
| Allworx Corp. | N/A |
| American Telephone Company LLC | N/A |
| ARC Networks, Inc. | N/A |
| ATX Communications, Inc. | N/A |
| ATX Licensing, Inc. | N/A |
| ATX Telecommunications Services of Virginia, LLC | N/A |
| Birmingham Data Link, LLC | N/A |
| BOB, LLC | BOB Merger Sub, LLC; Business Only Broadband; Windstream Fixed Wireless, LLC. |
| Boston Retail Partners, LLC | N/A |
| BridgeCom Holdings, Inc. | N/A |
| BridgeCom International, Inc. | N/A |
| BridgeCom Solutions Group, Inc. | N/A |
| Broadview Networks of Massachusetts, Inc. | N/A |
| Broadview Networks of Virginia, Inc. | N/A |
| Broadview Networks, Inc. | N/A |
| Broadview NP Acquisition Corp. | N/A |
| Buffalo Valley Management Services, Inc. | N/A |
| Business Telecom of Virginia, Inc. | N/A |
| Business Telecom, LLC | N/A |
| BV-BC Acquisition Corporation | N/A |
| Cavalier IP TV, LLC | N/A |
| Cavalier Services, LLC | N/A |
| Cavalier Telephone Mid-Atlantic, L.L.C. | N/A |
| Cavalier Telephone, L.L.C. | N/A |
| CCL Historical, Inc. | N/A |
| Choice One Communications of Connecticut, Inc. | EarthLink Business; One Communications; One Communications Corp. |
| Choice One Communications of Maine, Inc. | EarthLink Business; EarthLink Business II; One Communications. |
| Choice One Communications of Massachusetts, Inc. | EarthLink Business; One Communications. |
| Choice One Communications of New York, Inc. | EarthLink Business; One Communications. |
| Choice One Communications of Ohio, Inc. | EarthLink Business; One Communications. |
| Choice One Communications of Pennsylvania, Inc. | EarthLink Business; One Communications. |
| Choice One Communications of Rhode Island, Inc. | EarthLink Business; One Communications. |
| Choice One Communications of Vermont, Inc. | EarthLink Business; EarthLink Business IV; One Communications. |
| Choice One Communications Resale, L.L.C. | EarthLink Business; One Communications. |
| Choice One of New Hampshire, Inc. | EarthLink Business; One Communications. |
| Cinergy Communications Company of Virginia, LLC | Cinergy Communications Company of Virginia |
| Conestoga Enterprises, Inc. | N/A |
| Conestoga Management Services, Inc. | N/A |
| Conestoga Wireless Company | N/A |

| Current Entity Name | Former Names |
|---|---|
| Connecticut Broadband, LLC | EarthLink Business; One Communications. |
| Connecticut Telephone & Communication Systems, Inc. | EarthLink Business; One Communications. |
| Conversent Communications Long Distance, LLC | EarthLink Business; One Communications Long Distance of New Hampshire. |
| Conversent Communications of Connecticut, LLC | EarthLink Business; One Communications; One Communications Corp. |
| Conversent Communications of Maine, LLC | EarthLink Business IV; One Communications IV. |
| Conversent Communications of Massachusetts, Inc. | EarthLink Business; One Communications. |
| Conversent Communications of New Hampshire, LLC | EarthLink Business; One Communications of New Hampshire. |
| Conversent Communications of New Jersey, LLC | EarthLink Business. |
| Conversent Communications of New York, LLC | EarthLink Business; One Communications. |
| Conversent Communications of Pennsylvania, LLC | EarthLink Business; One Communications. |
| Conversent Communications of Rhode Island, LLC | EarthLink Business IV; One Communications IV. |
| Conversent Communications of Vermont, LLC | EarthLink Business; EarthLink Business IV; One Communications. |
| Conversent Communications Resale, L.L.C. | EarthLink Business; EarthLink Business  III; EarthLink Business IV; One Communications. |
| CoreComm Communications, LLC | N/A |
| CoreComm-ATX, Inc. | N/A |
| CTC Communications Corporation | EarthLink Business; EarthLink Business I; EarthLink Business IV; EarthLink Business Inc.; One Communications; One Communications Corp. |
| CTC Communications of Virginia, Inc. | N/A |
| D&E Communications, LLC | D&E Communications, Inc. |
| D&E Management Services, Inc. | N/A |
| D&E Networks, Inc. | N/A |
| D&E Wireless, Inc. | N/A |
| DeltaCom, LLC | DeltaCom, Inc.; EarthLink Business; EarthLink Business I; EarthLink Business IV; EarthLink Business Solutions. |
| EarthLink Business, LLC | EarthLink Business. |
| EarthLink Carrier, LLC | N/A |
| Equity Leasing, Inc. | Equity Leasing of Illinois (Illinois only). |
| Eureka Broadband Corporation | N/A |
| Eureka Holdings, LLC | N/A |
| Eureka Networks, LLC | N/A |
| Eureka Telecom of VA, Inc. | N/A |
| Eureka Telecom, Inc. | N/A |
| Georgia Windstream, LLC | N/A |
| Heart of the Lakes Cable Systems, Inc. | N/A |
| Infocore, Inc. | N/A |
| InfoHighway Communications Corporation | N/A |
| Info-Highway International, Inc. | N/A |
| InfoHighway of Virginia, Inc. | N/A |
| Intellifiber Networks, LLC | Intellifiber Networks, Inc. |
| Iowa Telecom Data Services, L.C. | N/A |
| Iowa Telecom Technologies, LLC | N/A |

| Current Entity Name | Former Names |
|---|---|
| IWA Services, LLC | N/A |
| KDL Holdings, LLC | N/A |
| LDMI Telecommunications, LLC | LDMI Telecommunications, Inc.; LDMI Telecommunications. |
| Lightship Telecom, LLC | EarthLink Business; EarthLink Business I; EarthLink Business IV; One Communications. |
| MASSCOMM, LLC | N/A |
| McLeodUSA Information Services LLC | N/A |
| McLeodUSA Purchasing, L.L.C. | N/A |
| McLeodUSA Telecommunications Services, L.L.C. | PaeTec Business Services. |
| MPX, Inc. | N/A |
| Nashville Data Link, LLC | N/A |
| Network Telephone, LLC | Cavalier Telephone; Cavalier Telephone and TV; Cavalier Business Communications;. |
| Norlight Telecommunications of Virginia, LLC | Norlight Telecommunications of Virginia, Inc. |
| Oklahoma Windstream, LLC | N/A |
| Open Support Systems, LLC | N/A |
| PaeTec Communications of Virginia, LLC | N/A |
| PaeTec Communications, LLC | PaeTec Communications, Inc. |
| PAETEC Holding, LLC | PAETEC Holding Corp. |
| PAETEC iTel, L.L.C. | N/A |
| PAETEC Realty LLC | N/A |
| PAETEC, LLC | PAETEC Corp. |
| PCS Licenses, Inc. | N/A |
| Progress Place Realty Holding Company, LLC | N/A |
| RevChain Solutions, LLC | N/A |
| SM Holdings, LLC | N/A |
| Southwest Enhanced Network Services, LLC | Southwest Enhanced Network Services, LP |
| Talk America of Virginia, LLC | Talk America of Virginia, Inc.; Cavalier Telephone. |
| Talk America, LLC | Talk America, Inc.; Cavalier Telephone; Cavalier Business Communications. |
| Teleview, LLC | N/A |
| Texas Windstream, LLC | Texas Windstream, Inc. |
| The Other Phone Company, LLC | Cavalier Business Communications; The Phone Company. |
| Trinet, LLC | N/A |
| TruCom Corporation | N/A |
| US LEC Communications LLC | PaeTec Business Services. |
| US LEC of Alabama LLC | N/A |
| US LEC of Florida LLC | N/A |
| US LEC of Georgia LLC | PAETEC Business Services. |
| US LEC of Maryland LLC | N/A |
| US LEC of North Carolina LLC | N/A |
| US LEC of Pennsylvania LLC | N/A |
| US LEC of South Carolina LLC | N/A |
| US LEC of Tennessee LLC | N/A |
| US LEC of Virginia LLC | PAETEC Business Services. |
| US Xchange of Illinois, L.L.C. | EarthLink Business; One Communications. |
| US Xchange of Indiana, L.L.C. | EarthLink Business; One Communications. |
| US Xchange of Michigan, L.L.C. | EarthLink Business; One Communications. |
| US Xchange of Wisconsin, L.L.C. | EarthLink Business; One Communications. |

| Current Entity Name | Former Names |
|---|---|
| US Xchange, Inc. | EarthLink Business; One Communications; Choice One; Choice One Communications. |
| Valor Telecommunications of Texas, LLC | Windstream Communications Southwest. |
| WaveTel NC License Corporation | N/A |
| WIN Sales & Leasing, Inc. | Communications Sales and Leasing, Inc. |
| Windstream Accucomm Networks, LLC | N/A |
| Windstream Accucomm Telecommunications, LLC | N/A |
| Windstream Alabama, LLC | N/A |
| Windstream Arkansas, LLC | N/A |
| Windstream Buffalo Valley, Inc. | N/A |
| Windstream BV Holdings, LLC | Windstream BV Holdings, Inc.; Broadview Network Holdings, Inc. |
| Windstream Cavalier, LLC | N/A |
| Windstream Communications Kerrville, LLC | N/A |
| Windstream Communications Telecom, LLC | N/A |
| Windstream Communications, LLC | Windstream Communications, Inc. |
| Windstream Concord Telephone, LLC | Windstream Concord Telephone, Inc. |
| Windstream Conestoga, Inc. | N/A |
| Windstream CTC Internet Services, Inc. | N/A |
| Windstream D&E Systems, LLC | Windstream D&E Systems, Inc. |
| Windstream D&E, Inc. | N/A |
| Windstream Direct, LLC | N/A |
| Windstream Eagle Holdings, LLC | Earthlink Holdings, LLC; EarthLink Holdings Corp. |
| Windstream Eagle Services, LLC | Earthlink Services, LLC |
| Windstream EN-TEL, LLC | N/A |
| Windstream Finance Corp. | N/A |
| Windstream Florida, LLC | Windstream Florida, Inc. |
| Windstream Georgia Communications, LLC | N/A |
| Windstream Georgia Telephone, LLC | N/A |
| Windstream Georgia, LLC | N/A |
| Windstream Holding of the Midwest, Inc. | N/A |
| Windstream Iowa Communications, LLC | Windstream Iowa Communications, Inc. |
| Windstream Iowa-Comm, LLC | Windstream Iowa-Comm, Inc. |
| Windstream IT-Comm, LLC | N/A |
| Windstream KDL, LLC | N/A |
| Windstream KDL-VA, LLC | N/A |
| Windstream Kentucky East, LLC | N/A |
| Windstream Kentucky West, LLC | N/A |
| Windstream Kerrville Long Distance, LLC | N/A |
| Windstream Lakedale Link, Inc. | N/A |
| Windstream Lakedale, Inc. | N/A |
| Windstream Leasing, LLC | N/A |
| Windstream Lexcom Communications, LLC | Windstream Lexcom Communications, Inc. |
| Windstream Lexcom Entertainment, LLC | N/A |
| Windstream Lexcom Long Distance, LLC | N/A |
| Windstream Lexcom Wireless, LLC | N/A |
| Windstream Mississippi, LLC | N/A |
| Windstream Missouri, LLC | Windstream Missouri, Inc. |
| Windstream Montezuma, LLC | Windstream Montezuma, Inc. |
| Windstream Nebraska, Inc. | N/A |
| Windstream Network Services of the Midwest, Inc. | N/A |
| Windstream New York, Inc. | N/A |

| Current Entity Name | Former Names |
|---|---|
| Windstream Norlight, LLC | Windstream Norlight, Inc. |
| Windstream North Carolina, LLC | N/A |
| Windstream NorthStar, LLC | N/A |
| Windstream NTI, LLC | Windstream NTI, Inc. |
| Windstream NuVox Arkansas, LLC | Windstream NuVox Arkansas, Inc. |
| Windstream NuVox Ilinois, LLC | Windstream NuVox Illinois, Inc. |
| Windstream NuVox Indiana, LLC | Windstream NuVox Indiana, Inc. |
| Windstream NuVox Kansas, LLC | Windstream NuVox Kansas, Inc. |
| Windstream NuVox Missouri, LLC | Windstream NuVox Missouri, Inc. |
| Windstream NuVox Ohio, LLC | Windstream NuVox Ohio, Inc. |
| Windstream NuVox Oklahoma, LLC | Windstream NuVox Oklahoma, Inc. |
| Windstream NuVox, LLC | Windstream Nuvox, Inc. |
| Windstream of the Midwest, Inc. | N/A |
| Windstream Ohio, LLC | N/A |
| Windstream Oklahoma, LLC | N/A |
| Windstream Pennsylvania, LLC | N/A |
| Windstream Services, LLC | Windstream Corporation |
| Windstream SHAL Networks, Inc. | N/A |
| Windstream SHAL, LLC | N/A |
| Windstream Shared Services, LLC | Earthlink Shared Services, LLC |
| Windstream South Carolina, LLC | N/A |
| Windstream Southwest Long Distance, LLC | N/A |
| Windstream Standard, LLC | N/A |
| Windstream Sugar Land, LLC | N/A |
| Windstream Supply, LLC | N/A |
| Windstream Systems of the Midwest, Inc. | N/A |
| Windstream Western Reserve, LLC | N/A |
| XETA Technologies, Inc. | N/A |

Stephen E. Hessler, P.C.
Marc Kieselstein, P.C.
Cristine Pirro Schwarzman
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:      (212) 446-4800
Facsimile:      (212) 446-4900

James H.M. Sprayregen, P.C.
Ross M. Kwasteniet, P.C. (*pro hac vice* pending)
Brad Weiland (*pro hac vice* pending)
John R. Luze (*pro hac vice* pending)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:      (312) 862-2000
Facsimile:      (312) 862-2200

*Proposed Counsel to the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) ) | Chapter 11 |
| WINDSTREAM HOLDINGS, INC., *et al.,*[1] | ) ) ) | Case No. 19-22312 (RDD) |
| Debtors. | ) ) ) | (Joint Administration Requested) |

**DECLARATION OF TONY THOMAS, CHIEF EXECUTIVE**
**OFFICER AND PRESIDENT OF WINDSTREAM HOLDINGS, INC.,**
**(I) IN SUPPORT OF DEBTORS' CHAPTER 11 PETITIONS AND FIRST**
**DAY MOTIONS AND (II) PURSUANT TO LOCAL BANKRUPTCY RULE 1007-2**

I, Tony Thomas, hereby declare under penalty of perjury:

1.      I am the Chief Executive Officer and President of Windstream Holdings, Inc.

("Windstream Holdings"), a publicly traded, FORTUNE 500 company organized under the laws

of Delaware and a debtor and debtor in possession in the above-captioned chapter 11 cases.

Windstream Holdings' common shares trade on the Nasdaq Global Select Market ("NASDAQ")

under the ticker symbol "WIN."  I have served as Windstream Holdings' Chief Executive Officer

---

[1]     The last four digits of Debtor Windstream Holdings, Inc.'s tax identification number are 7717.  Due to the large number of debtor entities in these chapter 11 cases, for which the Debtors have requested joint administration, a complete list of the debtor entities and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' proposed claims and noticing agent at http://www.kccllc.net/windstream.  The location of the Debtors' service address for purposes of these chapter 11 cases is:  4001 North Rodney Parham Road, Little Rock, Arkansas 72212.

JA116

and President since 2014.  Previously, I was Windstream Holdings' Chief Financial Officer from August 2009 through September 2014, and was responsible for overseeing the company's accounting, finance, capital planning, tax, procurement, audit, investor relations and treasury teams.  I have held numerous other leadership roles within Windstream Holdings, including Controller and President of the Real Estate Investment Trust Operations.  Prior to joining Windstream Holdings in 2006, I served in various management roles at Alltel.  Before entering the communications industry, I was a senior auditor with Ernst & Young, where I worked in the telecommunications practice.  I hold a master's degree in business administration from Wake Forest University and a bachelor's degree in accountancy from the University of Illinois.

2.      I am generally familiar with the day-to-day operations, business and financial affairs, and books and records Windstream Holdings and its direct and indirect debtor subsidiaries (collectively, "Windstream").  I submit this declaration to assist the Court and parties in interest in understanding the circumstances that compelled the commencement of these chapter 11 cases and in support of (a) Windstream's petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") and (b) the relief that Windstream has requested from the Court pursuant to the emergency motions and applications filed with this declaration (collectively, the "First Day Motions").

3.      Except as otherwise indicated, all facts set forth in this declaration are based upon my personal knowledge, my discussions with other members of Windstream's management team and advisors, my review of relevant documents and information concerning Windstream's operations, financial affairs, and restructuring initiatives, or my opinions based upon my experience and knowledge.  If called as a witness, I could and would testify competently to the

2

facts set forth in this declaration.  I am authorized to submit this declaration on behalf of
Windstream.

## **Introduction**

4.      Windstream is a leading provider of advanced network communications,
technology, broadband, entertainment, security, and core transport solutions to both consumer and
business customers across the United States, with a national footprint spanning approximately
150,000 fiber miles.  Windstream offers broadband, entertainment and security solutions to
consumers and small businesses, primarily in rural areas, in 18 states.  Central to Windstream's
growth is a focused operational strategy for each of its business segments with the overall objective
of generating strong financial returns for its stakeholders.  Windstream's operational performance
is on an upward trajectory—throughout 2018, Windstream added over 14,000 new broadband
subscribers and improved strategic sales revenue.  As of the petition date, Windstream had
approximately 11,600 employees.

5.      Windstream did not arrive in chapter 11 due to operational failures and, currently,
does not anticipate the need to restructure material operational obligations.  Instead, as set forth in
the First Day Motions, Windstream hopes and anticipates that its operations will continue
uninterrupted and its employees will be able to continue to focus on providing best-in-class service
to all of Windstream's valued customers, in each case largely unaffected by these chapter 11 cases.
The primary aim of these chapter 11 cases is to serve as a foundation for a financial restructuring
necessitated by an adverse ruling in the United States District Court for the Southern District of
New York by Judge Jesse Furman, which found a default under an indenture governing certain of
Windstream's unsecured notes.  Through these chapter 11 cases, Windstream hopes to protect its
business as a going concern, ensure long-term financial stability, and secure a sustainable go-
forward capital structure.

3

JA118

6.      Windstream operates in the highly competitive telecommunications industry.  Since its formation in 2006 through a spinoff and merger transaction involving telecommunications companies Alltel and VALOR Communications Group, Windstream has sought to maximize its competitive advantage through geographical expansion (both acquisition-based and organic) and technological innovation, including upgrading its network presence and expanding its portfolio of next-generation technology solutions.  Historically, Windstream's growth was funded in large part by debt.  As of February 2019, Windstream had approximately $5.6 billion in funded debt, including approximately $800 million in first-lien revolving loan obligations, approximately $1.8 billion in first-lien term loan obligations and notes (including $100 million of secured notes issued by an indirect subsidiary of Windstream Holdings) and approximately $2.9 billion of second-lien secured notes and unsecured notes.

7.      Over the past several years, Windstream has consummated a number of refinancings, exchanges, and similar transactions.  Additionally, in April 2015, Windstream Services and related debtor subsidiaries spun off certain telecommunications network, real estate, and other assets through a transaction involving a real estate investment trust now known as Uniti Group Inc. ("Uniti").  Subsequent to the Uniti spin-off, Windstream Holdings entered into a master lease agreement with certain subsidiaries of Uniti, pursuant to which it leases the assets (as further described below).  As recently as mid-2018, Windstream had consummated certain exchange offers and was considering additional out-of-court transactions to manage its capital structure.  But those plans were derailed due to an extreme, and sudden, liquidity crisis Windstream now faces as a consequence of Judge Furman's findings and attendant impact under Windstream's debt agreements.

4

JA119

8.      In November 2017, U.S. Bank National Association ("U.S. Bank"), as indenture trustee (and at the behest of Aurelius Capital Master, Ltd. ("Aurelius")), commenced litigation in the District Court for the Southern District of New York alleging a default under the indenture governing Windstream's 6 3/8% senior unsecured notes due 2023 (the "6 3/8% Notes").  U.S. Bank and Aurelius asserted—more than two years after the transaction occurred—that the Uniti spin-off constituted a prohibited "Sale and Leaseback Transaction" under the indenture governing the 6 3/8% Notes (the "6 3/8% Notes Indenture"), even though Aurelius did not own any 6 3/8% Notes at the time of the Uniti spin-off and no other noteholder objected to the transaction. Additionally, on December 7, 2017, Aurelius issued a notice of acceleration to Windstream related to the 6 3/8% Notes.

9.      Throughout 2017 and early 2018, Windstream consummated a series of exchange transactions and consent solicitations.  The goal of these transactions was to extend near-term maturities, reduce interest expense, and obtain the requisite consents to waive any alleged default related to the Uniti spin-off.  A significant majority of unsecured noteholders supported Windstream in its position that the Uniti spin-off did not violate the 6 3/8% Notes Indenture or any other applicable indenture, and agreed to waive the Aurelius-alleged defaults, but Aurelius and U.S. Bank nonetheless contested these exchange transactions in the litigation.

10.     Despite overwhelming support from Windstream's noteholders, on February 15, 2019, Judge Furman issued a decision in favor of one noteholder—Aurelius—finding that the Uniti spin-off constituted a prohibited Sale and Leaseback Transaction under the 6 3/8% Notes Indenture, that the late 2017 exchange and consent transactions did not cure the default, and that the December 2017 Aurelius notice of acceleration was valid.

5

JA120

11.     Windstream respectfully disagrees with the court's findings of fact and conclusions of law and believes that the Uniti spin-off did not violate any provision of the 6 3/8% Notes Indenture. Furthermore, even if the Uniti spin-off was in violation, Windstream believes that the subsequent consent and exchange transactions addressed any alleged defaults.  The findings found that an event of default under the 6 3/8% Notes Indenture had occurred and had not been cured or waived.  As Judge Furman noted, such an event of default had the effect of validating Aurelius's 2017 notice of acceleration and opened the door for Aurelius to exercise remedies against Windstream and its assets.  Moreover, the findings would gave rise to a cross default under the credit agreement governing Windstream's secured term and revolving loan obligations and the valid acceleration of the 6 3/8% Notes by Aurelius would give rise to a cross-acceleration event of default under the indentures governing Windstream's other series of secured and unsecured notes..

12.     Windstream historically has not retained significant amounts of excess cash on its balance sheet and instead has used excess cash to repay outstanding revolver borrowings. Therefore, the cross default under Windstream's term loan and revolving facilities meant that, in the absence of a waiver from a majority of its revolver lenders, Windstream suddenly found itself without access to the remaining approximately $450 million in availability under its revolving credit facility, which it relies upon to smooth its cash flows and fund day-to-day cash needs.  On February 15, 2019, the day Judge Furman issued his findings, Windstream had approximately $6 million in cash on hand and limited access to additional liquidity.

13.     During this time period, Windstream and its advisors explored a range of comprehensive out-of-court financing options in hopes of obviating the need for a chapter 11 filing.  For the reasons described below, none of these options were actionable, and over the

JA121

following days, Windstream faced a significant liquidity shortfall and no access to further out-of-court financing.

14.     Accordingly, on February 25, 2019, (the "Petition Date"), Windstream commenced these chapter 11 cases to both obtain the benefit of the automatic stay to enjoin Aurelius and other parties from taking collection action and to gain access to critical debtor-in-possession financing—the only financing available to Windstream at this time.  Windstream intends to utilize the chapter 11 process to preserve and maximize value and as expediently as possible, negotiate and implement a financial restructuring for the benefit of all stakeholders, while maintaining existing operations.

15.     Windstream's business operations remain strong and its reorganizational prospects are promising.  Notwithstanding the fact that Windstream arrived in chapter 11 without a pre-negotiated deal in place due to a sudden liquidity crisis, Windstream is optimistic that its creditor body as a whole is supportive of the company and its management team and will be supportive of an efficient reorganization.  During the interim period between the court's findings and the Petition Date, there has been a competitive process among many of Windstream's stakeholders to provide DIP financing, allowing the company to obtain financing on market terms and indicating the strong interest among its creditors for an efficient and value maximizing restructuring.  Windstream intends to engage with all stakeholders postpetition and use the chapter 11 process as to build consensus around a value-maximizing result that will inure to the benefit of stakeholders enterprise wide.

JA122

16.    To familiarize the Court with Windstream, its business, the circumstances leading to these chapter 11 cases, and the relief Windstream is seeking in the First Day Motions, the declaration covers the following:

- **Part I** provides an overview of Windstream's corporate structure and business operations.

- **Part II** provides an overview of Windstream's capital structure.

- **Part III** describes the circumstances leading to these chapter 11 cases.

- **Part IV** sets forth the evidentiary basis for the relief requested in each of the First Day Motions.

- **Part V** describes Windstream's pursuit of out-of-court financing alternatives and the proposed debtor-in-possession financing.

- **Part VI** sets forth certain additional information about Windstream, as required by rule 1007-2 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules").

## I.    Background.

### A.    Windstream's Corporate History and Structure.

17.    Windstream traces its roots back to 1943, when Allied Telephone Company was founded in Little Rock, Arkansas to serve rural communities in Arkansas, Oklahoma, and Missouri.  Over time Allied Telephone Company (subsequently re-branded as Alltel) grew into one of the country's largest telephone companies.  In 2006, Windstream Corporation was formed through the spinoff of Alltel's landline business and merger with VALOR Communications Group. The new business initially served 3.4 million access lines in 16 states.[2]  Windstream continued Alltel's legacy of growth and innovation, expanding significantly both organically and through acquisitions.  Most recently, in 2017, Windstream acquired EarthLink and Broadview Networks.

---

[2]    Windstream's business generates revenue by delivering voice and data services over channels known as "access lines".

JA123

18.     Windstream Holdings, Windstream's publicly-traded holding company, was incorporated in the state of Delaware on May 23, 2013, and is the parent of Windstream Services, LLC ("Windstream Services"), formerly a Delaware corporation and now a Delaware limited liability company organized on March 1, 2004.  Windstream Holdings' only material asset is a 100 percent interest in Windstream Services. Windstream Services and its guarantor subsidiaries are the sole obligors of all of Windstream's outstanding debt obligations. Windstream Holdings is not a guarantor of nor subject to the restrictive covenants included in any of Windstream Services' debt agreements. Windstream's complete corporate organization chart is attached hereto as **Exhibit A**.

B.     **Windstream's Business Operations**.

19.     Windstream is a leading provider of advanced network communications and related technology that increase the network communication abilities for businesses across the United States, including in the banking, content and media, education, government, healthcare, hospitality, and retail spaces.  Windstream also offers broadband, entertainment and security solutions to consumers and small businesses, primarily in rural areas, in 18 states.  Additionally, Windstream supplies core transport solutions[3] on a local and long-haul fiber network spanning approximately 150,000 miles.  The market for the telecommunications services Windstream offers is highly competitive and continued industry-wide merger and acquisition activity has resulted in fewer customers and intensified pricing pressure.  To maintain its competitive edge, Windstream keeps a sharp focus on providing a top of the line customer experience and continued technological innovation—objectives it has successfully pursued to date.

---

[3]    In Windstream's industry, the term "core network" refers to the highly functional communication facilities that interconnect primary nodes. The core network delivers routes to exchange information among various sub-networks.

9

20.    Windstream primarily conducts its operations through two business units: (i) the Consumer & Small Business business unit, which serves customers located in service areas in which Windstream is the incumbent local exchange carrier ("ILEC");[4] and (ii) the Enterprise & Wholesale business unit, which serves customers located in service areas in which Windstream is a competitive local exchange carrier ("CLEC").[5]  Each unit is described in greater detail below.

21.    ***Consumer & Small Business.***  The Consumer & Small Business unit includes approximately 1.4 million residential and small business customers. Windstream's consumer services primarily consist of high-speed internet and traditional voice and video services, including 911 services.  Windstream is also committed to providing high-speed broadband and additional value-added services to its consumer base, as well as bundling its service offerings to provide a comprehensive solution to meet its customers' needs at a competitive value.  During 2017, the Consumer & Small Business unit generated $2 billion in revenue.  The map below shows the coverage area for the residential customers in this segment.

---

[4]    An incumbent local exchange carrier is local telecommunications company (or its corporate successor) that held the regional monopoly on landline service in an area before regulation opened the market to competitive local exchange carriers.  In much of the United States, ILECs trace their roots back to Bell Telephone Company (later AT&T), which at one time operated as a monopoly offering telephone services in the United States.

[5]    A competitive local exchange carrier is a telecommunications company that, through regulation, is allowed to compete in territories where ILECs had historically had a monopoly.

JA125

**Residential Coverage**



22.    ***Enterprise & Wholesale.***  Windstream's Enterprise business segment provides advanced network communications and technology solutions, including software defined wide area networking (SD-WAN) and unified communications as a service (UCaaS), to businesses across the United States and offers solutions to enable businesses to compete more effectively in the digital economy, as well as a variety of other data services including cloud computing as an alternative to traditional technology infrastructure.  Windstream's Enterprise segment supports some of the most demanding IT organizations within the retail, healthcare, financial services, manufacturing, government and education sectors.  Throughout 2017, the Enterprise segment generated $2.9 billion in revenue.  The below map refelects Windstream's connection points for their cloud-computing and data transmission services.

11

**Cloud Computing and Data Transmission Footprint**



23.      The Wholesale segment leverages its nationwide network to provide 100 Gbps[6]

bandwidth and transport services to wholesale customers, including telecom companies, content

providers, and cable and other network operators.  In addition, Windstream offers voice and data

carrier services to other communications providers and to larger-scale purchasers of network

capacity.    During 2017, the Wholesale segment generated $757 million in revenue. Today,

Windstream's fiber network spans approximately 150,000 route miles of fiber, as depicted below.

---

[6]      Gbps stands for billions of bits per second and is a measure of bandwidth on a digital data transmission medium
such as optical fiber.

JA127

**National Fiber Footprint**



### C.    The Uniti Spin-Off Transaction.

24.    In March[7] 2015, Windstream Holdings and Windstream Services entered into a

Separation and Distribution Agreement with Uniti, pursuant to which, among other things,

Windstream Services and certain of its subsidiaries contributed to Uniti (then a subsidiary of

Windstream Services) certain assets consisting of approximately 66,000 route miles of fiber optic

cable lines, 235,000 route miles of copper cable lines, central office land and buildings, beneficial

rights to permits, pole agreements and easements, and a small consumer competitive local

exchange carrier business owned by Windstream Services.  Those assets were exchanged for

(a) the issuance of Uniti common stock to Windstream Services, (b) the transfer of approximately

$1.035 billion in cash from Uniti to Windstream Services, and (c) the transfer from Uniti to

---

[7]    Although the Separation and Distribution Agreement was signed in March, the spin off was completed in April.

JA128

Windstream Services of approximately $2.5 billion of Uniti debt, consisting of term loans and secured and unsecured notes. Services then distributed approximately 80.4% of the outstanding shares of Uniti common stock to Windstream Holdings. Windstream Holdings, in turn, distributed the shares of Uniti common stock pro rata to holders of Windstream Holdings common stock in a tax free spin-off. In two separate transactions completed in June 2016, Windstream Services transferred the remaining 19.6% of Uniti's common stock to its secured bank creditors in exchange for the retirement of $672.0 million of aggregate borrowings outstanding under its revolver and to satisfy transaction-related expenses.

25.     Windstream Holdings and Uniti entered into multiple further agreements to implement portions of and govern the relationship after the Uniti spin-off. One such agreement was the master lease by and among subsidiaries of Uniti on the one hand, and Windstream Holdings on the other hand (the "Master Lease"). Pursuant to the Master Lease, Windstream Holdings leased (and still leases) the assets contributed to Uniti.

26.     The Uniti spin-off necessitated securing a private letter ruling from the Internal Revenue Service, a review of accounting matters from the Securities and Exchange Commission, and the advice of numerous attorneys and advisors. The transaction had many benefits for Windstream and created the opportunity to unlock value for shareholders through the creation of two independent public companies with distinct investment characteristics. The spin-off enhanced the credit profile of the Windstream business, providing Windstream with greater financial and strategic flexibility and reduced the actual or perceived competition for capital resources within Windstream. The spin-off transaction accelerated network investments to deliver faster internet speeds to consumers and further provided Uniti with increased flexibility to pursue its plan to expand its communications real estate platform (including through acquisitions that were unlikely

14

to be available absent the spin-off) and allowed Uniti's real property business to optimize its leverage.    Windstream completed the Uniti spin-off, thereby creating significant value by reducing debt and increasing opportunities for investment in Windstream's network, which was then better positioned to better serve consumers, first responders, large enterprises, and small businesses.

## II.    Windstream's Prepetition Capital Structure.

27.    As of the Petition Date, Windstream had approximately $5.6 billion in aggregate funded-debt obligations.  These obligations arise under a revolving credit facility, two tranches under Windstream's term loan facility, one series of secured first lien notes, two series of secured second lien notes and six series of unsecured notes, and one issuance of secured subsidiary notes. Windstream Holdings is not party to Windstream's debt obligations. All debt has been incurred by Windstream Services and its guarantor subsidiaries.  The table below summarizes Windstream's capital structure as of the Petition Date.

| *First Lien Debt Obligations* | *Principal Amount* (in US$ millions) |
|---|---|
| Term Loan, Tranche B6 – variable rates, due March 29, 2021 | 1,180.6 |
| Term Loan, Tranche B7 – variable rates, due February 17, 2024 | 568.4 |
| Revolver – variable rates, due April 24, 2020 | 802.0 |
| 2025 First Lien Notes – 8.625%, due October 31, 2025 | 600.0 |
| | |
| *Secured Subsidiary Notes* | |
| Subsidiary First Lien Notes – 6.75%, due April 1, 2028 | 100.0[8] |
| | |
| *Second Lien Debt Obligations* | |
| 2024 Second Lien Notes - 10.500%, due June 20, 2024 | 414.9 |
| 2025 Second Lien Notes - 9.00%, due June 30, 2025 | 802.0 |

---

[8]    These notes were assumed as part of an acquisition transaction and are secured by certain assets of the issuer of these notes and its subsidiaries.  The issuer of these notes, Windstream Holdings of the Midwest, Inc, is a guarantor of Windstream Services other debt obligations

JA130

| | |
|---|---|
| **Total Secured Debt Obligations** | **$4,467.8** |
| | |
| ***Unsecured Note Issuances*** *(in US$ millions)* | |
| 2020 Senior Notes – 7.750%, due October 15, 2020 | 78.1 |
| 2021 Senior Notes – 7.750%, due October 1, 2021 | 70.1 |
| 2022 Senior Notes – 7.500%, due June 1, 2022 | 36.2 |
| 2023 Senior Notes – 7.500%, due April 1, 2023 | 34.4 |
| 2023 Senior Notes – 6.375%, due August 1, 2023 ***("6 3/8% Notes")*** [9] | 806.9 |
| 2024 Senior Notes – 8.750%, due December 15, 2024 | 105.8 |
| **Total Unsecured Note Obligations** | **$ 1,131.5** |
| | |
| **Total Funded-Debt Obligations** | **$5,599.3 million** [10] |

28.    In addition to outstanding funded-debt obligations, Windstream Holdings' equity has traded publicly on the NASDAQ under the ticker symbol "WIN" since 2009 (having previously traded on the New York Stock Exchange from the time of its formation).  In August 2017, Windstream Holdings' board of directors elected to eliminate Windstream Holdings' quarterly common stock dividend of $.15 per share commencing in the third quarter of 2017, intending to use the cash savings from the elimination of the quarterly dividend payment to repay certain of its debt obligations.

29.    Windstream's capital structure is a product of the spin-off and merger that led to its formation and a series of financings, refinancings, and exchange transactions that have fueled Windstream's growth and technical advancement over the last decade.  In recent years, Windstream has engaged in a number of refinancings and debt repayments, including the March

---

[9]    The 6 3/8% Notes, as described above, are inclusive of outstanding 6.375% senior notes due 2023 issued in 2013 and 2017.

[10]   Includes less of a net discount on long term debt (31.7), unamortized debt issuance costs (60.8), and current maturities (17.9).

2016 closing of an incremental term loan to repurchase $441 million of 7.875% Senior Notes due 2017; the September 2016 redemption of the remaining 7.875% Senior Notes due 2017 via incremental B-6 term loans and revolver borrowings; and the February 2017 closing of the $580 million B-7 term loans to refinance term loans in prior tranches maturing in August 2019.

30.    Windstream continued to actively monitor its balance sheet through 2017, and in mid-2017 was considering additional market transactions to improve its capital structure.  But in mid-2017 and as further described below, Aurelius acquired the 6 3/8% Notes and alleged certain defaults under the 6 3/8% Notes Indenture related to the Uniti spin-off transaction, ultimately resulting in litigation in November 2017.  The uncertainty left in the wake of Aurelius's actions effectively eliminated Windstream's access to the capital markets for additional unsecured debt or equity capital (and leaving exchange offers as the most viable alternative to strengthen their balance sheet).[11]

## III.    Events Leading to the Commencement of the Chapter 11 Cases.

31.    Beginning in early August 2017, Windstream became aware of market rumors that an unidentified fund was acquiring notes in one or more of Windstream's outstanding issuances of unsecured notes for the purpose of attempting to call a default under one of the indentures.  Soon thereafter, Windstream learned that the fund was Aurelius, who had accumulated a position in the 6 3/8% Notes and intended to issue a notice of default related to the Uniti spin-off, which had closed more than two years earlier.

---

[11]    Recently, Windstream engaged in an August 2018 notes exchange of $414.8 million of 7.50% Senior Notes due 2020 in exchange for 10.500% Secured Second Lien Notes due 2024, as well as $18.8 million of 7.75% Senior Notes due 2021, $5.3 million of 7.50% Senior Notes due 2022, $86.0 million of 7.50% Senior Notes due 2023, $340.7 million of 2023 Notes, and $578.6 million of 8.75% Senior Notes due 2024 in exchange for $802.0 million of new 9.000% Secured Second Lien Notes due 2025.

JA132

A.    **District Court Litigation and Exchange and Consent Transactions**.

32.    In addition to learning that Aurelius had accumulated a position in the 6 3/8% Notes, in late 2017, Windstream also learned that Aurelius had accumulated a sizeable position in Windstream Services' credit default swaps, which would be triggered upon a payment default or bankruptcy filing.  In a notice letter received September 22, 2017, Aurelius asserted a default under the 6 3/8% Notes indenture related to the Uniti spin-off transaction, although no other creditor or noteholder has previously complained.  In simple terms, Aurelius alleged that the Uniti spin-off constituted a prohibited "Sale and Leaseback Transaction" under section 4.19 of the 6 3/8% Notes Indenture.  The Aurelius notice purported to constitute a written notice of default under the 6 3/8% Notes Indenture, which would trigger a 60-day grace or cure period after which the indenture trustee or holders of at least 25% in aggregate principal amount of outstanding 6 3/8% Notes could declare the principal amount of all outstanding 6 3/8% Notes to be immediately due and payable.

33.    Shortly after Aurelius issued its notice, Windstream Services filed suit against U.S. Bank, the indenture trustee under the 6 3/8% Notes Indenture, in Delaware Chancery Court, seeking a declaration that it had not violated any provision of the 6 3/8% Notes Indenture and related injunctive relief.  On October 12, 2017, U.S. Bank, at Aurelius's direction, filed suit in the Southern District of New York seeking relief essentially mirroring the relief sought by Windstream in the Delaware Chancery Court action.  Windstream Services responded to the Trustee's complaint the following day and asserted counterclaims against the Trustee and Aurelius for declaratory relief.

34.    On October 18, 2017, Windstream Services launched debt exchange offers with respect to its senior notes, including the 6 3/8% Notes, and related consent solicitations.  The transactions contemplated the exchange of outstanding notes with earlier maturities into new notes,

JA133

including into new 2023 Notes, coupled with consent solicitations that would waive any alleged defaults relating to the Uniti spin off, including the defaults alleged by Aurelius.

35.    On October 31, 2017, it became clear that, based on tenders of notes in the exchange offers and consents delivered in the consent solicitations, holders representing the requisite percentage of the 6 3/8% Notes needed to waive the defaults alleged in the Aurelius purported notice of default would be received.  On November 6, 2017, Windstream Services and U.S. Bank executed a supplemental indenture, and new 2023 Notes were issued, which sought to give effect to the waivers and consents for the 6 3/8% Notes.  Windstream also completed other consent solicitations waiving any alleged default related to the Uniti spin-off under its other note issuances (which are based on substantially identical indentures).  Aurelius and U.S. Bank subsequently challenged the validity of the exchange transactions and consent solicitation through litigation.

**B.    District Court Ruling and Chapter 11 Filing**.

36.    On February 15, 2019, Judge Furman issued findings of fact and conclusions of law stating that Windstream was in breach of its bond indentures by engaging in an impermissible Sale and Leaseback Transaction, and that any of Windstream's subsequent efforts to secure a waiver neither waived nor cured the default that arose from that breach.  The immediate consequences of the findings were severe.  Because the findings stated that Aurelius's Notice of Default ripened into an Event of Default on December 7, 2017, Aurelius would be entitled to a money judgment in the amount of the 6 3/8% Notes it holds plus interest, a figure amounting to approximately $300 million, with additional interest accruing from July 23, 2018.

37.    The findings also led to a cross default under the credit agreement governing Windstream's secured term and revolving loan obligations and the valid acceleration of the 6 3/8% Notes by Aurelius would give rise to a cross-acceleration event of default under the indentures governing Windstream's other series of secured and unsecured notes.  In the absence of

19

Windstream filing for chapter 11, these defaults would have permitted Aurelius to exercise remedies against Windstream and ultimately its assets, potentially leading to a value-destructive piecemeal liquidation, and the defaults would have allowed other parties to accelerate other debt obligations and exercise similar remedies.  For the avoidance of doubt, the Debtors reserve all rights with respect to the findings, including pursuit of remedies provided for under the Bankruptcy Code, such as equitable subordination.

## IV.    Immediate Financing Solutions and Proposed DIP Financing.

38.    Due to the court's findings, Windstream lost the ability to draw on its revolving facility under its then existing terms, and therefore Windstream lacked the ability to fund day-to-day cash needs and faced a significant and near term liquidity shortfall.  In response, Windstream immediately engaged in discussions with certain key stakeholders regarding potential means to resolve debt defaults and liquidity challenges in the days leading up to the Petition Date.  Further, in the time leading to the filing of the chapter 11 cases, Windstream engaged Katten Munchin Rosenman LLP ("Katten") as conflicts counsel.

### A.    First Lien Credit Agreement Amendment and Waiver.

39.    In connection with discussions of all available alternatives, Windstream pursued an amendment and waiver under its first lien revolving credit facility.  On February 21, 2019, Windstream obtained a limited waiver from the required revolving lenders under the credit agreement regarding certain conditions to borrowing (the "Amendment and Waiver").  The Amendment and Waiver allowed Windstream to draw $25 million in immediate funding and provided that any additional borrowings under the revolving credit facility were now subject to

consent from all revolving lenders.  The liquidity resulting from the Amendment and Waiver allowed the Windstream critical additional days to plan for a smooth transition into chapter 11.

### B.    Out of Court Bridge Financing Proposal.

40.    In addition to the Amendment and Waiver, Windstream explored the availability of any other out-of-court financing.  On February 21, 2019, Windstream received a proposal which was revised on February 22, 2019 from certain large financial institutions (the "Out-of-Court Proposal") for a new or refinanced revolving credit facility and other funding in an aggregate amount of up to $1.5 billion.  While the Out-of-Court Proposal would have offered the potential benefit of some runway (in the form of reopened borrowing availability under a revolving credit facility), it would have required the satisfaction of several challenging conditions.  More specifically, the following:

- A majority of all first lien term loan and revolving lenders would have been required to waive defaults, pay the Aurelius judgment (or a bond in connection with an appeal) or redeem or repay the 6 3/8% Notes, and refinance the first lien revolver.

- The holders of a majority of the outstanding notes of each series (other than the 6 3/8% Notes) would have been required to waive cross-acceleration events of default.  It was not at all certain that Windstream could have obtained these consents, at all or in the time available, especially in the face of defaults across its entire capital structure and challenging liquidity constraints.

- Any funding provided by Uniti (the structure and terms of which remained undetermined) potentially would have required additional consents under Windstream's credit agreement and other debt instruments.  Without being able to know what a developed funding proposal would ultimately be, it was not at all certain that Windstream could have obtained these consents, either.

41.    Windstream believed that each of these hurdles needed to be cleared in a matter of days, or else the time required to negotiate, document, and implement a definitive transaction would likely have required additional interim funding.  The most likely source of such funding— Windstream's existing revolving lenders—was opposed to providing any further out-of-court

JA136

funding, and under the Amendment and Waiver any additional funding required the consent of 100% of revolving lenders.

42.     In addition, Windstream debated whether the ultimate benefits of the Out-of-Court Proposal were material in light of the impending judgment related to the decision. Windstream likely would have had to use substantially all of the new revolving availability either to pay the Aurelius judgment or to post a bond in connection with an appeal or redeem or repay all of the 6 3/8% Notes. Accordingly, Windstream would have been required to exhaust the potential benefit of a liquidity runway almost immediately and would have been left, again, with severely constrained liquidity. The transaction would have increased the company's overall leverage and did not offer any improvement to the terms of the Uniti master lease—therefore putting increased strain on Windstream's cash flows without any accompanying relief.

43.     Most importantly, other key stakeholders did not support the Out-of-Court Proposal. Windstream and its advisors engaged in discussions regarding the Out-of-Court Proposal with the first lien agent and revolving lenders, as well as the ad hoc first lien term lender group and their respective advisors. Neither constituency supported the Out-of-Court Proposal. Moreover, Windstream independently considered the Out-of-Court Proposal and determined it was not the best path forward.

44.     On February 22, 2019, Windstream's advisors conveyed to the proposing institutions the challenges regarding the Out-of-Court Proposal. Windstream engaged in generally amicable and constructive discussions with the proposing institutions through the Petition Date. Ultimately, these factors led Windstream, in the exercise of the business judgment of its board of

JA137

directors and management, to end pursuit of the Out-of-Court Transaction and dedicate all efforts

to preparing for a chapter 11 filing and securing acceptable debtor-in-possession financing.

### C.     Proposed DIP Financing.

45.     In parallel with general chapter 11 preparations, negotiations of the Amendment

and Waiver, and exploration of the Out-of-Court Proposal, Windstream and its advisors pursued

an acceptable debtor-in-possession financing arrangement.  More specifically, on February 20,

2019, PJT Partners ("PJT"), on behalf of Windstream, contacted eight different money-center

banks, each an existing lender under the first lien revolving credit facility and having the financial

wherewithal to provide up to $1 billion in financing.

46.     On February 21 and 22, PJT received six different debtor-in-possession financing

proposals, each providing $1 billion in financing allocated between term loan and revolving credit

facilities.  Ultimately, Windstream decided to pursue a proposal that provides a superpriority

debtor-in-possession financing facility (the "Proposed DIP Financing"), which will provide

Windstream with much-needed liquidity to fund its business and the administration of these

chapter 11 cases.  The Proposed DIP Financing represents the best of all available options and

provides Windstream with postpetition financing in the form of a senior secured, superpriority

term loan and revolving credit facility and contemplates consensual use of Windstream's secured

lenders' cash collateral.  Windstream believes that the extraordinary interest of its stakeholders,

including the receipt of six bids to provide DIP financing obtained in two days, is a strong

indication of the commitment and investment the company's creditors have in supporting the

Windstream's restructuring.

47.     Based on my knowledge and extensive discussions with Windstream's

management team and advisors, I believe that the Proposed DIP Financing gives the Debtors

sufficient liquidity to stabilize its operations and fund the administration of these chapter 11 cases

JA138

as the Debtors seek to proceed expeditiously toward a value-maximizing resolution to these chapter 11 cases.  Further, the Debtors have an immediate need for debtor-in-possession financing to fund immediate liquidity needs and provide comfort to their employee, customer, and vendor constituencies.  Finally, based on extensive discussions with Windstream's advisors, I understand that the Proposed DIP Financing is on the most favorable terms available in light of the circumstances of these chapter 11 cases, the time available, and the current market for such financing.

48.    While Windstream intends to proceed expeditiously with these chapter 11 cases, building consensus takes time, especially under these circumstances.  Windstream commenced these chapter 11 cases to provide a steady foundation for the negotiation process and avoid a piecemeal destruction of Windstream's business.  I am confident that preserving Windstream's going-concern value through the chapter 11 process, including through entry into the Proposed DIP Financing, will ultimately inure to the benefit of all stakeholders.

## V.    Evidentiary Support for First Day Motions.[12]

49.    Contemporaneously herewith, Windstream filed a number of First Day Motions and is seeking orders granting various forms of relief intended to stabilize Windstream's business operations and facilitate the efficient administration of these chapter 11 cases.  The First Day Motions seek authority to, among other things, ensure sufficient liquidity to run Windstream's business, ensure the continuation of Windstream's cash management systems, and allow for other business operations without interruption.  I believe that the relief requested in the First Day

---

[12]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the respective First Day Motions.

Motions is necessary to give Windstream an opportunity to work towards successful chapter 11 cases that will benefit all of Windstream's stakeholders.

50.    The First Day Motions request authority to pay certain prepetition claims.  I understand that Rule 6003 of the Federal Rules of Bankruptcy Procedure provides, in relevant part, that the Court shall not consider motions to pay prepetition claims during the first 21 days following the filing of a chapter 11 petition, "except to the extent relief is necessary to avoid immediate and irreparable harm."  In light of this requirement, Windstream has narrowly tailored its requests for immediate authority to pay certain prepetition claims to those circumstances where the failure to pay such claims would cause immediate and irreparable harm to Windstream and its estates.  Other relief will be deferred for consideration at a later hearing.

51.    I am familiar with the content and substance of the First Day Motions.  The facts stated therein are true and correct to the best of my knowledge, information, and belief, and I believe that the relief sought in each of the First Day Motions is necessary to enable Windstream to operate in chapter 11 with minimal disruption to its business operations and constitutes a critical element in successfully implementing a chapter 11 strategy.  A description of the relief requested and the facts supporting each of the First Day Motions is detailed in **Exhibit B**.

## VI.    Information Required by Local Bankruptcy Rule 1007-2.

52.    Local Bankruptcy Rule 1007-2 requires certain information related to Windstream, which I have provided in the exhibits attached hereto as **Exhibit C** through **Exhibit N**.

Specifically, these exhibits contain the following information with respect to Windstream (on a

consolidated basis, unless otherwise noted):[13]

- **Exhibit C**. Pursuant to Local Bankruptcy Rule 1007-2(a)(3), provides the names and addresses of the members of, and attorneys for, any committee organized prior to the order for relief in these chapter 11 cases, and a brief description of the circumstances surrounding the formation of the committee.

- **Exhibit D**. Pursuant to Local Bankruptcy Rule 1007-2(a)(4), provides the following information with respect to each of the holders of the debtors' 30 largest unsecured claims, excluding claims of insiders:  the creditors name; the address (including the number, street, apartment, or suite number, and zip code, if not included in the post office address); the telephone number; the name(s) of the person(s) familiar with the debtors' account; the nature and approximate amount of the claim; and an indication of whether the claim is contingent, unliquidated, disputed, or partially secured.

- **Exhibit E**. Pursuant to Local Bankruptcy Rule 1007-2(a)(5), provides the following information with respect to each of the holders of the five largest secured claims against the debtors:  the creditor's name; address (including the number, street, apartment, or suite number, and zip code, if not included in the post office address); the amount of the claim; a brief description of the claim; an estimate of the value of the collateral securing the claim; and an indication of whether the claim or lien is disputed at this time.

- **Exhibit F**. Pursuant to Local Bankruptcy Rule 1007-2(a)(6), provides a summary of the debtors' assets and liabilities.

- **Exhibit G**. Pursuant to Local Bankruptcy Rule 1007-2(a)(7), provides a summary of the publicly held securities of the debtors.

- **Exhibit H**. Pursuant to Local Bankruptcy Rule 1007-2(a)(8), provides the following information with respect to any property in possession or custody of any custodian, public officer, mortgagee, pledge, assignee of rents, or secured creditors, or agent for such

---

[13]    The information contained in **Exhibit C** through **Exhibit N** attached to this declaration does not constitute an admission of liability by, nor is it binding on, Windstream.  Windstream reserves all rights to assert that any debt or claim listed herein is a disputed claim or debt, and to challenge the priority, nature, amount, or status of any such claim or debt.

JA141

entity: the name; address; and telephone number of such entity and the court in which any proceeding relating thereto is pending.

- **Exhibit I**. Pursuant to Local Bankruptcy Rule 1007-2(a)(9), provides a list of property comprising the premises owned, leased, or held under other arrangement from which the debtors operate their business.

- **Exhibit J**. Pursuant to Local Bankruptcy Rule 1007-2(a)(10), sets forth the location of the debtors' substantial assets, the location of their books and records, and the nature, location, and value of any assets held by the debtors outside the territorial limits of the United States.

- **Exhibit K**. Pursuant to Local Bankruptcy Rule 1007-2(a)(11), provides a list of the nature and present status of each action or proceeding, pending or threatened, against the debtors or their property where a judgment or seizure of their property may be imminent.

- **Exhibit L**. Pursuant to Local Bankruptcy Rule 1007-2(a)(12), sets forth a list of the names of the individuals who comprise the debtors' existing senior management, their tenure with the debtors, and a brief summary of their relevant responsibilities and experience.

- **Exhibit M**. Pursuant to Local Bankruptcy Rule 1007-2(b)(1)-(2)(A), provides the estimated amount of payroll to the debtors' employees (not including officers, directors, and equity holders) and the estimated amounts to be paid to officers, equity holders, directors, and financial and business consultants retained by the debtors, for the 30-day period following the Petition Date.

- **Exhibit N**. Pursuant to Local Bankruptcy Rule 1007-2(b)(3), provides a schedule, for the 30-day period following the Petition Date, of estimated cash receipts and disbursements, net gain or loss, obligations and receivables expected to accrue but remain unpaid, other than professional fees, for the 30-day period following the filing of the chapter 11 cases, and any other information relevant to an understanding of the foregoing.

[*Remainder of page intentionally left blank.*]

JA142

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing

statements are true correct.

Dated:  February 25, 2019
New York, New York

*/s/ Tony Thomas*

Name: Tony Thomas
Title:   Chief Executive Officer and President
           Windstream Holdings, Inc.

## Exhibit A

**Windstream's Corporate Structure**



# windstream Organization Chart

## As of December 31, 2018

* Unless otherwise indicated, all ownership percentages are 100%

| SECURED FACILITY | MATURITY DATE | AMOUNTS OUTSTANDING (millions) |
|---|---|---|
| **First Lien Debt Obligations** | | |
| Revolver | 04/24/2020 | $1,017.0 |
| Term Loan, Tranche B6 | 03/29/2021[1] | $1,180.5 |
| Term Loan, Tranche B7 | 02/17/2024 | $568.4 |
| 8.625% 2025 Notes | 10/31/2025 | $600.0 |
| **Second Lien Debt Obligations** | | |
| 10.500% 2024 Notes | 06/30/2024 | $414.9 |
| 9.000% 2025 Notes | 06/30/2025 | $802.0 |
| **Other Obligations** | | |
| 6.75% Subsidiary Notes[2] | 04/01/2028 | $100 |
| | Total Amount Outstanding | $4,682.3 |

| UNSECURED BONDS | MATURITY DATE | AMOUNTS OUTSTANDING (millions) |
|---|---|---|
| 2020 Notes — 7.750% | 10/15/2020 | $78.1 |
| 2021 Notes — 7.750% | 10/01/2021 | $70.1 |
| 2022 Notes — 7.500% | 06/01/2022 | $36.2 |
| 2023 Notes — 7.500% | 05/01/2023 | $34.4 |
| 2023 Notes — 6.375% | 08/01/2023 | $806.9 |
| 2024 Notes — 8.750% | 12/15/2024 | $105.8 |
| | Total Amount Outstanding | $1,131.5 |
| | Total Indebtedness | $5,813.8 |

First Tier Entities of Windstream Services, LLC
Windstream Holdings of the Midwest, Inc. Subgroup
D&E Communications, LLC Subgroup
Windstream Iowa Communications, LLC Subgroup
Windstream KDL, LLC Subgroup
PAETEC Holding, LLC Subgroup
Windstream Eagle Holdings, LLC Subgroup
Windstream BV Holdings, LLC Subgroup
KEY
Partnership
Non-Entity LLC, LP or Branch
Corporation
Guarantor
Nonguarantor
Credit Agreement Borrower/ Notes Issuer
Notes Issuer/ Guarantor

## Exhibit B

**Evidentiary Support for First Day Motions**

## EVIDENTIARY SUPPORT FOR FIRST DAY MOTIONS[1]

### <u>Administrative and Procedural Motions</u>

A.    **Debtors' Motion for Entry of an Order Directing Joint Administration of Chapter 11 Cases (the "<u>Joint Administration Motion</u>").**

1.    The Debtors have filed several purely administrative or procedural First Day Pleadings, including a motion to jointly administer the Debtors' bankruptcy cases.  As in many large chapter 11 cases that are jointly administered, the Debtors do not maintain lists of the names and addresses of their respective creditors on a debtor-by-debtor basis.  Given the integrated nature of the Debtors' operations, joint administration of these chapter 11 cases will provide significant administrative convenience without harming the substantive rights of any party in interest.

B.    **Debtors' Motion for Entry of Interim and Final Orders Establishing Certain Notice, Case Management, and Administrative Procedures (the "<u>Case Management Motion</u>").**

2.    Pursuant to the Case Management Motion, the Debtors seek entry of an order approving and implementing the notice, case management, and administrative procedures.  The proposed Case Management Procedures, among other things: (a) establish requirements for filing and serving Court Filings; (b) delineate standards for notices of hearings and agenda letters; (c) fix periodic omnibus hearing dates and articulate mandatory guidelines for the scheduling of hearings and objection deadlines; and (d) limit matters that are required to be heard by the Bankruptcy Court.  Given the size and complexity of these chapter 11 cases, implementing the Case Management Procedures will facilitate the fair and efficient administration of these cases and promote judicial economy.

---

[1]    Capitalized terms used but not defined herein have the meanings given to them in the applicable First Day Motion.

C.    **Debtors' Motion for Entry of an Order (I) Extending Time to File Schedules of Assets and Liabilities, Schedules of Current Income and Expenditures, Schedules of Executory Contracts and Unexpired Leases, Statements of Financial Affairs, and Rule 2015.3 Financial Reports, and (II) Waiving Requirements to File Lists of Equity Holders (the "<u>Schedules and Statements Extension Motion</u>").**

3.    Pursuant to the Schedules and Statements Extension Motion, the Debtors seek entry of an order:  (a) extending the deadline by which the Debtors must file their schedules of assets and liabilities, schedules of current income and expenditures, schedules of executory contracts and unexpired leases, and statements of financial affairs by 30 days, for a total of 44 days from the Petition Date, without prejudice to the Debtors' ability to request additional extensions; (b) extending the deadline by which the Debtors must file their initial reports of financial information with respect to entities in which the Debtors hold a controlling or substantial interest as set forth in Federal Rule of Bankruptcy Procedure 2015.3 to the later of:  (i) 30 days after the meeting of creditors to be held pursuant to section 341 of the Bankruptcy Code (the "<u>341 Meeting</u>") and (ii) 44 days from the Petition Date, or to file a motion with the Bankruptcy Court (as defined below) seeking a modification of such reporting requirements for cause, without prejudice to the Debtors' ability to request additional extensions; and (c) waiving the requirements to file lists of equity security holders, as set forth in Fed. R. Bankr. P. 1007(a)(3).

4.    Given the size and complexity of the Debtors' business and financial affairs, and the critical matters that the Debtors' management and professionals were required to address prior to the commencement of these chapter 11 cases, the Debtors were not in a position to complete the Schedules and Statements as of the Petition Date.  Accordingly, the relief requested in the Schedules and Statements Extension Motion is warranted under the circumstances.

**D.    Debtors' Motion for Entry of an Order (I) Authorizing the Debtors to (A) Prepare a List of Creditors in Lieu of Submitting a Formatted Mailing Matrix and (B) File a Consolidated List of the Debtors' 50 Largest Unsecured Creditors, (II) Authorizing the Debtors to Redact Certain Personal Identification for Individual Creditors, and (III) Approving the Form and Manner of Notifying Creditors of Commencement of These Chapter 11 Cases (the "<u>Creditor Matrix Motion</u>").**

5.      Pursuant to the Credit Matrix Motion, the Debtors seek entry of an order: (a) authorizing the Debtors to:  (i) prepare a consolidated list of creditors in lieu of submitting separate mailing matrices for each Debtor (the "<u>Creditor Matrix</u>"), (ii) file a consolidated list of the Debtors' 50 largest unsecured creditors, and (iii) mail initial notices through their Proposed Claims and Noticing Agent; (b) authorizing the Debtors to redact certain personal identification information for individual creditors; and (c) approving the form and manner of notifying creditors of commencement of these chapter 11 cases

6.      *First*, the preparation of separate lists of creditors for each debtor would be expensive, and time consuming. Therefore, the Debtors have requested to file a consolidated creditor matrix.  Moreover, filing a top 50 list will help alleviate administrative burdens, costs, and the possibility of duplicative service.  *Second*, the list of creditors may include information of individual creditors with personal information; such information can be used to perpetrate identity theft.  *Third*, mailing initial notices of bankruptcy through the Debtors' proposed claims and noticing agent, KCC, to parties in interest will maximize efficiency in administering these chapter 11 cases and will ease administrative burdens that would otherwise fall upon the Bankruptcy Court and the U.S. Trustee.  Accordingly the relief requested in the Creditor Matrix Motion is warranted under the circumstances.

3

JA149

**E.      Debtors' Application for Appointment of Kurtzman Carson Consultants LLC as Claims and Noticing Agent (the "<u>Claims Agent Application</u>").**

7.       The Debtors have also requested the approval of a services agreement between the

Debtors and KCC,[2] and the Debtors' retention and employment of KCC as claims and noticing

agent for the Debtors in lieu of the Clerk of the United States Bankruptcy Court for the Southern

District of New York.  The Debtors anticipate that there will be thousands of entities to be noticed

in these cases.  In view of the number of anticipated claimants and the complexity of the Debtors'

businesses, the Debtors submit that the appointment of the Claims and Noticing Agent is both

necessary and in the best interests of the Debtors' estates and their creditors because the Debtors

will be relieved of the burdens associated with Claims and Noticing Services.

### <u>Operational Motions</u>

**F.      Debtors' Motion for Entry of Interim and Final Orders Authorizing the Debtors to Continue (I) to Operate Their Cash Management System, Honor Certain Prepetition Obligations Related Thereto, and Maintain Existing Business Forms, and (II) Their Intercompany Transactions (the "<u>Cash Management Motion</u>")**

8.       Pursuant to the Cash Management Motion, the Debtors seek entry of interim and

final orders authorizing the Debtors to:  (a) (i) operate their cash management system; (ii) honor

certain prepetition obligations related thereto; and (iii) maintain existing business forms; and

(b) (i) honor intercompany transactions in the ordinary course of business on a postpetition basis

and  (ii) grant  superpriority  administrative  expense  status  to  postpetition  intercompany

transactions.

9.       The Debtors operate a complex cash management system that is typical and

comparable to the centralized cash management systems used by other similar companies to

---

[2]      The Claims Agent Application is supported by a separate declaration of Evan Gershbein of KCC.

4

JA150

manage the cash flow of operating units in a cost-effective, efficient manner. The Debtors use their Cash Management System in the ordinary course to transfer and distribute funds to various operating accounts and to facilitate cash monitoring, forecasting, and reporting. The Debtors' finance department oversees the Cash Management System and implements cash management control protocols for entering, processing, and releasing funds, including in connection with intercompany transactions. Additionally, the Debtors' finance department regularly reconciles the Debtors' books and records to ensure that all transfers are accounted for properly.

10.     The Cash Management System facilitates the timely and efficient collection, management, and disbursement of funds used in the Debtors' business. Because of the nature of the Debtors' business, the volume of transactions processed through the Cash Management System on a daily basis, and the disruption to the business that would result if they were forced to close their existing Bank Accounts, it is critical that the Bankruptcy Court permit the Debtors to continue to utilize the Cash Management System. As part of their Cash Management System, the Debtors use various preprinted business forms in the ordinary course. To minimize expenses to their estates and avoid confusion during the pendency of these chapter 11 cases, the Debtors request that the Bankruptcy Court authorize the Debtors' continued use of all existing preprinted correspondence and Business Forms.

11.     In the ordinary course of business, the Debtors engage in Intercompany Transactions. At any given time there may be Intercompany Claims owing by one debtor entity to another. The Debtors track all fund transfers in their accounting system and can ascertain, trace, and account for all Intercompany Transactions previously described. The Debtors, moreover, will continue to maintain records of such Intercompany Transactions. If the Intercompany Transactions were to be discontinued, the Cash Management System and related administrative

5

controls could be disrupted to the Debtors and the estates' detriment.  Since these transactions represent extensions of intercompany credit made in the ordinary course of business that are an essential component of the Cash Management System, the Debtors respectfully request the authority to continue conducting the Intercompany Transactions in the ordinary course of business without need for further Bankruptcy Court order.

12.     I believe that the continuation of the Cash Management System is essential to the Debtors' business.  Requiring the Debtors to implement changes to the Cash Management System during these chapter 11 cases would be expensive, burdensome, and unnecessarily disruptive to the Debtors' operations.  Any disruption of the Cash Management System could have a severe and adverse effect on the Debtors' restructuring efforts.  Indeed, requiring the Debtors to adopt a new cash management system could adversely affect the Debtors' ability to maximize value.  In contrast, maintaining the current Cash Management System will facilitate the Debtors' transition into chapter 11 by, among other things, minimizing delays in paying postpetition debts and eliminating administrative inefficiencies.  Accordingly, the relief requested in the Cash Management Motion should be approved by the Court.

   **G.     Debtors' Motion for Entry of Interim and Final Orders Authorizing the Debtors to (I) Pay Prepetition Employee Wages, Salaries, Other Compensation, and Reimbursable Employee Expenses; and (II) Continue Employee Benefits Programs (the "Wages Motion")**

13.     Pursuant to the Wages Motion, the Debtors seek entry of interim and final orders authorizing the Debtors to (a) pay prepetition wages, salaries, other compensation, and reimbursable employee expenses and (b) continue employee compensation and benefits programs in the ordinary course, including payment of certain prepetition obligations related thereto.

14.     As of the Petition Date, the Debtors employed approximately 11,600 Employees, virtually all of whom are full-time Employees.  As of the Petition Date, the Debtors were party to

KE 59706627.6

22 unexpired CBAs, as well as to two NRP Agreements bargained for separately from the CBAs.

Approximately 1,600 Represented Employees are represented pursuant to either the CBAs or the

NPP Agreements. Additionally, the Employees perform a wide variety of functions which will be

critical to the Debtors' go-forward business operations and the administration of these chapter 11

cases. In many instances, the Employees include personnel who are intimately familiar with the

Debtors' businesses, processes, and systems, who possess unique skills and experience to the core

business segments of the Debtors, and/or who have developed relationships with wholesalers and

distributors that are essential to the Debtors' business. In addition to the Employees, as of the

Petition Date, the Debtors retained from time to time specialized Independent Contractors to

complete discrete projects, as well as a Temporary Staff to fulfill certain duties, including customer

service, packaging, and shipping functions. Without the continued, uninterrupted services of the

Employees and the Independent Contractors, the ability of the Debtors to maintain and administer

their estates will be materially impaired.

15.      In the ordinary course, the Debtors incur Wage Obligations. During the 2018

calendar year, the Debtors incurred a monthly average of approximately $77,000,000.00 on

account of the Wage Obligations. Additionally, as of the Petition Date, the Debtors estimate that

they owe approximately $25,500,000.00 on account of accrued but unpaid Wage Obligations. The

Debtors also seek authority to continue their Workers' Compensation Programs in the ordinary

course on a postpetition basis.

16.      To minimize the personal hardship the Employees would suffer if employee

obligations are not paid when due or as expected, the Debtors seek authority to pay and honor

certain prepetition claims relating to, among other things, Wage Obligations, Unpaid Contractor

and Temporary Staffing Obligations, Withholding Obligations, Reimbursable Expenses, Health

7

JA153

and Welfare Coverage and Benefits, a Workers' Compensation Program and a Workers' Compensation Insurance Policy, the 401(k) Plan and other retiree benefits, Paid Leave Benefits, Severance Obligations, and certain other benefits that the Debtors have provided in the ordinary course (collectively, the "Employee Compensation and Benefits"). In addition, the Debtors also are seeking to pay all costs incident to the Employee Compensation and Benefits. The Debtors seek authority to continue to honor Employee Compensation and Benefits obligations in the ordinary course of business, including prepetition obligations. The Debtors do not believe they owe Employees on account of accrued wages earned prepetition, and no employees are owed wages in excess of $12,850.

17.     I believe the Employees provide the Debtors with services necessary to conduct the Debtors' business, and absent the payment of the Employee Compensation and Benefits owed to the Employees and Independent Contractors, the Debtors may experience workforce turnover and instability at this critical time in these chapter 11 cases. Without these payments, the Debtors' workforce may become demoralized and unproductive because of the potential significant financial strain and other hardships the Employees and Independent Contractors may face. Such individuals may then elect to seek alternative employment opportunities.

18.     Additionally, a significant portion of the value of the Debtors' business is tied to their workforce, which cannot be replaced without significant efforts—which efforts may not be successful given the overhang of these chapter 11 cases. Enterprise value may be materially impaired to the detriment of all stakeholders in such a scenario. Payment of the prepetition obligations with respect to the Employee Compensation and Benefits is a necessary and critical element of the Debtors' efforts to preserve value and will give the Debtors the greatest likelihood

8

of retention of their workforce as the Debtors seek to operate their business in these chapter 11

cases.  Accordingly, the relief requested in the Wages Motion should be approved by the Court.

>      **H.**      **Debtors' Motion for Entry of Interim and Final Orders Authorizing the Debtors to Maintain and Administer Their Existing Customer Programs and Honor Certain Prepetition Obligations Related Thereto (the "<u>Customer Programs Motion</u>")**

19.      The Debtors seek entry of interim and final orders authorizing the Debtors to

maintain and administer their prepetition Customer Programs.  The Debtors provide certain credits,

adjustments, discounts, and other accommodations to customers to develop and maintain positive

customer relationships.  In the Debtors' competitive industry, maintaining the goodwill of their

customers is critical to the Debtors' ongoing operations and the preservation and maximization of

stakeholder value.

20.      The Debtors seek to continue to honor the existing customer-related programs,

including the Customer Contracts, Sale Promotions, Referral Program, Customer Reference

Program, Email Campaigns, Service Level Guarantees, Third-Party Providers Program, and

Wholesale Programs.  The Debtors also seek to continue arrangements with the Channel Partners,

through which the Debtors incentivize third-party entities and s to refer and to solicit orders for

the Debtors' portfolio of products, solutions, and technology services to potential customers.

21.      The Customer Programs are important aspect of the Debtors' relationship with their

customers.  Continuing to administer the Customer Programs and Third Party Providers Program

without interruption during the pendency of these chapter 11 cases is critical to preserve the value

of the Debtors' assets, which will inure to the benefit of the Debtors' estates and their creditors.

In light of the foregoing, the relief requested in the Customer Programs Motion is in the best

interests of the Debtors' estates, their creditors, and all other parties in interest, and will enable the

9

Debtors to continue to operate their business during these chapter 11 cases without disruption. Accordingly, t the relief requested in the Customer Programs Motion should be approved.

I.     **Debtors' Motion for Entry of Interim and Final Orders Authorizing the Debtors to (I) Pay Their Obligations Under Prepetition Insurance Policies, (II) Continue to Pay Certain Brokerage Fees, (III) Renew, Supplement, Modify, or Purchase Insurance Coverage, and (IV) Enter Into New Financing Agreements in the Ordinary Course of Business (the "Insurance Motion")**

22.     The Debtors seek entry of interim and final orders authorizing the Debtors to: (a) pay its obligations under prepetition insurance policies; (b) continue to pay certain brokerage fees; (c) renew, supplement, modify, or purchase insurance coverage in the ordinary course; and (d) enter into new premium financing agreements in the ordinary course of business.

23.     The Insurance Policies provide coverage for, among other things, director and officer liability, property, general liability, commercial automobile liability, underground storage tank liability, lawyers' professional liability, special risk, commercial crime, employment practices liability, and media errors and omissions liability. Continuation of the Insurance Policies and entry into new insurance policies and premium financing agreements, in the ordinary course, are essential to the preservation of the value of the Debtors' properties and assets. As of the Petition Date, the aggregate annual premium for the Insurance Policies totaled approximately $7.4 million, plus applicable taxes and surcharges.

24.     Continuation of the Insurance Policies and entry into new insurance policies and premium financing agreements, as required in the ordinary course of business, is essential to the preservation of the value of the Debtors' properties and assets. Moreover, in many instances, insurance coverage is required by the regulations, laws, and contracts that govern the Debtors' commercial activities, including the requirement by the U.S. Trustee that a debtor maintain adequate coverage given the circumstances of its chapter 11 case. Accordingly, the relief requested in the Insurance Motion should be approved by the Court.

10

JA156

**J.      Debtors' Motion for Entry of Interim and Final Orders Authorizing the Payment of Certain Prepetition Taxes and Fees (the "Taxes Motion").**

25.      The Debtors seek entry of interim and final orders authorizing the Debtors, in their sole discretion, to remit and pay certain accrued and outstanding prepetition taxes, including sales and use taxes, income taxes, personal and real property taxes, and similar Taxes and Fees.  The Debtors collect, incur, and pay sales and use taxes, personal and real property taxes, and/or various other governmental taxes, fees, and assessments to various federal, state, and local Governmental Authorities as described in greater detail in the Taxes Motion.

26.      I believe that failing to pay the Taxes and Fees could materially disrupt the Debtors' business operations.  Failure to pay Taxes and Fees would cause the Debtors to lose their ability to conduct business in certain jurisdictions.  The Authorities could initiate audits, suspend operations, file liens, or seek to lift the automatic stay, which would unnecessarily divert the Debtors' attention from the reorganization process.  Further, unpaid Taxes and Fees may subject certain of the Debtors' directors and officers to claims of personal liability or result in penalties, the accrual of interest, or both, which could negatively affect the Debtors' business.  Finally, the Debtors collect and hold certain outstanding tax liabilities in trust for the benefit of the applicable Authorities, and these funds are the property of the Debtors' estate.

27.      In light of the foregoing, the relief requested in the Taxes Motion is in the best interests of the Debtors' estates, their creditors, and all other parties in interest, and will enable the Debtors to continue to operate their business during these chapter 11 cases without disruption. Accordingly, the relief requested in the Taxes Motion should be approved.

11

**K.    Debtors' Motion for Entry of Interim and Final Orders Approving Notification and Hearing Procedures for Certain Transfers of and Declarations of Worthlessness with Respect to Common Stock (the "Equity Trading Motion")**

28.    The Debtors seek entry of interim and final orders:   (a) approving certain notification and hearing procedures (the "Procedures") related to certain transfers of, or declarations of worthlessness with respect to, Debtor Windstream Holdings, Inc.'s common stock or any Beneficial Ownership therein (any such record or Beneficial Ownership of common stock (the "Common Stock"); and (b) directing that any purchase, sale, other transfer of, or declaration of worthlessness with respect to any Beneficial Ownership of Common Stock in violation of the Procedures shall be null and void ab initio.

29.    As of January 1, 2019, the Debtors estimate that they have approximately $3.4 billion of federal NOLs[3] and federal credit carryforwards of approximately $27 million (collectively, and together with certain other tax attributes, the "Tax Attributes").[4]   The Tax Attributes are of significant value to the Debtors because the Debtors can potentially carry forward the Tax Attributes to offset taxable income in future years.   Additionally, the Debtors may utilize such Tax Attributes to offset any taxable income generated by transactions consummated during these chapter 11 cases.   The value of the Tax Attributes will inure to the benefit of all of the Debtors' stakeholders.

30.    Implementation of the Procedures is necessary and appropriate to enforce the automatic stay and, critically, to preserve the value of the Tax Attributes for the benefit of the

---

[3]    The Debtors have determined that approximately $1.5B of their $3.4B of gross federal NOLs are unlikely to be able to be utilized in the ordinary course of business as a result of prior ownership limitations under section 382.

[4]    The Tax Attributes include certain alternative minimum tax credits.  These credits are not discussed further herein as a result of changes to the treatment of such credits in the 2017 tax reform legislation.  Additionally, the Debtors have substantial state tax attributes that may be subject to rules that are substantially similar to the federal rules under sections 382 and 383.

12

Debtors' estates.  The Tax Attributes may provide the potential for material future tax savings (including in post-emergence years) or other tax structuring possibilities in these chapter 11 cases. The termination or limitation of the Tax Attributes could be materially detrimental to all parties-in-interest.  Thus, granting the relief requested herein will preserve the Debtors' flexibility in operating their business during the pendency of these chapter 11 cases and also implementing an exit plan that makes full and efficient use of the Tax Attributes and maximizes the value of the Debtors' estates.  Accordingly, on behalf of the Debtors, the relief requested in the Equity Trading Motion should be approved.

L.    **Debtors' Motion for Entry of Interim and Final Orders Authorizing the Debtors to Pay Certain Prepetition Claims of (I) Critical Vendors, (II) Lien Claimants, (III) Section 503(B)(9) Claimants, and (IV) International Vendors in the Ordinary Course of Business on a Postpetition Basis (the "Vendors Motion").**

31.    Pursuant to the Vendors Motion, the Debtors seek entry of interim and final orders authorizing, but not directing, the Debtors to pay, in their sole discretion: (a) prepetition claims of Critical Vendors (the "Critical Vendor Claims"), in an amount not to exceed $91 million; (b) prepetition claims (the "Lien Claims") of Shippers, Warehousemen, and Other Lien Claimants (collectively, the "Lien Claimants"), in an amount not to exceed $91 million; and (c) prepetition claims of 503(b)(9) Claimants (the "503(b)(9) Claims"), in an amount not to exceed $13 million. In addition, the Debtors request that the Court schedule a final hearing within approximately 25 days of the commencement of these chapter 11 cases to consider approval of this Motion on a final basis.

32.    The Debtors request authorization to pay the prepetition claims of certain parties (collectively, the "Vendor Claims") in light of the importance of the products and services provided by such vendors.  Because of the nature of the Debtors' businesses, the Debtors believe that many vendors will make credible and actionable threats that, unless paid on account of their

13

prepetition debt, they will cease to supply the Debtors with the specialized goods and services necessary to maintain the smooth operation of the Debtors' businesses while in chapter 11, or may otherwise impair the Debtors' ability to operate their businesses.  Accordingly, to maintain stability during the opening days of these chapter 11 cases and to avoid jeopardizing the Debtors' ability to service their customers going forward, I believe that the relief requested in this Motion should be granted

33.    ***The Critical Vendors.***  The Debtors have identified certain vendors (collectively, the "Critical Vendors") that supply products and services (collectively, the "Critical Vendor Products and Services") that are vital to the Debtors' operations.  The Debtors rely on a range of Critical Vendor Products and Services without which they would not be able to operate their businesses.  Specifically, certain of the Critical Vendors supply operational services that are critical to the Debtors' ability to effectively and efficiently serve their customers and generate revenue. The Debtors' trade relationships with their Critical Vendors are not generally governed by long term contracts, thus, the Debtors believe that such trade relationships may materially deteriorate, causing disruption to the Debtors' operations if the Debtors are unable to pay Critical Vendor Claims as provided herein. Accordingly, I believe that the payment of the Critical Vendor Claims is essential to avoid costly disruptions to the Debtors' businesses during these chapter 11 cases.

34.    In many cases, the Critical Vendor Products and Services are available from only a limited number of vendors, and in some cases, only one vendor.  Even where alternative vendors exist, the costs associated with switching from one vendor to another are often significant and would be detrimental to the Debtors' estates. The Debtors believe that jeopardizing their relationships with the Critical Vendors and attempting to procure the Critical Vendor Products and Services from replacement vendors would impose a severe strain on the Debtors' business

KE 59706627.6

JA160

operations, and would likely result in significant revenue loss.  Even a temporary halt of the provision of Critical Vendor Products and Services would impose a severe strain on the Debtors' operations, and the cumulative impact of such events could have a significant adverse effect on the Debtors' operations and, particularly, on the ability of the Debtors to maintain business-as-usual and serve their customers.  Accordingly, in light of the potential for immediate irreparable consequences if the Critical Vendors do not continue to provide uninterrupted and timely deliveries of goods and services, the Debtors have determined, in the exercise of their business judgment, that payment of the Critical Vendor Claims is essential to avoid costly disruptions to their operations.

35.    ***Selection of Critical Vendors.***  With the assistance of their advisors, the Debtors have spent significant time reviewing and analyzing their books and records, consulting operations managers and purchasing personnel, reviewing contracts and supply agreements, and analyzing applicable law, regulations, and historical practice to identify certain critical business relationships and suppliers of goods and services—the loss of which would immediately and irreparably harm their businesses, among other things, shrinking their market share, reducing enterprise value, and ultimately impairing the Debtors' viability as a going-concern.  Following this analysis, the Debtors identified approximately 263 vendors as Critical Vendors for purposes of the relief requested herein.  This number represents only approximately 5 percent of the Debtors' vendors with outstanding accounts payable as of the Petition Date.  As of the Petition Date, the Debtors believe they owed the Critical Vendors approximately $80 million.  The $80 million of requested relief requested pursuant to the Final Order is approximately 20 percent of the Debtors' outstanding accounts payables as of the Petition Date.

KE 59706627.6

36.    ***The Lien Claimants.***  The Debtors routinely transact business with a number of third parties who may assert various statutory liens (the "<u>Lien Claimants</u>"), including mechanics' lien, against the Debtors and their property if the Debtors fail to pay for the services rendered.  The Lien Claimants primarily consist of SSP vendors who deploy the Debtors' fiber optic systems. The Debtors' business is highly dependent upon the full operation of the fiber network. Specifically, the Debtors supply core transport solutions on a local and long-haul fiber network spanning approximately 150,000 miles.  Absent payments of the Lien Claims, the Lien Claimants may stop providing services that are essential to the Debtors' operations.  Accordingly, payment of the Lien Claimants is vital to avoid costly disruptions to the Debtors' businesses.  Moreover, the value of the assets in the possession of the Lien Claimants generally exceeds the value of their respective prepetition claims.  The refusal of Lien Claimants to deliver or return the Debtors' goods as a result of not being paid would severely disrupt the Debtors' operations and potentially cost the Debtors a substantial amount of revenue and future business. The Debtors' ability to maintain access to materials, goods, equipment, and services is critical to the continued viability of the Debtors' business operations. As of the Petition Date, the Debtors estimate that approximately $91 million is owed to Lien Claimants.

37.    ***The 503(b)(9) Claims.***  The Debtors have received certain goods from various Vendors within the 20 days before the Petition Date (collectively, the "<u>503(b)(9) Claimants</u>"). Many of the Debtors' relationships with the 503(b)(9) Claimants are not governed by long-term contracts.  Rather, the Debtors often obtain supplies on an order-by-order basis.  As a result, a 503(b)(9) Claimant may refuse to supply new orders without payment of its prepetition claims. The Debtors also believe certain 503(b)(9) Claimants could reduce the Debtors' existing trade credit—or demand payment in cash on delivery—further exacerbating the Debtors' limited

16

liquidity.  As of the Petition Date, the Debtors believe they owed approximately $13 million on account of the 503(b)(9) Claims.

38.     Material disruption to the Debtors' businesses that may result from nonpayment of the Vender Claims could threaten the Debtors' ability to consummate their restructuring.  The goods and services the Creditors provide are absolutely necessary for the Debtors to conduct their business in the ordinary course, and it is prudent that the Debtors take any and all reasonable steps necessary to avoid imperiling the restructuring, including paying the Vendor Claims, subject to the vendors performing their obligations in accordance with Customary Terms.  It is important that the Debtors obtain approval to pay prepetition Vendor Claims and to continue paying such Vendor Claims in the ordinary course of business on a postpetition basis.

### M.     Debtors' Motion for Entry of an Order Establishing a Record Date for Notice and Sell-Down Procedures for Trading in Certain Claims Against the Debtors' Estates (the "Record Date Motion")

39.     Pursuant to the Record Date Motion, the Debtors seek entry of an order (a) establishing the date the Court enters the Record Date Order as the effective date for certain notice and sell-down procedures for trading in certain claims against the Debtors' estates in order to preserve the Debtors' ability to formulate a plan of reorganization that maximizes the use of their Tax Attributes; and (b) granting related relief pursuant to the Record Date Motion.

40.     As of January 1, 2019, the Debtors estimate that they have federal NOLs in the amount of approximately $3.4 billion[5] and Business Credits in the amount of approximately $27 million, translating to potential material future tax savings.

---

[5]     The Debtors have determined that approximately $1.5B of their $3.4B of gross federal NOLs are unlikely to be able to be utilized in the ordinary course of business as a result of prior ownership limitations under section 382.

KE 59706627.6

41.     Implementation of the controls set forth in the Record Date Motion is necessary and appropriate to enforce the automatic stay and, critically, to preserve the value of the Tax Attributes for the benefit of the Debtors' estates.  The Tax Attributes may provide the potential for material future tax savings (including in post-emergence years) or other tax structuring possibilities in these chapter 11 cases.  The termination or limitation of the Tax Attributes could be materially detrimental to all parties-in-interest.  Thus, granting the relief requested herein will preserve the Debtors' flexibility in operating their businesses during the pendency of these chapter 11 cases and also implementing an exit plan that makes full and efficient use of the Tax Attributes and maximizes the value of the Debtors' estates.  Accordingly, the relief requested in the Record Date Motion should be approved.

**N.      Debtors' Motion for Entry of a Final Order (I) Restating and Enforcing Anti-Discrimination Provisions of the Bankruptcy Code; and (II) Authorizing the Debtors to (A) Participate in Spectrum Auctions in the Ordinary Course of Business and (B) Honor All Obligations Related Thereto (the "<u>Spectrum Auction Motion</u>").**

42.     Through the Spectrum Auction Motion, the Debtors request that the Bankruptcy Court enter an order restating and enforcing the anti-discrimination provisions of the Bankruptcy Code in order to ensure that the Debtors receive the full protections of such provisions as it bids in and applies for auctions to assign licenses related to spectrum (the "<u>Spectrum Auctions</u>").  The Debtors also seek the Bankruptcy Court's authority to continue to participate in these Spectrum Auctions in the ordinary course of business and to honor all obligations related thereto.

43.     The Debtors enter Spectrum Auctions put on by the FCC from time to time as they arise in order to obtain licenses related to spectrum.  Because obtaining such licenses is a key piece of the Debtors' strategy, and the Spectrum Auctions do not happen frequently, missing even a single Spectrum Auction can lead to severe consequences for the Debtors.  As a result, the Debtors seek the Bankruptcy Court's authority to continue participating in the Spectrum Auctions, and for

18

the restatement and enforcement of the anti-bankruptcy provisions to ensure that the Debtors have a full and fair chance to be a qualified bidder in each of these Spectrum Auctions.

**O.    Debtors' Motion for Entry of Interim and Final Orders Authorizing the Debtors to Continue and Renew their Surety Bond Program (the "<u>Surety Bond Motion</u>").**

44.    By the Surety Bond Motion, the Debtors seek entry of an order authorizing the Debtors to maintain, renew, and modify their Surety Bond Program—including the procurement of new sureties—in the ordinary course of business on a postpetition basis and to pay outstanding prepetition amounts.

45.    The Debtors have outstanding surety bonds issued by Argonaut Insurance Company, Aspen Insurance Company, Berkley Insurance Company, and RLI Insurance Company. As of the Petition Date, the Debtors have approximately 655 surety bonds totaling $34.5 million outstanding on account of surety bond needs for facilities and assets owned by the Debtors. The premiums for the surety bonds generally are determined on an annual basis and are paid by the Debtors when the bonds are issued and annually upon each renewal. The Debtors believe they are current on all Premium payments and will pay any outstanding amounts as they come due in the ordinary course. The total estimated Premiums for the Debtors' surety bonds is approximately $452,591.00. As such, the Debtors request authority to continue paying the Premiums in the ordinary course of business on a postpetition basis, including any prepetition obligations related thereto, to ensure uninterrupted coverage under the Surety Bond Program.

46.    Continuation of the Surety Bond Program, as required in the ordinary course of business, is essential to the preservation of the value of the Debtors' properties and assets. Failing to provide, maintain, or timely replace their surety bonds will prevent the Debtors from complying with their state law obligations and undertaking essential functions related to their operations. The issuance of a surety bond shifts the risk of the Debtors' nonperformance or nonpayment from the

<div align="center">19</div>

Debtors to a surety, and the inability to provide, maintain, or timely replace their surety bonds will jeopardize the Debtors' ability to manage their reorganization efforts. Accordingly, the relief requested in the Surety Bond Motion should be approved by the Court.

**P.    Debtors' Motion for Entry of an Order (I) Prohibiting Utility Providers for Altering, Refusing, or Discontinuing Utility Services, (II) Determining Adequate Assurance of Payment for Future Utility Services, and (III) Establishing Procedures for Determining Adequate Assurance of Payment (the "Utilities Motion").**

47.    Pursuant to the Utilities Motion, the Debtors seek entry of an order (a) prohibiting utility providers from altering, refusing, or discontinuing services; (b) determining adequate assurance of payment for future utility services; and (c) establishing procedures for determining adequate assurance of payment for future utility services.

48.    In connection with the operation of their business, the Debtors obtain water, sewer service, telecommunications, electricity, waste disposal, natural gas, and other similar services from a number of utility providers or their brokers. On average, as of the Petition Date, the Debtors paid approximately $5,000,000.00 each month on account of the Utility Services, based on a historical average of the Debtors' recent utility payments. Accordingly, the Debtors estimate that their cost for Utility Services during the next 30 days (not including any deposits to be paid) will total approximately $5,000,000.00. As of the Petition Date, the Debtors estimate that they held approximately $113,400.00 in the form of deposits, surety bonds, letters of credits, and other prepayments on behalf of certain Utility Providers. To provide additional assurance of payment, the Debtors propose to deposit cash in an amount equal to $2,500,000.00 into a segregated account that will be created and funded after the Petition Date. The amount of the Adequate Assurance Deposit is equal to approximately one half of the Average Monthly Utility Expenses. The Adequate Assurance Deposit will be held in the segregated account at a bank selected by the

20

KE 59706627.6

Debtors for the benefit of the Utility Providers, and, for the duration of these chapter 11 cases, may be applied to any postpetition defaults in payment to the Utility Providers.

49.     Uninterrupted Utility Services are essential to the Debtors' ongoing business operations, and hence the overall success of these chapter 11 cases.  Should any Utility Company refuse or discontinue service, even for a brief period, the Debtors' business operations would be severely disrupted, and such disruption would jeopardize the Debtors' ability to manage their reorganization efforts.  Therefore, it is essential that the Utility Services continue uninterrupted during these chapter 11 cases.  Accordingly, the relief requested in the Utilities Motion should be approved by the Court.

*[Remainder of page intentionally left blank]*

KE 59706627.6

## Exhibit C

## Committees Organized Prepetition

| Prepetition Committee | Counsel | Members |
|---|---|---|
| First Lien Term Lenders Ad Hoc Group | Paul, Weiss, Rifkind, Wharton & Garrison LLP<br>1285 Avenue of the Americas<br>New York, New York 10019<br>Attn:  Brian S. Hermann and Samuel E. Lovette | Holders of at least 50 percent of the amount of First Lien Claims |
| Second Lien Noteholders Ad Hoc Group | Milbank LLP<br>28 Liberty Street<br>New York, New York 10005<br>Attn:  Dennis F. Dunne and Samuel Khalil | Holders of approximately 80 percent of the amount of Second Lien Claims |

## Exhibit D

### Consolidated List of the Holders of the Debtors' 50 Largest Unsecured Claims

Pursuant to Local Bankruptcy Rule 1007-2(a)(4), the following is a consolidated list of the Debtors' creditors holding the 50 largest unsecured claims (the "Consolidated Creditor List") based on the Debtors' unaudited books and records as of the Petition Date. The Consolidated Creditor List has been prepared in accordance with Bankruptcy Rule 1007(d) and does not include (i) persons who come within the definition of "insider" set forth in section 101(31) of the Bankruptcy Code or (ii) secured creditors, unless the value of the collateral is such that the unsecured deficiency places the creditor among the holders of the 50 largest unsecured claims.

The information contained herein shall neither constitute an admission of liability by nor bind the Debtors. The Debtors reserve all rights to assert that any debt or claim included herein is a disputed claim or debt and to challenge the priority, nature, amount, or status of any such claim or debt. In the event of any inconsistencies between the summaries set forth below and the respective corporate and legal documents relating to such obligations, the descriptions in the corporate and legal documents shall control.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff [1] | Unsecured Claim |
|---|---|---|---|---|---|---|---|
| 1 | U.S. BANK NATIONAL ASSOCIATION TWO MIDTOWN PLAZA 1349 WEST PEACHTREE STREET SUITE 1050 ATLANTA, GEORGIA 30309 | ATTN: GLOBAL CORPORATE TRUST SERVICES TELEPHONE: (404) 898-8830 FACSIMILE: (404) 898-8844 EMAIL: N/A | BOND DEBT | | | | $806,900,000.00 |
| 2 | U.S. BANK NATIONAL ASSOCIATION TWO MIDTOWN PLAZA 1349 WEST PEACHTREE STREET SUITE 1050 ATLANTA, GEORGIA 30309 | ATTN: GLOBAL CORPORATE TRUST SERVICES TELEPHONE: (404) 898-8830 FACSIMILE: (404) 898-8844 EMAIL: N/A | BOND DEBT | | | | $105,800,000.00 |
| 3 | U.S. BANK NATIONAL ASSOCIATION TWO MIDTOWN PLAZA 1349 WEST PEACHTREE STREET SUITE 1050 ATLANTA, GEORGIA 30309 | ATTN: GLOBAL CORPORATE TRUST SERVICES TELEPHONE: (404) 898-8830 FACSIMILE: (404) 898-8844 EMAIL: N/A | BOND DEBT | | | | $78,100,000.00 |
| 4 | U.S. BANK NATIONAL ASSOCIATION TWO MIDTOWN PLAZA 1349 WEST PEACHTREE STREET SUITE 1050 ATLANTA, GEORGIA 30309 | ATTN: GLOBAL CORPORATE TRUST SERVICES TELEPHONE: (404) 898-8830 FACSIMILE: (404) 898-8844 EMAIL: N/A | BOND DEBT | | | | $70,100,000.00 |

---

1   The Debtors reserve the right to assert setoff and other rights with respect to any of the claims listed herein.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| --- | --- | --- | --- | --- | --- | --- | --- |
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff [1] | Unsecured Claim |
| 5 | AT&T 208 SOUTH AKARD STREET DALLAS, TX 75202 | ATTN: GENERAL COUNSEL TELEPHONE: 210-821-4105 FAX: 210-351-2198 EMAIL: DAVID.MCATEE@ATT.COM; WW0118@ATT.COM | TRADE | | | | $49,551,947.00 |
| 6 | U.S. BANK NATIONAL ASSOCIATION TWO MIDTOWN PLAZA 1349 WEST PEACHTREE STREET SUITE 1050 ATLANTA, GEORGIA 30309 | ATTN: GLOBAL CORPORATE TRUST SERVICES TELEPHONE: (404) 898-8830 FACSIMILE: (404) 898-8844 EMAIL: N/A | BOND DEBT | | | | $36,200,000.00 |
| 7 | U.S. BANK NATIONAL ASSOCIATION TWO MIDTOWN PLAZA 1349 WEST PEACHTREE STREET SUITE 1050 ATLANTA, GEORGIA 30309 | ATTN: GLOBAL CORPORATE TRUST SERVICES TELEPHONE: (404) 898-8830 FACSIMILE: (404) 898-8844 EMAIL: N/A | BOND DEBT | | | | $34,400,000.00 |
| 8 | VERIZON 1095 AVENUE OF THE AMERICAS NEW YORK, NY 10036 | ATTN: GENERAL COUNSEL TELEPHONE: 212-395-1000 FAX: 212-517-1897 EMAIL: CRAIG.SILLIMAN@VERIZON.COM | TRADE | | | | $34,054,820.00 |
| 9 | AT&T PRO CABS 208 SOUTH AKARD STREET DALLAS, TX 75202 | ATTN: GENERAL COUNSEL TELEPHONE: 210-821-4105 FAX: 210-351-2198 EMAIL: DAVID.MCATEE@ATT.COM; WW0118@ATT.COM | TRADE | | | | $8,802,645 .00 |
| 10 | GLOBE COMMUNICATIONS INC. 950 48TH AVE NORTH SUITE 100 MYRTLE BEACH, SC 29577 | ATTN: DIRECTOR OR OFFICER TELEPHONE: 843- 839-5544 FAX: 843-839-5545 EMAIL: RUSTYLUNDY@GLOBEINC.COM | TRADE | | | | $8,368,733.00 |
| 11 | BELLSOUTH PRO CABS 600 N POINT PKWY ALPHARETTA, GA 30005 | ATTN: ROC-CABS TELEPHONE: 404-249-2000; 404-249-2000 FAX: 404-249-2071 EMAIL: RT2547@ATT.COM | TRADE | | | | $7,467,897.00 |
| 12 | CENTURYLINK 100 CENTURYLINK DRIVE MONROE, LA 71203 | ATTN: GENERAL COUNSEL TELEPHONE: 318-388-9000 FAX: 318-388-9064 EMAIL: STACEY.GOFF@CENTURYLINK.COM | TRADE | | | | $7,028,123.00 |
| 13 | FRONTIER 401 MERRITT 7 NORWALK, CT 06851 | ATTN: GENERAL COUNSEL TELEPHONE: 203-614-5600 FAX: 203-614-4651 EMAIL: MARK.NIELSEN@FTR.COM | TRADE | | | | $6,892,743.00 |
| 14 | LEC SERVICES INC. 138 VAN CAMP BLVD LOS LUNAS, NM 87031 | ATTN: DIRECTOR OR OFFICER TELEPHONE: 505-301-3404 FAX: N/A EMAIL: DSCROSSLEY@ISP.COM | TRADE | | | | $6,582,326.00 |
| 15 | INFINERA 140 CASPIAN COURT SUNNYVALE, CA 94089 | ATTN: DIRECTOR OR OFFICER TELEPHONE: 408-572-5200 FAX: 408-572-5454 EMAIL: DHEARD@INFINERA.COM | TRADE | | | | $6,081,389.00 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim | | |
|---|---|---|---|---|---|---|---|
| | | | | | If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff [1] | Unsecured Claim |
| 16 | TRIPLE D COMMUNICATIONS 3006 PARK CENTRAL AVENUE NICHOLASVILLE, KY 40356 | ATTN: DANNY WHITE TELEPHONE: 859-887-4683 FAX: 859-885-9824 EMAIL: DWHITE@TRIPLEDLLC.COM | TRADE | | | | $5,928,006.00 |
| 17 | VELOCLOUD NETWORKS INC. 3429 HILLVIEW AVE PALO ALTO, CA 94304 | ATTN: VMWARE HILLTOP TELEPHONE: 650-209-4180 FAX: 650-475-5001 EMAIL: AOLLI@VMWARE.COM; CONTACT@VELOCLOUD.COM | TRADE | | | | $5,598,590.00 |
| 18 | ELEMENT - FKA PHH 655 BUSINESS CENTER DRIVE SUITE 250 HORSHAM, PA 19044 | ATTN: DIRECTOR OR OFFICER TELEPHONE: 267-960-4000 FAX: 267-960-4001 EMAIL: N/A | TRADE | | | | $5,435,197.00 |
| 19 | TRAWICK CONSTRUCTION CO 1555 SOUTH BOULEVARD CHIPLEY, FL 32428-1626 | ATTN: DIRECTOR OR OFFICER TELEPHONE: 850-638-0429 FAX: 850-638-8373 EMAIL: DOUG.TRAWICK@TRAWICKCONSTRUCTION.COM | TRADE | | | | $5,418,813.00 |
| 20 | ADTRAN 901 EXPLORER BOULEVARD HUNSTVILLE, AL 35806 | ATTN: DIRECTOR OR OFFICER TELEPHONE: 256-963-8000 FAX: 256-963-6300 EMAIL: KEITH.KALMAN@ADTRAN.COM | TRADE | | | | $5,279,202.00 |
| 21 | LEVEL 3 COMMUNICATIONS, LLC GENERAL COUNSEL 1025 ELDORADO BLVD BROOMFIELD, CO 80021 | ATTN: C/O CENTURYLINK TELEPHONE: 720-888-2750 FAX: 720-888-5422 EMAIL: STACEY.GOFF@CENTURYLINK.COM | TRADE | | | | $5,211,613.00 |
| 22 | LIGHTOWER FIBER NETWORKS 80 CENTRAL STREET BOXBOROUGH, MA 01719 | ATTN: DIRECTOR OR OFFICER TELEPHONE: 978-264-6000 FAX: 978-264-6100 EMAIL: ESANDMAN@LIGHTOWER.COM | TRADE | | | | $4,721,163.00 |
| 23 | MICROSOFT ONE MICROSOFT WAY REDMOND, WA 98052 | ATTN: DIRECTOR OR OFFICER TELEPHONE: 425-882-8080 FAX: 425-706-7329 EMAIL: BUSCOND@MICROSOFT.COM | TRADE | | | | $4,519,318.00 |
| 24 | QWEST CORP GENERAL COUNSEL 100 CENTURYLINK DRIVE MONROE, LA 71203 | ATTN: C/O CENTURYLINK TELEPHONE: 318-388-9000 FAX: 318-388-9064 EMAIL: STACEY.GOFF@CENTURYLINK.COM | TRADE | | | | $4,484,967.00 |
| 25 | GENERAL DATATECH LP 999 METROMEDIA PLACE DALLAS, TX 75247 | ATTN: DIRECTOR OR OFFICER TELEPHONE: 214-857-6165; 214-857-6100 FAX: 214-857-6500 EMAIL: EBLATARIC@GDT.COM | TRADE | | | | $4,118,389.00 |
| 26 | FORSYTHE SOLUTIONS GROUP INC. 7770 FRONTAGE ROAD SKOKIE, IL 60077 | ATTN: DIRECTOR OR OFFICER TELEPHONE: 847-213-7000 FAX: 847-675-8017 EMAIL: THOFFMAN@FORSYTHE.COM | TRADE | | | | $3,855,195.00 |

JA171

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff [1] | Unsecured Claim |
|---|---|---|---|---|---|---|---|
| 27 | ACTIONTEC ELECTRONICS 3301 OLCOTT ST SANTA CLARA, CA 95054 | ATTN: TONG KHUC, VP TELEPHONE: 408-548-4762 FAX: 408-541-9003 EMAIL: TKHUC@ACTIONTEC.COM | TRADE | | | | $3,757,838.00 |
| 28 | TIME WARNER CABLE 400 ATLANTIC STREET ROOM 407 STAMFORD, CT 06901 | ATTN: LEGAL DEPARTMENT TELEPHONE: 203-428-0281 FAX: 212-364-8460 EMAIL: SERENA.PARKER@CHARTER.COM | TRADE | | | | $3,591,108.00 |
| 29 | EXCLUSIVE NETWORKS USA 2075 ZANKER ROAD SAN JOSE, CA 95131 | ATTN: FRED SILVERMAN TELEPHONE: 954-782-6056 FAX: 408-943-9198 EMAIL: FSILVERMAN@EXCLUSIVE-NETWORKS.COM | TRADE | | | | $3,466,808.00 |
| 30 | T3 WIRELESS INC 220 W MAIN STREET COUNCIL GROVE, KS 66846 | ATTN: CHRIS CROWE, PRESIDENT TELEPHONE: 214-228-0930; 620-767-7193 FAX: 661-458-2329 EMAIL: INFO@T3WIRELESS.NET | TRADE | | | | $3,459,329.00 |
| 31 | ZAYO 1821 30TH STREET UNIT A BOULDER, CO 80301 | ATTN: DIRECTOR OR OFFICER TELEPHONE: 303-381-4683 FAX: N/A EMAIL: BRAD.KORCH@ZAYO.COM; SHIRA.COOKS@ZAYO.COM | TRADE | | | | $3,219,650.00 |
| 32 | EQUINIX INC. 4252 SOLUTIONS CENTER CHICAGO, IL 60677-4002 | ATTN: DIRECTOR OR OFFICER TELEPHONE: 650-598-6000 FAX: 650-598-6900 EMAIL: COLLECTIONS@EQUINIX.COM | TRADE | | | | $2,997,406.00 |
| 33 | CIENA CORP 7035 RIDGE ROAD HANOVER, MD 21076 | ATTN: DIRECTOR OR OFFICER TELEPHONE: 410-694-5700 FAX: 410-694-5750 EMAIL: N/A | TRADE | | | | $2,952,217.00 |
| 34 | CBRE INC. 400 S HOPE STREET 25TH FLOOR LOS ANGELES, CA 90071 | ATTN: DIRECTOR OR OFFICER TELEPHONE: 213-613-3333 FAX: 216-613-3005 EMAIL: CORPCOMM@CBRE.COM; LEW.HORNE@CBRE.COM | TRADE | | | | $2,885,755.00 |
| 35 | BELLSOUTH 600 N POINT PKWY ALPHARETTA, GA 30005 | ATTN: ROC-CABS TELEPHONE: 404-249-2000 FAX: 404-249-2071 EMAIL: RT2547@ATT.COM | TRADE | | | | $2,596,089.00 |
| 36 | MP NEXLEVEL LLC 500 COUNTY RD 37 E MAPLE LAKE, MN 55358 | ATTN: DIRECTOR OR OFFICER TELEPHONE: 320-963-2410; 320-963-2400 FAX: 320-963-2438 EMAIL: N/A | TRADE | | | | $2,430,702.00 |
| 37 | ENSONO LP 3333 FINLEY ROAD DOWNERS GROVE, IL 60515 | ATTN: DIRECTOR OR OFFICER TELEPHONE: 630-944-9337 FAX: 630-944-1432 EMAIL: JUDY.RASMUSSEN@ENSONO.COM; RICHARD.DRESDEN@ENSONO.COM | TRADE | | | | $2,161,902.00 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim | | |
|---|---|---|---|---|---|---|---|
| | | | | | If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff [1] | Unsecured Claim |
| 38 | FIBERTECH NETWORKS LLC 300 MERIDAN CENTRE ROCHESTER, NY 14618 | ATTN: ACCOUNTS RECEIVABLE TELEPHONE: 585-697-5100 FAX: 585-442-8845 EMAIL: BDANGLER@FIBERTECH.COM | TRADE | | | | $2,133,547.00 |
| 39 | METASWITCH NETWORKS 12007 SUNRISE VALLEY DR. STE 250 RESTON, VA 20191 | ATTN: LEGAL DEPARTMENT TELEPHONE: 703-480-0500 FAX: 703-480-0499 EMAIL: N/A | TRADE | | | | $2,118,722.00 |
| 40 | CONDUENT COMMERCIAL SOLUTIONS LLC 100 CAMPUS DRIVE SUITE FLORHAM PARK, NJ 07932 | ATTN: DIRECTOR OR OFFICER TELEPHONE: 844-663-2638 FAX: N/A EMAIL: N/A | TRADE | | | | $2,083,394.00 |
| 41 | PRODAPT 7565 SW MOHAWK STREET BUILDING M TUALATIN, OR 97062 | ATTN: HEADQUARTERS TELEPHONE: 503-636-3737 FAX: 503-885-0850 EMAIL: N/A | TRADE | | | | $2,016,429.00 |
| 42 | OUTPUT SERVICES GROUP BILLING SERVICES 100 CHALLENGER ROAD SUITE 303 RIDGEFIELD PARK, NJ 07660 | ATTN: DIRECTOR OR OFFICER TELEPHONE: 201-871-1100 FAX: 201-871-3350 EMAIL: INFO@OSGBILLING.COM | TRADE | | | | $1,980,488.00 |
| 43 | FAST TRACK CONSTRUCTION 1919 SW LOOP 304 CROCKETT, TX 75835 | ATTN: DIRECTOR OR OFFICER TELEPHONE: 936-545-1506 FAX: 936-545-1598 EMAIL: CAROLYN@FASTTRACKTEXAS.COM | TRADE | | | | $1,804,801.00 |
| 44 | COMCAST COMCAST CENTER 1701 JFK BOULEVARD PHILADELPHIA, PA 19103 | ATTN: COMCAST CORPORATION TELEPHONE: FAX: 215-981-7790 EMAIL: N/A | TRADE | | | | $1,786,797.00 |
| 45 | HOUSLEY COMMUNICATIONS INC. 3550 SOUTH BRYANT BOULEVARD SAN ANGELO, TX 76903 | ATTN: DIRECTOR OR OFFICER TELEPHONE: 325-944-9905 FAX: 325-944-1781 EMAIL: INFO@HC-INC.COM | TRADE | | | | $1,715,204.00 |
| 46 | TATA CONSULTANCY SERVICES LIMITED 379 THORNAL STREET 4TH FLOOR EDISON, NJ 08837 | ATTN: JANARTHANAN ANGIYA TELEPHONE: 469-230-8743 FAX: 212-867-8652 EMAIL: N/A | TRADE | | | | $1,562,096.00 |
| 47 | MITELTECHNOLOGIES INC. 1615 SOUTH 52ND STREET TEMPE, AZ 85281 | ATTN: DIRECTOR OR OFFICER TELEPHONE: 480-449-8900 FAX: 480-449-8901 EMAIL: N/A | TRADE | | | | $1,526,652.00 |
| 48 | USIC INC. 9045 NORTH RIVER ROAD SUITE 300 INDIANAPOLIS, IN 46240 | ATTN: DIRECTOR OR OFFICER TELEPHONE: 317-575-7800 FAX: 317-575-7881 EMAIL: N/A | TRADE | | | | $1,477,432.00 |
| 49 | COMMSCOPE TECHNOLOGIES LLC 1100 COMMSCOPE PLACE, SE HICKORY, NC 28602-3619 | ATTN: DIRECTOR OR OFFICER TELEPHONE: 828-324-2200 FAX: 828-323-4849 EMAIL: N/A | TRADE | | | | $1,426,259.00 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff [1] | Unsecured Claim |
| 50 | COX COMMUNICATIONS 1400 LAKE HEARN DRIVE ATLANTA, GA 30319 | ATTN: DIRECTOR OR OFFICER TELEPHONE: 866-961-0027 FAX: 404-843-5280 EMAIL: COXCORP.CUSTOMERRELATIONS @COX.COM; VICTOR.COOPER@COX.COM | TRADE | | | | $1,396,561.00 |

## **Exhibit E**

### **Consolidated List of the Holders of the Debtors' Five Largest Secured Claims**

Pursuant to Local Bankruptcy Rule 1007-2(a)(5), the following is a list of creditors holding the five largest secured claims against the Debtors, on a consolidated basis, as of the Petition Date.

The information contained herein shall neither constitute an admission of liability by nor bind the Debtors. The Debtors reserve all rights to assert that any debt or claim included herein is a disputed claim or debt and to challenge the priority, nature, amount, or status of any such claim or debt. The descriptions of the collateral securing the underlying obligations are intended only as brief summaries. In the event of any inconsistencies between the summaries set forth below and the respective corporate and legal documents relating to such obligations, the descriptions in the corporate and legal documents shall control.

| | Name of Creditor | Creditor Name, and complete mailing address, including zip code of employee, agents, or department of creditor familiar with claim who may be contacted | Amount of Claim (as of Petition Date) | Collateral Description and Value |
|---|---|---|---|---|
| 1. | JPMORGAN CHASE BANK, N.A.<br><br>(ADMINISTRATIVE AGENT AND COLLATERAL AGENT FOR TRANCHE B6 OF THE TERM LOAN) | CHASE BANK, N.A.,<br>FLOOR 3, 500 STANTON CHRISTIANA ROAD,<br>OPS 2, NEWARK, DELAWARE 19713,<br>ATTN:  GEORGE D. IONAS<br>TELEPHONE:  (302) 634-3301<br>EMAIL:  GEORGE.D.IONAS@JPMORGAN.COM<br><br>WITH COPIES TO:<br><br>JPMORGAN CHASE BANK, N.A.,<br>383 MADISON AVENUE,<br>24TH FLOOR,<br>NEW YORK, NEW YORK 10179,<br>ATTN:  TIMOTHY D. LEE<br>TELEPHONE:  (212) 270-5100<br>EMAIL:  TIMOTHY.D.LEE@JPMORGAN.COM | $1,180.5 million | Substantially all of the assets belonging to Windstream Services, LLC and the applicable subsidiaries, whether now owned or hereafter acquired, serve as collateral for certain obligations in applicable credit agreement, except to the extent that such assets are considered excluded in accordance therewith. The collateral's value is unknown as of the date hereof. |
| 2. | JPMORGAN CHASE BANK, N.A.<br><br>(ADMINISTRATIVE AGENT AND COLLATERAL AGENT FOR THE REVOLVER) | CHASE BANK, N.A.,<br>FLOOR 3, 500 STANTON CHRISTIANA ROAD,<br>OPS 2, NEWARK, DELAWARE 19713,<br>ATTN:  GEORGE D. IONAS<br>TELEPHONE:  (302) 634-3301<br>EMAIL:  GEORGE.D.IONAS@JPMORGAN.COM<br><br>WITH COPIES TO:<br><br>JPMORGAN CHASE BANK, N.A.,<br>383 MADISON AVENUE,<br>24TH FLOOR,<br>NEW YORK, NEW YORK 10179,<br>ATTN:  TIMOTHY D. LEE<br>TELEPHONE:  (212) 270-5100<br>EMAIL:  TIMOTHY.D.LEE@JPMORGAN.COM | $802.0 million | Substantially all of the assets belonging to Windstream Services, LLC and the applicable subsidiaries, whether now owned or hereafter acquired, serve as collateral for certain obligations in applicable credit agreement, except to the extent that such assets are considered excluded in accordance therewith. The collateral's value is unknown as of the date hereof. |
| 3. | WILMINGTON TRUST, NATIONAL ASSOCIATION<br><br>(TRUSTEE AND COLLATERAL AGENT FOR THE 9.000% 2025 NOTES) | WILMINGTON TRUST CENTER<br>ADVISOR SOLUTIONS GROUP<br>1100 NORTH MARKET ST.,<br>10TH FLOOR<br>WILMINGTON, DELAWARE 19890<br>ATTN:  N/A<br>TELEPHONE:  N/A<br>EMAIL:  N/A | $802.0 million | Substantially all of the assets belonging to Windstream Services, LLC and the applicable domestic subsidiaries, whether now owned or hereafter acquired, serve as collateral for certain obligations in applicable indenture, except to the extent that such assets are considered excluded in accordance therewith. The collateral's value is unknown as of the date hereof. |
| 4. | U.S. BANK NATIONAL ASSOCIATION<br><br>(TRUSTEE AND COLLATERAL AGENT FOR THE 8.625% NOTES DUE 2025) | U.S. BANK NATIONAL ASSOCIATION<br>TWO MIDTOWN PLAZA<br>1349 WEST PEACHTREE STREET<br>SUITE 1050<br>ATLANTA, GEORGIA 30309<br>ATTN:  GLOBAL CORPORATE TRUST SERVICES<br>TELEPHONE:  (404) 898-8830<br>FACSIMILE:  (404) 898-8844<br>EMAIL:  N/A | $600.0 million | Substantially all of the assets belonging to Windstream Services, LLC and the applicable domestic subsidiaries, whether now owned or hereafter acquired, serve as collateral for certain obligations in applicable indenture, except to the extent that such assets are considered excluded in accordance therewith. The collateral's value is unknown as of the date hereof. |

JA176

| 5. | JPMORGAN CHASE BANK, N.A.<br><br>(ADMINISTRATIVE AGENT AND COLLATERAL AGENT FOR THE TERM LOAN, TRANCHE B7) | CHASE BANK, N.A.,<br>FLOOR 3, 500 STANTON CHRISTIANA ROAD, OPS 2, NEWARK, DELAWARE 19713,<br>ATTN:  GEORGE D. IONAS<br>TELEPHONE:  (302) 634-3301<br>EMAIL:  GEORGE.D.IONAS@JPMORGAN.COM<br><br>WITH COPIES TO:<br><br>JPMORGAN CHASE BANK, N.A.,<br>383 MADISON AVENUE,<br>24TH FLOOR,<br>NEW YORK, NEW YORK 10179,<br>ATTN:  TIMOTHY D. LEE<br>TELEPHONE:  (212) 270-5100<br>EMAIL:  TIMOTHY.D.LEE@JPMORGAN.COM | $568.4 million | Substantially all of the assets belonging to Windstream Services, LLC and the applicable subsidiaries, whether now owned or hereafter acquired, serve as collateral for certain obligations in applicable credit agreement, except to the extent that such assets are considered excluded in accordance therewith.  The collateral's value is unknown as of the date hereof. |

3

JA177

## Exhibit F

### Summary of the Debtors' Assets and Liabilities

Pursuant to Local Bankruptcy Rule 1007-2(a)(6), the following are estimates of the Debtors' total assets and liabilities on a consolidated basis.  The following financial data is the latest available information and reflects the Debtors' financial condition, as consolidated among affiliated Debtors and non-Debtors as of the Petition Date.

The information contained herein shall neither constitute an admission of liability by nor bind the Debtors.  The Debtors reserve all rights to assert that any debt or claim included herein is a disputed claim or debt and to challenge the priority, nature, amount, or status of any such claim or debt.

| Assets and Liabilities | Amount |
|---|---|
| Total Assets<br>(Book Value as of January 31, 2019) | $ 13.1 billion |
| Total Liabilities<br>(Book Value as of January 31, 2019) | $11.2 billion |

JA178

## Exhibit G

### Summary of the Publicly Held Securities of the Debtors

Pursuant to Local Bankruptcy Rule 1007-2(a)(7), the following lists the number and classes of shares of stock, debentures, or other securities of the Debtors that are publicly held and the approximate number of holders thereof as of the Petition Date.

|     | Debt Security | Value Outstanding |
| --- | --- | --- |
| 1.  | 2024 Secured Notes — 10.500% | $414.9 million |
| 2.  | 2025 Secured Notes — 9.000% | $802.0 million |
| 3.  | 2025 Secured Notes — 8.625% | $600 million |
| 4.  | 6.75% Subsidiary Notes | $100 million |
| 5.  | 2020 Unsecured Notes — 7.750% | $78.1 million |
| 6.  | 2021 Unsecured Notes — 7.750% | $70.1 million |
| 7.  | 2022 Unsecured Notes — 7.500% | $36.2 million |
| 8.  | 2023 Unsecured Notes — 7.500% | $34.4 million |
| 9.  | 2023 Unsecured Notes — 6.375% | $806.9 million |
| 10. | 2024 Unsecured Notes — 8.750% | $105.8 million |

| Equity Security | Number of Shares Outstanding |
| --- | --- |
| Common Stock | 42,935,334 |

Windstream Holdings, Inc.'s common stock is held widely, and the precise number of holders of common stock and number of shares of common stock that the Debtors' officers and directors hold are not known at this time.  Additional information will be provided during the pendency of these chapter 11 cases to the extent available.

**Exhibit H**

**Summary of Debtors' Property Held by Third Parties**

Pursuant to Local Bankruptcy Rule 1007-2(a)(8), the following lists the Debtors' property, as of the Petition Date, that is in the possession or custody of any custodian, public officer, mortgagee, pledge, assignee of rents, secured creditor, or agent for any such entity.

Certain property of the Debtors is likely to be in the possession of various other persons, including maintenance providers, shippers, common carriers, materialmen, custodians, public officers, mortgagees, pledges, assignees of rents, secured creditors, or agents.  Through these arrangements, the Debtors' ownership interest is not affected.  In light of the movement of this property, providing a comprehensive list of the persons or entities in possession of the property, their addresses and telephone numbers, and the location of any court proceeding affecting such property would be impractical.  However, the Debtors estimates the aggregate value of utilities provider deposits, surety bonds, letters of credits, and other prepayment is approximately $113,400.00.  Any additional information that the Debtors might have with respect to the aforementioned will be provided during these chapter 11 cases.

## <u>Exhibit I</u>

**Summary of Debtors' Property From Which the Debtors Operate Their Business**

Pursuant to Local Bankruptcy Rule 1007-2(a)(9), the following lists the premises location of real property owned or leased from which the Debtors and non-Debtor subsidiaries operate, or have operated, their businesses.  Certain of the leased premises may have been vacated and/or surrendered as of the Petition Date.

The Debtors operate their business at 4001 North Rodney Parham Road in Little Rock, Arkansas, and, to the extent there are additional real properties that the Debtors own or lease, such information will be provided during these chapter 11 cases.

## EXHIBIT J

**Location of the Debtors' Substantial Assets, Books and Records, and Nature and Location
of Debtors' Assets Outside the United States**

Pursuant to Local Bankruptcy Rule 1007-2(a)(10), the following provides the location of
the Debtors' substantial assets, books and records, and the nature, location, and value of any assets
held by the Debtors outside the territorial limits of the United States as of the Petition Date.

The Debtors operate their business in the ordinary course in the following locations:
(1) Canada; (2) Columbia; and (3) British Virgin Islands.  Accordingly, the Debtors might have
material assets and books and records in each location and each as applicable.  Further information
will be provided in documents to be filed in these chapter 11 cases.

### Exhibit K

### Summary of Legal Actions against the Debtors

Pursuant to Local Bankruptcy Rule 1007-2(a)(11), the following lists material actions and proceedings pending or threatened against the Debtors or their properties where a judgment against the Debtors or a seizure of their property may be imminent as of the Petition Date.  This list reflects actions or proceedings considered material by the Debtors and, if necessary, will be supplemented in the corresponding schedules to be filed by the Debtors in these chapter 11 cases.

| Entity | Counterparty | Nature of the Claim | Status |
|--------|--------------|---------------------|--------|
| Windstream Communications, LLC | Margaret Abercrombie et al. | Breach of Contract | Pending |
| Windstream Services, LLC | U.S. Bank National Association, as Indenture Trustee for Windstream Services, LLC's 6.375% Notes Due 2023 | Default | Pending |
| PAETEC Communications, Inc. | SAETEC | Breach of Contract | Pending |
| PAETEC | Bull Communications, Inc. | Breach of Contract | Pending |
| Earthlink Holdings and Windstream Holdings | Robert Murray, on behalf of himself and all others similarly situated | Securities Litigation | Pending |
| Windstream Communications, LLC | IRTH SOLUTIONS, LLC | Contract Dispute | Pending |
| Paetec Communications, Inc. | SAETEC | Contract Dispute | Pending |
| Windstream | Yadegarian | Securities Litigation | Pending |
| Windstream | Sisvel International S.A. | Patent | Pending |

| Entity | Counterparty | Nature of the Claim | Status |
|---|---|---|---|
| Network Telephone, LLC, et al. | Cobb County, Georgia and Gwinnett County Georgia | Service Charges Dispute | Pending |
| Windstream | Pocahontas County Joint E911 Service Board | Service Charges Dispute | Pending |
| Windstream, et al. | PRS for State of New Jersey | Service Charges Dispute | Pending |
| US LEC of Pennsylvania, Inc., | Westmoreland County, Pennsylvania | Service Charges Dispute | Pending |
| Windstream | Allegheny County | Service Charges Dispute | Pending |
| Windstream | Pennsylvania | Service Charges Dispute | Pending |
| US LEC of Pennsylvania, Inc. | Butler County, Pennsylvania | Service Charges Dispute | Pending |
| Windstream Pennsylvania, Inc. | Beaver County, Pennsylvania | Service Charges Dispute | Pending |
| Windstream Pennsylvania, Inc. | Clarion County, Pennsylvania | Service Charges Dispute | Pending |
| Windstream Pennsylvania Inc. | Mercer County, Pennsylvania | Service Charges Dispute | Pending |
| Windstream Communications, Inc., | Delaware County, Pennsylvania | Service Charges Dispute | Pending |
| Windstream D&E Systems Inc. | Lebanon County, Pennsylvania | Service Charges Dispute | Pending |
| US LEC of Pennsylvania, Inc. | Cumberland County, Pennsylvania | Service Charges Dispute | Pending |

JA184

| Entity | Counterparty | Nature of the Claim | Status |
|---|---|---|---|
| US LEC of Pennsylvania, Inc. | Washington County, Pennsylvania | Service Charges Dispute | Pending |
| US LEC of Pennsylvania, Inc. | Chester County, Pennsylvania | Service Charges Dispute | Pending |
| Windstream Pennsylvania, Inc., | Berks County, Pennsylvania | Service Charges Dispute | Pending |
| US LEC of Pennsylvania Inc. | Lancaster County, Pennsylvania | Service Charges Dispute | Pending |
| Cavalier Telephone, LLC, | York County, Pennsylvania | Service Charges Dispute | Pending |
| US LEC of Pennsylvania, Inc | Dauphin County, Pennsylvania | Service Charges Dispute | Pending |
| Paetec Communications | Phone Recovery Services for Rhode Island | Service Charges Dispute | Pending |
| PAWTEC | Hamilton County Emergency Communications District | Service Charges Dispute | Pending |
| Deltacom | Blount County Emergency Communications District | Service Charges Dispute | Pending |
| Windstream | Verizon and Sprint | Contract Dispute | Pending |
| Windstream, its current past directors | Graham, Cindy, Derivatively Graham, Larry, Derivatively | Fiduciary Duties Breach | Pending |

JA185

## Exhibit L

### Debtors' Senior Management

Pursuant to Local Bankruptcy Rule 1007-2(a)(12), the following provides the names of the individuals who constitute the Debtors' existing senior management, their tenure with the Debtors, and a brief summary of their responsibilities and relevant experience as of the Petition Date.

| Name / Position | Relevant Experience / Responsibility | Tenure |
|---|---|---|
| Anthony W. Thomas, President and Chief Executive Officer | Tony Thomas has been with Windstream since 2009 and has more than twenty years' experience in the communications industry. | December 2014 – Present |
| Robert E. Gunderman, Chief Financial Officer and Treasurer | Bob Gunderman is responsible for overseeing the accounting, finance, capital planning, tax, procurement, audit, investor relations, and treasury teams and has served in multiple management positions including vice president of internal audit, vice president of revenue accounting and revenue assurance, director of financial planning, and director of mergers and acquisition prior to joining Windstream in 2008. | November 2017 – Present |
| Layne Levine, President Windstream Enterprise & Wholesale | Layne Levine is responsible for overseeing sales, financial performance, marketing, field technicians, service delivery and customer care, and repair for the company's enterprise, mid-market/commercial markets, and wholesale segments and has worked in the telecom industry for more than twenty-five years. He also oversees the company's channel program, including Value-Added Resellers (VARs), agents, Managed Service Providers (MSPs), and system integrators. | July 2017 – Present |
| Jeff Small, President of Consumer & Small and Medium-sized Business | Jeff Small oversees all aspects of the company's relationship with consumers as well as small and medium sized business customers in incumbent local exchange carrier markets and is responsible for the broadband engineering, broadband project management, and outside plant engineering groups in these markets. | May 2017 – Present |

JA186

| Name / Position | Relevant Experience / Responsibility | Tenure |
|---|---|---|
| Kristi Moody, Senior Vice President, General Counsel & Corporate Secretary | Kristi Moody oversees the company's legal affairs, including strategic initiatives, regulatory and securities law compliance, corporate governance and records, contracts and state government affairs.  She was in private practice for eleven years prior to joining Windstream. | February 2017 – Present |
| John C. Eichler, Senior Vice President and Controller | John Eichler is responsible for the company's accounting, external reporting, regulatory reporting, retail billing, and revenue assurance functions.  He previously served as vice president of internal audit for Windstream. | February 2018 – Present |
| Drew Smith, Senior Vice President of Financial Planning and Assistant Treasurer | Drew Smith oversees financial forecasting and planning, treasury and capital market functions, and debt management as well business development for the company.  He previously served as president of consumer and small and medium-sized business services in markets where Windstream is a competitive local exchange carrier and served in senior leadership roles in access management, carrier relations, and service delivery. | May 2017 – Present |
| Kevin Halpin, Senior Vice President of Process Development and Project Management | Kevin Halpin works with business unit leaders across the company to enhance the customer experience and has worked in the communications industry for twenty years. | January 2015 – Present |
| Stephen Farkouh, Chief Information Officer | Stephen Farkouh oversees all of Windstream's information technology operations and is responsible for partnering with the business to maximize the value of technology investments, generate revenue, and drive new opportunity.  He has experience as senior vice president of cloud technology and platform development for Windstream. | January 2019 – Present |
| Ron "Buddy" Bayer, Chief Network Officer | Buddy Bayer is responsible for network engineering, architecture, network operations, and capital investment for the company.  He was previously senior vice president of transport engineering. | June 2018 – Present |

| Name / Position | Relevant Experience / Responsibility | Tenure |
|---|---|---|
| Jack Brooks, Chief Human Resources Officers | Jack Brooks oversees all human resource functions, including compensation, benefits, recruiting, employee relations, labor relations, training, and corporate affairs.  He recently served as executive vice president of global human resources prior to joining Windstream. | January 2018 – Present |

## Exhibit M

**Debtors' Payroll for the 30-Day Period Following the Filing of the
Debtors' Chapter 11 Petitions**

Pursuant to Local Bankruptcy Rules 1007-2(b)(1)-(2)(A) and (C), the following provides, for the 30-day period following the Petition Date, the estimated amount of weekly payroll to the Debtors' employees (exclusive of officers, directors, and stockholders), the estimated amount paid and proposed to be paid to officers, stockholders, and directors, and the estimate amount paid or proposed to be paid to financial and business consultants retained by Debtors.

| Payments | Payment Amount |
|---|---|
| Payments to employees, officers, directors, and stockholders | $67 million |
| Payments to financial and business consultants | $0 |

JA189

## **Exhibit N**

**Debtors' Estimated Cash Receipts and Disbursements for the 30-Day Period
Following the Filing of the Chapter 11 Petitions**

Pursuant to Local Bankruptcy Rule 1007-2(b)(3), the Debtors have estimated cash receipts and disbursements and net cash gain or loss.  The Debtors intend to estimate their obligations and receivables expected to accrue and that will remain unpaid, other than professional fees, for the 30-day period following the Petition Date.

| Type | Amount |
|---|---|
| Cash Receipts | $982.6 million |
| Cash Disbursements | $668.8 million |
| Net Cash Loss | $313.8 million |

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| WINDSTREAM HOLDINGS, INC., *et al.,*[1] | ) | Case No. 19-22312 (RDD) |
|  | ) |  |
| Debtors. | ) | (Jointly Administred) |
|  | ) |  |

**ORDER (I) AUTHORIZING THE DEBTORS TO (A) PREPARE A LIST
OF CREDITORS IN LIEU OF SUBMITTING A FORMATTED MAILING
MATRIX AND (B) FILE A CONSOLIDATED LIST OF THE 50
LARGEST UNSECURED CREDITORS, (II) AUTHORIZING DEBTORS
TO REDACT CERTAIN PERSONAL IDENTIFICATION INFORMATION FOR
INDIVIDUAL CREDITORS, AND (III) APPROVING THE FORM AND MANNER OF
NOTIFYING CREDITORS OF COMMENCEMENT OF THESE CHAPTER 11 CASES**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession

(collectively, the "Debtors") for the entry of an order (this "Order") (a) authorizing the Debtors to:

(i) prepare a consolidated list of creditors in lieu of submitting any required mailing matrix, (ii) file

a consolidated list of the Debtors' 50 largest unsecured creditors, and (iii) mail initial notices

through their Proposed Claims and Noticing Agent, (b) authorizing the Debtors to redact certain

personal identification information for individual creditors, and (c) approving the form and manner

of notifying creditors of commencement of the Debtors' chapter 11 cases; all as more fully set

forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over

this matter pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b) and the *Amended Standing Order of*

---

[1]    The last four digits of Debtor Windstream Holdings, Inc.'s tax identification number are 7717.  Due to the large
number of debtor entities in these chapter 11 cases, for which the Debtors have requested joint administration, a
complete list of the debtor entities and the last four digits of their federal tax identification numbers is not provided
herein.  A complete list of such information may be obtained on the website of the Debtors' proposed claims and
noticing agent at http://www.kccllc.net/windstream.  The location of the Debtors' service address for purposes of
these chapter 11 cases is:  4001 North Rodney Parham Road, Little Rock, Arkansas 72212.

[2]    Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

*Reference from the United States District Court for the Southern District of New York*, dated February 1, 2012; and this Court having found that venue of the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409 and that this is a core proceeding pursuant to 28 U.S.C. § 157(b) that this Court may decide by a final order consistent with Article III of the United States Constitution; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances, and that no other notice need be provided; and upon the record of the hearing held by the Court on the Motion on February 26, 2019 (the "Hearing"); and the Court having considered the objection raised at the Hearing by the U.S. Trustee, which has been resolved by the terms of this Order; and after due deliberation this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish good and sufficient cause for the relief granted herein and that such relief is in the best interests of the Debtors and their estates, it is HEREBY ORDERED THAT:

1.      The Motion is granted as set forth herein.

2.      The Debtors are authorized to file a consolidated list of the 50 largest unsecured creditors in these chapter 11 cases in lieu of each Debtor filing a list of its 20 largest unsecured creditors.

3.      In lieu of submitting a formatted mailing matrix, the Debtors shall make available a single, consolidated list of all of the Debtors' creditors in electronic form to any entity who so requests and in non-electronic form at such requesting entity's sole cost and expense.

4.      The Debtors are authorized to redact address information of individual creditors listed on the Creditor Matrix; *provided* that the Debtors shall provide an unredacted version of the Creditor Matrix to the Bankruptcy Court (to be filed under seal), the U.S. Trustee, and any official committee of unsecured creditors appointed in these chapter 11 cases; *provided, further* that

nothing in this Order shall preclude a party in interest from requesting access to an unredacted version of the Creditor Matrix upon a motion filed with the Bankruptcy Court and appropriate notice.

5.      The Notice of Commencement of these chapter 11 cases, substantially in the form attached to this Order as **Exhibit 1**, is hereby approved.

6.      The Debtors, with the assistance of the Proposed Claims and Noticing Agent (upon the Bankruptcy Court's approval of the Debtors' retention of the Proposed Claims and Noticing Agent), is authorized, but not directed, to undertake all mailings directed by the Bankruptcy Court, the U.S. Trustee, or as required by the Bankruptcy Code, including the Notice of Commencement of these chapter 11 cases, and any other correspondence that the Debtors may wish to send to creditors.

7.      All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

8.      The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

9.      This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated:  White Plains, New York
         March 5, 2019

                                        /s/Robert D. Drain
                                        THE HONORABLE ROBERT D. DRAIN
                                        UNITED STATES BANKRUPTCY JUDGE

3

JA193

## Exhibit 1

**Notice of Commencement**

JA194

| Information to identify the case: | | | |
|---|---|---|---|
| Debtor: | Windstream Holdings, Inc. | EIN: | 46-2847717 |
| | Name | | |

United States Bankruptcy Court for the Southern District of New York

| Case Number: | 19-22312 (RDD) | Date case filed for Chapter 11: | 02/25/2019 |
|---|---|---|---|

## Official Form 309F (For Corporations or Partnerships)

## Notice of Chapter 11 Bankruptcy Case                                       12/17

**For the debtor listed above, a case has been filed under chapter 11 of the Bankruptcy Code. An order for relief has been entered.**

**This notice has important information about the case for creditors, debtors, and trustees, including information about the meeting of creditors and deadlines. Read both pages carefully.**

The filing of the case imposed an automatic stay against most collection activities. This means that creditors generally may not take action to collect debts from the debtor or the debtor's property. For example, while the stay is in effect, creditors cannot sue, assert a deficiency, repossess property, or otherwise try to collect from the debtor. Creditors cannot demand repayment from the debtor by mail, phone, or otherwise. Creditors who violate the stay can be required to pay actual and punitive damages and attorney's fees.

Confirmation of a chapter 11 plan may result in a discharge of debt. A creditor who wants to have a particular debt excepted from discharge may be required to file a complaint in the bankruptcy clerk's office within the deadline specified in this notice. (See line 11 below for more information.)

To protect your rights, consult an attorney. All documents filed in the case may be inspected at the bankruptcy clerk's office at the address listed below or through PACER (Public Access to Court Electronic Records at www.pacer.gov).

**The staff of the bankruptcy clerk's office cannot give legal advice.**

**Do not file this notice with any proof of claim or other filing in the case.**

**Debtors' full name:  See chart below.**

### List of Jointly Administered Cases

| NO. | DEBTOR | ADDRESS | CASE NO. | EIN # |
|---|---|---|---|---|
| 1. | Windstream Holdings, Inc. | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22312 | 46-2847717 |
| 2. | Windstream Business Holdings, LLC | 6 International Drive Rye Brook, NY 10573 | 19-22310 | 46-4238089 |
| 3. | Allworx Corp. | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22345 | 26-0259247 |
| 4. | American Telephone Company, LLC | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22349 | 20-5108783 |

Official Form 309F (For Corporations or Partnerships)                    **Notice of Chapter 11 Bankruptcy Case**

JA195

| NO. | DEBTOR | ADDRESS | CASE NO. | EIN # |
|---|---|---|---|---|
| 5. | ARC Networks, Inc. | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22362 | 11-3464934 |
| 6. | A.R.C. Networks, Inc. | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22338 | 11-3240814 |
| 7. | ATX Communications, Inc. | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22368 | 13-4078506 |
| 8. | ATX Licensing, Inc. | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22371 | 23-3039838 |
| 9. | ATX Telecommunications Services of Virginia, LLC | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22377 | 31-1773888 |
| 10. | Birmingham Data Link, LLC | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22382 | 26-3497422 |
| 11. | BOB, LLC | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22387 | 02-0754753 |
| 12. | Boston Retail Partners LLC | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22392 | 27-0447904 |
| 13. | BridgeCom Holdings, Inc. | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22403 | 13-4162965 |
| 14. | BridgeCom International, Inc. | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22408 | 13-4123985 |
| 15. | BridgeCom Solutions Group, Inc. | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22428 | 13-4123989 |
| 16. | Broadview Networks, Inc. | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22456 | 16-1401082 |
| 17. | Broadview Networks of Massachusetts, Inc. | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22440 | 11-3448054 |
| 18. | Broadview Networks of Virginia, Inc. | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22454 | 06-1596404 |
| 19. | Broadview NP Acquisition Corp. | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22461 | 51-0402734 |
| 20. | Buffalo Valley Management Services, Inc. | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22463 | 84-1619403 |
| 21. | Business Telecom of Virginia, Inc. | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22466 | 56-2131188 |
| 22. | Business Telecom, LLC | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22469 | 56-1426866 |
| 23. | BV-BC Acquisition Corporation | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22471 | 20-5377846 |
| 24. | Cavalier IP TV, LLC | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22474 | 20-2386185 |

| NO. | DEBTOR | ADDRESS | CASE NO. | EIN # |
|---|---|---|---|---|
| 25. | Cavalier Services, LLC | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22313 | 20-2047841 |
| 26. | Cavalier Telephone Mid-Atlantic, L.L.C. | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22315 | 54-2028580 |
| 27. | Cavalier Telephone, L.L.C. | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22317 | 54-1914822 |
| 28. | CCL Historical, Inc. | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22319 | 23-3032245 |
| 29. | Choice One Communications of Connecticut Inc. | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22322 | 15-1564111 |
| 30. | Choice One Communications of Maine Inc. | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22324 | 16-1564112 |
| 31. | Choice One Communications of Massachusetts Inc. | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22326 | 16-1554916 |
| 32. | Choice One Communications of New York Inc. | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22329 | 15-1564111 |
| 33. | Choice One Communications of Ohio Inc. | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22331 | 16-1564113 |
| 34. | Choice One Communications of Pennsylvania Inc. | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22332 | 16-1554919 |
| 35. | Choice One Communications of Rhode Island Inc. | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22335 | 16-1563050 |
| 36. | Choice One Communications Resale L.L.C. | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22341 | 80-0364519 |
| 37. | Choice One Communications of Vermont Inc. | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22339 | 16-1564114 |
| 38. | Choice One of New Hampshire, Inc. | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22344 | 16-1564110 |
| 39. | Cinergy Communications Company of Virginia, LLC | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22353 | 20-8076097 |
| 40. | Conestoga Enterprises, Inc. | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22356 | 23-2565087 |
| 41. | Conestoga Management Services, Inc. | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22358 | 84-1619408 |
| 42. | Conestoga Wireless Company | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22360 | 23-2926187 |
| 43. | Connecticut Broadband, LLC | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22363 | 06-1459693 |
| 44. | Connecticut Telephone & Communication Systems, Inc. | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22365 | 06-1122868 |

| NO. | DEBTOR | ADDRESS | CASE NO. | EIN # |
|---|---|---|---|---|
| 45. | Conversent Communications Long Distance, LLC | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22366 | 84-1530125 |
| 46. | Conversent Communications of Connecticut, LLC | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22369 | 84-1473088 |
| 47. | Conversent Communications of Maine, LLC | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22372 | 84-1473089 |
| 48. | Conversent Communications of Massachusetts, Inc. | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22375 | 20-2643836 |
| 49. | Conversent Communications of New Hampshire, LLC | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22378 | 84-1485259 |
| 50. | Conversent Communications of New Jersey, LLC | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22380 | 84-1522507 |
| 51. | Conversent Communications of New York, LLC | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22384 | 84-1473087 |
| 52. | Conversent Communications of Pennsylvania, LLC | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22386 | 84-1473090 |
| 53. | Conversent Communications of Rhode Island, LLC | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22388 | 84-1485260 |
| 54. | Conversent Communications of Vermont, LLC | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22391 | 84-1473085 |
| 55. | Conversent Communications Resale L.L.C. | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22394 | 80-0364505 |
| 56. | CoreComm-ATX, Inc. | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22401 | 23-3060529 |
| 57. | CoreComm Communications, LLC | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22399 | 13-4072077 |
| 58. | CTC Communications Corporation | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22405 | 04-2731202 |
| 59. | CTC Communications of Virginia, Inc. | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22407 | 54-1905656 |
| 60. | D&E Communications, LLC | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22411 | 27-0147149 |
| 61. | D&E Management Services, Inc. | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22414 | 88-0509645 |
| 62. | D&E Networks, Inc. | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22417 | 25-1780894 |
| 63. | D&E Wireless, Inc. | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22419 | 23-2896654 |
| 64. | Deltacom, LLC | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22423 | 63-0832070 |

| NO. | DEBTOR | ADDRESS | CASE NO. | EIN # |
|---|---|---|---|---|
| 65. | Earthlink Business, LLC | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22427 | 94-3331274 |
| 66. | Earthlink Carrier, LLC | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22430 | 58-1970339 |
| 67. | Equity Leasing, Inc. | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22432 | 20-0810636 |
| 68. | Eureka Broadband Corporation | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22435 | 06-1506004 |
| 69. | Eureka Holdings, LLC | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22437 | 20-3341318 |
| 70. | Eureka Networks, LLC | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22438 | 20-3341244 |
| 71. | Eureka Telecom, Inc. | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22445 | 13-3793720 |
| 72. | Eureka Telecom of VA, Inc. | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22442 | 52-2325508 |
| 73. | Georgia Windstream, LLC | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22447 | 38-2027315 |
| 74. | Heart of the Lakes Cable Systems, Inc. | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22451 | 41-1577709 |
| 75. | Infocore, Inc. | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22314 | 23-2894188 |
| 76. | Info-Highway International, Inc. | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22321 | 76-0438543 |
| 77. | InfoHighway Communications Corporation | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22318 | 76-0530551 |
| 78. | InfoHighway of Virginia, Inc. | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22325 | 26-0291600 |
| 79. | Intellifiber Networks, LLC | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22328 | 54-1861675 |
| 80. | Iowa Telecom Data Services, L.C. | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22330 | 74-3083835 |
| 81. | Iowa Telecom Technologies, LLC | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22333 | 47-0937013 |
| 82. | IWA Services, LLC | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22336 | 20-8346096 |
| 83. | KDL Holdings, LLC | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22337 | 48-1251032 |
| 84. | LDMI Telecommunications, LLC | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22342 | 38-2940840 |

JA199

| NO. | DEBTOR | ADDRESS | CASE NO. | EIN # |
|---|---|---|---|---|
| 85. | Lightship Telecom, LLC | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22346 | 06-1519100 |
| 86. | MASSCOMM, LLC | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22347 | 83-2381119 |
| 87. | McLeodUSA Information Services LLC | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22350 | 76-0529757 |
| 88. | McLeodUSA Purchasing, LLC | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22352 | 42-1501014 |
| 89. | McLeodUSA Telecommunications Services, L.L.C. | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22355 | 42-1407242 |
| 90. | MPX, Inc. | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22357 | 16-1468411 |
| 91. | Nashville Data Link, LLC | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22361 | 04-3639722 |
| 92. | Network Telephone, LLC | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22364 | 59-3477521 |
| 93. | Norlight Telecommunications of Virginia, LLC | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22367 | 26-3497118 |
| 94. | Oklahoma Windstream, LLC | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22370 | 73-0630965 |
| 95. | Open Support Systems, LLC | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22373 | 11-3409972 |
| 96. | PaeTec Communications of Virginia, LLC | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22376 | 16-6486048 |
| 97. | PaeTec Communications, LLC | 2700 Westchester Avenue, Suite 421, Purchase, New York 10577 | 19-22311 | 16-1551095 |
| 98. | PAETEC Holding, LLC | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22381 | 20-5339741 |
| 99. | PAETEC iTEL, L.L.C. | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22385 | 47-0903254 |
| 100. | PAETEC Realty LLC | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22389 | 27-1866972 |
| 101. | PAETEC, LLC | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22393 | 16-1551094 |
| 102. | PCS Licenses, Inc. | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22396 | 88-0397829 |
| 103. | Progress Place Realty Holding Company, LLC | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22398 | 27-1255466 |
| 104. | RevChain Solutions, LLC | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22402 | 46-3139610 |

| NO. | DEBTOR | ADDRESS | CASE NO. | EIN # |
|---|---|---|---|---|
| 105. | SM Holdings, LLC | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22406 | 26-0970378 |
| 106. | Southwest Enhanced Network Services, LLC | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22409 | 75-2885419 |
| 107. | Talk America of Virginia, LLC | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22412 | 54-1871946 |
| 108. | Talk America, LLC | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22416 | 23-2582790 |
| 109. | Teleview, LLC | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22420 | 58-2033040 |
| 110. | Texas Windstream, LLC | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22316 | 75-0984391 |
| 111. | The Other Phone Company, LLC | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22323 | 65-0705374 |
| 112. | TriNet, LLC | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22327 | 58-2183044 |
| 113. | TruCom Corporation | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22334 | 13-3940714 |
| 114. | US LEC Communications LLC | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22340 | 56-2162051 |
| 115. | US LEC of Alabama LLC | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22343 | 56-2104211 |
| 116. | US LEC of Florida LLC | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22348 | 56-2046424 |
| 117. | US LEC of Georgia LLC | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22351 | 56-2065537 |
| 118. | US LEC of Maryland LLC | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22379 | 56-2117626 |
| 119. | US LEC of North Carolina LLC | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22383 | 56-2091767 |
| 120. | US LEC of Pennsylvania LLC | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22395 | 56-2117625 |
| 121. | US LEC of South Carolina LLC | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22404 | 56-2056428 |
| 122. | US LEC of Tennessee LLC | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22410 | 56-2065536 |
| 123. | US LEC of Virginia LLC | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22415 | 56-2012173 |
| 124. | US Xchange Inc. | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22455 | 16-1590395 |

| NO. | DEBTOR | ADDRESS | CASE NO. | EIN # |
|---|---|---|---|---|
| 125. | US Xchange of Illinois, L.L.C. | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22425 | 38-3388717 |
| 126. | US Xchange of Indiana, L.L.C. | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22436 | 38-3377167 |
| 127. | US Xchange of Michigan, L.L.C. | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22443 | 38-3442002 |
| 128. | US Xchange of Wisconsin, L.L.C. | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22450 | 38-3342305 |
| 129. | Valor Telecommunications of Texas, LLC | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22460 | 52-2194219 |
| 130. | WaveTel NC License Corporation | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22465 | 30-0020203 |
| 131. | WIN Sales & Leasing, Inc. | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22470 | 41-1340032 |
| 132. | Windstream Accucomm Networks, LLC | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22472 | 58-1579785 |
| 133. | Windstream Accucomm Telecommunications, LLC | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22475 | 58-0641816 |
| 134. | Windstream Alabama, LLC | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22478 | 63-0364952 |
| 135. | Windstream Arkansas, LLC | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22483 | 71-0400407 |
| 136. | Windstream Buffalo Valley, Inc. | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22487 | 23-2825123 |
| 137. | Windstream BV Holdings, LLC | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22494 | 11-3310798 |
| 138. | Windstream Cavalier, LLC | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22500 | 54-1946546 |
| 139. | Windstream Communications Kerrville, LLC | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22424 | 74-0724580 |
| 140. | Windstream Communications Telecom, LLC | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22429 | 74-2955898 |
| 141. | Windstream Communications, LLC | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22433 | 74-2955898 |
| 142. | Windstream Concord Telephone, LLC | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22439 | 56-0186420 |
| 143. | Windstream Conestoga, Inc. | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22446 | 23-0488700 |
| 144. | Windstream CTC Internet Services, Inc. | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22448 | 52-2101328 |

| NO. | DEBTOR | ADDRESS | CASE NO. | EIN # |
|---|---|---|---|---|
| 145. | Windstream D&E Systems, LLC | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22452 | 23-2971125 |
| 146. | Windstream D&E, Inc. | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22457 | 23-0520190 |
| 147. | Windstream Direct, LLC | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22459 | 41-1903994 |
| 148. | Windstream Eagle Holdings LLC | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22464 | N/A |
| 149. | Windstream Eagle Services, LLC | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22467 | 82-3462246 |
| 150. | Windstream EN-TEL, LLC | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22390 | 41-1928105 |
| 151. | Windstream Finance Corp. | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22397 | 47-3595713 |
| 152. | Windstream Florida, LLC | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22413 | 59-0717786 |
| 153. | Windstream Georgia Communications, LLC | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22418 | 58-2046299 |
| 154. | Windstream Georgia Telephone, LLC | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22422 | 58-0802675 |
| 155. | Windstream Georgia, LLC | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22426 | 58-0202560 |
| 156. | Windstream Holding of the Midwest, Inc. | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22431 | 47-0632436 |
| 157. | Windstream Iowa Communications, LLC | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22434 | 27-1635465 |
| 158. | Windstream Iowa-Comm, LLC | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22441 | 42-1525756 |
| 159. | Windstream IT-Comm, LLC | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22444 | 35-2256532 |
| 160. | Windstream KDL, LLC | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22449 | 61-1196739 |
| 161. | Windstream KDL-VA, LLC | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22453 | 20-0817269 |
| 162. | Windstream Kentucky East, LLC | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22458 | 73-1621772 |
| 163. | Windstream Kentucky West, LLC | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22462 | 61-0487133 |
| 164. | Windstream Kerrville Long Distance, LLC | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22468 | 74-2228603 |

| NO. | DEBTOR | ADDRESS | CASE NO. | EIN # |
|---|---|---|---|---|
| 165. | Windstream Lakedale Link, Inc. | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22473 | 41-1815232 |
| 166. | Windstream Lakedale, Inc. | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22477 | 41-0643917 |
| 167. | Windstream Leasing, LLC | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22482 | 27-2348873 |
| 168. | Windstream Lexcom Communications, LLC | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22486 | 56-0298450 |
| 169. | Windstream Lexcom Entertainment, LLC | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22491 | 56-2261861 |
| 170. | Windstream Lexcom Long Distance, LLC | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22498 | 56-2261863 |
| 171. | Windstream Lexcom Wireless, LLC | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22502 | 56-2261865 |
| 172. | Windstream Mississippi, LLC | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22504 | 64-0323983 |
| 173. | Windstream Missouri, LLC | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22506 | 43-0690837 |
| 174. | Windstream Montezuma, LLC | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22508 | 42-0422100 |
| 175. | Windstream Nebraska, Inc. | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22510 | 47-0223220 |
| 176. | Windstream Network Services of the Midwest, Inc. | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22511 | 91-1772936 |
| 177. | Windstream New York, Inc. | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22512 | 15-0306510 |
| 178. | Windstream Norlight, LLC | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22513 | 61-0927928 |
| 179. | Windstream North Carolina, LLC | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22514 | 56-0509132 |
| 180. | Windstream NorthStar, LLC | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22515 | 27-0297987 |
| 181. | Windstream NTI, LLC | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22516 | 39-1712867 |
| 182. | Windstream NuVox Arkansas, LLC | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22517 | 43-1830185 |
| 183. | Windstream NuVox Illinois, LLC | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22518 | 43-1861148 |
| 184. | Windstream NuVox Indiana, LLC | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22519 | 43-1861150 |

| NO. | DEBTOR | ADDRESS | CASE NO. | EIN # |
|---|---|---|---|---|
| 185. | Windstream NuVox Kansas, LLC | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22476 | 43-1830186 |
| 186. | Windstream NuVox Missouri, LLC | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22480 | 43-1830184 |
| 187. | Windstream NuVox Ohio, LLC | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22484 | 43-1861151 |
| 188. | Windstream NuVox Oklahoma, LLC | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22489 | 43-1850572 |
| 189. | Windstream NuVox, LLC | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22492 | 57-1072836 |
| 190. | Windstream of the Midwest, Inc. | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22496 | 47-0803453 |
| 191. | Windstream Ohio, LLC | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22501 | 31-4265290 |
| 192. | Windstream Oklahoma, LLC | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22503 | 71-0406211 |
| 193. | Windstream Pennsylvania, LLC | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22505 | 25-1145739 |
| 194. | Windstream Services, LLC | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22400 | 20-0792300 |
| 195. | Windstream SHAL Networks, Inc. | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22507 | 41-1701143 |
| 196. | Windstream SHAL, LLC | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22509 | 41-1858078 |
| 197. | Windstream Shared Services, LLC | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22479 | 51-0553722 |
| 198. | Windstream South Carolina, LLC | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22481 | 57-0140680 |
| 199. | Windstream Southwest Long Distance, LLC | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22485 | 75-2884847 |
| 200. | Windstream Standard, LLC | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22488 | 58-0445370 |
| 201. | Windstream Sugar Land, LLC | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22490 | 74-0672235 |
| 202. | Windstream Supply, LLC | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22493 | 31-4359937 |
| 203. | Windstream Systems of the Midwest, Inc. | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22495 | 47-0650357 |
| 204. | Windstream Western Reserve, LLC | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22497 | 34-0614000 |

| NO. | DEBTOR | ADDRESS | CASE NO. | EIN # |
|---|---|---|---|---|
| 205. | Xeta Technologies, Inc. | 4001 North Rodney Parham Road, Little Rock, Arkansas 72212 | 19-22499 | 73-1130045 |

| | |
|---|---|
| **All other names used in the last 8 years:** | <u>See Rider 1</u>. |
| **Address:** | See chart above. |
| **Debtors' attorneys:** | |

<div align="center">

**Stephen E. Hessler, P.C.**
**Marc Kieselstein, P.C.**
**Cristine Pirro Schwarzman**
**Kirkland & Ellis LLP**
**Kirkland & Ellis International LLP**
**601 Lexington Avenue**
**New York, New York  10022**
**Telephone number:  (212) 446-4800**

**- and -**

**James H.M. Sprayregen, P.C.**
**Ross M. Kwasteniet, P.C.**
**Brad Weiland**
**John R. Luze**
**Kirkland & Ellis LLP**
**Kirkland & Ellis International LLP**
**300 North LaSalle Street**
**Chicago, Illinois 60654**
**Telephone number:  (312) 862-2000**

</div>

| | | |
|---|---|---|
| **Bankruptcy Clerk's Office**<br>Documents in this case may be filed at this address.<br><br>You may inspect all records filed in this case at this office or online at <u>www.pacer.gov</u> | **US Bankruptcy Court**<br>**Southern District of New York**<br>**300 Quarropas Street**<br>**Room 248**<br>**White Plains, NY 10601**<br>All documents in this case are available free of charge on the website of the Debtors' notice and claims agent at <u>http://www.kccllc.net/windstream</u> | **Hours Open:  Monday - Friday**<br>**8:30 AM - 5:00 PM**<br>**Contact phone:  (914) 467-7088** |
| **Meeting of Creditors** | **Time and Date to be Determined** | **Location:** |

Official Form 309F (For Corporations or Partnerships)          **Notice of Chapter 11 Bankruptcy Case**

JA206

| The debtor's representative must attend the meeting to be questioned under oath. Creditors may attend, but are not required to do so. | The meeting may be continued or adjourned to a later date. If so, the date will be on the court docket. | [_____] [_____] |
|---|---|---|
| **Proof of claim deadline:** | **Deadline for filing proof of claim:** | Not yet set. If a deadline is set, notice will be sent at a later time. |
| | A proof of claim is a signed statement describing a creditor's claim. A proof of claim form may be obtained at www.uscourts.gov or any bankruptcy clerk's office. | |
| | Your claim will be allowed in the amount scheduled unless: | |
| | • Your claim is designated as disputed, contingent or unliquidated; | |
| | • You file a proof of claim in a different amount; or | |
| | • You receive another notice | |
| | If your claim is not scheduled or if your claim is designated as disputed, contingent, or unliquidated, you must file a proof of claim or you might not be paid on your claim and you might be unable to vote on a plan. You may file a proof of claim even if your claim is scheduled. | |
| | You may review the schedules at the bankruptcy clerk's office or online at www.pacer.gov | |
| | Secured creditors retain rights in their collateral regardless of whether they file a proof of claim. Filing a proof of claim submits a creditor to the jurisdiction of the bankruptcy court, with consequences a lawyer can explain. For example, a secured creditor who files a proof of claim may surrender important nonmonetary rights, including the right to a jury trial. | |
| **Exception to discharge deadline** The bankruptcy clerk's office must receive a complaint and any required filing fee by the following deadline. | You must start a judicial proceeding by filing a complaint if you want to have a debt excepted from discharge under 11 U.S.C. § 1141(d)(6)(A). **Deadline for filing the complaint: To be Determined** | |
| **Creditors with a foreign address** | If you are a creditor receiving notice mailed to a foreign address, you may file a motion asking the court to extend the deadlines in this notice. Consult | |

Official Form 309F (For Corporations or Partnerships)          **Notice of Chapter 11 Bankruptcy Case**

JA207

| | |
|---|---|
| | an attorney familiar with United States bankruptcy law if you have any questions about your rights in this case. |
| **Filing a Chapter 11 bankruptcy case** | Chapter 11 allows debtors to reorganize or liquidate according to a plan. A plan is not effective unless the court confirms it. You may receive a copy of the plan and a disclosure statement telling you about the plan, and you may have the opportunity to vote on the plan. You will receive notice of the date of the confirmation hearing, and you may object to confirmation of the plan and attend the confirmation hearing. Unless a trustee is serving, the debtor will remain in possession of the property and may continue to operate its business. |
| **Discharge of debts** | Confirmation of a chapter 11 plan may result in a discharge of debts, which may include all or part of your debt. *See* 11 U.S.C. § 1141(d). A discharge means that creditors may never try to collect the debt from the debtor except as provided in the plan. If you want to have a particular debt owed to you excepted from the discharge under 11 U.S.C. § 1141(d)(6)(A), you must start a judicial proceeding by filing a complaint and paying the filing fee in the bankruptcy clerk's office by the deadline. |

Official Form 309F (For Corporations or Partnerships)          **Notice of Chapter 11 Bankruptcy Case**

<u>Rider 1</u>
**Other Names Used in the Last 8 Years**

| Current Entity Name | Former Names |
|---|---|
| Windstream Business Holdings, LLC | Earthlink, LLC |
| Windstream Holdings, Inc. | N/A |
| A.R.C. Networks, Inc. | N/A |
| Allworx Corp. | N/A |
| American Telephone Company LLC | N/A |
| ARC Networks, Inc. | N/A |
| ATX Communications, Inc. | N/A |
| ATX Licensing, Inc. | N/A |
| ATX Telecommunications Services of Virginia, LLC | N/A |
| Birmingham Data Link, LLC | N/A |
| BOB, LLC | BOB Merger Sub, LLC; Business Only Broadband; Windstream Fixed Wireless, LLC. |
| Boston Retail Partners, LLC | N/A |
| BridgeCom Holdings, Inc. | N/A |
| BridgeCom International, Inc. | N/A |
| BridgeCom Solutions Group, Inc. | N/A |
| Broadview Networks of Massachusetts, Inc. | N/A |
| Broadview Networks of Virginia, Inc. | N/A |
| Broadview Networks, Inc. | N/A |
| Broadview NP Acquisition Corp. | N/A |
| Buffalo Valley Management Services, Inc. | N/A |
| Business Telecom of Virginia, Inc. | N/A |
| Business Telecom, LLC | N/A |
| BV-BC Acquisition Corporation | N/A |
| Cavalier IP TV, LLC | N/A |

| Current Entity Name | Former Names |
|---|---|
| **Cavalier Services, LLC** | **N/A** |
| **Cavalier Telephone Mid-Atlantic, L.L.C.** | **N/A** |
| **Cavalier Telephone, L.L.C.** | **N/A** |
| **CCL Historical, Inc.** | **N/A** |
| **Choice One Communications of Connecticut, Inc.** | **EarthLink Business; One Communications; One Communications Corp.** |
| **Choice One Communications of Maine, Inc.** | **EarthLink Business; EarthLink Business II; One Communications.** |
| **Choice One Communications of Massachusetts, Inc.** | **EarthLink Business; One Communications.** |
| **Choice One Communications of New York, Inc.** | **EarthLink Business; One Communications.** |
| **Choice One Communications of Ohio, Inc.** | **EarthLink Business; One Communications.** |
| **Choice One Communications of Pennsylvania, Inc.** | **EarthLink Business; One Communications.** |
| **Choice One Communications of Rhode Island, Inc.** | **EarthLink Business; One Communications.** |
| **Choice One Communications of Vermont, Inc.** | **EarthLink Business; EarthLink Business IV; One Communications.** |
| **Choice One Communications Resale, L.L.C.** | **EarthLink Business; One Communications.** |
| **Choice One of New Hampshire, Inc.** | **EarthLink Business; One Communications.** |
| **Cinergy Communications Company of Virginia, LLC** | **Cinergy Communications Company of Virginia** |
| **Conestoga Enterprises, Inc.** | **N/A** |
| **Conestoga Management Services, Inc.** | **N/A** |
| **Conestoga Wireless Company** | **N/A** |
| **Connecticut Broadband, LLC** | **EarthLink Business; One Communications.** |
| **Connecticut Telephone & Communication Systems, Inc.** | **EarthLink Business; One Communications.** |
| **Conversent Communications Long Distance, LLC** | **EarthLink Business; One Communications Long Distance of New Hampshire.** |
| **Conversent Communications of Connecticut, LLC** | **EarthLink Business; One Communications; One Communications Corp.** |

JA210

| Current Entity Name | Former Names |
|---|---|
| Conversent Communications of Maine, LLC | EarthLink Business IV; One Communications IV. |
| Conversent Communications of Massachusetts, Inc. | EarthLink Business; One Communications. |
| Conversent Communications of New Hampshire, LLC | EarthLink Business; One Communications of New Hampshire. |
| Conversent Communications of New Jersey, LLC | EarthLink Business. |
| Conversent Communications of New York, LLC | EarthLink Business; One Communications. |
| Conversent Communications of Pennsylvania, LLC | EarthLink Business; One Communications. |
| Conversent Communications of Rhode Island, LLC | EarthLink Business IV; One Communications IV. |
| Conversent Communications of Vermont, LLC | EarthLink Business; EarthLink Business IV; One Communications. |
| Conversent Communications Resale, L.L.C. | EarthLink Business; EarthLink Business III; EarthLink Business IV; One Communications. |
| CoreComm Communications, LLC | N/A |
| CoreComm-ATX, Inc. | N/A |
| CTC Communications Corporation | EarthLink Business; EarthLink Business I; EarthLink Business IV; EarthLink Business Inc.; One Communications; One Communications Corp. |
| CTC Communications of Virginia, Inc. | N/A |
| D&E Communications, LLC | D&E Communications, Inc. |
| D&E Management Services, Inc. | N/A |
| D&E Networks, Inc. | N/A |
| D&E Wireless, Inc. | N/A |
| DeltaCom, LLC | DeltaCom, Inc.; EarthLink Business; EarthLink Business I; EarthLink Business IV; EarthLink Business Solutions. |
| EarthLink Business, LLC | EarthLink Business. |
| EarthLink Carrier, LLC | N/A |

| Current Entity Name | Former Names |
|---|---|
| Equity Leasing, Inc. | Equity Leasing of Illinois (Illinois only). |
| Eureka Broadband Corporation | N/A |
| Eureka Holdings, LLC | N/A |
| Eureka Networks, LLC | N/A |
| Eureka Telecom of VA, Inc. | N/A |
| Eureka Telecom, Inc. | N/A |
| Georgia Windstream, LLC | N/A |
| Heart of the Lakes Cable Systems, Inc. | N/A |
| Infocore, Inc. | N/A |
| InfoHighway Communications Corporation | N/A |
| Info-Highway International, Inc. | N/A |
| InfoHighway of Virginia, Inc. | N/A |
| Intellifiber Networks, LLC | Intellifiber Networks, Inc. |
| Iowa Telecom Data Services, L.C. | N/A |
| Iowa Telecom Technologies, LLC | N/A |
| IWA Services, LLC | N/A |
| KDL Holdings, LLC | N/A |
| LDMI Telecommunications, LLC | LDMI Telecommunications, Inc.; LDMI Telecommunications. |
| Lightship Telecom, LLC | EarthLink Business; EarthLink Business I; EarthLink Business IV; One Communications. |
| MASSCOMM, LLC | N/A |
| McLeodUSA Information Services LLC | N/A |
| McLeodUSA Purchasing, L.L.C. | N/A |
| McLeodUSA Telecommunications Services, L.L.C. | PaeTec Business Services. |
| MPX, Inc. | N/A |
| Nashville Data Link, LLC | N/A |

| Current Entity Name | Former Names |
|---|---|
| Network Telephone, LLC | Cavalier Telephone; Cavalier Telephone and TV; Cavalier Business Communications;. |
| Norlight Telecommunications of Virginia, LLC | Norlight Telecommunications of Virginia, Inc. |
| Oklahoma Windstream, LLC | N/A |
| Open Support Systems, LLC | N/A |
| PaeTec Communications of Virginia, LLC | N/A |
| PaeTec Communications, LLC | PaeTec Communications, Inc. |
| PAETEC Holding, LLC | PAETEC Holding Corp. |
| PAETEC iTel, L.L.C. | N/A |
| PAETEC Realty LLC | N/A |
| PAETEC, LLC | PAETEC Corp. |
| PCS Licenses, Inc. | N/A |
| Progress Place Realty Holding Company, LLC | N/A |
| RevChain Solutions, LLC | N/A |
| SM Holdings, LLC | N/A |
| Southwest Enhanced Network Services, LLC | Southwest Enhanced Network Services, LP |
| Talk America of Virginia, LLC | Talk America of Virginia, Inc.; Cavalier Telephone. |
| Talk America, LLC | Talk America, Inc.; Cavalier Telephone; Cavalier Business Communications. |
| Teleview, LLC | N/A |
| Texas Windstream, LLC | Texas Windstream, Inc. |
| The Other Phone Company, LLC | Cavalier Business Communications; The Phone Company. |
| Trinet, LLC | N/A |
| TruCom Corporation | N/A |
| US LEC Communications LLC | PaeTec Business Services. |
| US LEC of Alabama LLC | N/A |

| Current Entity Name | Former Names |
|---|---|
| US LEC of Florida LLC | N/A |
| US LEC of Georgia LLC | PAETEC Business Services. |
| US LEC of Maryland LLC | N/A |
| US LEC of North Carolina LLC | N/A |
| US LEC of Pennsylvania LLC | N/A |
| US LEC of South Carolina LLC | N/A |
| US LEC of Tennessee LLC | N/A |
| US LEC of Virginia LLC | PAETEC Business Services. |
| US Xchange of Illinois, L.L.C. | EarthLink Business; One Communications. |
| US Xchange of Indiana, L.L.C. | EarthLink Business; One Communications. |
| US Xchange of Michigan, L.L.C. | EarthLink Business; One Communications. |
| US Xchange of Wisconsin, L.L.C. | EarthLink Business; One Communications. |
| US Xchange, Inc. | EarthLink Business; One Communications; Choice One; Choice One Communications. |
| Valor Telecommunications of Texas, LLC | Windstream Communications Southwest. |
| WaveTel NC License Corporation | N/A |
| WIN Sales & Leasing, Inc. | Communications Sales and Leasing, Inc. |
| Windstream Accucomm Networks, LLC | N/A |
| Windstream Accucomm Telecommunications, LLC | N/A |
| Windstream Alabama, LLC | N/A |
| Windstream Arkansas, LLC | N/A |
| Windstream Buffalo Valley, Inc. | N/A |
| Windstream BV Holdings, LLC | Windstream BV Holdings, Inc.; Broadview Network Holdings, Inc. |
| Windstream Cavalier, LLC | N/A |
| Windstream Communications Kerrville, LLC | N/A |
| Windstream Communications Telecom, LLC | N/A |

JA214

| Current Entity Name | Former Names |
|---|---|
| Windstream Communications, LLC | Windstream Communications, Inc. |
| Windstream Concord Telephone, LLC | Windstream Concord Telephone, Inc. |
| Windstream Conestoga, Inc. | N/A |
| Windstream CTC Internet Services, Inc. | N/A |
| Windstream D&E Systems, LLC | Windstream D&E Systems, Inc. |
| Windstream D&E, Inc. | N/A |
| Windstream Direct, LLC | N/A |
| Windstream Eagle Holdings, LLC | Earthlink Holdings, LLC; EarthLink Holdings Corp. |
| Windstream Eagle Services, LLC | Earthlink Services, LLC |
| Windstream EN-TEL, LLC | N/A |
| Windstream Finance Corp. | N/A |
| Windstream Florida, LLC | Windstream Florida, Inc. |
| Windstream Georgia Communications, LLC | N/A |
| Windstream Georgia Telephone, LLC | N/A |
| Windstream Georgia, LLC | N/A |
| Windstream Holding of the Midwest, Inc. | N/A |
| Windstream Iowa Communications, LLC | Windstream Iowa Communications, Inc. |
| Windstream Iowa-Comm, LLC | Windstream Iowa-Comm, Inc. |
| Windstream IT-Comm, LLC | N/A |
| Windstream KDL, LLC | N/A |
| Windstream KDL-VA, LLC | N/A |
| Windstream Kentucky East, LLC | N/A |
| Windstream Kentucky West, LLC | N/A |
| Windstream Kerrville Long Distance, LLC | N/A |
| Windstream Lakedale Link, Inc. | N/A |

JA215

| Current Entity Name | Former Names |
|---|---|
| Windstream Lakedale, Inc. | N/A |
| Windstream Leasing, LLC | N/A |
| Windstream Lexcom Communications, LLC | Windstream Lexcom Communications, Inc. |
| Windstream Lexcom Entertainment, LLC | N/A |
| Windstream Lexcom Long Distance, LLC | N/A |
| Windstream Lexcom Wireless, LLC | N/A |
| Windstream Mississippi, LLC | N/A |
| Windstream Missouri, LLC | Windstream Missouri, Inc. |
| Windstream Montezuma, LLC | Windstream Montezuma, Inc. |
| Windstream Nebraska, Inc. | N/A |
| Windstream Network Services of the Midwest, Inc. | N/A |
| Windstream New York, Inc. | N/A |
| Windstream Norlight, LLC | Windstream Norlight, Inc. |
| Windstream North Carolina, LLC | N/A |
| Windstream NorthStar, LLC | N/A |
| Windstream NTI, LLC | Windstream NTI, Inc. |
| Windstream NuVox Arkansas, LLC | Windstream NuVox Arkansas, Inc. |
| Windstream NuVox Ilinois, LLC | Windstream NuVox Illinois, Inc. |
| Windstream NuVox Indiana, LLC | Windstream NuVox Indiana, Inc. |
| Windstream NuVox Kansas, LLC | Windstream NuVox Kansas, Inc. |
| Windstream NuVox Missouri, LLC | Windstream NuVox Missouri, Inc. |
| Windstream NuVox Ohio, LLC | Windstream NuVox Ohio, Inc. |
| Windstream NuVox Oklahoma, LLC | Windstream NuVox Oklahoma, Inc. |
| Windstream NuVox, LLC | Windstream Nuvox, Inc. |
| Windstream of the Midwest, Inc. | N/A |

| Current Entity Name | Former Names |
|---|---|
| **Windstream Ohio, LLC** | **N/A** |
| **Windstream Oklahoma, LLC** | **N/A** |
| **Windstream Pennsylvania, LLC** | **N/A** |
| **Windstream Services, LLC** | **Windstream Corporation** |
| **Windstream SHAL Networks, Inc.** | **N/A** |
| **Windstream SHAL, LLC** | **N/A** |
| **Windstream Shared Services, LLC** | **Earthlink Shared Services, LLC** |
| **Windstream South Carolina, LLC** | **N/A** |
| **Windstream Southwest Long Distance, LLC** | **N/A** |
| **Windstream Standard, LLC** | **N/A** |
| **Windstream Sugar Land, LLC** | **N/A** |
| **Windstream Supply, LLC** | **N/A** |
| **Windstream Systems of the Midwest, Inc.** | **N/A** |
| **Windstream Western Reserve, LLC** | **N/A** |
| **XETA Technologies, Inc.** | **N/A** |

JA218-JA248 Filed Under Seal

JA249-JA296 Filed Under Seal

**CERTIFICATE OF SERVICE**

I hereby certify that, on March 8, 2023, I caused the foregoing Corrected Redacted Joint Appendix Volume 1 of 14 to be electronically filed via the CM/ECF system to the Office of the Clerk of the United States Court of Appeals for the Second Circuit. I certify that all counsel of record are registered ECF filers and that they will be served by electronic means via the CM/ECF system.

/s/ Terence Patrick Ross
Terence Patrick Ross
*Counsel for Debtor-Plaintiff-Appellant*